A CERTIFIED TRUE COPY

AUG 23 2004

ATTEST

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**

SEP 0 1 2004

RALPH L. DeLOACH, Clerk
By _____ Deputy

RELEASED FOR PUBLICATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 23 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 1616

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE URETHANE ANTITRUST LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN,* JUDGES OF THE PANEL*

### TRANSFER ORDER

Now before the Panel are four separate motions encompassing a total of sixteen actions that are listed on the attached Schedule A and are now pending in seven districts as follows: three actions each in the Northern District of California, the Northern District of Illinois, the District of New Jersey and the Western District of Pennsylvania; two actions in the Eastern District of Pennsylvania; and one action each in the District of Kansas and the Northern District of Ohio.[1] Plaintiffs in four actions pending in the District of New Jersey, the Eastern District of Pennsylvania, the Northern District of Ohio or the Northern District of California have each respectively moved the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the district where they have filed suit. No responding party opposes centralization, though respondents continue the disagreement regarding the appropriate choice for transferee district. Some of these respondents initially registered their support for one of the four forums suggested in the four Section 1407 motions. Other respondents have stated their support for three other potential transferee districts: the Northern District of Illinois, the Western District of Pennsylvania or the District of Kansas. By the time of oral argument, some shifting of transferee district preferences had also occurred.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions brought by plaintiffs who allege that defendants have engaged in a conspiracy to fix and maintain the price of urethane and urethane chemicals. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

---

*Judges Motz and Hansen took no part in the decision of this matter.

[1] The Panel has been notified of additional related actions recently filed in the Northern District of California and the District of New Jersey. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

SCANNED

- 2 -

In concluding that the District of Kansas is an appropriate forum for this docket, we note that i) the district is a geographically convenient location, given the nationwide scope of this litigation; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Kansas are transferred to that district and, with the consent of that court, assigned to the Honorable John W. Lungstrum for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman