IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | ) ) Docket No. 04-md-1616-JWL ) ) |
| This Document Relates to All Cases | ) ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PROPOSED
PRACTICE AND PROCEDURE ORDER NO. 2**

This Memorandum is submitted on behalf of plaintiffs Liquidation Reserve Account Trust, Goodman Building Supply Company and H&E Bros., Inc. These plaintiffs propose that the Court enter a Practice and Procedure Order No.2 which is virtually identical to this Court's Order in <u>In re Universal Service Fund Telephone Billing Practices Litigation</u>, MDL No. 1468. Exhibit A, Proposed Order. Exhibit B, Order in <u>Universal Service Fund</u>. This will allow participation in the case by <u>all</u> firms who are seeking leadership positions. It will also meet the criteria set forth in Fed. R. Civ. P. 23(g). These plaintiffs propose that:

- Diel & Seelman, P.C. serve as Liaison Counsel.

- Three firms serve as interim Co-Lead Counsel: Much, Shelist, Freed, Denenberg, Ament & Rubinstein, P.C; Lockridge Grindal Nauen, P.L.L.P.; and the Law Offices of Francis O. Scarpulla.

- The other firms which are seeking a leadership role serve on an Executive Committee. These firms include: Gold Bennett Cera & Sidener, LLP; Trump, Alioto, Trump & Prescott, LLP; Zelle, Hofmann, Voelbel, Mason & Gette, LLP; Lieff Cabraser Heimann & Bernstein, LLP; Ross, Dixon & Bell, LLP; Glancy Binkow & Goldberg LLP; and Lowther, Johnson, LLC.

**INTRODUCTION**

On August 29, 2004, the Judicial Panel on Multidistrict Litigation (the "J.P.M.L.") entered

1

an order pursuant to 28 U.S.C. §1407 consolidating 22 related actions (including six potential tag-along actions), all of which are putative antitrust class actions alleging that the defendants conspired to fix the prices of urethane and urethane chemicals in violation of the Sherman Act, 15 U.S.C. §1. See In re Urethane Antitrust Litig. (MDL 1616), 2004 WL 1923268 (J.P.M.L. 2004). Citing its "geographically convenient location" and relatively uncongested docket, the Panel chose this District in which to consolidate these cases. Id. Four additional potential tag-along actions have since been filed, bringing the total number of related and potential tag-along actions to 26, all of which are listed in Appendix 1, attached hereto.

On September 7, 2004, this Court, pursuant to 28 U.S.C. § 1407(a), issued a Practice and Procedure Order Upon Transfer ("Order No.1") governing the conduct of this litigation, and directing the parties to address, among other things, the organization of Plaintiffs' Counsel. The so called "Consensus Plaintiffs" filed their "Motion for Entry of Practice and Procedure Order No. 2" on September 22, 2004, supporting a Co-Lead Counsel consisting of three or four firms (proposing three potential firms), and one firm as liaison counsel. On September 23, 2004, Plaintiff Skypark Manufacturing, LLC which is listed as one of the "Consensus Plaintiffs," submitted their own Memorandum in Support of its Proposal for Organization of Plaintiffs' Counsel and in Response to Consensus Plaintiffs' Motion for Entry of Proposed Practice and Procedure Order No.2. Plaintiff Skylark does not object to the appointment of four co-lead counsel, but does request that the Court designate Ross, Dixon & Bell, LLP as Plaintiffs' lead or co-lead counsel. We anticipate that other firms will file motions seeking leadership positions in this case.

The instant proposal for the organization of Plaintiffs' Counsel is submitted on behalf of 3 named plaintiffs. It is virtually identical to the organizational order this Court entered in the Universal Service Fund Case. It is designed to include all counsel who are seeking a leadership role in the active prosecution of this case.

The instant proposal provides for Diel & Seelman, P.C. to serve as Liaison as previously proposed by one group of plaintiffs. It provides for 3 Co-Leads as does this Court's Order in the

Universal Service Fund Case. Two of these Co-Leads, Much, Shelist, Freed, Denenberg, Ament & Rubinstein, P.C. and Lockridge Grindal Nauen, P.L.L.P., have been previously proposed by one group of plaintiffs.[1] However, all 3 Co-Leads should not be from this same group. This group does not account for 9 of the original 22 cases. There should be one Co-Lead representing these 9 cases. Moving plaintiffs propose Francis O. Scarpulla of the Scarpulla Law Firm to fill this spot.

The remainder of the firms which are seeking leadership roles in this case should serve on an Executive Committee, as provided for in this Court's Order in the Universal Service Fund Case. The proposed Executive Committee consists of the following seven firms: Gold Bennett Cera & Sidener, LLP; Trump, Alioto, Trump & Prescott, LLP; Zelle, Hofmann, Voelbel, Mason & Gette, LLP; Lieff Cabraser Heimann & Bernstein, LLP; Ross, Dixon & Bell, LLP; Glancy Binkow & Goldberg, LLP; and Lowther, Johnson, LLC.

The broad aim is to have as many law firms involved as possible, commensurate with the efficient management of the litigation. As described below, the proposed structure for interim Class Counsel also comports with the standards established in Federal Rule of Civil Procedure 23(g) and the recommendations set forth in the Manual for Complex Litigation (Fourth) (the "Manual"). All of the proposed Class Counsel that plaintiffs support have extensive experience in complex antitrust class actions and will assure the effective, efficient, expeditious and economical conduct of this litigation.

## ARGUMENT

First, the proposed structure for plaintiffs' counsel implements procedures suggested in The Manual for Complex Litigation, Fourth in complex, multi-party cases such as this one. Second, pursuant to Fed. R. Civ. P. 23(g), interim Class Co-Lead Counsel are well-qualified to handle this complex litigation and to represent the interests of the class fairly and adequately. Third, this structure is the most inclusive of those law firms which have sought a leadership role. It includes all those firms that have petitioned the Court on this matter thus far as well as those expected to petition the Court. It also mirrors the structure of plaintiffs' counsel this Court ordered

---

[1] Undersigned counsel should not be listed as part of this group.

in Universal Service Fund, and so has already been approved by this Court. Finally, this structure provides defendants with the certainty of knowing that they can efficiently negotiate and address matters of common interest with a discrete group of experienced counsel speaking with the authority of all plaintiffs' counsel. Proposed Practice and Procedure Order No. 2 therefore will promote the orderly and efficient conduct of this litigation. See Manual §§10.221, 10.222 at 25-26.

### A. The Proposed Interim Class Counsel are Highly Qualified to Represent the Class and Fulfill All of the Requirements of Fed. R. Civ. P. 23(g).

Proposed Practice and Procedure Order No. 2 implements the procedures suggested by the Manual for complex, multi-party cases such as this one by designating three interim Co-Lead Counsel, a Liaison Counsel, and an Executive Committee pursuant to Fed. R. Civ. P. 23(g)(2)(A). Subdivision (g) of Rule 23, effective December 1, 2003, requires a court to appoint class counsel to represent the class in conjunction with class certification according to specified criteria, and allows a court to appoint interim class counsel to act on behalf of the putative class before certification. Given the complexity of antitrust class action litigation in the pre-certification stage, appointment of interim class counsel is in the best interest of the class.

The proposed interim Class Counsel are all firms with extensive antitrust class action experience and all meet the Rule 23(g) criteria. Rule 23(g)(l)(C)(i) provides that a court must consider, when appointing class counsel:

- The work counsel has done in identifying or investigating potential claims in the action;
- Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
- Counsel's knowledge of the applicable law; and
- The resources counsel will commit to represent the class.

In addition, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the class." Fed. R. Civ. P. 23(g)(1)(C)(ii).

### B. The Appointment of Co-Lead Counsel, An Executive Committee and Liaison Counsel.

Each of the proposed interim Co-Lead Counsel—in addition to the other counsel representing the Plaintiffs in the included actions—has already invested substantial resources in identifying and investigating the potential class claims. Each represents at least one individual client who has filed a class complaint, and accordingly has conducted the investigation necessary to bring these claims.

All three named proposed interim Co-Lead Counsel firms have deep and broad experience in antitrust class action litigation. The Court already has the biographies of Much, Shelist, Freed, Denenberg, Ament, & Rubinstein, P.C., and Lockridge Grindal & Nauen P.L.L.P., which were submitted with their competing motion. Below, and in the attached biography (Exhibit C), are the qualifications of Francis O. Scarpulla.

<u>Francis O. Scarpulla of the Scarpulla Law Firm</u>: Mr. Scarpulla, who has practiced antitrust law almost exclusively for almost 37 years, participated in many federal antitrust class actions, both as an associate while working at the Law Offices of Joseph L. Alioto and subsequently as a partner in his own firm, including the *Gypsum Wallboard Antitrust Litigation, Sugar Antitrust Litigation, Folding Cartons Antitrust Litigation, Fine Paper Antitrust Litigation, Corrugated Container Antitrust Litigation,* and the *Pharmaceutical Antitrust Litigation*.  Over his years of practice, Mr. Scarpulla has appeared in over 100 complex antitrust cases, including five jury trials, in which he was the lead trial counsel.

In addition to the federal antitrust class actions in which Mr. Scarpulla participated, he acted as lead counsel in many class actions in California state courts.

In addition to practicing law, Mr. Scarpulla was the past Chair of the Antitrust and Trade Regulation Section of the California State Bar, the second largest antitrust section after that of the American Bar Association.  He has participated in both ABA and CEB panels on competitive business practices, as well as been a guest lecturer in MBA programs.  Mr. Scarpulla was an adjunct professor of Antitrust Law at Golden Gate University Law School.  In addition to having an "AV" rating in *Martindale* for the past 30 years, Mr. Scarpulla was nominated by fellow

lawyers to the *Best Lawyers In America* listing. Mr. Scarpulla was one of the authors of the California State Bar's publication *California Antitrust Law*; he also co-authored the recently-published *California Class Actions Practice and Procedures.*

Similarly, all of the proposed Executive Committee members are highly experienced in antitrust class action litigation. The biographies of 5 of the Executive Committee firms will be presented to the Court on the various competing motions. Below and in the attached biographies are the qualifications of the two additional Executive Committee members, Mario N. Alioto (Exhibit D) and Craig Corbitt (Exhibit E).

Mario N. Alioto of Trump, Alioto, Trump & Prescott, LLP: After a judicial clerkship, Mr. Alioto entered private practice specializing in antitrust law. Mr. Alioto has represented plaintiffs and defendants in antitrust matters and other commercial matters for over 30 years. In recent years, he has specialized in plaintiff's antitrust class actions, both in federal and state courts. In all, Mr. Alioto has handled over 50 antitrust cases. He has served in leadership positions in most of these cases. Mr. Alioto has participated in a number of jury trials to verdict and was the lead trial counsel in 2 of these. He has handled approximately 30 appeals as well. He is presently involved in the following national antitrust class actions: Rubber Chemicals, EPDM, Canadian Autos Export Litigation, Polyester Staple, Publication Paper, and Ciprofloxacin. In a recent order approving settlement in a consumer class action handled by Mr. Alioto, the Honorable Daniel M. Hanlon (Ret.) noted that the litigation had been handled "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

Craig C. Corbitt of Zelle Hofmann, Voelbel, Mason & Gette, LLP: Mr. Corbitt, a partner of the national litigation firm of Zelle Hofmann, has specialized in complex antitrust litigation for over 20 years, representing both plaintiffs and defendants at the trial and appellate levels. He has had leadership roles in many of the largest antitrust cases in the country. In recent years, for example, he has represented the Kelloggs Company, an opt-out plaintiff in the *Vitamins Antitrust Litigation* in the District of Columbia federal court, as well as plaintiff classes as Liaison Counsel and Chair of the Plaintiffs' Executive Committee in the *Microsoft Antitrust Litigation* in

California Superior Court, Co-Lead Counsel in the *Issuer Plaintiff Public Offering Fee Antitrust Litigation* in the Southern District of New York, Lead Counsel in the *Credit-Debit Card Tying Cases* in San Francisco Superior Court, and Lead Counsel in the *Pharmaceutical Cases* in the San Francisco Superior Court. During his career, Mr. Corbitt has had major roles in numerous other major antitrust cases, including *Brand Name Prescription Drugs, ETSI v. Burlington Northern,* and *Southern Pacific Communications (Sprint) v. AT&T.* A copy of the relevant portion of the Zelle Hofmann firm biography is attached as Exhibit E.

All of the proposed interim Class Counsel firms have the financial and professional resources necessary to prosecute the class claims. Their firms employ numerous attorneys, and have at their disposal many more from the other firms involved in this case. The interim Co-Lead firms also are among the oldest, most experienced, and most successful plaintiffs' class action firms in the country. Proposed interim Class Co-Lead Counsel and the Executive Committee clearly have the skill and resources needed to effectively prosecute the class claims.

In addition, the proposed Plaintiffs' Liaison Counsel is experienced in complex litigation before this Court. Diel & Seelman, P.C. has submitted its resume separately as part of its competing motion. This firm's experience clearly demonstrates that it will be able to perform all necessary Liaison Counsel duties competently and efficiently.

To date, all of the firms included in our leadership proposal have worked together to advance the interests of the class. Francis O. Scarpulla; Trump, Alioto, Trump & Prescott, LLP; and Zelle, Hofmann, Voelbel, Mason & Gette, LLP, have been involved in all phases of this case, including the plaintiffs' Joint Submission which will be filed with the Court before October 1, 2004. The structure we suggest is already in place, albeit informally, and it is working. It should now be formalized in this Court's Practice and Procedure Order No. 2.

## CONCLUSION

For all of the foregoing reasons, we request that the Court enter its Practice and Procedure Order No. 2 as prayed for herein.

Dated: October 1, 2004  /S/_____
Jan P. Helder, Jr. (KS# 14440)
HELDER LAW FIRM
2300 Main Street, 9th Floor
Kansas City, MO 64108
Telephone: (816) 561-5000
Facsimile: (816) 561-5001

Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

Francis O. Scarpulla
LAW OFFICES OF FRANCIS O. SCARPULLA
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0707

Craig C. Corbitt
Judith A. Shimm
ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770

Ronald Foreman
FOREMAN & BRASSO
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone: (415) 433-3475
Facsimile: (415) 664-7306

Joseph M. Patane
LAW OFFICES OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

**Appendix 1**

*Standard Rubber Products, The. v. BASF AG, et al.,* C.A. No. CV-0401383 (MLC) (D.N.J.) (filed March 23, 2004)

*Rubber Engineering & Development Co., Inc. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 2:04cv00460 (DSC) (W.D. Pa.) (filed March 24, 2004)

*Belting Industries Co., Inc. v. BASF AG, et al.,* C.A. No. CV-04-1390 (WGB) (D.N.J.) (filed March 25, 2004)

*Creative Urethanes, Inc. v. Crompton Corp., et al.,* C.A. No. 04-CV-2213 (SBC) (N.D. Ill.) (filed March 25, 2004)

*ALCO Industries, Inc. v. Crompton Corp., et al.,* C.A. No. 04-CV-1339-CRW (E.D. Pa.) (filed March 26, 2004)

*Rahco Rubber Products, Inc. v. BASF AG, et al.,* C.A. No. C044272 (SBA) (N.D. Cal.) (filed March 31, 2004)

*Maine Industrial Tires Ltd. v. Crompton Corp., et al.,* C.A. No. CV-04-1635 (WGB) (D.N.J.) (filed April 1, 2004)

*Kryptane Systems, LLC v. BASF AG, et al.,* C.A. No. 04-CV-2416 (WRA) (N.D. Ill.) (filed. April 2, 2004)

*Liquidation Reserve Account Trust, Charles Goodman, Trustee Successor to Goodman Lumber Co. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. C04-1422 (MEJ) (N.D. Cal.) (filed April 12, 2004)

*Globe Rubber Works, Inc. v. Crompton Corp., et al.,* C.A. No. 2:04-cv-01654-CRW (E.D. Pa.) (filed April 15, 2004)

*Artie-Temp, Inc v. Crompton Corp., et al.,* C.A. No. 5:04-cv-0725-DDD (N.D. Ohio) (filed April 19, 2004)

*Reynon Sports Surfaces, Inc. v. Crompton Corp., et al. ,* C.A. No. 04-2165-JWL (D. Kan.) (filed April 19, 2004)

*Industrial Rubber Products, Inc. v. Crompton Corp., et al., CA. No. 3:04-cv-01597-JL (N.D. Cal.) (April 23, 2004)*

*Quabaug Corp. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 2:04ev00643 (DSC) (W.D. Pa.) (filed April 28, 2004)

*R WM Casters v. BASF AG, et al.,* C.A. No. 1:04cv03060 (CRN) (N.D. Ill.) (filed April 29, 2004)

*PSI Urethanes, Inc. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 2:04cv00658 (DSC) (W.D. Pa.) (filed April 30, 2004)

*Skypark Manufacturing LLC v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. (D.N.J.) (filed May 4, 2004)

*Urethane Products Industries, Inc. v. BASF AG, et al.,* C.A. No. 4:04-ev-01922-SBA (N.D. Cal.) (filed May 14, 2004)

*Goodman Building Supply Co. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 4:04-cv-02120-SBA (N.D. Cal) (filed May 28, 2004)

*H&E Brothers, Inc. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 4:04-cv-02199-SBA (N.D. Cal.) (filed June 6, 2004)

*Coating Resource Corp. v. BASF AG, et al.,* C. A. No. 4:04-ev-02306-SBA (N.D. Cal) (filed June 14, 2004)

*Building Material Distributors, Inc. v. BASF AG, et al.,* C.A. No. 3:04-cv-02692-MHP (N.D. Cal.) (filed July 6, 2004)

*Rubber Millers, Inc. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 2:04-ev-2442-CM-DJW (D. Kan.) (filed September 8, 2004)

*Polymeric Technology, Inc. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 2:04-cv-2444-CM-JPO (D. Kan.) (filed September 8, 2004)

*Epoxical, Inc, v. BASF AG, et al.,* C.A. No. 2:04-ev-2443-KV-JPO (D. Kan.) (filed September 8, 2004)

*Green Mountain International, Inc. v. Uniroyal Chemical Co., Inc., et al.,* C.A. No. 2:04-ev-02441-KHV-DJW (D. Kan.) (filed September 9, 2004)