



# Creative Approaches
# to Complex Problems

Zelle, Hofmann, Voelbel, Mason & Gette LLP is a prominent national litigation law firm committed to helping individuals and corporations with their most troublesome legal disputes. With offices in Boston, Dallas, Los Angeles, Minneapolis and San Francisco, Zelle Hofmann attorneys represent both plaintiffs and defendants, and understand the intricacies of high-stakes litigation from both perspectives. This experience helps Zelle Hofmann attorneys develop creative approaches for the courtroom and for alternative dispute resolution.

The Firm's broad experience includes antitrust, banking, business torts, class action, commercial, employment, environmental, ERISA, financial services, insurance coverage, intellectual property, mass tort, personal injury, product liability, professional liability, reinsurance, securities, subrogation, third party recovery, unfair business practice and unfair competition litigation.

Zelle Hofmann attorneys handle cases throughout the United States and in many foreign countries. The Firm also represents clients in administrative investigations and proceedings before a variety of federal agencies and industry associations, including the Department of Justice, the Food and Drug Administration, the Federal Trade Commission, the Interstate Commerce Commission, the National Association of Securities Dealers and the Securities Exchange Commission, as well as in international arbitrations.

The Firm's clientele ranges from individuals and small companies to major corporations including AMC Entertainment, Bridgestone/Firestone, Clear Channel Communications, Inc., Eller Media Company, HealthPartners, Inc., Kellogg Company and McLarens Toplis, and major insurance companies including Allianz, the American International Group (AIG), Factory Mutual Insurance Company, Industrial Risk Insurers, Kemper National Insurance Companies, LMG Property, Nationwide Insurance Enterprise, The St. Paul Companies and Wausau Insurance Companies. The Firm has achieved numerous long term client relationships built on trust, confidence and results.

Zelle Hofmann has strengthened its international presence by establishing affiliate offices with ZY & Partners in Shanghai and Beijing, People's Republic of China. ZY & Partners is one of China's leading commercial law firms. It offers business consultation on a wide variety of matters, including assistance to multi-national clients seeking to commence operations in China. ZY & Partners also has an extensive history of representing Chinese clients, and Western clients such as Kellogg Company, The Gap and The Walt Disney Company, before Chinese courts and administrative agencies.

Overall, Zelle Hofmann's practice combines the rich and diverse experience of a premiere national litigation firm, with a focused, small-team approach to cases. As a result, the Firm is well suited to provide unexcelled responsiveness to client needs, creative approaches to complex cases and successful resolution of client matters.



# OFFICE LOCATIONS

### BOSTON

950 Winter Street, Suite 1300
Waltham, MA  02451
Telephone:  (781) 466-0700     Facsimile:  (781) 466-0701

### DALLAS

1201 Main Street, Suite 3000
Dallas, TX  75202
Telephone:  (214) 742-3000     Facsimile:  (214) 760-8994

### LOS ANGELES

660 South Figueroa, Suite 1900
Los Angeles, CA  90017
Telephone:  (213) 895-4150     Facsimile:  (213) 895-4155

### MINNEAPOLIS

500 Washington Avenue South, Suite 4000
Minneapolis, MN  55415
Telephone:  (612) 339-2020     Facsimile:  (612) 336-9100

### SAN FRANCISCO

44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 693-0700     Facsimile:  (415) 693-0770

### WASHINGTON, D.C.

2141 Wisconsin Avenue N.W., Suite C-2
Washington, D.C.  20007
Telephone:  (202) 498-2457     Facsimile:  (866) 794-2651

### BEIJING* ● SHANGHAI*
*In association with ZY & PARTNERS

Web Address:  www.zelle.com



# Antitrust Practice

## Overview

Zelle Hofmann attorneys have been practicing antitrust litigation and counseling for over 30 years. We represent plaintiffs and defendants in price-fixing, monopolization, mergers and acquisitions, restraint of trade, distribution and price discrimination cases, including both individual cases and class actions. We have practiced in federal and state courts and administrative agencies throughout the country. Zelle Hofmann attorneys represent consumers, small businesses, multi-national corporations, and state and national plaintiff classes. We are experienced in counseling clients on a wide variety of non-litigation antitrust matters, including, among others, issues related to antitrust compliance programs, mergers and acquisitions, Robinson-Patman Act matters, and the formation and operation of joint ventures. We have represented parties in patent infringement cases involving claims or defenses asserting antitrust violations. We also represent corporate plaintiffs which elect to opt-out of class actions, and have obtained significantly greater recoveries on their behalf than obtained by class plaintiffs.

# Examples of Current Antitrust Cases

*Automobile Antitrust Cases I, II (California Superior Court, San Francisco).* A class action against automobile manufacturers and automobile dealer associations alleging violations of the California Cartwright Act and the Unfair Competition Act. The action was brought on behalf of persons and entities in California who indirectly purchased from an authorized dealer located in the State of California, or leased in the State of California, a new vehicle (other than for resale or subsequent leasing as a new vehicle) that was manufactured, sold, distributed or marketed by a defendant manufacturer. The action alleges that the defendants and their co-conspirators engaged in a conspiracy to stabilize and maintain at supra-competitive levels the prices for new vehicles sold or leased to members of the class by, among other things, preventing new vehicles sold in Canada from being imported into the United States. The complaint seeks injunctive relief, restitution, and damages arising from defendants' alleged unlawful activities. Zelle Hofmann is the court-appointed Liaison Counsel for the plaintiff class and a member of the plaintiffs' executive committee.

*Automotive Refinishing Products Antitrust Litigation (California Superior Court, Alameda County.).* A consumer class action against manufacturers of automotive refinishing products alleging violations of the California Cartwright Act and the Unfair Competition Act. The action was brought on behalf of the California indirect purchasers of automotive refinishing products, and alleges that the defendants engaged in an unlawful conspiracy and agreement to fix, raise, stabilize, and maintain the price of automotive refinishing products sold to Californians. This action has been consolidated with other, related actions in Alameda County Superior Court. The complaint seeks injunctive relief, restitutionary relief and damages arising from defendants' alleged price-fixing activities. Zelle Hofmann is a member of the plaintiffs' executive committee.

*Carbon Black Antitrust Cases (California Superior Court, San Francisco).* A class action brought against producers of carbon black, an engineered carbon compound, alleging violations of the California Cartwright Act and the Unfair Competition Act. The action was brought on behalf of persons and entities in California who indirectly purchased carbon black from June 19, 1999 through the present. The action alleges that, among other things, the defendants and their co-conspirators conspired and engaged in price-fixing, market allocation and other anticompetitive practices which raised carbon black prices in California. The complaint seeks injunctive relief, restitution, and damages arising from defendants' alleged unlawful activities. Zelle Hofmann is the court-appointed Co-Liaison counsel for the plaintiff class and a member of the plaintiffs' executive committee.

***Cosmetics Antitrust Litigation (U.S. District Court, N.D. Cal.; California Superior Court, Marin County).*** A consumer class action on behalf of California purchasers seeking redress for alleged price-fixing by department stores and manufacturers of high-end cosmetics and beauty products. The complaint alleges that the department stores and manufacturers violated and continue to violate the California Cartwright Act and the Unfair Competition Act. The case recently settled, subject to final court approval, for injunctive relief and consideration valued at $175 million.

***Credit/Debit Card Tying Cases (California Superior Court, San Francisco).*** Zelle Hofmann is Lead Counsel in a consumer class action lawsuit against Visa U.S.A., Inc., Visa International Corp. and MasterCard International, Inc., alleging that defendants and others collusively set unreasonably high charges for debit cards that vendors passed on to consumers in the form of higher prices on retail goods and services. The complaint alleges violations of the California Cartwright Act and Unfair Competition Act, and seeks injunctive relief, restitution, and compensatory damages arising from defendants' alleged illegal tying arrangements and anti-competitive activities.

***Linerboard Antitrust Litigation (U.S. District Court, E.D. Pa.).*** A federal antitrust action on behalf of three major international companies against integrated manufacturers of linerboard, corrugated medium, and corrugated containers. The complaint alleges that the manufacturers violated U.S. antitrust laws by, among other things, conspiring to reduce linerboard inventories and thereby increase prices. The complaint seeks damages and injunctive relief.

***Microsoft Antitrust Litigation (California Superior Court, San Francisco).*** Zelle Hofmann is the Court-appointed Liaison Counsel and Chair of the Plaintiffs' Executive Committee, in this indirect purchaser class action on behalf of an estimated fourteen million California consumers and businesses. The Class alleges that Microsoft illegally acquired and maintained monopolies in the markets for Microsoft's MS-DOS and Windows operating system software, as well as its Word and Excel applications software, in violation of California's Cartwright Act and Unfair Competition Act. The plaintiffs allege that, as a result of Microsoft's illegal conduct, they were overcharged for this software. In early 2003, on the eve of trial, after over three years of intensive litigation, the case settled for $1.1 billion. This settlement, which is subject to final court approval, is believed to be the largest settlement ever reached under the antitrust or unfair competition laws of California. The $1.1 billion settlement represents 28.4% of all of the money paid by California consumers and businesses for Microsoft products during the class period. The settlement proceeds will be distributed to class members in the form of vouchers that may be used to buy any manufacturer's desktop, laptop and tablet computers, any software used with those computer products and specified peripheral devices for use with computers. Two-thirds of any unclaimed proceeds will be donated to California's most needy public schools in the form of vouchers for the purchase of

computer equipment, professional development services, and software from any manufacturer.

*Microsoft Antitrust Litigation (Hennepin County District Court, Minnesota).* Zelle Hofmann is the court-appointed Co-Lead Counsel for a class of indirect purchasers of Microsoft's operating systems, word processing and spreadsheet software certified by the Hennepin County District Court in Minnesota. The action is brought pursuant to Minnesota antitrust law. In June 2002, the Minnesota Supreme Court upheld the decision of the Minnesota Court of Appeals not to review the District Court's order granting plaintiffs' motion for class certification. Plaintiffs subsequently defeated Microsoft's motions for partial summary judgment and to decertify the classes. On March 1, 2004, plaintiffs, led by Zelle Hofmann, began the first-ever antitrust, consumer class action jury trial against Microsoft. Six weeks later, after plaintiffs introduced evidence of Microsoft's anticompetitive conduct that had never been publicly disclosed following the direct testimony of plaintiffs' liability expert, the parties reached a settlement.

*Natural Gas Antitrust Cases (U.S. District Court, E.D. Cal; California Superior Court, San Diego).* Federal and state class actions against marketers of natural gas in California, alleging violations of the Sherman Act, California Cartwright Act and the Unfair Competition Act. The actions are brought on behalf of direct and indirect persons and entities in California who purchased natural gas between January 1, 2000 and December 31, 2001, i.e., during the California Energy Crisis. The action alleges that, among other things, the defendants and their co-conspirators engaged in a variety anticompetitive practices which raised interstate natural gas transportation prices, the bundled price of natural gas, spot natural gas prices, and natural gas market basis swap derivative settlement amounts in and for California. The complaints seek injunctive relief, restitution, and damages arising from defendants' alleged unlawful activities.

*Ocean Tanker Antitrust Cases (California Superior Court, San Francisco).* A class action against ocean shipping parcel tankers which transport specialty liquids, meaning any bulk liquid chemicals, acids, edible oils and fats, alleging violations of the California Cartwright Act and the Unfair Competition Act. The action was brought on behalf of persons and entities in California who indirectly purchased specialty liquids shipped on defendants' parcel tankers at any time from January 1, 1995 to November 30, 2002. The action alleges that, among other things, the defendants and their co-conspirators conspired and engaged in price-fixing and other anticompetitive practices which raised transport-shipping prices on specialty liquids sold in California. The complaint seeks injunctive relief, restitution, and damages arising from defendants' alleged unlawful activities.

*Issuer Public Offering Fee Antitrust Litigation (U.S. District Court, S.D.N.Y.).* A class action on behalf of issuing companies against underwriters of initial public

offerings, alleging price fixing of IPO underwriting fees.  Zelle Hofmann is the court-appointed Co-Lead Counsel for the plaintiff class.

*Smokeless Tobacco Antitrust Litigation (California Superior Court, San Francisco).*  A consumer class action against the nation's largest manufacturer of moist snuff -- finely chopped smokeless tobacco sold in round tins, such as Copenhagen and Skoal -- alleging violations of the California Cartwright Act and the Unfair Competition Act.  The action is brought on behalf of California indirect purchasers of moist snuff tobacco products, and alleges that defendants have monopolized the market, and engaged in combinations in restraint of trade and unfair business practices, which have had the intent and effect of excluding competition and causing higher prices. The complaint seeks declaratory and injunctive relief, and restitution and treble damages on behalf of the class members.  In early 2004, the court granted plaintiffs' motion for class certification.  Zelle Hofmann is a member of the plaintiffs' executive committee.

*Vitamins Antitrust Litigation (U.S. District Court, D.D.C.).*  A federal antitrust action on behalf of a major international food manufacturer against domestic and foreign manufacturers of bulk vitamins, vitamin premixes and other vitamin products used in the manufacture of food products.  The complaint alleges that the manufacturers violated U.S. antitrust laws by, among other things, conspiring to fix prices, allocate sales and allocate customers.  This matter has been settled against all but a handful of defendants, on a highly favorable basis to our client.

# Examples of Significant Historical Antitrust Cases

Below are summaries of significant historical antitrust cases on which Zelle Hofmann attorneys have worked. These cases demonstrate the breadth of Zelle Hofmann attorneys' experience in prosecuting and defending antitrust matters.

*American Basketball Ass'n v. National Basketball Ass'n (U.S. District Court, N.D. Cal.).* An antitrust suit was filed in 1969 on behalf of the ABA, then only two years old, against the NBA, accusing the latter of attempting to eliminate competition and restrain trade through the control or monopolization of superstars and other players, facilities and television coverage. A settlement was reached in 1971, whereby both leagues promised to petition Congress for antitrust exemption legislation. The ABA contended that the NBA was not honoring this agreement and was continuing to restrain trade. Zelle Hofmann and other attorneys represented the ABA in a second action filed in 1974. In 1976, the ABA and NBA settled a few weeks before trial, with the Denver Nuggets, Indiana Pacers, San Antonio Spurs and New York Nets joining the NBA. Published opinions: 404 F.Supp. 832 (S.D.N.Y. 1975); 389 F.Supp. 867 (S.D.N.Y. 1975).

*ETSI Pipeline Project v. Burlington Northern, Inc. (U.S. District Court, E.D. Tex.).* This litigation was one of the largest cases ever tried in federal court. The case involved allegations that a group of railroads, including the Atchison, Topeka & Santa Fe Railway Co., conspired over a ten-year period to prevent a pipeline from being built that would transport slurried coal from South Dakota to Texas. The plaintiffs included Bechtel Corp., Texas Eastern Pipeline Co., Houston Lighting & Power Co. and the Lower Colorado River Authority/City of Austin. Zelle Hofmann attorneys and other attorneys commenced representation of defendant Santa Fe in October of 1987. Over the next two years, Zelle Hofmann attorneys were involved in many depositions, preparation of briefs on nearly every conceivable aspect of antitrust law and trial procedure, and the preparation for a lengthy trial. Trial commenced in Beaumont, Texas in January of 1989 and lasted two months. Santa Fe by then was the only remaining defendant. After the jury found for ETSI but against HL&P, Zelle Hofmann attorneys participated in a vigorous appeal, and the case was eventually settled during the pendency of the appeal when the client moved forward with its restructuring program.

*In re Brand Name Prescription Drugs Antitrust Litigation (U.S. District Court, N.D. Ill.).* A federal antitrust action by plaintiff classes of retail pharmacists alleging price fixing of brand name prescription drugs by two dozen of the world's largest pharmaceutical manufacturers and wholesalers. The class obtained over $700 million in settlements, plus commitments with respect to future pricing practices.

***Kellogg Company – Shared Monopoly Case (Federal Trade Commission).*** Zelle Hofmann attorneys and other attorneys represented Kellogg Company in this case which literally threatened the company's existence. An activist Federal Trade Commission hoped to establish the power to regulate highly concentrated industries under Section 5 of the FTC Act even where no violation of the antitrust laws was shown. The FTC sought to break Kellogg into four companies based on the claim that it had shared a cereal monopoly with three other major cereal manufacturers through parallel, non-collusive activity. The FTC also sought to compel Kellogg to license its trademarks on a royalty-free basis. The case involved industrial organization issues of parallel corporate conduct, creation of barriers to entry and excess profitability. Zelle Hofmann attorneys participated in the development of creative defense strategies and presented and rebutted highly sophisticated economic testimony. The FTC ultimately dismissed the case, after the administrative law judge ruled in Kellogg's favor on nearly every disputed issue of fact.

***Kellogg Company of Great Britain Ltd. -- UK Cartonboard Matter (High Court of Justice, London).*** A private antitrust action in the United Kingdom on behalf of an international food manufacturer alleging price fixing by suppliers of packaging materials. Kellogg of Great Britain's claims related to the defendants' participation from mid-1986 until at least April 1991 in a European Community-wide price-fixing conspiracy, as a result of which Kellogg alleged that it was charged excessive prices for cartonboard. Zelle Hofmann negotiated a favorable settlement on its client's behalf.

***Plywood Antitrust Litigation (U.S. District Court, E.D. La.).*** The Fifth Circuit upheld a jury verdict finding that three plywood manufacturers – Georgia Pacific Corp., Weyerhaeuser Co. and Willamette Industries – had conspired to fix delivered prices, with possible damages estimated to be as high as $2 billion. Zelle Hofmann attorneys and other attorneys, representing defendants, won important rulings on the damage phase of the case at the trial level and led a successful effort to have the Supreme Court grant certiorari to review the verdict of liability. The case was eventually settled for a sum far less than projected damage exposure. Published opinions: 655 F.2d 627 (5th Cir. 1981); 663 F.2d 101 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983).

***Sprint (Southern Pacific Comm. Co. v. AT&T (U.S. District Court, N.D.Cal., D.C.Cir.).*** In December of 1982, Southern Pacific Co. had lost an antitrust action in the federal district court for the District of Columbia against AT&T for attempting to monopolize the market for private line telecommunications services (SPI). Also, the time was running out for filing a second action against AT&T for attempting to monopolize the market for switched telephone services (SP II). Zelle Hofmann attorneys and other attorneys represented Southern Pacific on appeal. Although the District of Columbia Circuit upheld the judgment below, Zelle Hofmann attorneys represented Southern Pacific in SP II in federal district court in San Francisco, where it was consolidated for discovery purposes with similar actions by MCI and U.S. Transmission Systems.

AT&T's summary judgment motion based on res judicata was defeated in mid-1985. While additional summary judgment motions were pending, the case settled favorably for Southern Pacific. Published opinions: 740 F.2d 980 (D.C.Cir.), cert. denied, 470 U.S. 1005 (1984); 740 F.2d 1011 (D.C.Cir. 1984).