## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST
LITIGATION                                      No.  04-MD-1616-JWL

**This Order Relates to All Cases**

_____

## PRACTICE AND PROCEDURE ORDER NO. 2

It is hereby **ORDERED** as follows:

### Organization of Counsel

1.       The court creates the organization of counsel set forth below for the purpose of assuring the effective, efficient, expeditious, and economical conduct of the litigation.

2.       The law firm of Shook, Hardy & Bacon, L.L.P. is appointed as liaison counsel for defendants.  Defendants' liaison counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the court and the clerk of the court on defendants' behalf, (b) prepare and transmit copies of such orders and notices on defendants' behalf, and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, and shall: (d) maintain complete files with copies of all documents served upon them and make such files available to all defendants' counsel.

3.       The law firm of Stueve Siegel Hanson Woody LLP is appointed as liaison counsel for plaintiffs.  In accordance with the separate Order Regarding Service filed contemporaneously on this date, plaintiffs' liaison counsel is designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda shall

be served.    Plaintiffs' liaison counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the court and the clerk of the court on plaintiffs' behalf, (b) prepare and transmit copies of such orders and notices on plaintiffs' behalf, and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, and shall: (d) maintain complete files with copies of all documents served upon them and make such files available to all plaintiffs' counsel, and (e) maintain and make available to all counsel and the court an up-to-date service list.

4.    The law firms of Ross, Dixon & Bell, L.L.P.; Glancy Binkow & Goldberg LLP; Lockridge Grindal Nauen, P.L.L.P.; and Much Shelist Freed Denenberg Ament & Rubenstein, P.C. are appointed as co-lead counsel for plaintiffs.   Plaintiffs' co-lead counsel shall have the following duties during all phases of this litigation:

a.    to organize and supervise the efforts of plaintiffs' counsel in a manner to ensure that the pretrial and trial preparation for the plaintiffs is conducted effectively, efficiently, expeditiously, and economically;

b.    to delegate work responsibilities and monitor the activities of plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

c.    to speak on behalf of plaintiffs at all court conferences and hearings;

d.    to initiate and conduct discussions and negotiations with counsel for defendants on all matters, including settlement;

2

e.     to determine the position of plaintiffs on all matters arising during the litigation (after such consultation with other co-counsel as appropriate) and present such position orally and/or in writing to the court and opposing parties;

f.     to consult with and employ experts, as necessary, for plaintiffs;

g.     to coordinate the initiation of and conduct discovery on behalf of plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of interrogatories and requests for production of documents, the organization and review of documents produced by defendants and non-parties, and the examination of witnesses via deposition;

h.     to receive and initiate communications with the court and the clerk of court, including receiving orders, notices, correspondence and telephone calls;

i.     to be the primary contact for all communications between plaintiffs and defendants;

j.     to perform such other duties as are necessary in connection with the prosecution of this litigation;

k.     to coordinate the preparation and presentation of all of plaintiffs' claims and coordinate all proceedings;

l.     to encourage full cooperation and efficiency among all plaintiffs' counsel; and

m.     to assess plaintiffs' counsel for the costs of the litigation.

3

5.      All plaintiffs' counsel shall keep contemporaneous records of their time and expenses devoted to this matter.   Those records shall reflect the date the legal service was rendered or expenses incurred, the nature of the service or expense, and number of hours consumed by the service or the amount of the expense.   These records for the preceding month shall be submitted in summary form by the end of each month to a co-lead counsel to be designated on or before **November 19, 2004.**   No plaintiffs' counsel shall incur an expense to be reimbursed from the plaintiffs' assessment fund in excess of $2,000 without first obtaining the consent from one of the plaintiffs' co-lead counsel.   Failure to comply with this rule may render the expenses non-reimbursable, at the discretion of co-lead counsel.

6.      Any discussions of a settlement that would affect any claims brought in this litigation, other than claims of an individual plaintiff or class member, must be conducted by plaintiffs' co-lead counsel.   Any proposed settlement that resolves, in whole or in part, the claims brought in this action shall first be subject to review and approval by the court in this litigation.

### Filing and Service of Papers and Court Orders

7.      Service of pleadings and other papers to be filed with the court by any party as well as service of all court orders shall, subject to further order of this court, be made according to the separate Order Regarding Service filed contemporaneously on this date.

### Service of this Order

8.      This order shall be served in accordance with the Order Regarding Service.

4

9.      Plaintiffs' liaison counsel shall promptly serve a copy of this order by overnight delivery service, facsimile, or other electronic means on counsel for plaintiffs in each related action that has not been consolidated in this proceeding to the extent that plaintiffs' liaison counsel is aware of any such action(s).

10.     When an action that properly belongs as a part of *In re: Urethane Antitrust Litigation* is hereinafter filed in the District of Kansas or transferred here from another court, the clerk of this court shall:

      a.      file a copy of this order in the separate file of such action;

      b.      make an appropriate entry on the master docket sheet;

      c.      mail a copy of this order to the attorneys for the plaintiff in the newly filed or transferred case; and

      d.      upon the first appearance of any new defendant, mail a copy of this order to the attorneys for the defendant in such newly filed or transferred cases.

**IT IS SO ORDERED** this 22nd day of October, 2004.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5