DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: URETHANE ANTITRUST LITIGATION** | **No. 04-MD-1616-JWL-DJW** |

**This Order Relates to All Cases**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Entry of Protective Order (doc. 96). For the reasons set forth below, the motion will be granted in part and denied in part, and the parties will be instructed to submit a revised protective order consistent with this Order.

**I.   Nature of the Matter Before the Court**

Counsel for the parties have attempted to draft mutually agreeable language for a protective order to protect against disclosure to third parties of certain confidential and proprietary documents and information (collectively "materials"). The parties have submitted two proposed protective orders that are identical except for the inclusion of a paragraph 5.b.vii in Plaintiff's proposal, a paragraph that is at issue in this motion.[1]

---

[1] *See* Pls.' Proposed Stipulation and Order Concerning Confidentiality of Documents and Materials, attached as Ex. 1 to Pls.' Mem. in Supp. of Mot. for Entry of Prot. Order ("Plaintiffs' Proposed Protective Order") (doc. 97); Defendants' Proposed Protective Order, attached as Ex. 1 to Defs.' Mem. in Opp. to Pls.' Mot. for Entry of Protective Order (doc. 105) (hereinafter collectively "Proposed Protective Orders").

The parties have agreed that the protective order should recognize two levels of confidentiality: "Confidential" and "Highly Confidential."[2] Pursuant to the agreed upon terms of the parties' Proposed Protective Orders, a party may designate as "Confidential" those materials that fall within the scope of Federal Rule of Civil Procedure Rule 26(c)(7),[3] i.e., "trade secret or other confidential research, development, or commercial information."[4] A party may designate as "Highly Confidential" those materials that fall within the definition of "Confidential" *and* which the "party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Order, may compromise and/or jeopardize the supplying party's business interests."[5]

The parties agree that "Highly Confidential" materials may be disclosed to outside counsel for the parties; outside services employed by the parties to assist with photocopying, data processing and graphic production; outside experts and consultants; authors and recipients of the particular materials; current or former employees of the producing party; persons who are substantively discussed in the particular materials; deposition or trial witnesses who are believed to already have knowledge of the contents of the particular materials; and the Court, court personnel, and deposition anc court reporters.[6] The parties

---

[2] Proposed Protective Orders, ¶ 1.

[3] *Id.*, ¶¶ 1.b. & 1.c.

[4] Fed. R. Civ. P. 26(c)(7).

[5] Proposed Protective Orders, ¶ 1.d.

[6] *Id.*, ¶ 5.b.

disagree as to one important issue, however, i.e., whether the officers, directors and employees of the named Plaintiffs should be allowed access to the "Highly Confidential" materials.

Plaintiffs' Proposed Protective Order contains a provision (paragraph 5.b.vii) that would allow "Highly Confidential" materials to also be disclosed to "a director, officer or employee of a named Plaintiff who is charged with the responsibility for making business decisions dealing directly with the resolution of this action, provided that individualized pricing information and the terms and conditions of the sale to individual customers shall be excluded."[7]    Defendants do not agree to the inclusion of this paragraph. Defendants explain that the named Plaintiffs are customers, suppliers, distributors and/or direct competitors of Defendants, and that giving certain of their directors, officers, and employees access to Defendants' "Highly Confidential" materials — including Defendants' customer lists and strategic planning and pricing information — has the potential to seriously compromise Defendants' ability to compete effectively. Defendants contend that it is precisely those directors, officers and employees of Plaintiffs who would be granted access under Plaintiffs' version of the protective order who would possess decision-making authority related to the negotiations for and purchasing of Defendants' products and/or the sale of competing products.  Defendants argue that it is unreasonable to believe such individuals will be able to use Defendants' "Highly Confidential" information for purposes of managing this litigation and then disregard those materials as they go about their every day business.

Plaintiffs counter that their counsel have an obligation to keep them informed about this case and to discuss and advise them relating to the facts of the case and any expert reports.  They also argue that,

---

[7]Pls.' Proposed Protective Order, Ex. A. to doc. 97, ¶ 5.b.vii.

3

as class representatives, the named Plaintiffs have an obligation to the class to keep apprised of all developments. Plaintiffs assert that their proposed exclusion of "individualized pricing information and the terms and conditions of sale to individual customers" is sufficient to address Defendants' concerns that Plaintiffs may misuse Defendants' "Highly Confidential" materials in the course of conducting business.

## II.     Applicable Law and Analysis

District courts have discretion to issue protective orders consistent with the limitations set forth in Federal Rule of Civil Procedure 26(c).[8] Subsection (7) of Rule 26(c) permits a court to enter an order "that a trade secret or other confidential research development, or commercial information not be revealed or revealed only in a designated way."[9]

The issue to be decided by this Court is whether the directors, officers, or employees of Plaintiffs who are responsible for making business decisions about the resolution of this action should have access to "Highly Confidential" materials. "Ordinarily, a party to an action does have the right to review all material produced in discovery except in the rare instance where a trade secret may not be disclosed even to a party."[10] This action involves one of those instances where a party's right to review all materials produced in discovery may need to be limited due to the commercially sensitive nature of the information.

---

[8]*Estate of Trenadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 865 (10th Cir. 2005).

[9]Fed. R. Civ. P. 26(c)(7).

[10]*Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, No. 97-CIV. 5139 (WHP), 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999) (quoting *In re Agent Orange Product Liability Litigation*, 104 F.R.D. 559, 572 (E.D.N.Y. 1985)).

To resist discovery under Rule 26(c)(7), a party must first establish that the information sought is a trade secret or otherwise meets the definition of protected material under the Rule, and then demonstrate that its disclosure might be harmful.[11]  If these requirements are met, the burden shifts to the party seeking disclosure to establish that the disclosure of trade secrets is relevant and necessary to the action.[12]  The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure.[13]  If neither relevancy nor need is not established, the trade secrets should not be disclosed.[14]

It is within the sound discretion of the district court to decide whether trade secrets are relevant and whether the need outweighs the harm of disclosure.[15]  If the court determines that the trade secrets are relevant and necessary, the appropriate safeguards that the court may impose on them by means of a protective order are also a matter within the trial court's discretion.[16]  Protective orders that limit access to certain materials to counsel and experts "are commonly entered in litigation involving trade secrets and other confidential research, development or commercial information."[17]

---

[11] *Centurion Indus., Inc. v. Warren Steurer and Assoc.,* 665 F.2d 323, 325 (10th Cir. 1981).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 326.

[16] *Id.*

[17] *Vesta Corset*, 1999 WL 13257, at *3 (citing *Quotron Syst., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1991) (limiting disclosure to counsel and experts). *See also Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, No. 99 CIV4677WKKNF, 2002 WL
(continued...)

The parties have already agreed that "Highly Confidential" materials are trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7),[18] and that their disclosure, "even limited to the restrictions placed on Confidential Information . . . may compromise and/or jeopardize the supplying party's business interests."[19] Thus, the first two elements of this test have been met, i.e., these materials are trade secret or other commercial information within the scope of Rule 26(c)(7) and their disclosure might harm the producing party. In order to gain access to this trade secret information, Plaintiffs, as the parties seeking disclosure of these materials to certain of its directors, officer, and employees, must therefore show that the materials are relevant and that their disclosure to these individuals is necessary.

The Court finds that Plaintiffs have failed to establish a particularized need for the "Highly Confidential" materials to be disclosed to their directors, officers, or employees with responsibility for making decision about resolving this action.[20] While Plaintiffs' concerns that those officers, directors, and employees may not be able to make appropriate decisions about managing or resolving the case or may not be effective class representatives are certainly valid, the Court does not find that these speculative

---

[17](...continued)
31465811, at *1 (S.D.N.Y. Nov. 1, 2002) ("[T]rial courts commonly enter protective orders that restrict disclosure of trade secrets and other confidential commercial information to counsel and experts.").

[18]*See* Proposed Protective Order, ¶¶ 1.b. & 1.c.

[19]*Id.*, ¶ 1.c.

[20]*See Quotron*, 141 F.R.D. at 40 (holding in a copyright infringement and trade secret misappropriation case that the plaintiff had not demonstrated a need for its employees access to the documents sufficient to outweigh the defendant's concerns for protecting certain programming information).

6

concerns, without more, are sufficient to outweigh the potential for damage to Defendants. The Court will therefore decline to adopt paragraph 5.b.vii of Plaintiffs's Proposed Protective Order. However, the Court does believe that the protective order should provide a mechanism for seeking approval from the Court in those situations where the named Plaintiffs' attorneys determine there is a specific need to share "Highly Confidential" materials with their clients. The Court will therefore direct the parties to confer regarding such a provision, and to submit to the Court proposed language that would address such situations.

Within **twenty (20) days** of the date of this Order, the parties shall confer and submit to the undersigned Magistrate a revised proposed protective order that contains a provision setting forth a procedure for the parties to follow in the event the named Plaintiffs' attorneys believe it necessary to share "Highly Confidential" materials with their clients' directors, officers, or employees who are charged with the responsibility for making business decisions dealing directly with the resolution of this litigation. The parties shall e-mail the revised proposed protective order (in WordPerfect format) to ksd_waxse_chambers@ksd.uscourts.gov.

### III.    Additional Revisions Needed

Although the parties have not raised these as issues, the Court finds that Paragraphs 15 and 16 of the proposed Protective Orders need to be revised before the Court can approve those provisions. Paragraphs 15 and 16 are not in compliance with the Court's "Guideline for Agreed Protective Order," which are found on the District of Kansas' website, www.ksd.uscourts.gov. More specifically, Paragraph 15, which deals with the continuing jurisdiction of the Court to enforce the protective order following the

final resolution of the case, does not comply with Guideline 5. Paragraph 16, which provides that the protective order is binding as a court order upon non-parties, does not comply with Guideline 4.

The parties are directed to confer and revise Paragraphs 15 and 16 so that they comply with the Court's Guidelines. These revisions shall be included in the revised proposed protective order that is to be submitted to the Court within **twenty (20) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Entry of Protective Order (doc. 96) is denied to the extent it seeks the entry of a stipulated protective order containing Plaintiff's proposed paragraph 5.b.vii.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Protective Order (doc. 96) is granted in all other respects.

**IT IS FURTHER ORDERED** that within **twenty (20) days** of the date of this Order, the parties shall confer and submit to the undersigned Magistrate a revised proposed protective order consistent with this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 29th day of September 2005.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties