# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) MDL 1616 ) ) Civil No. 04-md-1616-JWL ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) |

## PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-styled proceeding (the "Proceeding") which relate to the parties' financial information, competitive information, personnel information or other kinds of commercially sensitive information which the party making the production deems confidential to third parties; and

WHEREAS, it has been agreed by and among the parties to the Proceeding, through their respective counsel, that this Protective Order is necessary to protect the parties' confidential and proprietary information, and that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, this Order should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties,

IT IS HEREBY ORDERED THAT:

**1.** **Scope**

a. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed

349421-2

in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "supplying party") to any other party (the "receiving party") when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers and employees.

b. Under this Order, any supplying party shall have the right to identify and designate as "Confidential" any document or other materials it produces or provides, or any testimony given in this proceeding, which testimony or discovery material the supplying party reasonably believes (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means), and (ii) contains any trade secret or other confidential research, proprietary, personnel, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(7) ("Designated Material"). The supplying party will designate material as Confidential if such party has a good faith belief that the material is entitled to confidential treatment.

c. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as Confidential by the supplying party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

d. All documents and information described in Paragraph (1)(b) as Confidential Information and which a party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Order, may compromise and/or jeopardize the supplying party's business interests ("Highly Confidential Information"), may be designated as "Highly Confidential" by said party and furnished to the other parties pursuant to this Order.

e.   A party may designate as Confidential or Highly Confidential information contained in documents that are in the possession of a third party if the documents contain the party's Confidential or Highly Confidential information.

f.   All documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a producing party designates such documents or materials as "Confidential" or "Highly Confidential."

**2.   Designation of Confidentiality**

Documents or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Order in the following ways:

a.   Specific documents produced by a supplying party shall, if appropriate, be designated as Confidential or Highly Confidential by marking the first page of the document and each subsequent page thereof containing Confidential or Highly Confidential Information with the legend: "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

b.   In the case of interrogatory answers and responses to requests for admissions, if appropriate, the designation of Confidential or Highly Confidential information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

c.   In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness

producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2(a) above.

      d.     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matter as CONFIDENTIAL or HIGHLY CONFIDENTIAL by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 2(a) above. Whenever any party to whom Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

      e.     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential

Information, and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

f.      If any party or counsel for any party wishes to disclose any Confidential Information or Highly Confidential Information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in the Court in this litigation, such papers or transcripts may be filed under seal only upon separate, specific motion and later order of the Court. For purposes of this Paragraph, if any party or counsel for any party intends to submit any affidavits, briefs, memorandum of law, or other papers disclosing the Confidential Information or Highly Confidential Information of another party in this Proceeding, such disclosing party shall contemporaneously file a motion provided for in this Paragraph requesting that the designated material be filed under seal.

g.      In the case of all documents already provided to the Government by the Defendants (the "Grand Jury Documents"), in order to facilitate the Defendants' production of the Grand Jury Documents in an efficient manner, the Grand Jury Documents are hereby designated Highly Confidential. Defendants may mark the Grand Jury Documents with this designation. The failure of any Defendant to mark the Grand Jury Documents with this designation does not affect their designation as Highly Confidential pursuant to this Order, but the inadvertent and unintended disclosure of a Grand Jury Document which has not been marked Highly Confidential by the Plaintiffs shall not be deemed a violation of this Order. Any party may challenge the designation of any Grand Jury Documents pursuant to the procedures set forth in paragraph 8.

h.      The following categories of Grand Jury Documents will not be considered Highly Confidential, notwithstanding the provisions of 2(g), unless otherwise expressly noted by the producing party: expense reports and phone records. These materials are to be considered Confidential even if they are not marked as such. The following categories of Grand Jury Documents will not be considered Confidential or Highly Confidential, notwithstanding the provisions of 2(g): SEC documents, press releases and unaltered publicly available documents

(including but not limited to newspaper articles, trade publications and materials from external websites).

**3.     Use of Confidential Information or Highly Confidential Information**

Confidential Information or Highly Confidential Information shall not be used by any person, other than the producing party, for any purpose other than conducting this litigation, *In re: Urethane Antitrust Litigation*, Civil No. 04-md-1616-JWL (MDL 1616), which case is pending in the United States District Court for the District of Kansas, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

**4.     Disclosure of Confidential Information**

a.     The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control access to, and distribution of information designated CONFIDENTIAL pursuant to this Order.

b.     Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

i.     counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

ii.     outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

iii.     any outside expert or consultant (or any employee of such outside expert or consultant) who is not employed by or affiliated with any party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, and to whom counsel in good faith has deemed disclosure of such material is necessary in order to assist in the preparation or the conduct of this litigation, provided that paragraph 6 of this Order has been complied with;

iv.     a director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action, provided that paragraph 6 of this Order has been complied with;

    v. in the event litigation counsel determines in good faith that such disclosure is necessary to assist in preparation or conduct of this litigation, any natural ("person") who has been noticed for deposition and whose deposition is taken, or any person who has been interviewed by an attorney of record, or any person whose testimony is taken or is to be taken in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation, provided that paragraph 6 of this Protective Order has been complied with;

    vi. any person who (a) authored or received the particular material sought to be disclosed to that person, (b) is substantively discussed in the material, but only as to the specific material in which such person is substantively discussed, (c) is currently employed by the producing party or, (d) was formerly employed by the producing party, but only as to specific material to which such person had access during his/her employment;

    vii. any other person not otherwise described in this Section who is testifying in this matter, either at deposition or trial, as to whom the examining counsel has a good faith belief that he or she possesses relevant information with respect to the content of the specific confidential material sought to be disclosed to that person;

    viii. this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

    ix. any other person to whom the party producing the Confidential Information agrees in writing or on the record in advance of the disclosure.

5. **<u>Disclosure of Highly Confidential Information</u>**

  a. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control access to, and distribution of information designated HIGHLY CONFIDENTIAL pursuant to this Order.

b.      Subject to paragraph 5(c) below, access to information designated HIGHLY CONFIDENTIAL pursuant to this Order shall be limited to:

i.      outside counsel for the parties (including members or associates of such counsel's firm), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

ii.     outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

iii.    any outside expert or consultant (or any employee of such outside expert or consultant) who is not employed by or affiliated with any party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, and to whom counsel in good faith has deemed disclosure of such material is necessary in order to assist in the preparation or the conduct of this litigation, provided that paragraph 6 of this Protective Order has been complied with;

iv.     any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is substantively discussed in the material, but only as to the specific material in which such person is substantively discussed, (c) is currently employed by the producing party or, (d) was formerly employed by the producing party, but only as to specific material to which such person had access during his/her employment;

v.      any other person not otherwise described in this Section who is testifying in this matter, either at deposition or trial, as to whom the examining counsel has a good faith belief that the witness has knowledge of the content of the Highly Confidential material sought to be disclosed to that person;

vi.     this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

          vii.    any other person to whom the party producing the Highly Confidential Information agrees to in writing or on the record in advance of the disclosure.

     c.    Before disclosing Highly Confidential material to any person under paragraph 5(b)(v) who is a competitor (or a current employee or supplier thereof), customer (or a current employee thereof), distributor (or a current employee thereof) or supplier (or a current employee thereof) of the producing party, the party wishing to make such disclosure shall give at least seven days advance notice to the counsel who designated such information as Highly Confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and stating the purposes of such disclosure. If, within this seven day period, written notice of objection to the proposed disclosure is provided to the party wishing to make such disclosure, disclosure is not permissible without leave of the Court.

     d.    A party wishing to disclose Highly Confidential Information ("Disclosing Party") to a director, officer or employee of a named Plaintiff who is charged with the responsibility for making business decisions dealing directly with the resolution of this action and who is not otherwise a person described by subparagraphs 5(b)(i) through 5(b)(vii) of this Order, shall first request permission to disclose the Highly Confidential Information from counsel for the party who produced the information ("Designating Party"). The request shall be made to the counsel who designated the information as Highly Confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and stating the purposes of such disclosure. If permission is not granted, or if, within five business days, no response to the request is provided, the requesting party must seek leave of Court to disclose such information. The parties shall negotiate in good faith to resolve disputes on these matters so as to reasonably accommodate imminent litigation deadlines or events, or, if reasonably necessary, request that the Court set an expedited briefing schedule.

6. **Notification of Protective Order**

Confidential Information and Highly Confidential Information shall not be disclosed to a person described in paragraphs 4(b)(iii), 4(b)(iv), 4(b)(v) or 5(b)(iii) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A.  Confidential Information may be disclosed to non-parties (this does not include current employees of any party to this litigation) pursuant to paragraph 4(b)(v) provided that such persons are provided a copy of the Order and the Notice attached to this Order as Exhibit B, and provided that they execute the Certification attached hereto as Exhibit A, by which they agree to be bound by the provisions of this Order.  The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause.  This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts.

7. **Use of Confidential or Highly Confidential Material at Trial**

The rules governing the use of Confidential and Highly Confidential material at trial shall be determined at a future date.

8. **Objections of Designations**

A party shall not be obliged to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the party which designated the material, the objecting party may apply to the Court for a ruling that the material shall not be so designated.  If such a motion is made, the designating party has the burden of establishing that the designation is proper.  If no such motion is made, the material will retain its designation.  Any documents or other materials that have been designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL shall be treated as Confidential or Highly Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such materials should not be treated as Confidential or Highly Confidential.

**9.     Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

**10.     Return or Destruction of Materials**

Within forty-five (45) business days after the final resolution of this litigation, all Confidential Information or Highly Confidential Information shall be returned to counsel for the party that produced it or shall be destroyed.  As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Order.

**11.     Inadvertent or Unintentional Disclosure**

a.     The inadvertent or unintentional disclosure by the producing party of documents or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"),

regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege.

b.  A producing party that inadvertently fails to designate discovery material as Confidential or Highly Confidential pursuant to this Order at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of mis-designation by the producing party shall within five (5) days of receipt of the substitute copies, destroy or return to the law firm representing the producing party all copies of such mis-designated documents. Those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to the use and disclosure of any information contained in the mis-designated materials.

c.  The receiving party of an Inadvertently Produced Privileged Document will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of receiving a written request from the producing party for the return of such item or items of information. Nothing in this Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine. If the receiving party challenges a claim that a document is an Inadvertently Produced Privileged Document, the receiving party may in connection with any good faith challenge, take notes concerning the document and make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made under seal. If requested by the receiving party, the producing party shall provide such documents to the Court for in-camera review. If the Court sustains the privilege claim of the producing party with respect to an Inadvertently Produced Privileged Document, the receiving party shall, within five (5) days of the Court's Order destroy any notes relating to the Document and advise the producing party in writing of the destruction.

**12.** A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

**13.** Any party or person in possession of Confidential Information or Highly Confidential Information or an Inadvertently Produced Privileged Document with respect to which the producing party has asserted a claim of privilege in accordance with paragraph 11 who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential Information or an Inadvertently Produced Privileged Document, shall promptly give written notice by facsimile to counsel for the party who inadvertently produced the privileged materials or designated the materials as confidential identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Highly Confidential Information or an Inadvertently Produced Privileged Document that such information is subject to this Order and may not be disclosed without the consent of the party that produced the Confidential or Highly Confidential Information or designated the document as privileged, or by court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until the party that inadvertently produced the privileged document or designated the document as Confidential or Highly Confidential grants written consent or the person subject to service or other process is ordered to do so by a court of competent jurisdiction.

**14.** A non-party that is obligated to provide discovery in this action by deposition, production of documents or otherwise, may request the protections of this Order as to said non-party's Confidential Information or Highly Confidential Information, and shall be afforded such protections upon signing the Stipulation and Agreement attached hereto as Exhibit C. By

signing such Stipulation and Agreement, the non-party also agrees to be bound by the terms of this Order.

**15.**  Upon the final resolution of this action, any party may seek leave to reopen this action to enforce the provisions of this Order.

**16.**  This Order is binding on all parties to this action and also on all non-parties who have requested the protections of this Order by signing the attached Exhibit C, and this Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by further Order of the Court.

Dated: November 22, 2005

    IT IS SO ORDERED:

                                                s/ David J. Waxse
                                                Magistrate Judge David J. Waxse

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION ) ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) _____ ) ) ) | MDL 1616 Civil No. 04-md-1616-JWL |

### **CERTIFICATION**

1.  My name is _____.

    I live at _____.

    I am employed as (state position) _____

    by (state name and address of employer) _____.

2.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.  I declare under penalty of perjury that the foregoing is true and correct.

    Executed this ____ day of _____, _____

    by _____ (signature)

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION ) ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) _____ ) ) ) | MDL 1616<br><br>Civil No. 04-md-1616-JWL |

### NOTICE TO DEPOSITION WITNESSES

      You are being shown one or more documents which have been designated as "Confidential" or "Highly Confidential" pursuant to an Order of this Court (the "Protective Order"). Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. By executing the Certification annexed hereto as Exhibit A, you agree to be bound by the terms of the Protective Order, and any modifications to the Protective Order to the extent you receive notice thereof.

 

                                                                              _____
                                                                              Magistrate Judge David J. Waxse

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) MDL 1616 <br> ) <br> ) Civil No. 04-md-1616-JWL <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> _____ ) |

## STIPULATION AND AGREEMENT

1. _____, a non-party in the above-captioned action, has been served with discovery requests herein. Compliance with such discovery requests will require _____ to disclose Confidential Information or Highly Confidential Information as defined in the Protective Order entered in this action.

2. _____ requests that it be afforded the protections of the Protective Order entered in this action and agrees that it shall abide by all of the terms of the Protective Order, and any further Order of the Court modifying or superseding the terms of the Protective Order, as if it were a party to this action.

Dated: _____

_____

*Counsel for* _____