# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST           No. 04-md-1616-JWL-DJW
LITIGATION

This Order Relates
to all Cases

_____

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories (doc. 87). More specifically, Plaintiffs seek supplemental responses to written discovery requests from Defendants Crompton Corporation and Uniroyal Chemical Company, Inc. ("Defendant" or "Crompton"). Although Plaintiffs' original motion covered a broad range of disputed issues, Plaintiffs have communicated to the Court that the dispute has been narrowed to the following discrete issues within Request Nos. 3, 7, 2 and Interrogatory Nos. 1 and 4.

**A.**    **Request No. 3**

Plaintiffs' Request No. 3 seeks transactional information regarding sales of Urethanes and Urethane Chemicals by Crompton during the time period from January 1, 1996 to present. In their Motion to Compel, Plaintiffs maintain Crompton's response to this request is inadequate in that Crompton (1) failed to produce data related to Ethacure, HQEE, Unicure, Witcothane, Vibracure; (2) failed to produce data for polyester polyol sales pre-2000 and Adiprene Vibrathane system sales pre-1999; and (3) failed to provide the unit of measure, the point of shipping, and the terms of sale for the transactional data it did produce.

**1.     Transactional Data for Ethacure, HQEE, Unicure, Witcothane, and Vibracure**

In response to Request No. 3, Plaintiffs state they are entitled to production of all transactional data related to Ethacure, HQEE, Unicure, Witcothane and Vibracure. Crompton disagrees, arguing the products referenced by Plaintiffs (a) are not responsive to Request 3 in the first instance; and (b) even if they were responsive to Request 3, such products are beyond the scope of discovery permitted pursuant to the "Agreed Upon Discovery Topics" governing discovery in this matter.

Upon review of the request, as well as a review of the relevant pleadings, the Court finds Request 3 simply does not call for information regarding the products referenced by Plaintiff. Plaintiffs' Request No. 3 seeks transactional information regarding sales of "Urethanes and Urethane Chemicals." "Urethanes and Urethane Chemicals" are defined in Plaintiffs' Consolidated Complaint and in Plaintiffs' Request for Production of Documents as "polyester polyols." Plaintiffs argue Ethacure, HQEE, Unicure, Witcothane and Vibracure are brand names for polyester polyol-related products sold by Compton or its predecessors, and therefore information regarding these products is responsive to Request No. 3. Crompton does not dispute Plaintiffs' argument that the referenced products are "polyester polyol-*related*" but instead argues that Ethacure, HQEE, Unicure, Witcothane and Vibracure are not, in and of themselves, products that can be classified as "polyester polyols."

Notwithstanding their stated positions, neither party has provided the Court with any information, let alone evidentiary proof, to establish or rebut the suggestion that Ethacure, HQEE, Unicure, Witcothane or Vibracure are (1) products *equivalent* to "polyester polyols"; (2) products *related* to "polyester polyols"' or (3) products *unrelated* to "polyester polyols." Thus, the Court does

not have sufficient information to determine whether Ethacure, HQEE, Unicure, Witcothane and Vibracure are polyester poloyols and, in turn, Urethanes and Urethane Chemicals. Because there are no facts to demonstrate that Ethacure, HQEE, Unicure, Witcothane and Vibracure are Urethanes and Urethane Chemicals, and because Request No. 3 on its face requests transactional data only for Urethanes and Urethane Chemicals and not for Ethacure, HQEE, Unicure, Witcothane and Vibracure, the Court finds Request 3 does not call for information regarding the products referenced by Plaintiff. For this reason, the Court will deny Plaintiffs' Motion to Compel production of data related to Ethacure, HQEE, Unicure, Witcothane, Vibracure in response to Request No. 3.[1] The Court notes that this ruling does not determine whether Plaintiffs can request and/or obtain data related to Ethacure, HQEE, Unicure, Witcothane, Vibracure pursuant to subsequent discovery requests; the Court's ruling is limited to a determination that Request 3 does not call for information regarding these products.

### 2. Polyester polyol sales pre-2000 and Adiprene Vibrathane system sales pre-1999

In response to this request, Crompton states it does not have reliable sales data for polyester polyol sales pre-2000 or Adiprene Vibrathane sales pre-1999 because these businesses were acquired from predecessor companies that used different legacy computer systems. Notwithstanding these circumstances, Crompton goes on to state that it gratuitously provided annual summary sales figures as well as business documents reflecting sales and negotiations with polyester polyols and Adiprene/Vibrathane customers in the earlier time periods.

---

[1] Because the Court finds Request 3 does not call for information regarding Ethacure, HQEE, Unicure, Witcothane and Vibracure, it is unnecessary for the Court to address Crompton's alternative argument – that discovery related to these products goes beyond the "Agreed Upon Discovery Topics" governing the scope of discovery in this matter.

In response to Crompton's statements, Plaintiffs challenge Crompton's discovery efforts with respect to the underlying documents and allege that, although Crompton conducted a cursory electronic search, it failed to search for hard copies of documents that may be responsive to this request.[2] Plaintiffs also take issue with the summaries gratuitously provided by Crompton in that they do not differentiate between sales for polyether polyol-based systems and polyester polyol-based systems.

Any party may serve on any other party a request to produce documents in the possession, custody or control of the party upon whom the request is served. The Court, however, cannot compel the production of documents that do not exist or that are not in the possession, custody or control of a party.[3] Based on Crompton's representation that it does not have sales data for polyester polyol sales pre-2000 or Adiprene Vibrathane sales pre-1999, the Court will deny the Motion to Compel as it pertains to this these documents. The Court will, however, direct Crompton to serve an amended written response to this request affirmatively stating that, after a search conducted in good-faith, it has no electronic or conventional hard-copy documents reflecting sales data for polyester polyol sales pre-2000 or Adiprene Vibrathane sales pre-1999 in its possession, custody or control. The amended response shall be served within ten (10) days of the date of this Order.

### 3.    Unit of Measure, Point of Shipping, and Terms of Sale

With regard to this issue, Plaintiffs contend that, for the transactional data it did produce, Crompton failed to provide the unit of measure, the point of shipping, and the terms of sale. In

---

[2] For example, Plaintiffs allege Crompton has not conducted a search of documents from the due diligence performed by Crompton when Crompton merged with Witco.

[3] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D.Kan. 2005) (citations omitted).

response, Crompton states this information can be found in data and documents already produced in this litigation.

In light of the parties' positions, Crompton will be ordered to designate for Plaintiffs within ten (10) days from the date of this Order which documents contain the units of measure, the point of shipping and the terms of sale for all transactional data already produced. More specifically, the designation should identify by bates stamp number the documents from which the requested information may be ascertained.[4]

**B.      Request No. 7**

With regard to Request No. 7, Plaintiffs assert Crompton has refused to produce all documents related to dates, quantities, prices and terms of sale between any defendant and any other producer or seller of polyester polyols or related systems. Crompton responds by stating it already has provided this information and, in fact, has never opposed production of these materials.

Again, in light of the parties' positions, Crompton will be ordered to designate for Plaintiffs within ten (10) days from the date of this Order which documents already produced relate to the dates, quantities, prices and terms of sale between any defendant and any other producer or seller of polyester polyols or related systems. More specifically, the designation should identify by bates stamp number the documents from which the requested information may be ascertained.[5]

Crompton further will be ordered to serve an amended written response to this request affirmatively stating

---

[4]*Cardenas*, 230 F.R.D. at 619 (citation omitted) (ordering party to serve supplemental discovery responses in which it identified the particular documents responsive to each request.)

[5]*Id.*

- whether it has produced all documents relating to the dates, quantities, prices and terms of sale between any defendant and any other producer or seller of polyester polyols or related systems; and

- whether it is withholding from production any documents responsive to this request pursuant to objection previously lodged.

If Crompton is withholding documents pursuant to a claimed privilege, Crompton shall provide a privilege log identifying such documents as required by federal rule. The amended response shall be served within ten (10) days of the date of this Order.

**C.     Request No. 2**

In this request, Plaintiffs seek all documents relating to Crompton's corporate structure and/or organization, including but not limited to departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that produce, market, distribute or sell Urethanes or Urethane Chemicals in the United States. Crompton states it already has produced documents containing the information requested.

Again, Crompton will be ordered to designate for Plaintiffs within ten (10) days from the date of this Order which documents already produced relate to Crompton's corporate structure and/or organization, including but not limited to departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that produce, market, distribute or sell Urethanes or Urethane Chemicals in the United States. The designation should identify by bates stamp number the documents from which the requested information may be ascertained.[6]

Crompton further will be ordered to serve an amended written response to this request affirmatively stating

---

[6]*Cardenas*, 230 F.R.D. at 619 (citation omitted) (ordering party to serve supplemental discovery responses in which it identified the particular documents responsive to each request.)

- whether it has produced all documents relating to Crompton's corporate structure and/or organization, including but not limited to departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that produce, market, distribute or sell Urethanes or Urethane Chemicals in the United States; and

- whether it is withholding from production any documents responsive to this request pursuant to objection previously lodged.

If Crompton is withholding documents pursuant to a claimed privilege, Crompton shall provide a privilege log identifying such documents as required by federal rule. The amended response shall be served within ten (10) days of the date of this Order.

**D.     Interrogatory No. 1**

Interrogatory No. 1 seeks the identity of each employee who had responsibility for recommending, reviewing, setting, or approving prices, bids, quotes or rebates for the sale of Urethanes or Urethane Chemicals. Although Crompton states it already identified several individuals in response to this interrogatory, Plaintiffs seek confirmation from Crompton that it has fully responded to this interrogatory by identifying each employee who had responsibility for recommending, reviewing, setting, or approving prices, bids, quotes or rebates.

The Court finds Plaintiffs' request here is reasonable under the circumstances. Accordingly, Crompton will be ordered to serve an amended written response to this interrogatory stating that whether it has identified each employee who had responsibility for recommending, reviewing, setting, or approving prices, bids, quotes or rebates and is not withholding identification of any employee pursuant to an objection previously lodged. The amended response shall be served within ten (10) days of the date of this Order.

E.  **Interrogatory No. 4**

Interrogatory No. 4 seeks the identity of each employee who testified to any governmental agency regarding urethane pricing. While Crompton originally objected to Plaintiffs' request on grounds that it exceeds the scope of permissible discovery, Crompton recently stated in written communication to the Court and to Plaintiffs that no Chemtura employee testified before the grand jury relating to polyester polyols. In response to this recent statement, Plaintiffs now seek clarification regarding the following two issues:

- whether Crompton's reference to "Chemtura employees" includes employees of Chemtura's predecessor companies; and

- whether any employee testified to a governmental agency *besides the grand jury* regarding urethane pricing.

Again, the Court finds Plaintiffs' request here is reasonable under the circumstances. Accordingly, Crompton will be ordered to serve an amended written response to this interrogatory stating whether Crompton's reference to "Chemtura employees" includes employees of Chemtura's predecessor companies and whether any employee testified to a governmental agency *besides the grand jury* regarding urethane pricing. The amended response shall be served within ten (10) days of the date of this Order.

F.  **Sanctions**

Although Plaintiffs do not request sanctions in their motion, an award may be appropriate when, as here, the Court grants a Motion to Compel in part.

Federal Rule of Civil Procedure 37(a)(4) governs the imposition of sanctions in connection with motions to compel. Subsection (a)(4)(A) provides that when a motion to compel is granted, "the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct

8

necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion including attorney's fees, unless the court finds that . . . the opposing party's . . . response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[7]

The Court has granted Plaintiffs' Motion to Compel in part; thus, an award of sanctions pursuant to Rule 34(a)(4)(A) may be appropriate here. Before the Court may make any such award, however, the non-moving party must be afforded the "opportunity to be heard."[8] To that end, the Court will direct Defendant and/or its counsel to show cause, in writing, no later than **April 14, 2006**, why the Court should not require either or both of them[9] to pay the reasonable expenses and attorney fees incurred by Plaintiffs in making the Motion to Compel. Plaintiffs shall file a response thereto, if they so choose, no later than **April 28, 2006.** In the event the Court determines that sanctions should be imposed, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Plaintiffs incurred, and for the filing of any related briefs.

---

[7] Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

[8] *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4)); *Fears v. Wal-Mart Stores, Inc.*, No. 99-2515-JWL, 2000 WL 1679418, at *6 (D. Kan. Oct. 13, 2000).

[9] To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct. *McCoo*, 192 F.R.D. at 697. The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing." *Id.* At present, the Court has no evidence that Defendant itself was responsible for the objections and responses at issue. However, if Defendant or its attorneys wish to provide the Court with any information in this regard, Defendant and/or its counsel may do so in the pleading(s) provided to the Court pursuant to the briefing schedule set forth herein. The Court will defer ruling on this issue until it has received the parties' briefs.

**G.** **Summary of Rulings**

Based on the discussion above, it is hereby ordered that Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories (doc. 87) is granted in part and denied in part as specifically set forth below:

1. With regard to Plaintiffs' Request No. 3

    a. Plaintiffs' Motion to Compel production of data related to Ethacure, HQEE, Unicure, Witcothane, Vibracure in response to Request No. 3 is **denied**;

    b. Plaintiffs' Motion to Compel production of sales data for polyester polyol sales pre-2000 or Adiprene Vibrathane sales pre-1999 in response to Request No. 3 is **denied**; however, Crompton shall serve an amended written response to this request affirmatively stating that, after a search conducted in good-faith, it has no electronic or conventional hard-copy documents reflecting sales data for polyester polyol sales pre-2000 or Adiprene Vibrathane sales pre-1999 in its possession, custody or control. The amended response shall be served within ten (10) days of the date of this Order.

    c. Plaintiffs' Motion to Compel Crompton to designate documents containing the units of measure, the point of shipping and the terms of sale for all transactional data already produced in response to Request No. 3 is **granted** to the extent that, within ten (10) days from the date of this Order, Crompton shall identify by bates stamp number the documents from which the requested information may be ascertained.

2. With regard to Plaintiffs' Request No. 7, Plaintiffs' Motion to Compel Crompton to designate those documents already produced that relate to the dates, quantities, prices and terms of sale between any defendant and any other producer or seller of polyester polyols or related systems is **granted** to the extent that, within ten (10) days from the date of this Order, Crompton shall

    a. identify by bates stamp number the documents from which the requested information may be ascertained; and

      b.       serve an amended written response to Request No. 7 affirmatively stating

- whether it has produced all documents relating to the dates, quantities, prices and terms of sale between any defendant and any other producer or seller of polyester polyols or related systems; and
- whether it is withholding from production any documents responsive to this request pursuant to objection previously lodged.

If Crompton is withholding documents pursuant to a claimed privilege, Crompton shall provide a privilege log identifying such documents as required by federal rule. The amended response shall be served within ten (10) days of the date of this Order.

3. With regard to Plaintiffs' Request No. 2, Plaintiffs' Motion to Compel Crompton to designate those documents already produced that relate to Crompton's corporate structure and/or organization is **granted** to the extent that, within ten (10) days from the date of this Order, Crompton shall

      a.       identify by bates stamp number the documents from which the requested information may be ascertained; and

      b.       serve an amended written response to this request affirmatively stating

- whether it has produced all documents relating to Crompton's corporate structure and/or organization, including but not limited to departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that produce, market, distribute or sell Urethanes or Urethane Chemicals in the United States; and
- whether it is withholding from production any documents responsive to this request pursuant to objection previously lodged.

If Crompton is withholding documents pursuant to a claimed privilege, Crompton shall provide a privilege log identifying such documents as required by federal rule. The amended response shall be served within ten (10) days of the date of this Order.

4. With regard to Plaintiffs' Interrogatory No. 1, Plaintiffs' Motion to Compel is **granted** to the extent that Crompton shall serve an amended written response to this interrogatory stating that it has identified each employee who had responsibility for recommending, reviewing, setting, or approving prices, bids, quotes or rebates and is not withholding identification of any employee pursuant to an objection previously lodged. The amended response shall be served within ten (10) days of the date of this Order.

5. With regard to Plaintiffs' Interrogatory No. 4, Plaintiffs' Motion to Compel is **granted** to the extent that Crompton shall serve an amended written response to this interrogatory stating

   a. whether Crompton's reference to "Chemtura employees" includes employees of Chemtura's predecessor companies; and

   b. whether any employee testified to a governmental agency *besides the grand jury* regarding urethane pricing. The amended response shall be served within ten (10) days of the date of this Order.

6. Defendant and/or its counsel shall show cause, in writing, no later than **April 14, 2006**, why the Court should not require either or both of them to pay the reasonable expenses and attorney fees incurred by Plaintiffs in making the Motion to Compel. Plaintiffs shall file a response thereto, if they so choose, no later than **April 28, 2006.**

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of March, 2006.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc: All counsel and *pro se* parties