DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL-DJW |

**This Order Relates to the Polyester Polyol Cases**

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) Defendants' Motion to Compel the 30(b)(6) Deposition of Plaintiff Industrial Rubber Products, LLC (doc. 226); (2) Plaintiffs' Motion for Withdrawal of Industrial Rubber Products, LLC as Class Representative (doc. 235); and (3) Plaintiffs' Motion for Protective Order (doc. 235).

**I.    Background Information**

Defendants move to compel Industrial Rubber Products, LLC ("IRP") to appear for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendants filed a deposition notice on December 19, 2005 (doc. 191) to take the Rule 30(b)(6) deposition of IRP on February 15, 2006. Defendants have since offered to take the deposition at a mutually agreeable location and time; however, the deposition has not taken place. Instead, IRP has informed Defendants that it wishes to withdraw from the case as a named Plaintiff and class representative.

Defendants filed their Motion to Compel on February 22, 2006. On that same day, Plaintiffs filed their motion seeking an order to permit IRP to withdraw as a class representative, without prejudice to its

rights as an absent class member. Plaintiffs also moved for a protective order preventing the Rule 30(b)(6) deposition from going forward and preventing Defendants from seeking any further discovery from IRP.

In support of the motion to withdraw and for protective order, Plaintiffs state that IRP has faced severe financial difficulties over the past several years. They represent that IRP voluntarily filed for bankruptcy in November 2004 and that an order liquidating the company was entered on November 18, 2005. They further represent that "[d]ue to serious disruptions to its business activities caused by its bankruptcy filings and the emergency caused to its business by Hurricane Katrina, IRP is no longer able to participate in the lawsuit as a class representative."[1] Defendants do not object to IRP's withdrawal so long as IRP appears for the Rule 30(b)(6) deposition they have noticed.

## II.     Analysis

Federal Rule of Civil Procedure 23 requires that a class representative's interests be congruent with those of the class.[2] In addition, the class representative must demonstrate an ability to fairly and adequately represent the interests of the class members.[3] "The ultimate responsibility to ensure that the interests of

---

[1] Mem. in Supp. of Pls.' Mot. for Withdrawal as Class Rep., and for Protective Order (doc. 236), Decl. of Susan G. Kupfer.

[2] *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980) (class representatives must represent the collective interests of the putative class in addition to their own private interests). *See also Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995) ("Both class representatives and class counsel have responsibilities to absent members of the class."); *In re Avon Sec. Litig.*, No. 91 CIV. 2287 (LMM), 1998 WL 834366, at *10 n. 5 (S.D.N.Y. Nov. 30, 1998) ("Even before a class has been certified, counsel for the putative class owes a fiduciary duty to the class.").

[3] *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir. 1999) (citing Fed. R. Civ. P. 23(a)).

class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court."[4]

The court may allow a plaintiff to withdraw as a class representative when the withdrawal is sought in good faith and the withdrawal would not prejudice the defendant's ability to defend itself, including the ability to conduct sufficient discovery.[5] The decision whether to allow a party to withdraw as class representative is left to the sound discretion of the court.[6] In granting withdrawal, the court may impose such terms and conditions as the court deems proper to avoid prejudice.[7]

IRP represents that it is unable to protect the interests of class members due to its financial difficulties. The Court finds that IRP has valid and persuasive reasons for withdrawing. To ensure that IRP does not jeopardize the interests of the absent class members, the Court will grant the motion to withdraw.

The Court will now turn to (1) IRP's motion for protective order prohibiting Defendants from deposing IRP and directing further discovery against IRP, and (2) Defendants' Motion to Compel the Rule 30(b)(6) deposition of IRP.

---

[4] *See Maywalt*, 67 F.3d at 1078.

[5] *In re Currency Conversion Fee Antitrust Litig.,* MDL No. 1409, M 21-95, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000)).

[6] *In re Vitamins Antitrust Litig*., 198 F.R.D. at 304.

[7] *Id*. *See also* Fed. R. Civ. P. 41(a)(2) (claim dismissed at the plaintiff's instance must be made upon order of the court and "upon such terms and conditions as the court deems proper.").

IRP seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c), which provides that a court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it.[8] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]  The decision to enter a protective order is within the court's discretion.[10]

Defendants assert that IRP's deposition is necessary and relevant to Defendants' ability to effectively respond to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. Plaintiffs counter that Defendants have availed themselves of the opportunity to depose the other putative class representatives, and that Defendants have obtained documents from IRP as well as the other plaintiffs. Plaintiffs further argue that if the Court grants IRP's request to withdraw as a class representative, there simply is no need for Defendants to depose IRP in order to respond to the motion for class certification or to prepare for the class certification hearing.[11]

---

[8] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 638 n.17 (D. Kan. 2005); *DIRECTV v. Puccinelli,* 224 F.R.D. 677, 690 (D. Kan. 2004).

[9] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[10] *Thomas v. Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995).

[11] Defendants also assert that IRP's Rule 30(b)(6) deposition is necessary to determine IRP's standing. The Court disagrees. Defendants contend that IRP lacks standing because IRP allegedly did not purchase any polyester polyols or related products. Whether IRP did or did not purchase the relevant products is not an issue that needs to be determined prior to the class certification hearing if IRP is not a class representative.

4

The Court finds Plaintiffs' arguments persuasive. The information Defendants need regarding class certification issues may be obtained from the remaining class representatives. To require IRP to give a Rule 30(b)(6) deposition at this time, when it would serve no valid class certification purpose and when IRP is struggling with significant financial difficulties, would subject IRP to undue burden. Accordingly, the Court finds that IRP has established good cause for the entry of a protective order preventing the Rule 30(b)(6) deposition of IRP from going forward. The Court will therefore grant Plaintiffs' Motion for Protective Order to the extent it seeks an order barring IRP's Rule 30(b)(6) deposition, and will deny Defendants' Motion to Compel the deposition.

The Court notes that IRP seeks even broader protection from discovery, asking for a protective order not only barring Defendants from taking its Rule 30(b)(6) deposition but also "barring further discovery directed against IRP."[12] To the extent, IRP seeks this broader protection, the Court finds IRP's request to be premature. Without any outstanding discovery requests or outstanding objections, IRP's request is for an anticipatory global protective order that is not ripe for judicial determination. Thus, to the extent Plaintiffs seek a protective order barring *all* discovery of IRP, the motion for protective order will be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (doc. 235) is granted to the extent Plaintiffs request a protective order barring Defendants from taking IRP's Rule

---

[12]Mem. of Points and Authorities in Supp. of Pls.' Mot. for Withdrawal and for Protective Order (doc. 236) at p. 6.

30(b)(6) deposition as set forth in the deposition notice served on IRP on December 19, 2006 (doc. 191).

Plaintiffs' Motion for Protective Order (doc. 235) is denied in all other respects.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel the 30(b)(6) Deposition of Industrial Rubber Products, LLC (doc. 226) is denied**.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Withdrawal of IRP as Class Representative (doc. 235) is granted without prejudice to IRP's rights as an absent class member.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of June 2006.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties