IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST
LITIGATION

No. 04-MD-1616-JWL

This Order Relates to
the Polyester Polyol Cases

**ORDER PRELIMINARILY APPROVING SETTLEMENT WITH BAYER,
CERTIFYING A SETTLEMENT CLASS, AND
<u>AUTHORIZING DISSEMINATION OF NOTICE</u>**

The Court, having reviewed the Settlement Agreement entered into between Plaintiffs and Defendants Bayer AG, Bayer Corporation, Bayer MaterialScience AG, and Bayer MaterialScience LLC (f/k/a Bayer Polymers LLC) (collectively "Bayer"), hereby **ORDERS** that:

1. The Settlement Agreement between Plaintiffs and Bayer dated April 25, 2006, appears, upon preliminary review, to be sufficiently fair and reasonable to warrant notice to the class. Accordingly, the proposed settlement is preliminarily approved, pending a final Fairness Hearing as provided for herein.

2. The following settlement class (the "Settlement Class") is hereby certified for settlement purposes only:

> All persons and entities in the United States who directly purchased Polyester Polyol Products (including polyurethane systems containing polyester polyols but not polyether polyols) from any of the Defendants at any time from January 1, 1998, through December 31, 2004. Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates, and all government entities. Also

excluded are those persons and entities who timely and validly request exclusion from the Settlement Class.

3. The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

(a) there are hundreds, if not thousands, of members of the class;

(b) the claims of the class representatives are typical of those of the other members of the class;

(c) there are questions of fact and law that are common to all members of the class; and

(d) the class representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

4. The Court finds this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the class predominate over any questions affecting only individual members.

5. Pursuant to Fed. R. Civ. P. 23, Skypark Manufacturing LLC (f/k/a Burtin Urethane Corporation), Maine Industrial Tires Limited, Urethane Product Industries, Inc., and

Kryptane Systems, LLC shall serve as class representatives.[1]  This Court approves the following firms as Class Counsel: Ross, Dixon & Bell, L.L.P.; Glancy Binkow & Goldberg LLP; Lockridge Grindal Nauen, P.L.L.P.; and Much Shelist Freed Denenberg Ament & Rubenstein, P.C.  Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be taken pursuant to, the Settlement Agreement, or such other acts which are reasonably necessary to consummate the proposed settlement.

6. The Court will hold a fairness hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) on **October 16, 2006 at 10:30 a.m.**

7. The Fairness Hearing will be held for the following purposes:

(a) to finally determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court pursuant to Fed. R. Civ. P. 23(e);

(b) to determine whether a final judgment should be entered dismissing the claims of the class against Bayer with prejudice, as required by the Settlement Agreement; and

(c) to rule upon other such matters as the Court may deem appropriate.

8. Pursuant to the Settlement Agreement, Complete Claim Solutions, Inc. shall serve as Settlement Administrator.  J.P. Morgan Trust Company, National Association, shall serve as Escrow Agent.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Settlement Agreement, and shall

---

[1] The court is not including plaintiff Industrial Rubber Products, LLC as a class representative because of the magistrate judge's recent ruling granting Plaintiffs' Motion for Withdrawal of Industrial Rubber Products, LLC as Class Representative (doc. #378).

remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order of the Court.

9. On or before **July 10, 2006**, Class Notice, substantially in the form attached hereto as Exhibit A, shall be sent by the Settlement Administrator via first class U.S. mail, postage prepaid, to all members of the class at their last known address as reflected in the records of Bayer and the non-settling Defendants, as updated based on the National Change of Address database or other similar databases prior to mailing. On or before **July 14, 2006**, Publication Notice substantially in the form attached here to as Exhibit B shall be published in *Chemical Week*. On or before **July 14, 2006**, Class Counsel shall cause a copy of the Class Notice, Publication Notice, and Settlement Agreement to be posted on the Internet at a readily accessible website to be created and maintained by the Settlement Administrator.

10. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. On or before **August 29, 2006**, Class Counsel shall file proof of mailing of the Class Notice and proof of publication of the Publication Notice.

12. As provided in the Class Notice, each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Class Counsel postmarked on or before **August 15, 2006**. Requests for exclusion must be in writing and set forth the name, address, and telephone number of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or

4

entity, must state that the person or entity wishes to be excluded, and must be signed by the class member seeking exclusion. All persons or entities who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of settlement proceeds, and shall not be bound by the Settlement Agreement or a Final Judgment approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure. On or before **August 29, 2006**, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class. The court will exclude all persons and entities who file timely and valid requests for exclusion.

13. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlement Agreement, be bound by all the terms and provisions of that agreement, including, but not limited to, the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the settlement and whether or not such person or entity made a claim upon the settlement fund.

14. As provided in the Class Notice, each class member who does not timely opt out of the class shall have the right to object to the settlement by filing written objections with the Court on or before **August 29, 2006**, copies of which shall be served on all counsel for the parties. Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

15. Any Settlement Class member who has filed written objections and wishes to be heard at the Fairness Hearing may enter an appearance through counsel of such member's own choosing and at such member's own expense, or may appear on the member's own.

16. All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement shall be filed on or before **September 12, 2006**.

17. All further class proceedings as to Bayer are hereby stayed except for any actions required to effectuate the Settlement Agreement.

18. The court may, for good cause, extend any of the deadlines set forth in this order without further notice to Settlement Class members.

19. The court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED** this 13th day of June, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge