DJW/bh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST                    No. 04-MD-1616-JWL-DJW
LITIGATION

This Order Relates to
the Polyester Polyol Cases

_____


## MEMORANDUM AND ORDER

Pending before the Court is the Joint Motion to Compel (doc. 252) filed by Defendants Chemtura

Corporation (f/k/a Crompton Corporation), Uniroyal Chemical Company, Inc., and Rhein Chemie

Corporation (collectively "Defendants").[1]  In their motion, Defendants seek to compel Plaintiffs to respond

to Defendants' First Request for Production of Documents Related to Class Certification and Chemtura

Corporation's First Set of Interrogatories Related to Class Certification.  Defendants also seek an order

compelling Plaintiffs to re-produce various Rule 30(b)(6) witnesses for further depositions so that

Defendants may depose them regarding Plaintiffs' supplemental document productions.

Defendants indicate that Plaintiffs supplemented their document production two days before the

Motion to Compel was filed.  In their reply brief, Defendants also indicate that Plaintiffs Kryptane Systems,

LLC ("Kryptane") and Urethane Products Industries, Inc. ("UPI") produced additional documents after

the Motion to Compel was filed.  Defendants contend that Plaintiffs' supplemental responses to the

_____

[1]Bayer Corporation, Bayer Material Science LLC, and Bayer AG also joined in the motion;
however, Defendants' reply brief indicates that they are no longer participating in the motion as they have
entered into a settlement of this action.

discovery requests remain inadequate.  The Court recognizes, however, the issues as to the discovery responses have been narrowed in the reply brief.  Defendants' request as to re-producing various witnesses has also been narrowed, and Defendants now request only that the Court permit them to further depose the Rule 30(B)(6) witness of Kryptane.  Finally, in their reply brief, Defendants request for the first time that the Court preclude Plaintiffs from relying on any documents other than those already produced, or any interrogatory answers other than those already served, as of the date Defendants filed their opposition to Plaintiffs' Motion for Class Certification.

## I.     Analysis

### A.     Requests for Production

#### 1.     *Request Nos. 19, 21, 23, and 24*

These requests seek documents that demonstrate common issues typical of the putative class and documents showing that class-wide impact can be demonstrated by common proof.  Plaintiffs' supplemental responses to these requests referred Defendants to Plaintiffs' Motion for Class Certification, which included not only Plaintiffs' supporting memorandum, but the expert report of Dr. Robert Tollison and Exhibit 3 to the Tollison Report, which contains Bates numbers of all of the documents reviewed by Dr. Tollison in preparing his report.

The Court agrees with Defendants that such responses are not appropriate.  Federal Rule of Civil Procedure 34(b) governs the manner in which a party may produce documents.  The Rule provides that a party producing documents "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."  This provision was added to

Rule 34(b) to prevent parties from "deliberately . . . mix[ing] critical documents with others in the hope of obscuring significance."[2]

Here, Plaintiffs have neither produced the documents in the ordinary course of business nor organized or labeled them to correspond with the categories in the various requests.  The Court will therefore grant the Motion to Compel as to Request Nos. 19, 21, 23, and 24.  Plaintiffs shall either produce the requested documents as they are kept in the ordinary course of business or shall organize and label them to correspond to the categories of documents sought in these requests.  Plaintiffs shall do so by **July 17, 2006**.

> 2.    *Request No. 7*

This request asks Plaintiffs to produce documents concerning the identity of other producers and sellers of polyester polyols and related polyurethane systems in the United States.  Plaintiffs indicated in their response to the Motion to Compel that they had provided "or will shortly be providing, all responsive documents."[3]   Apparently, Plaintiffs have not provided these documents, and Defendants seek an order compelling Plaintiffs to produce these documents without further delay.

To the extent Plaintiffs have not already produced all documents responsive to Request No. 7, Plaintiffs shall do so by **July 17, 2006**.

> 3.    *Request Nos. 1, 4, and 19 – Royalty Agreement between Argnoics and Kryptane*

---

[2]*See* Advisory Committee Note to 1980 Amendment to Fed. R. Civ. P. 34 (quoting Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation of the American Bar Association (1977)).

[3]Pls.' Mem. in Opp. to Defs.' Mot. to Compel (doc. 272) at p.13

Wayne Willkomm testified in his Rule 30(b)(6) deposition for Kryptane that a royalty agreement had been entered into between Argonics and Kryptane. He testified, however, that no agreement and no related documents had been produced. The parties apparently agree that these documents would be responsive to Request Nos. 1, 4, and 10.

Plaintiffs state in their response to the Motion to Compel that Kryptane has since produced the royalty agreement. Defendants assert in their reply brief, however, that the copy of the agreement which was produced is incomplete, as it is missing various exhibits that are incorporated into the agreement. They also assert that Kryptane has failed to produce the modified version of the royalty agreement.[4] In addition, they complain that Kryptane has failed to produce requested documents concerning royalty payments owed, made, and received, and any correspondence related to those payments and the royalty agreement.

The Court will grant the Motion to Compel as to these requests for production. To the extent Kryptane has not produced these documents, Kryptane shall do so by **July 17, 2006**.

**B.      Interrogatories**

*1.      Interrogatory Nos. 1 and 2*

Interrogatory No. 1 asks Plaintiffs to:

Identify and describe the actual dates, quantities, prices and terms or conditions of sale for each of your purchases of polyester polyols and related polyurethane systems in the United States, including discounts and rebates, and identify the seller from whom each such purchase of polyester polyols and related polyurethane systems was made.

Interrogatory No. 2 asks Plaintiffs to identify and describe all end-products produced, sold or manufactured by Plaintiffs in which they have used polyester polyols and related polyurethane systems.

_____

[4]Mr. Willkomm testified in his deposition that the royalty agreement was later modified.

4

In their supplemental responses to these interrogatories, Plaintiffs Skypark Manufacturing LLC ("Skypark") and UPI[5] refer Defendants to "documents produced as initial disclosures." In addition, they, along with Kryptane, refer Defendants to "documents produced" with specified Bates- stamped numbers. Defendants complain that these responses are insufficient because Plaintiffs have referred Defendants "to a general mass of documents — indeed virtually their entire document production."[6]  Plaintiffs argue that their answers are sufficient to meet their obligation under Rule 33(d), which allows parties to produce business records from which the interrogatory answers may be derived.

It is true that, under Rule 33(d), a party responding to interrogatories may choose to produce its business records rather than provide a written answer to an interrogatory. Rule 33(d) provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records . . ., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.[7]

---

[5]Defendants are no longer moving to compel answers to Interrogatory Nos. 1 and 2 from Plaintiff Maine Industrial Tires, Ltd. ("Maine Tire"). Defendants state in their reply brief that Maine Tire "has complied with Interrogatory Nos. 1 and 2." Defs.' Reply (doc. 283) at p. 4, n. 4.

[6]*Id*. at p. 4.

[7]Fed. R. Civ. P. 33(d).

It is well settled that an answering party does not comply with Rule 33(d) by referring generically to its disclosures.[8]  Thus, to the extent Plaintiffs have attempted to answer these interrogatories by referring Defendants to their disclosures, their answers are clearly insufficient.

It is not as clear whether Plaintiffs' reference to certain Bates-stamped documents is sufficient. Defendants contend that the Bates-stamped documents which Kryptane, Skypark, and UPI reference encompass "nearly the entire range of documents produced,"[9] and therefore do not satisfy Plaintiffs' duty under Rule 33(d).  Kryptane, Skypark, and UPI argue to the contrary, asserting that they have excluded from the Bates ranges various documents that they deemed unresponsive to a particular interrogatory. They explain that their document production has consisted mainly of invoices and purchasing data, and that no summaries of purchasing data exist.  Thus, they argue it was appropriate to refer Defendants to the wide range of Bates-stamped documents that they have produced.

The Court finds that Plaintiffs have not engaged in the wholesale dumping of documents and that they have properly identified the invoices and other purchasing data and documents from which this information may be derived.  The fact that they have referred Defendants to a large number of documents does not in and of itself render their responses insufficient under Rule 33(d).  The interrogatories at issue call for a vast amount of information.  Interrogatory No. 1 asks Plaintiffs to provide the dates, quantities, prices and terms of sale for each purchases of polyester polyols and related polyurethane systems and to identify each seller.  Interrogatory No. 2 asks Plaintiffs to  identify all end-products produced, sold or

---

[8]*See, e.g., DIRECTV v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) (granting motion to compel answer to interrogatory where plaintiff responded by referring defendant to plaintiff's Complaint and its Rule 26(a)(1) disclosures.

[9]Defs.' Reply (doc. 253) at p. 5.

manufactured by Plaintiffs in which they have used polyester polyols and related polyurethane systems. It is not surprising that a vast number of documents would need to be consulted to obtain this information.

The Court finds Defendants' reliance on *Pulsecard, Inc. v. Discover Card Services, Inc.*,[10] to be misplaced. In *Pulsecard*, Magistrate Judge Rushfelt ruled that the plaintiff's response to the defendant's interrogatory was not sufficient to constitute an election to produce business records. There, the defendant's interrogatory asked the plaintiff to identify all documents containing confidential information that were delivered to the defendant. Instead of identifying those documents, the plaintiff referred the defendant to all documents produced in the course of the litigation that merely referred to the confidential issues identified in the Second Amended Complaint.[11] In other words, the referenced documents were broader than the scope of information requested. In contrast, in this case, Plaintiffs are representing that all of the records they have identified provide the information necessary to answer these interrogatories. The Court therefore concludes that Plaintiffs' reference to various Bates-stamped documents was proper under Rule 33(d).

To summarize, Plaintiffs Kryptane, Skypark, and UPI properly identified the business records from which the requested information could be obtained by referring Defendants to certain Bates-stamped documents they had produced. Skypark and UPI, however, did not properly identify their business records when they referred Defendants to "documents produced as initial disclosures." Such a generic reference does not comply with Rule 33(d). Thus, to the extent Skypark and UPI maintain that certain documents contained within their disclosures contain information responsive to this interrogatory, they shall

---

[10]No. 94-2304-EEO, 1996 WL 397567, at *3 (D. Kan. July 11, 1996).

[11]*Id.*

7

specifically identify those documents for Defendants. Skypark and UPI shall identify these documents by **July 17, 2006**.  In the alternative, said Plaintiffs may provide written responses to these interrogatories by that same date.

### 2.     Interrogatory Nos. 7 and 9

In their supplemental responses to these two interrogatories, Plaintiffs refer Defendants to certain pages of their memorandum in support of their Motion for Class Certification and the expert report of Dr. Tollison, in lieu of providing written answers.  The Court finds such responses to be insufficient.  They clearly do not comply with the option to produce business records under Rule 33(d) in that a motion and expert report are not the "business records" of Plaintiffs.[12]  The Motion to Compel will therefore be granted with respect to these interrogatories.  If Plaintiffs wish to respond to these interrogatories by producing business records under Rule 33(d), they shall comply with the Rule and identify their business records with the required specificity.  In the alternative, Plaintiffs shall provide written responses to these interrogatories. Said identification or written responses shall be made by **July 17, 2006**.

### C.     Precluding Plaintiffs from Relying on any Additional Documents Produced or Supplemental Interrogatory Answers Served

Defendants request that the Court enter an order precluding Plaintiffs from relying on any documents or interrogatory answers other than those already produced or served as of the date Defendants filed their opposition to Plaintiffs' Motion for Class Certification.  Defendants requested this relief for the first time in their reply brief.

---

[12]*See Continental Ill. Nat'l Bank & Trust v. Caton*, 136 F.R.D. 682, 687 (D. Kan. 1991) (Rule 33(d) applies only to "business records" from which raw data and facts can be discovered; the Rule does not apply to deposition transcripts or pleadings generated during the course of the litigation).

This Court does not ordinarily address issues raised for the first time in a reply brief.[13]  According to the Tenth Circuit, the rationale for such a rule is "obvious."[14]  Allowing a moving  party to raise an issue for the first time in a reply brief robs the opposing party of the opportunity to demonstrate that the record does not support the moving party's factual assertions and/or to present an analysis of the legal issues and precedent that may compel a contrary result.[15]  In light of this rule, the Court will decline to consider Defendants' request.

### D.      Further Deposition of Kryptane's Rule 30(b)(6) Witness

Defendants seek fo further depose Kryptane's Rule 30(b)(6) witness, Wayne Willkomm, on two grounds.  First, Defendants contend that further questioning is necessary because Plaintiffs' counsel terminated Mr. Willkomm's deposition with one hour remaining for examination, over defense counsel's objections.

The deposition transcript reveals that Plaintiffs' attorney terminated the deposition at 5:30 p.m., after stating:  "We've been here for over seven hours."[16]  Defense counsel objected to stopping the deposition, noting that the videographer taping the deposition indicated that the actual taped testimony had lasted only six hours and three minutes.[17]

---

[13]*See Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005); *Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000).

[14]*Stump*, 211 F.3d at 533.

[15]*Id*.

[16]Willkomm Depo. Tr. at p. 283-84, attached as Ex. 24-B to doc. 254.

[17]*Id*.

In their response to the Motion to Compel, Plaintiffs do not respond to Defendants' assertion that they prematurely terminated Mr. Willkomm's deposition, other than to state that "[t]he testimony of . . . Willkomm permits defendants to respond to issues concerning class certification.  There is no need to compel additional testimony."[18]

Federal Rule of Civil Procedure 30(d)(2) provides that unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to "one day of seven hours."[19]  The parties agree that the seven-hour limit applies here.  They apparently disagree, however, as to whether breaks are included within that seven-hour period.  The Advisory Committee Note to the 2000 amendment to Rule 30, however, makes it clear that time taken for breaks is excluded.  The note states:

> This [seven-hour] limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that *the only time to be counted is the time occupied by the actual deposition.* . . . .  The presumptive duration may be extended, or otherwise altered, by agreement.  Absent agreement, a court order is needed.  The party seeking a court order to . . . alter the limitations, is expected to show good cause to justify such an order.[20]

Here, the deposition lasted only six hours, when break time was excluded.  To terminate the deposition then, Plaintiffs' attorneys were required to obtain Defendants' agreement or seek a court order.  Plaintiffs' counsel did neither.  The Court therefore agrees with Defendants that they are entitled to resume Mr. Willkomm's deposition to complete the seventh hour of testimony.

Defendants' second reason supporting their request to further depose Mr. Willkomm is the need to question him regarding Kryptane's supplemental document production.  As the Court is going to allow

---

[18]Pls.' Mem. in Opp. to Defs.' Mot. to Compel (doc. 272) at p. 20.

[19]Fed. R. Civ. P. 30(d)(2).

[20]Advisory Committee Note to 2000 amendment to Fed. R. Civ. P. 30(d)(2) (emphasis added).

10

Defendants to depose Mr. Willkomm for an additional hour, they will be free to question him regarding the supplemental production during that time.

The deposition of Mr. Willkomm shall be resumed for an additional hour at the Washington D.C. office of O'Melveny & Myers LLP, or via telephone conference, and shall be arranged at the Plaintiffs' expense.  The deposition shall take place on or before **July 17, 2006.**

## II.     Conclusion

In light of the foregoing, the Court grants in part and denies in part the Motion to Compel as set out above.  To the extent the issues have been narrowed and certain requests to compel and for relief have not been reasserted in Defendants' reply brief, the Court deems them moot.  The Court concludes that**,** pursuant to Federal Rule of Civil Procedure 37(a)(4)(c) each party shall bear its own costs and fees incurred in connection with this Motion, except that Plaintiffs shall bear the expenses incurred in connection with the continuation of Mr. Willkomm's deposition.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Compel (doc. 252) is denied in part and granted in part as set forth herein, and Plaintiffs shall provide the discovery ordered on or before **July 17, 2006**.

**IT IS FURTHER ORDERED** that Kryptane shall produce Wayne Willkomm for his deposition on or before **July 17, 2006**, in accordance with this Order.

**IT IS FURTHER ORDERED** that each party shall bear its own fees and expenses incurred in connection with this Motion to Compel, except that Plaintiffs shall bear the expenses incurred in connection with the continuation of Mr. Willkomm's deposition.

**IT IS SO ORDERED.**

11

Dated in Kansas City, Kansas on this 7th day of July 2006.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:      All counsel and *pro se* parties