IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: URETHANE
ANTITRUST LITIGATION

No. 04-md-1616-JWL-DJW

This Order Relates to:
Polyether Polyol Cases

_____

**MEMORANDUM AND ORDER**

Pending before the Court are: (1) Defendant BASF Corporation's Motion to Compel Answers to Its Second Set of Interrogatories (doc. 333); (2) Defendant Lyondell Chemical Company's Motion to Compel Answers to First Set of Interrogatories to Bayer Defendants (doc. 339); and (3) Joint Motion to Compel Production of Documents in Response to Their Second Request to Plaintiffs for Production of Documents (doc. 364). All three of these motions relate to discovery requests seeking information and documents regarding either the conspiracy allegations in the Complaint or settlement discussions and negotiations between Plaintiff and the Bayer Defendants. For the reasons stated below, all three Motions will be denied.

**Background**

In the Consolidated Amended Complaint, Plaintiffs allege a conspiracy among all Defendants to fix, raise, maintain or stabilize prices and to allocate customers and markets for polyether polyol products. Plaintiffs purport to bring this action on behalf of themselves and all persons or entities who purchased polyether polyol products in the United States from January 1, 1999 to present.

The Bayer Defendants recently settled the claims against them, which leave the following Defendants in the polyether polyol case: The Dow Chemical Company, BASF Corporation, Huntsman International, LLC, and Lyondell Chemical Company ("non-settling Defendants").

On November 15, 2005, the Court entered a scheduling order for the polyether polyol cases.[1] Consistent with this Court's treatment of the *polyester* polyol cases, the scheduling order presumes a bifurcated discovery process that permits discovery on issues related to class certification in an initial phase and subsequently permits discovery on the underlying alleged consipiracy in the second phase. The polyether polyol cases currently are in the precertification discovery phase and the deadline before which Plaintiffs must file a Motion for Class Certification was recently extended.[2]

During the course of precertification discovery, various Defendants propounded the following interrogatories and document requests related to the conspiracy allegations in the Complaint, as well as settlement discussions and negotiations between Plaintiff and the Bayer Defendants:

### *Defendant BASF's Second Set of Interrogatories to Plaintiff*

Interrogatory 4: Identify each person having knowledge that "as far back as 1999 there were agreements by the defendants to fix prices on these products, (Tr. 41) (Jan. 9, 2006 argument on motion to dismiss), as well as any and all facts of which [Plaintiffs] have knowledge that related to such purported agreements."

Interrogatory 5: Identify all facts communicated by Plaintiffs (including their counsel) to defendants [Bayer] (including their counsel) that were referenced in Plaintiffs' counsel's representations to the Court on January 9, as follows:

> "[I]n the settlement discussions with Bayer, we were candid with them, and we told them, subject to Rule 408 privilege, exactly what it is that we had. They knew what we had, and they did what they did. Whether that is of any

---

[1] Scheduling Order No. 2, polyether polyol cases (doc. 160).

[2] The schedule for class certification discovery, filings and hearings in the polyether polyol cases was revised on May 4, 2006 (doc. 330) and again on June 15, 2006 (doc. 384).

legal relevance or not is for the court to decide, but the fact of the matter is if the defendants want more detail of our allegation, they can talk to us about settlement, we will tell them, they can issue discovery, we will tell them."

### *Defendant Lyondell's First Interrogatories to Bayer Defendants*

Interrogatory 1: Identify each individual that participated substantively (excluding ministerial and clerical functions) in the negotiations concerning the settlement between the Bayer defendants and the Plaintiffs.

Interrogatory 3: Identify each act taken in furtherance of the conspiracy alleged in Plaintiffs' Complaint that was discussed or referenced during the negotiations concerning the settlement between the Bayer defendants and the Plaintiffs, and for each such act:

- a) Identify each person with knowledge of the act;
- b) Identify each document concerning the act; and
- c) Identify the date or date range of each act.

### *Defendants Dow Chemical, BASF, Huntman and Lyondell's Second Request for Production of Documents to Plaintiffs Seegott Holdings, Inc. and Industrial Polymers, Inc.*

Request 29: Each document Plaintiffs (including their counsel) provide or provided to Bayer Corporation, Bayer AG and/or Bayer MaterialScience LLC (including their counsel) relating to the unlawful agreements alleged in your Complaint.

Request 30: Each document Bayer Corporation, Bayer AG and/or Bayer MaterialScience LLC (including their counsel) provide or provided to Plaintiffs (including their counsel) relating to the unlawful agreements alleged in your Complaint.

Plaintiffs and the Bayer Defendants[3] refused to answer or respond to these requests, objecting on grounds that they were premature; in other words, that the requests related to the merits of the litigation and not class certification issues, and thus they improperly attempt to circumvent

---

[3] Although the Bayer Defendants recently made an agreement to settle with Plaintiffs, they have not yet been terminated as parties to the case and, in fact, filed a sixteen page brief in opposition to Defendant Lyondell's Motion to Compel (doc. 361). Given the Bayer Defendants are still parties to this action, the Court has jurisdiction for purposes of ruling on Lyondell's Motion.

3

the Court's bifurcation of discovery.[4]  The Court agrees.

## Discussion

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," and that "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Subsection (b)(2)(iii) of this Rule, however, dictates that discovery shall be limited by the Court "if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

At this stage of the case, the only question is whether any of the proposed discovery is relevant to a class certification issue.  This is because the district court judge has established a bifurcated discovery process that permits – at least in this phase of the lawsuit – discovery on issues related to class certification only. Notably, discovery on class certification is not a matter of ascertaining whether Plaintiffs will prevail on the merits, but whether the moving party can establish that the discovery is pertinent to the following Fed. R. Civ. P. 23 class certification requirements: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately

---

[4]Plaintiffs and the Bayer Defendants also objected on grounds that the requests improperly seek information and documents protected from disclosure by the "settlement privilege," as well as the work product doctrine.  Because the Court denies the Motions to Compel on grounds that the requests are premature, *see infra*, the Court finds it unnecessary to address these additional arguments at this stage of the discovery process.

protect the interests of the class; (5) the predominance of common questions of fact and law; and (6) the superiority of resolution by class action as compared to other methods for adjudicating the controversy.  Thus, the limited issue presented here is whether the discovery requests set forth above are relevant to class certification.

The non-settling Defendants argue that the referenced discovery requests are specifically relevant to the fourth requirement for class certification: whether the putative class representatives will fairly and adequately protect the interests of the class.[5]  In support of this argument, the non-settling Defendants contend that "[i]f the class representatives have negotiated a fair, reasonable, and adequate settlement, that settlement is prima facie evidence of their adequacy as class representative."[6] The non-settling Defendants go on to maintain that

> [w]hether the terms of the settlement between Bayer and Plaintiffs are appropriate turns upon, among other things, Plaintiffs' knowledge of alleged price fixing agreements and the facts communicated between Plaintiffs and Bayer in their settlement discussion.  Thus, Plaintiffs' settlement with Bayer and the facts that led to that settlement are relevant to their adequacy as class representatives in the underlying litigation against the other non-settling Defendants. Without this information, Defendants will be prejudiced by being prevented from fully exploring one of the key elements of class certification.[7]

The Court finds the non-settling Defendants' argument to be without merit. Rule 23(a)(4) requires the class representatives to be in a position to fairly and adequately represent the interests of the class. Courts have broken down the requirement into an evaluation of (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation; and

---

[5]Fed. R. Civ. P. 23(a)(4).

[6]Defendant BASF's Reply to Motion to Compel at p.14 (doc. 377).

[7]Defendant BASF's Memorandum in Support of Motion to Compel at pp. 9-10 (doc. 334).

5

(2) whether the representative's claims are sufficiently interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation.[8]

Simply put, the Court finds the non-settling Defendants fail to establish how either

- identification of persons having knowledge of the alleged price fixing; or

- identification of persons participating, facts communicated and documents exchanged during settlement negotiations between Plaintiffs and Bayer Defendants

are relevant to the referenced Fed. R. Civ. P. 23 adequacy factors. For these reasons,

(1) Defendant BASF Corporation's Motion to Compel Answers to Its Second Set of Interrogatories (doc. 333) is denied;

(2) Defendant Lyondell Chemical Company's Motion to Compel Answers to First Set of Interrogatories to Bayer Defendants (doc. 339) is denied; and

(3) The non-settling Defendants' Joint Motion to Compel Production of Documents in Response to Their Second Request to Plaintiffs for Production of Documents (doc. 364) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of August, 2006.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc: All counsel and *pro se* parties

---

[8] *Zapata v. IBP, Inc.*, 167 F.R.D. 147, 160-61 (D. Kan. 1996) (citing *General Tel. Co. v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665, 676 (D. Kan. 1989)).