IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST
LITIGATION

No. 04-MD-1616-JWL

This Order Relates to
the Polyether Polyol Cases

_____

**MEMORANDUM AND ORDER**

This multidistrict litigation consists of numerous putative class action lawsuits in which plaintiffs claim that defendants engaged in unlawful price fixing conspiracies with respect to urethane chemical products in violation of the Sherman Act, 15 U.S.C. § 1. The court has consolidated two separate sets of cases—the Polyester Polyol Cases and the Polyether Polyol Cases. This Memorandum and Order relates to the Polyether Polyol Cases, in which the polyether polyol plaintiffs (hereinafter, plaintiffs) are allegedly direct purchasers of certain polyether polyol products that the polyether polyol defendants (hereinafter, defendants) allegedly sell and manufacture. This matter is presently before the court on Plaintiff Seegott Holdings, Inc.'s Motion to Dismiss Defendant BASF Corporation's Counterclaims (doc. #387). For the reasons explained below, this motion is denied without prejudice to Seegott filing a motion relating to the handling of discovery on these counterclaims.

Plaintiffs' consolidated amended complaint alleges that defendants engaged in a price fixing conspiracy with respect to polyether polyols, methyl diphenyl diisocyanate (MDI), and

toluene diisocyanate (TDI). When defendant BASF Corporation filed its answer, it asserted two counterclaims against plaintiff Seegott Holdings, Inc. which are premised on a distributorship arrangement between BASF and Seegott. BASF alleges that Seegott breached its material obligations under the parties' agreement by failing (1) to use its best efforts to promote, distribute, and sell BASF's isocyanates and polyether polyols and (2) to satisfy its payment obligations to BASF, resulting in an unpaid balance to BASF in the amount of $2,396,314.33. BASF asserts two counterclaims against Seegott: Count I is a claim for breach of contract for the unpaid balance; Count II is a claim for unjust enrichment. Seegott now asks the court to dismiss these counterclaims on the grounds that venue is improper. Alternatively, Seegott contends that the court should order a separate trial of the counterclaims or at least order that they not be addressed until the damages phase of this litigation.

**1.   Venue**

Seegott first argues that the court should dismiss BASF's counterclaims pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper under 28 U.S.C. § 1391(a). This general venue statute, however, speaks only in terms of where a suit "may . . . be *brought*." § 1391(a) (emphasis added). "Courts typically have interpreted this reference literally and have held that in the counterclaim context the suit already has been 'brought' and the statutory requirements have been satisfied by plaintiff on the basis of the original claim." 6 Charles Alan Wright et al., Federal Practice & Procedure § 1416, at 124 & n.2 (2d ed. 1990)

(citing case law); *see also Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15, 18 (E.D.N.Y. 1997). Consequently, § 1391(a) does not provide a valid basis for finding a lack of proper venue for counterclaims. Seegott's argument to the contrary is wholly without merit.

The fundamental flaw in both parties' venue arguments is their apparent oversight that the statute upon which venue is based in this multidistrict litigation proceeding is 28 U.S.C. § 1407. This venue statute allows the Judicial Panel on Multidistrict Litigation (JPML) to override a plaintiff's initial choice of forum upon its determination that three factors are present: (1) "one or more common questions of fact are pending in different districts," (2) a transfer would serve "the convenience of parties and witnesses," and (3) a transfer would "promote the just and efficient conduct of [the] actions." § 1407(a); *see Pinney v. Nokia, Inc.*, 402 F.3d 430, 451 (4th Cir. 2005); *In re Carbon Dioxide Industry Antitrust Litig.*, 229 F.3d 1321, 1326 (11th Cir. 2000). The JPML made those findings in this MDL proceeding with respect to the Polyether Polyol Cases, including the *Seegott* case. Because of the JPML's transfer order, then, venue is proper in this district for all coordinated or consolidated pretrial proceedings. Although the parties spend pages debating the issue of whether BASF's counterclaims are compulsory or permissive, this distinction is of no consequence. The Federal Rules of Civil Procedure plainly allow a defendant to assert counterclaims against the plaintiff, regardless of whether those counterclaims are compulsory or permissive. Fed. R. Civ. P. 13(a), (b).

Seegott's argument that the court should dismiss the counterclaims because of the important public policies underlying private enforcement of the antitrust laws is equally unpersuasive. A multitude of procedural mechanisms exist by which the parties, the court, and the JPML may ultimately elect to handle these counterclaims.[1] But, certainly, dismissal of these counterclaims would do nothing to promote their just, speedy, and inexpensive resolution, particularly where the JPML has specifically created this centralized and consolidated forum to conduct the pretrial proceedings for the parties' disputes relating to the defendants' sales of urethane chemical products to the plaintiffs. Accordingly, Seegott's motion to dismiss BASF's counterclaims is denied.

**2.    Separate Trial**

Seegott's argument that the court should, alternatively, order a separate trial on the counterclaims pursuant to Fed. R. Civ. P. 42(b) also is without merit. The JPML has transferred the underlying lawsuits to this MDL proceeding only for "coordinated or consolidated pretrial proceedings." § 1407(a) (setting forth the scope of the JPML's transfer authority); *accord* Transfer Order (doc. #83), at 2 (transferring the original Polyether Polyol Cases). Seegott has specifically reserved its right to have its case tried in the District of New Jersey where it was originally filed pursuant to *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26 (1998). *See* First Am. Consolidated Compl. (doc. #307), at 1.

---

[1] For example, "the panel may separate any . . . counter-claim . . and remand any of such claims before the remainder of the action is remanded." § 1407(a).

Consequently, Seegott's case must be returned to the originating district for a decision on the merits once pretrial proceedings have been completed.  Although this court has authority to conduct pretrial proceedings such as terminating actions by ruling on motions to dismiss, for summary judgment, or pursuant to settlement, this court has no jurisdiction to conduct a trial. Manual for Complex Litigation § 20.132, at 222 (4th ed. 2004).  The decision of whether to conduct a separate trial on BASF's counterclaims is quintessentially a trial-related decision and, therefore, this court believes that because Seegott has invoked its right to have its case remanded for trial pursuant to *Lexecon* it would be beyond the scope of this court's authority in this MDL proceeding to make such a trial-related decision.  Accordingly, this aspect of Seegott's motion also is denied.

### 3. <u>Delay Consideration of the Counterclaims</u>

Lastly, Seegott asks the court to delay consideration of the counterclaims until the damages phase of the antitrust lawsuit.  The court is not quite sure what Seegott intends by virtue of this argument because, to date, the court has not ruled that it intends to bifurcate discovery into liability and damages phases.  Rather, the only phase of discovery embarked upon to date is the one relating to class certification.  Because the court finds Seegott's argument to be inapposite at this phase of the litigation, then, this aspect of Seegott's motion is denied.  The court will, however, deny this aspect of the motion without prejudice to

5

Seegott filing a motion relating to the handling of discovery on these counterclaims, which motion should be referred to the magistrate judge assigned to this case.[2]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Seegott Holdings, Inc.'s Motion to Dismiss Defendant BASF Corporation's Counterclaims (doc. #387) is denied without prejudice to Seegott filing a motion relating to the handling of discovery on these counterclaims.

**IT IS SO ORDERED** this 20th day of September, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] The court recognizes that the Polyether Polyol Cases are proceeding with discovery on class certification issues and, to that end, the court simply wishes to observe that it cannot envision any valid basis upon which it would certify BASF's counterclaims for class treatment. *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order certifying a class action must define the . . . class claims . . . .").