**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **IN RE: URETHANE ANTITRUST LITIGATION** | ) ) ) ) | No. 04-MD-1616-JWL |
| **This Document Relates To:** **The Polyester Polyols Cases** | ) ) ) ) ) | |

**ORDER APPROVING SETTLEMENT BETWEEN PLAINTIFFS AND THE BAYER DEFENDANTS, AND DISMISSING WITH PREJUDICE THE BAYER DEFENDANTS, RHEIN CHEMIE CORPORATION, AND RHEIN CHEMIE RHEINAU GMBH**

Plaintiffs, on behalf of themselves and a Settlement Class of direct purchasers of Polyester Polyol Products ("Plaintiffs"), and Defendants Bayer AG, Bayer Corporation, Bayer MaterialScience AG, and Bayer MaterialScience LLC (f/k/a Bayer Polymers LLC) (collectively the "Bayer Defendants") have entered into a Settlement Agreement to fully and finally resolve Plaintiffs' claims against the Bayer Defendants. On June 13, 2006, the Court entered its Order Preliminarily Approving Settlement with Bayer, Certifying a Settlement Class, and Authorizing Dissemination of Notice ("Preliminary Approval Order"). The Preliminary Approval Order authorized Plaintiffs to disseminate notice of the proposed settlement, fairness hearing, and related matters to the Class. In accordance therewith, notice was provided to the Class, and the Court held a fairness hearing on October 16, 2006.

Having considered Plaintiffs' Motion for Final Approval of Proposed Settlement with the Bayer Defendants, oral argument presented at the fairness hearing, and the complete record and files in this matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreement except as otherwise defined herein.

3. The Preliminary Approval Order certified a Settlement Class consisting of all persons and entities in the United States who directly purchased Polyester Polyol Products (including polyurethane systems containing polyester polyols but not polyether polyols) from any defendant at any time from January 1, 1998 through December 31, 2004. Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates, and all government entities. Also excluded are those persons and entities who timely and validly requested exclusion from the Settlement Class.

4. The Preliminary Approval Order outlined the form and manner by which Plaintiffs were to provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable effort, as well as the publication of a summary notice in *Chemical Week*. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process. It provided to the Class the best notice practicable under the circumstances. *See* Fed. R. Civ. P. 23(e)(1)(B).

5. The settlement was fairly and honestly negotiated. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

6. Final approval of the settlement is hereby granted, pursuant to Federal Rule of Civil Procedure 23(e)(1)(C), because the settlement is "fair, reasonable and adequate" to the Settlement Class. In reaching this conclusion, the Court considered the substantial settlement amount to be paid by the Bayer Defendants, the significant cooperation provisions of the Settlement Agreement, the fact that the Bayer Defendants' sales remain in the case, the complexity, expense, and likely duration of the litigation, and the Class' reaction to the settlement, among other factors.

7. The persons and entities identified on Exhibit A hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such persons and entities are not included in or bound by this Order and may individually pursue claims (if any) against the Bayer Defendants. Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. However, this Order in no way affects their right to participate in any recovery obtained from any other Defendant.

8. All Released Claims are hereby dismissed with prejudice and without costs as to the Releasees. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any Releasee. This dismissal applies only in favor of the Bayer Defendants and the other Releasees. It is made without prejudice to any claims the members of the Settlement Class may have against any other Defendant.

9. The escrow account established by the parties, and into which the Bayer Defendants already have deposited the $18 Million Settlement Fund, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

10. This Order does not settle or compromise any claims by Plaintiffs or the Settlement Class against Defendants or other persons or entities other than the Releasees, and all rights against any other Defendant or other person or entity are specifically reserved. The Bayer Defendants' sales of Polyester Polyol Products shall remain in the case against the Non-Settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any Non-Settling Defendant or other person or entity other than the Releasees.

11. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

12. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the litigation between Plaintiffs and all remaining Defendants; (c) the enforcement of the Settlement Agreement; and (d) the distribution of the settlement proceeds.

13. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs that the Bayer Defendants and Releasees Rhein Chemie Corporation and Rhein Chemie Rheinau GmbH be dismissed with prejudice from this litigation.

This, the 17th day of October, 2006.

s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
