**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

IN RE: URETHANE ANTITRUST
LITIGATION

No. 04-MD-1616-JWL

This Order Relates to
the Polyether Polyol Cases

_____

**MEMORANDUM AND ORDER**

This multidistrict litigation consists of numerous putative class action lawsuits in which plaintiffs claim that defendants engaged in unlawful price fixing conspiracies with respect to urethane chemical products in violation of the Sherman Act, 15 U.S.C. § 1. The court has consolidated two separate sets of cases—the Polyester Polyol Cases and the Polyether Polyol Cases. This Memorandum and Order relates to the Polyether Polyol Cases, in which the polyether polyol plaintiffs (hereinafter, plaintiffs) are allegedly direct purchasers of certain polyether polyol products that the polyether polyol defendants (hereinafter, defendants) allegedly sell and manufacture. This matter is presently before the court on Defendants' Joint Motion to Review the Magistrate Judge's August 25, 2006 Orders as They Relate to Defendants' Motions to Compel Discovery (doc. #429). For the reasons explained below, the court finds that the magistrate judge's ruling was not clearly erroneous or contrary to law and, therefore, defendants' motion is denied.

The genesis of the current motion is a statement made by plaintiffs' counsel on January 9, 2006, at a hearing on defendants' motion to dismiss plaintiffs' complaint. The

non-settling defendants focus on the fact that, during that hearing, plaintiffs' counsel made express representations concerning their investigation into the allegations in their complaint and the information they shared with Bayer during their settlement discussions. Plaintiffs' counsel informed the court that they "have spoken to people who have said as far back as 1999 there were agreements by the defendants to fix prices on these products" and stated that "if the defendants want more detail of our allegations, they can talk to us about settlement, we will tell them; **they can issue discovery, we will tell them**." (Tr. of Hearing on Jan. 9, 2006, at 41 (emphasis added).) After plaintiffs' counsel made these remarks during the hearing, some of the defendants issued additional written discovery requests targeted at learning the basis for plaintiffs' assertions at the hearing—namely, the facts plaintiffs learned when they were conducting their investigation into the alleged conspiracy as well as the facts they communicated to Bayer during their settlement discussions.

The magistrate judge denied the defendants' motions to compel responses to these discovery requests. (*See* Mem. & Order (doc. #422), *passim*; Mem. & Order (doc. #423), at 16.) He did so on the grounds that the scheduling order in the Polyether Polyol Cases presumes a bifurcated discovery process that permits discovery on issues related to class certification in an initial phase and subsequently permits discovery on the underlying alleged conspiracy in the second phase; that the Polyether Polyol Cases currently are in the precertification discovery phase; that the discovery requests at issue relate to the merits of the litigation and not class certification issues; and thus they are premature because they improperly attempt to circumvent the court's bifurcation of discovery. Defendants now ask

2

this court to review the magistrate judge's denial of their motions to compel largely because, they contend, plaintiffs waived their objections to premature merits discovery by virtue of plaintiffs' counsel's representation during the January 9, 2006, hearing that if defendants were to issue such discovery requests, "we will tell them."

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

Here, the court is unpersuaded that the magistrate judge's ruling was clearly erroneous or contrary to law. The court has reviewed the relevant portion of the transcript from the January 9, 2006, hearing (Plaintiffs' Mem. in Opp'n to Defs.' Joint Mot. to Review the Magistrate Judge's Aug. 25, 2006 Orders as They Relate to Defs.' Mots. to Compel Discovery (doc. #439), Ex. G, excerpt of Tr. from Hearing on Jan. 9, 2006), and believes that defendants rely too heavily on a single statement taken out of context. During that hearing, plaintiffs' counsel was making the point that the plaintiffs' burden in withstanding a motion to dismiss is not to lay out all of the evidence against the defendants, but rather to put the defendants on notice of the nature of the plaintiffs' claims. (*Id.* at 40-41.) He then commented that they had talked to people in the industry, "some of whom may be unwilling to come forward" to testify, and thus the plaintiffs did not allege such specifics in their complaint because they "don't have that burden." (*Id.* at 41.) He then mentioned the comment upon which defendants rely so heavily in contending that the court should compel discovery. Plaintiffs' counsel stated:

> I will tell you that, you know, as far as the where-there's-smoke-there's-fire argument, in the settlement discussions with Bayer, we were candid with them, and we told them, subject to Rule 408 privilege, exactly what it is that we had. They knew what we had, and they did what they did. Whether that is of any legal relevance or not is for the court to decide, but the fact of the matter is if the defendants want more detail of our allegations, they can talk to us about settlement, we will tell them; they can issue discovery, we will tell them. It's not our burden at the pleading stage to tell them everything we know or suspect.

(*Id.* at 41-42.) Thus, the court understood plaintiffs' counsel's remark on this issue to be in furtherance of the argument that plaintiffs did not need to disclose all of the evidence relating

4

to their antitrust conspiracy claim in order to withstand defendants' motion to dismiss. The court understood the comment to be a recognition that the evidence underlying the plaintiffs' allegations was a matter to be disclosed in discovery, rather than at the pleading phase. The court also notes that plaintiffs' counsel certainly did not state that "we will tell them **now**," meaning during the class certification phase of discovery.

The court is also unpersuaded by defendants' argument that plaintiffs "wield[ed] the information requested as a sword" at the hearing and should "not now be allowed to use bifurcation as a shield from production." In the court's Memorandum and Order on defendants' motion to dismiss (doc. #198), the court in no way relied on the subject remarks by plaintiffs' counsel. Rather, consistent with the well established standard for evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court accepted the allegations in plaintiffs' complaint as true. The remarks made by plaintiffs' counsel at the hearing were simply geared toward emphasizing that important procedural standard.

The discovery requests at issue clearly seek to discover evidence relevant to the merits of the parties' dispute. The magistrate judge applied the correct legal standard in rejecting the defendants' argument that those discovery requests are relevant to class certification because they somehow seek information that is relevant to plaintiffs' adequacy as class representatives. And, the court is not left with the definite and firm conviction that the magistrate judge made a mistake in determining that the information sought is not relevant under that legal standard. In sum, the court cannot find that the magistrate judge's ruling that

the discovery requests at issue can wait until the merits phase of discovery to be clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Joint Motion to Review the Magistrate Judge's August 25, 2006 Orders as They Relate to Defendants' Motions to Compel Discovery (doc. #429) is denied.

**IT IS SO ORDERED** this 18th day of October, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
