## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: URETHANE
ANTITRUST LITIGATION

No. 04-md-1616-JWL-DJW

This Order Relates to:
Polyether Polyol Cases

_____

### MEMORANDUM AND ORDER

Currently pending is Defendant's Motion to Reconsider (doc. 426) the Court's denial of Defendants' Motion to Compel Plaintiffs to serve discovery responses related to interrogatories served by Bayer Corporation, Bayer MaterialScience LLC, and Bayer AG (collectively "Bayer"). For the reasons set forth below, the Court finds a portion of Defendants' Motion moot and grants the remainder of the Motion.

### Relevant Background

In this antitrust suit, Plaintiffs allege a conspiracy among Defendants to fix, raise, maintain or stabilize prices and to allocate customers and markets for polyether polyol products. Plaintiffs purport to bring this action on behalf of themselves and all persons or entities who purchased polyether polyol products in the United States from January 1, 1999 to present.

In a Memorandum and Order dated August 25, 2006 (doc. 423), this Court ruled on Defendants' Joint Motion to Compel discovery responses. In so ruling, however, the Court did not substantively address that portion of Defendants' Motion with respect to four interrogatories served by Defendant Bayer, who settled with Plaintiffs after serving these interrogatories. This is because the Court concluded the non-settling Defendants lacked standing to move to compel answers to the Bayer Interrogatories.

In the pending motion, the non-settling Defendants request the Court reconsider this aspect of its ruling on grounds that Plaintiffs already had agreed to provide responses to those Interrogatories as though they were propounded by a Non-Settling Defendant. Plaintiffs concede they made such an agreement and do not oppose the non-settling Defendants' request for the Court to make a substantive ruling on the Motion to Compel with respect to the Bayer Interrogatories.

## Discussion

### A.    Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] Reconsideration may be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[2] Whether to grant or deny a motion for reconsideration is soundly committed to the court's discretion.[3]

Here, the parties stipulate they previously agreed Plaintiffs would provide responses to the Bayer Interrogatories as though they were propounded by a non-settling Defendant. Because the Court was not aware of this agreement between the parties when it ruled on the underlying Motion to Compel, the Court finds reconsideration of the Motion to Compel with regard to the Bayer

---

[1]The Tenth Circuit has adopted the same standard. See, e.g., *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[2]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004); *Servants*, 204 F.3d at 1012.

[3]*Sonnino,* 221 F.R.D. at 664.

Interrogatories is necessary to correct clear error or prevent manifest injustice.

**B.      Motion to Compel Responses to Bayer Interrogatories**

    **1.      <u>Bayer Interrogatory No. 1</u>**

Interrogatory No. 1 requests Plaintiffs to:

> Identify and describe all end products produced, sold or manufactured by you in which you have used Polyether Polyol Products purchased in the United States in the manufacturing process during the Class Period and all persons with knowledge of these end products.

Plaintiffs state in their responsive pleading that they will provide Defendants with documents sufficient to identify and describe Plaintiffs' products that were manufactured using Polyether Polyol Products, as well as the person most knowledgeable about those products.  Relying on this statement, Defendants acknowledge Plaintiffs "have now agreed to answer Interrogatory No. 1." Because the pleadings reflect this dispute has been resolved to the satisfaction of the parties, the Court finds the Motion to Compel moot with regard to Bayer Interrogatory No. 1.

    **2.      Bayer Interrogatory Nos. 2, 3, and 4**

Plaintiffs object that these three interrogatories are vague, ambiguous, overly broad and unduly burdensome in that the terms "sales price" and "end products, sold or manufactured" are undefined and Defendants have failed to provide an equation to be used in order to determine the "percent of the average sales price of the end-product accounted for by the amount you paid for the Polyether Polyol Products."  Plaintiffs further object on grounds that identifying "all persons with knowledge of these end products" is unduly burdensome, overly broad, vague and ambiguous. Finally, Plaintiffs object on grounds that the information requested is neither relevant to the claims or defenses int his action nor reasonably calculated to lead to the discovery of admissible evidence.

### a.      Vague and Overly Broad

Although Plaintiffs object to this interrogatory on grounds that the requests are vague and over broad, they fail to explain the basis for these objections in either their initial responses or the briefing associated with this or the underlying Motion.  The party objecting to discovery as vague or over broad has the burden to show such vagueness or over breadth.[4]  With regard to ambiguity, a party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests]."[5]

Here, the Court finds Plaintiffs fail to meet their burden to show how these requests are vague or overly broad. Accordingly, the Court will overrule Plaintiffs' objections on these grounds.

### b.      Unduly Burdensome

Upon review of the pleadings filed in conjunction with this motion, the Court finds Plaintiffs have failed to support a claim of undue burden with respect to producing the information and/or calculations requested.  As the parties asserting undue burden, Plaintiffs have the burden to support their objection by showing not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.[6]  This typically requires providing an affidavit or other evidentiary proof of the expense or time involved in responding to

---

[4]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)).

[5]*Id.*

[6]*Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005); *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 666 (D. Kan. 2004).

the discovery request.[7] Plaintiffs have made only a conclusory allegation of burdensomeness, and have provided no detailed explanation, affidavit, or other evidence which demonstrates that providing this information would be burdensome, time-consuming, or expensive. The Court will therefore overrule Plaintiffs' objection on this ground.

**c.      Relevancy to Class Certification**

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," and that "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Subsection (b)(2)(iii) of this Rule, however, dictates that discovery shall be limited by the Court "if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

At this stage of the case, the only question is whether any of the proposed discovery is relevant to a class certification issue.  This is because the district court judge has established a bifurcated discovery process that permits – at least in this phase of the lawsuit – discovery on issues related to class certification only. Notably, discovery on class certification is not a matter of ascertaining whether Plaintiffs will prevail on the merits, but whether the moving party can establish that the discovery is pertinent to the following Fed. R. Civ. P. 23 class certification requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical

---

[7]*Cardenas*, 232 F.R.D. at 380; *Swackhammer*, 225 F.R.D. at 666.

of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; (5) the predominance of common questions of fact and law; and (6) the superiority of resolution by class action as compared to other methods for adjudicating the controversy.  Thus, the issue presented here is whether Bayer Interrogatory Nos. 2, 3, and 4 seek information that is relevant or likely to lead to the discovery of admissible evidence with regard to one or more of these class certification issues.

Before addressing the individual requests, the Court again takes note of two important considerations. First, this is not the time to determine whether a class will be certified. Second, and most importantly, this Court will not be the one ruling on class certification. Therefore, it is particularly inappropriate for this Court to limit discovery based on this Court's determination of the proper scope of a potential class. It is this Court's duty to permit the parties to give the district court all information that the district court might find relevant in making a class action determination.

## Bayer Interrogatory No. 2

Interrogatory No. 2 requests Plaintiffs to:

> Separately for each end-product identified in your answer to Interrogatory No. 1, for each year during the Class Period, indicate the percent of the average sales price of the end-product accounted for by the amount you paid for the Polyether Polyol Products incorporated into, or used in the manufacture of, such end-product.

Defendants contend the information requested in this interrogatory is relevant to class certification issues.  The Court agrees and finds that the percentage of Plaintiffs' average sales price for their end products that accounts for the cost of Polyether Polyol Products will lead to information regarding how much Polyether Polyol Products Plaintiffs used in their end-products, how significant the Products were to Plaintiffs' business, and how dependent Plaintiffs were on the Products. Thus,

the percentages relate to Plaintiffs' buying power, elasticity of demand, and leverage, issues which this Court previously has found, and still finds, are relevant to class certification issues.[8] As this Court has noted, the inquiry into whether Plaintiffs' buying power, elasticity of demand, and/or leverage renders their representation atypical or inadequate or results in the predominance of individual issues is especially important here, where one of the Plaintiffs – Seegott Holdings, Inc. – is a distributor of Polyether Polyol Products, and yet seeks to represent manufacturers who use the Products.[9]

### Bayer Interrogatory Nos. 3 and 4

Bayer Interrogatory No. 3 requests Plaintiffs identify all Polyether Polyol Products or other materials that are actual or potential substitutes for the Polyether Polyol Products that they used in their end-products and to identify all persons with knowledge of such substitutes. Bayer Interrogatory No. 4 seeks information on Plaintiffs' attempts to obtain, purchase or negotiate the purchase of such actual or potential substitutes and to identify all persons with knowledge of such attempts.

Plaintiffs originally responded to these interrogatories by stating that they had no knowledge of any [non-Polyether Polyol] substitutes for polyether Polyol Products. Plaintiffs contend they should not have to further answer Bayer Interrogatory Nos. 3 and 4 because Defendants already know which Polyether Polyol Products are substitutes for other Polyether Polyol Products. In the alternative, Plaintiffs contend they should not have to further answer Bayer Interrogatory Nos. 3 and 4 because the information requested is more appropriately sought through deposition testimony.

---

[8]August 25, 2006 Memorandum and Order at pp. 9-11 (doc. 423).

[9]August 25, 2006 Memorandum and Order at p.10 (doc. 423).

The Court disagrees with Plaintiffs' contentions.

Regardless of what Defendants themselves know, Defendants are entitled to seek information demonstrating what Plaintiffs knew, whether Plaintiffs treated Polyether Polyol Products as substitutable and, if so, what substitutes Plaintiffs used. This information may lead to relevant regarding the fungibility and substitutability of Polyether Polyol Products, which in turn may lead to relevant information regarding class certification.

Furthermore, the Court rejects Plaintiffs' claim that this information is more appropriately sought in depositions. The Federal Rules do not allow Plaintiffs to set their own conditions for production of relevant discovery and the Court finds the information sought by Defendants in these discovery requests are proper subjects for interrogatories.[10]

<u>**Conclusion**</u>

For the reasons set forth above,

Defendant's Motion to Reconsider (doc. 426) is granted and, upon such reconsideration, it is hereby ordered that

(1)     Defendants' Motion to Compel is <u>moot</u> with regard to Bayer Interrogatory No. 1; and

(2)     Defendants' Motion to Compel is <u>granted</u> with regard to Bayer Interrogatory Nos. 2, 3, and 4 and Plaintiffs shall be required to respond to these three interrogatories no later than <u>January 26, 2007.</u>

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 17th day of January, 2007.

---

[10]See Fed. R. Civ. P. 33(c) ("Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1).").

8

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties