**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| IN RE<br>URETHANE ANTITRUST<br>LITIGATION | MDL No. 1616<br><br>Civil No. 2:04-md-1616-JWL-DJW |
| This Document Relates To:<br>The Polyester Polyol Cases | |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT WITH CHEMTURA AND
<u>AUTHORIZING DISSEMINATION OF NOTICE AND PROOF OF CLAIM FORMS</u>**

The Court, having reviewed the Settlement Agreement (the "Agreement") entered into between Plaintiffs and Defendants Chemtura Corporation (f/k/a Crompton Corporation) and Uniroyal Chemical Company, Inc. (collectively, "Chemtura"), hereby **ORDERS** that:

1. The Agreement between Class Plaintiffs, individually and on behalf of the Class Members, and Chemtura appears, upon preliminary review, to be sufficiently fair and reasonable to warrant notice to the Class. Accordingly, the Agreement and the proposed settlement are preliminarily approved, pending a final hearing (the "Fairness Hearing") as provided for herein.

2. Class Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Agreement or such other acts reasonably necessary to consummate the proposed Settlement.

3. On **February 25, 2008, at 10:30 a.m.**, the Court will hold a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e).

4. The Fairness Hearing will be held for the following purposes:

   (a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court pursuant to Fed. R. Civ. P. 23(e);

   (b) To determine whether a final judgment should be entered dismissing the claims of the class against Chemtura with prejudice;

   (c) To consider Class Counsel's petition for an award of attorneys' fees and reimbursement of costs and expenses, and an award of incentive payments to the Class Plaintiffs; and

   (d) To consider Class Plaintiffs' Plan of Allocation; and

   (e) To consider other such matters as the Court may deem appropriate.

5. Pursuant to the Agreement, Complete Claim Solutions, Inc. shall serve as Claims Administrator. J.P. Morgan Trust Company, National Association, shall serve as Escrow Agent. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Agreement, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order of the Court.

6. The Court approves as to form and content, and for distribution to the Class Members, the proposed Class Notice and the Publication Notice. On or before **November 14, 2007**, the Claims Administrator shall send Class Notice, substantially in the form attached hereto as Exhibit 1 via first class U.S. mail, postage prepaid, to all Class Members at their last known address as reflected in the records of the Defendants, as updated based on the National Change of Address database or other similar databases prior to mailing. On or before **November 23, 2007**, Publication Notice, substantially in the form attached hereto as Exhibit 2 shall be published in *Chemical Week*. Class Counsel shall cause a copy of the Class Notice and

Publication Notice to be posted on the Internet at a readily accessible website to be created and maintained by the Claims Administrator.

7. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court finds that, pursuant to Fed. R. Civ. P. 23(e)(3), Class Members need not be afforded another opportunity to request exclusion from the Class. On July 10, 2006, prior to class certification, the Claims Administrator mailed notice to the Settlement Class, pertaining to the settlement with the Bayer defendants (Bayer AG, Bayer Corporation and Bayer MaterialScience LLC (f/k/a Bayer Polymers LLC)), in a similar format and procedure as approved here. (Doc. 424.) Only five entities opted out of the Settlement Class.[1] (*Id.*) On February 1, 2007, the Claims Administrator mailed notice of class certification to the Class members, also in a similar format and procedure as approved here. (Doc. 517.) Only two entities opted out of the Class: Mearthane Products Corporation and Dash Multi-Corp., Inc. Thus, the Settlement Class members and Class members have already had recent opt-out opportunities, the last occurring within the past few months. The Court is not aware of any significant developments since these earlier two opportunities – eight months and fifteen months ago – that would warrant or justify requiring a third opportunity for Class Members to opt out of the Class. Finally, the Court notes that Class Members have the right to object to the terms of this Settlement.

---

[1] The Lubrizol Corporation and its wholly-owned subsidiary, Lubrizol Advanced Materials, Inc. (formerly known as Noveon, Inc.), excluded themselves from the Settlement Class. *See* October 17, 2006 Order Approving Settlement Between Plaintiffs and Bayer Defendants (Doc. 456). These entities moved for reinstatement, which the Court granted (Doc. 624).

9.  Class Counsel shall file or caused to be filed, not later than December 7, 2007, proof of mailing of the Class Notice and proof of publication of the Publication Notice.

10. The Court authorizes payment out of the Notice and Administration Fund of the expenses described in ¶47 of the Agreement. Additionally, consistent with ¶47 of the Agreement, the Court grants Class Counsel the authority to direct the Escrow Agent to pay reasonable Taxes and Tax Expenses from the Escrow Account when they become due and owing, without additional authorization from the Court.

11. Each Class Member shall have the right to object to the settlement, plan of allocation, Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or Class Counsel's petition for incentive awards to Class Plaintiffs, by filing written objections with the Court, not later than **January 22, 2008**, copies of which shall be served on Class Counsel and Chemtura's counsel. Failure to timely file and serve written objections will preclude a Class Member from objecting at the Fairness Hearing.

12. Any Class Member who has filed written objections and wishes to be heard at the Fairness Hearing may appear at the Hearing on its own or may enter an appearance through counsel of such member's own choosing and at such member's own expense.

13. Class Plaintiffs' Motion and Memorandum for Final Approval of the Settlement and proposed Plan of Allocation, including responses to any objections to the Settlement, and Class Plaintiffs' petition for award of attorneys' fees and reimbursement of costs and expenses, and petition for incentive awards to the Class Plaintiffs shall be filed not later than **February 5, 2008**.

14. No later than **March 21, 2008**, any Class Member who wishes to participate in the Chemtura and/or Bayer Settlement Fund(s) must submit a valid Proof of Claim to the Claims

Administrator. The Court approves the proposed Proof of Claim form proposed by Class Counsel, or a form substantially similar as Exhibit 3 hereto, for dissemination to the Class. Proof of Claim forms shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proof of Claim forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must be: (1) completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; and (2) signed with an affirmation that the information is true and correct.

15. All Class Members who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Agreement and the final Judgment, if entered.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Agreement.

**IT IS SO ORDERED** this 25th day of October, 2007.

                                                      s/ John W. Lungstrum
                                                     Hon. John W. Lungstrum
                                                     United States District Judge