DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST　　　　　　　　No. 04-MD-1616-JWL-DJW
LITIGATION

This Order Relates to the Polyether
Polyol Cases

## MEMORANDUM AND ORDER

This multidistrict litigation consists of numerous putative class action lawsuits arising from an alleged antitrust price fixing conspiracy among urethane chemical producers. Within this proceeding, the Court has consolidated two separate sets of cases—the Polyester Polyol cases and the Polyether Polyol cases.

Pending before the Court is the Polyether Polyol Defendants' Joint Motion to Compel Responses (doc. 615). Defendants BASF Corporation, the Dow Chemical Company, Huntsman International LLC, and Lyondell Chemical Company (collectively "Defendants") seek an order compelling Intervening Plaintiffs Quabaug Corporation and The Elliott Company of Indianapolis, Inc. (collectively "Intervening Plaintiffs") to respond to Request No. 17 of Defendants' First Request for Production of Documents Related to Class Certification ("First Request No. 17").[1] For the reasons set forth below the Court will deny the Motion to Compel.

---

[1] Defendants state in their Motion that they seek an order compelling Intervening Plaintiffs "to respond to the First Sets of Interrogatories related to Class Certification served by [Defendants] ("First Interrogatories") and Defendants' First Request for Production of Documents related to Class Certification." Defs.' Joint Mot. to Compel (doc. 615) at p.1. It is clear from the discussion in their supporting memorandum and their reply brief, that Defendants are seeking an order *only* with respect to First Request No. 17.

**I.    The Request and Objections at Issue**

First Request No. 17 asks Intervening Plaintiffs to produce:

Each document concerning your costs of producing, transporting and selling goods that incorporate or otherwise require for their manufacture Polyether Polyol Products in the United States.[2]

In response, Intervening Plaintiffs stated as follows:

Plaintiffs object to this request on the grounds that it is overbroad, unduly burdensome and not related to class certification. Plaintiffs also object to this request on the ground that it is vague because "require for their manufacture" is undefined and its intended scope unclear. Plaintiffs further object to this request on the grounds that it seeks "downstream" information regarding Plaintiff's manufacture and use of Polyether Polyol Products and such request is not calculated to lead to the discovery of admissible evidence.[3]

**II.   Analysis**

Intervening Plaintiffs assert that First Request No. 17 is overly broad and unduly burdensome on its face because it uses the omnibus phrase "each document concerning" in reference to an extremely broad group of documents.

As Intervening Plaintiffs observe, this Court has held on numerous occasions that a discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as "relating to," "pertaining to," or "concerning" to modify a general category or broad range of documents or information.[4] The Courts' decisions reason that such broad language "make[s]

---

[2]First Request No. 17, attached as Ex. M to doc. 653.

[3]Intervening Pls.' Joint Objections and Resp. to Defs.' First Req. No. 17, attached as Ex. N to doc. 653.

[4]*See, e.g.*, *Johnson v. Kraft Foods North Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006); *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D 377, 381-82 (D. Kan. 2005); *Sonnino v. Univ. of Kan. Hosp. Auth.,* 221 F.R.D. 661, 667-68 (D. Kan. 2004); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

arduous the task of deciding which of numerous documents may conceivably fall within its scope."[5] A request that seeks all documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[6] Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests "must describe with reasonable particularity" each item or category of items to be produced.[7] In contrast, a request that uses an omnibus phrase to modify a sufficiently specific type of information or group of documents will not be deemed objectionable on its face.[8]

Applying these standards, the Court finds that First Request No. 17 violates Rule 34's mandate that the request identify the documents sought with reasonable particularity. In addition,

---

[5] *Cardenas*, 232 F.R.D. at 382 (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. Civ. A. 94-2395-GTV, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995)).

[6] *Id.* (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. Civ. A. 94-2395-GTV, 1995 WL 18759 (D. Kan. Jan. 17, 1995)). *Accord Aikens,* 217 F.R.D. at 538.

[7] *Naerebout v. IBP, Inc.*, Civ. A. No. 91-2254-L, 1992 WL 754399, at *10 (D. Kan. Aug. 19, 1992) (quoting Fed. R. Civ. P. 34(b)).

[8] *Sonnino*, 221 F.R.D. at 667-68. For example, in an employment discrimination case this Court held a request overbroad and unduly burdensome on its face where it sought all documents "regarding" or "relating to" to the eleven plaintiffs and their EEOC charges. *See Aikens*, 217 F.R.D. at 538. This Court also held in a breach of contract case a request overly broad on its face where it sought documents that referred or related to the alleged breaches of the contract at issue, the plaintiff's reasons for breaching the contract, and communications between the defendant and any other person regarding termination of the contract. *See W. Res. v. Union Pac. R.R.*, No. 00-2043-CM, 2001 WL 1718368, at *3 (D. Kan. Dec. 5, 2001). Similarly, this Court held a request facially overbroad and unduly burdensome in a breach of contract and breach of fiduciary duty case involving contracts for the sale of wheat where the request sought "all documents relating to [the defendant's] participation in any purchase of wheat in any country including, but not limited to, the United States and Argentina." *See Cotracom Commodity Trading Co. v. Seaboard Corp,* 189 F.R.D. 655, 665 (D. Kan. 1999). *See also Naerebout,* 1992 WL 754399, at *10 (holding request seeking "all documents that relate to the cost associated with workers' compensation claimants" overly broad and unduly burdensome on its face in a workers' compensation retaliation termination case).

3

the Court also finds the request so all-encompassing as to make it overly broad and unduly burdensome on its face. The omnibus term "concerning" modifies an extremely large and general category of items. Intervening Plaintiffs make clear just how overly broad the request is by pointing out that it would require Plaintiffs to produce all invoices, bills of lading, financial records, business plans, presentations, memos, internal and external correspondence, customer service reports, technical materials, and accounting spreadsheets that concern or relate to in any way (directly, indirectly, tangentially or implicitly) every type of costs that Intervening Plaintiffs have incurred in manufacturing, shipping, and selling any product containing Polyether Polyol Products during the period January 1996 to the present.[9]

That this request is unduly burdensome and overly broad on its face, however, does not automatically relieve Intervening Plaintiffs of their obligation to provide a response. The above-cited cases hold that despite a valid objection that a request is facially overbroad or unduly burdensome, the responding party still has a duty to respond *to the extent the request is not objectionable*.[10] Before the Court will require an objecting party to answer, however, the Court must receive some guidance—from either the parties or some other source—as to what portion of the request is reasonably answerable.[11] Judge Rushfelt elaborated on this rule in *Mackey v. IBP, Inc.*:[12]

> To require an answer without such guidance typically involves an arbitrary determination by the court. The court strives to avoid arbitrariness.

---

[9] Instruction No. 8 to the First Requests indicates that the requests cover the time period January 1, 1996 to the present. *See* Ex. M to doc. 653

[10] *See, e.g.*, *Moses*, 236 F.R.D. at 672; *Aikens*, 217 F.R.D. at 538-89; *W. Res. v. Union Pac. R.R.*, 2001 WL 1718368, at *4; *Cotracom,* 189 F.R.D. at 666.

[11] *Moses*, 236 F.R.D. at 672; *Aikens*, 217 F.R.D. at 538.

[12] 167 F.R.D. 186, 197 (D. Kan. 1996).

4

> To make an appropriate order, the court must define the extent to which the interrogatory is reasonably answerable and not objectionable. In some instances the parties may themselves define the appropriate boundaries of the discovery. In other cases the parties provide little if any guidance as to what extent an interrogatory is non-objectionable. Sometimes other matters of record may define the discoverability of certain information encompassed by the interrogatory. Reliance upon such sources can enable the court to fashion an appropriate order. In the absence of such definition or resource, the court declines to speculate as to what the limits of such an order should be.[13]

Here, Defendants assert they are willing to narrow the request so that it is reasonably answerable and not objectionable by limiting it to those "documents from [Intervening Plaintiffs] focusing on the basic cost structure relating to their manufacture of products utilizing Polyether Polyol Products."[14] Defendants assert that they offered to so limit the request during the "meet and confer" process with Intervening Plaintiffs.[15]

Intervening Plaintiffs, however, do not confirm this, and instead state that during the conferring process Defendants indicated they would be prepared to accept information responsive to Request 17 in summary form and on a product-by-product basis.[16] This fact is established in a letter from Defendants's counsel to Intervening Plaintiffs' counsel, in which defense counsel

---

[13]*Id.* at 198.

[14]Defs.' Joint Reply in Supp. of Mot. to Compel (doc. 633) at p. 6.

[15]*Id*. Defendants assert in their reply brief that, during the conferring process, they "provided guidance to Intervening Plaintiffs explaining that Request No. 17 sought documents from [Intervening Plaintiffs] focusing on the basic cost structure relating to their manufacture of products utilizing Polyether Polyol Products." *Id*. Defendants then state that they "made a good faith offer to accept such information from Intervening Plaintiffs in summary form, further weakening Intervening Plaintiff's overbreadth claim." *Id.*

[16]Intervening Pls.' Opp. to Defs.' Joint Mot. to Compel (doc. 627) at pp. 2, 6 n. 5.

memorialized the parties' May 24, 2006 "meet and confer" session.[17] Intervening Plaintiffs, however, later informed Defendants that neither of them possesses "any summary level cost information on a product-by-product basis," and, thus, neither Plaintiff could produce such a document in response to Request No. 17.[18]

None of the above assists the Court in determining the proper scope of the request. Intervening Plaintiffs do not confirm that Defendants offered to accept "documents focusing on the basic cost structure." More importantly, the Court is unable to determine what Defendants mean when they use the phrase "documents focusing on the basic cost structure." The Court is therefore unable to meaningfully apply this limitation to First Request No. 17. To the extent the Court were to limit the request to documents reflecting "summary level cost information on a product by product basis," Intervening Plaintiffs have made it clear that they have no such documents. Thus, that limitation is likewise not helpful.

In light of the above, the Court concludes that inadequate guidance exists to determine the proper scope of First Request No. 17. The Court therefore sustains Intervening Plaintiffs' facial overbreadth and facial undue burden objections. As the Court sustains those objections, the Court need not address Intervening Plaintiffs' other asserted objections, and the Court denies the Motion to Compel.

### III. Award of Fees and Expenses

---

[17]*See* May 25, 2007 letter from Erica Mueller to Christopher Cormier and Joseph Barton, attached as Ex. K to Defs.' Joint Mem. in Supp. of Mot. to Compel (doc. 616) memorializing "meet and confer" regarding Defendants' First Request for Production. The letter stated: "For Document Request No. 17, both [Intervening Plaintiffs] have tentatively agreed to produce summary level cost information on a product by product basis."

[18]Defs.' Joint Reply in Supp. of Mot. to Compel (doc. 633) at pp. 9 & 10.

None of the parties has requested an award of fees and expenses in connection with the Motion to Compel. The Court must nevertheless consider whether to make such an award under Federal Rule of Civil Procedure 37(a)(5)(B). That rule provides as follows:

> If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.[19]

Thus, if the motion to compel was "substantially justified," no fees or expenses may be awarded. A motion to compel will be deemed "substantially justified" within the meaning of Rule 37, if it is "justified to a degree that could satisfy a reasonable person"[20] or where "reasonable people could differ as to the appropriateness" of the motion.[21]

Applying this standard here, the Court finds the Defendants' Motion to Compel was substantially justified. The Court will therefore decline to award Intervening Plaintiffs any expenses or fees incurred in responding to Defendants' motion. Accordingly, each party shall bear its own costs and expenses incurred in connection with the Motion to Compel.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Compel Responses (doc. 615) is denied.

---

[19] Fed. R. Civ. P. 37(a)(4)(B).

[20] *See Cardenas v. Dorel Juvenile Group, Inc.*, Civ. A. No. 04-2478-KHV-DJW, 2005 WL 3503625, at * 2 (defining term "substantially justified" with respect to a discovery response or objection) (quoting *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005).

[21] *See id.* (defining term with respect to a discovery response or objection) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)).

7

**IT IS FURTHER ORDERED** that each party shall bear its own costs and expenses incurred in connection with the Motion to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 8th day of January 2008.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties