IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____
                                      )
**IN RE**                             )      MDL No. 1616
**URETHANE ANTITRUST**                )
**LITIGATION**                        )      Civil No. 2:04-md-1616-JWL-DJW
_____)
                                      )
**This Document Relates To:**         )
**The Polyester Polyol Cases**        )
_____)

**ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

This matter is before the court on Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (doc. #670). The court has given careful consideration to the supporting papers as well as the oral arguments presented at the hearing on this matter on February 25, 2008. In addition, after the hearing plaintiffs' counsel made a voluminous *in camera* submission of plaintiffs' counsel's time and expense records, and the court has conducted a thorough review of those documents. After careful consideration of the matter, the court makes the following findings:

1. The Motion requests (1) an award of attorneys' fees of 29%[1] of the Settlement Fund (comprised of the Settling Defendants' settlement payments of $33,000,000 together with interest thereon), and reimbursement of Plaintiffs' counsel's out-of-pocket litigation costs and expenses; and (2) incentive awards of $10,000 to each of the three named plaintiffs previously appointed class representatives by the Court ("Class Representatives").

---

[1] The motion itself originally requested 30% of the Settlement Fund, but at the hearing on February 25, 2008, counsel reduced that request to 29% of the Settlement Fund.

2. The Court finds that the amount of fees requested is fair and reasonable under the "percentage-of-recovery" method, particularly as supported by a lodestar inspection of plaintiffs' counsel's *in camera* submission of their time and expenses;

3. The attorneys' fees requested were entirely contingent upon success. Plaintiffs' counsel risked time and effort and advanced costs and expenses with no ultimate guarantee of compensation.

4. The Class Notice, which was sent to over 1,400 prospective Class Members, along with the Publication Notice informed potential Class Members that Plaintiffs' counsel would be seeking fees in the amount of 30% of the Settlement Fund plus interest, reimbursement of costs and expenses, and incentive awards of $10,000 for the named Class Representatives. The Court has been informed that, other than the objection received from W.T. Burnett & Co. which was later withdrawn at the hearing, no other objections were received from the Class to the fee request, reimbursement of expenses, and payment of incentive awards.

5. The Court has carefully considered the record on this matter, and finds that the fee requested is reasonable and proper, and that the costs and expenses incurred by plaintiffs' counsel were necessary, reasonable and proper.

6. The Court further finds that an award of $10,000 to each of the Class Representatives is reasonable.

THEREFORE, IT IS HEREBY ORDERED:

A. Plaintiffs' counsel are awarded attorneys' fees in the amount of twenty-nine percent (29%) of the $33,000,000 Settlement Fund, including interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until disbursed to Plaintiffs' counsel.

B.   Plaintiffs' counsel are awarded reimbursement of litigation costs and expenses in the amount of $1,804,108.39.

C.   The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund and the interest earned thereon.

D.   The award of attorneys' fees and amounts in reimbursement of costs and expenses shall be allocated among plaintiffs' counsel by agreement among Co-Lead Counsel in a manner which, in Co-Lead Counsel's good-faith judgment, reflects each plaintiff's counsel contribution to the institution, prosecution and resolution of the litigation against Defendants.  Should Co-Lead Counsel be unable to reach agreement on the fee allocation, counsel agree to refer any dispute to a mediator for resolution.

E.   The Court retains jurisdiction over the matters that are the subject of this Order until after full disbursement of the Settlement Fund, and/or as necessary to effectuate the terms of the Settlement Agreements relating to attorneys' fees and incentive awards.

F.   Settlement Class Counsel are authorized to and shall pay, or direct payment of, $10,000 to each of the Class Representatives: (1) Maine Industrial Tires Limited, (2) Urethane Product Industries, Inc. and (3) Skypark Manufacturing LLC (f/k/a Burtin Urethane Corporation).  These amounts shall be drawn from the Settlement Fund.

IT IS SO ORDERED this 13th day of March, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge