IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: URETHANE | ) | |
| ANTITRUST LITIGATION, | ) | |
| _____ ) | | MDL No. 1616 |
| | ) | |
| This Document Relates to: | ) | Case No. 04-MD-1616-JWL |
| The Polyester Polyol Cases | ) | |
| _____ ) | | |

## <u>MEMORANDUM AND ORDER</u>

On June 13, 2006, this court preliminarily approved a settlement of the plaintiff class's claims against the Bayer defendants and set a deadline for class members to opt out of the settlement (Doc. # 380).  On August 10, 2006, class members 3M Company and 3M France SAS (collectively "3M") timely requested exclusion from the settlement class.  On October 17, 2006, the court approved the Bayer settlement and dismissed the claims against the Bayer defendants (Doc. # 456).  Pursuant to the claims administration process under the settlement, proofs of claim were due on March 21, 2008, although the settlement fund has not yet been distributed to class members.

3M now seeks to withdraw its 2006 request for exclusion from the settlement class.  Neither the Bayer defendants nor class counsel opposes the request.  Accordingly, the plaintiff class has filed a motion seeking the court's approval of 3M's request to withdraw its request for exclusion (Doc. # 742).  Practically speaking, 3M wants to opt back in to the settlement class.  The court **grants** the motion and approves 3M's request.

In support of the motion, plaintiffs note that, until settlement funds are distributed, the court retains its traditional equitable powers concerning the settlement. *See Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972). In its final approval order in this case, the court specifically retained exclusive jurisdiction over the distribution of the settlement proceeds. Although examples are relatively scarce, courts have consistently permitted parties to withdraw requests to opt out of class actions. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457 (7th Cir. 1997) ("Although it would be peculiar for an opt-out to seek to opt back in, this is occasionally sought and allowed."); *Klein v. Robert's Am. Gourmet Food, Inc.*, 808 N.Y.S.2d 766, 771 (N.Y. App. Div. 2006) (citing *Brand Name Prescription Drugs*, 115 F.3d at 457); 5 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 16.18 (4th ed. 2002).

For example, in *In re Electric Weld Steel Tubing Antitrust Litigation*, 1982 WL 1873 (E.D. Pa. June 30, 1982), a party sought to reenter the settlement class over the plaintiff class's objection. *See id.* at *1. In granting the request to opt back in to the class, the court cited Rule 23(c)(1), which permits a court to alter or amend a class anytime before a decision on the merits, and Rule 60, which provides for relief from a final judgment. *See id.* at *2 (citing Fed. R. Civ. P. 23(c)(1), 60(b)). The court also cited Rule 23's policy of preventing multiple litigation of the same issues. *See id.* The court then noted the the lack of any prejudice to the other class members, based on the facts that the party was a member of the class at the time the settlement was reached and that the remaining members would receive no less in settlement than they would have

2

received if the party had never opted out.  *See id.* at *3.

Similarly, in *In re Electrical Carbon Products Antitrust Litig.*, 447 F. Supp. 2d 389 (D.N.J. 2006), the court permitted parties to opt back in to a settlement class.  *See id.* at 396-97.  In so ruling, the court noted that the settlement was in the best interests of the class members and that no special benefit had been conferred upon the parties who were withdrawing their opt-out request.  *See id.* at 397.  The court also concluded that the opt-in would not be unfair to the other class members:  "It cannot be said that any class member relied, to its detriment, on the [opt-in plaintiffs'] original decision to opt out, since that development was contemporaneous with all other decisions and could not have been a factor in the decision of any particular class member to participate."  *Id.*; *see also Klein*, 808 N.Y.S.2d at 771-72 (even if opt-out notice had been valid, party's subsequent request to opt back in to a settlement class should have been honored in the absence of any prejudice to defendants or the remaining class members); *Martens v. Smith Barney, Inc.*, 191 F.R.D. 54, 56 (S.D.N.Y. 2000) (permitting parties to opt back in to settlement class in the face of a motion to dismiss individual claims); *In re Del-Val Fin. Corp. Secs. Litig.*, 162 F.R.D. 271, 276 (S.D.N.Y. 1995) (allowing parties an opportunity to opt back in to a settlement class so that they may also participate in a settlement against other defendants); *Sommers v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 79 F.R.D. 571, 577 n.4 (E.D. Pa. 1978) (redefining class for purpose of settlement by bringing back opt-outs did not offend due process); *In re Brown Co. Secs. Litig.*, 355 F. Supp. 574, 576 n.1 (S.D.N.Y. 1973) (party was permitted to opt back in for purposes

of opposing proposed settlement).

As noted above, class counsel has consented to 3M's request on behalf of the plaintiff class and filed the instant motion. Wm. T. Burnett & Co. ("Burnett") is the only class member who has submitted any opposition to the motion (Doc. # 750). The court has considered and rejected Burnett's arguments against 3M's opt-in.

First, Burnett argues that the remaining class members would suffer prejudice from allowing the opt-in because a distribution to 3M from the settlement fund would leave less for the other class members. As in *Electric Weld* and *Electrical Carbon Products*, however, the class members cannot have relied to their detriment on 3M's original opt-out because they chose to participate in the settlement while 3M was still a potential class member—and thus will receive in settlement the same amount they would have had 3M never opted out to begin with.[1]

Burnett also argues that class members would suffer prejudice because 3M's late inclusion, after the claim submission deadline, could delay distribution of the settlement fund. Class counsel and 3M have submitted an affidavit from the claims administrator,

---

[1]Burnett argues that class members "may have made decisions on whether to participate" in this and another settlement based on expected payouts. Again, however, at the time of the members' decisions to participate in this settlement, 3M had not yet acted, and Burnett has not explained how decisions relating to the second settlement might have been affected. Moreover, despite its speculation that class members *may* have relied on the fact of opt-outs, Burnett has not shown (or even suggested) that *it* detrimentally relied on any action by 3M, no other class member has stepped forward to assert any prejudice or oppose the opt-in, and class counsel (on behalf of the plaintiff class) consents to the opt-in.

however, indicating that 3M's inclusion should not delay distribution, and the court accepts that representation. Accordingly, Burnett has not shown any prejudice here.

Finally, Burnett argues that it is simply too late for 3M to opt back in, and that it would be unfair to grant 3M's request because 3M has not participated in the settlement approval process, while Burnett advocated positions and achieved changes in the settlement that the court finally approved. That fact does not distinguish 3M from the numerous other class members who also declined to participate actively in the case, however, and Burnett has not cited any authority to support its position that 3M should not be permitted to opt back in to the settlement.

In this case, both the Bayer defendants and class counsel on behalf of the plaintiff class consent to 3M's request. Plaintiffs and 3M represent that 3M has not received any special benefit for its agreement to participate in the settlement, and no such benefit has been shown. The other class members would not suffer any prejudice from 3M's inclusion at this time, and no member has shown how the settlement would be rendered unreasonable or would not have been approved originally by the court with 3M's inclusion. Moreover, the interests of judicial economy and the policy behind Rule 23 weigh in favor of allowing 3M and the Bayer defendants to resolve any claims between them through this settlement. Accordingly, the court grants 3M's request and plaintiffs' motion to allow 3M to withdraw its previous request for exclusion from the Bayer settlement in this case. The settlement class and the court's final order of approval of the settlement is amended accordingly. The claims administrator is directed to set a short

time period in which 3M may submit its claim in order to minimize any possible delay in the distribution of the settlement fund to the class members.

IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiffs' Motion for Approval of the Request of the 3M Entities to Withdraw Their Request for Exclusion from the Bayer Settlement Class (Doc. # 742) is hereby **granted**. The Bayer settlement class and the court's final order of approval of the settlement is hereby amended to allow 3M to submit a claim and participate in the settlement class. The claims administrator is directed to set a short time period in which 3M may submit its claim in order to minimize any possible delay in the distribution of the settlement fund to the class members.

IT IS SO ORDERED.

Dated this 12th day of December, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge