IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION, _____ | MDL No. 1616  Case No. 04-1616-JWL |
| This Document Relates to the following Direct Action Polyether Polyol Cases: | |
| *Carpenter Co., et al. v. BASF SE, et al.*, | Case No. 08-2617-JWL |
| and | |
| *Woodbridge Foam Corporation, et al. v. BASF SE, et al*. _____ | Case No. 09-2026-JWL |

## ORDER

This matter comes before the Court on defendants' motion (Doc. # 1059) for reconsideration of a portion of the Court's Memorandum and Order of August 14, 2009 (Doc. # 1039). The motion for reconsideration is summarily **denied**.

In its prior order, the Court ruled that the direct action plaintiffs had pleaded only some of their allegations of fraudulent concealment with sufficient particularity under Fed. R. Civ. P. 9(b), and it granted plaintiffs leave to amend the deficient allegations. Defendants now argue that, with respect to the allegations that the Court found did satisfy Rule 9(b) (concerning four allegedly false and pretextual statements), the Court should have ruled that those allegations did not meet the plausibility standards set forth by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

Defendants argue that the Court erred in relying solely on the fraudulent concealment pleading standards set forth in its prior order in the class action case, *In re Urethane Antitrust Litigation*, 235 F.R.D. 507 (D. Kan. 2006) (*Urethane II*), but should also have evaluated the fraudulent concealment allegations under the *Twombly* standards, which would alter any analysis under Rule 9(b).

This argument is not properly raised in a motion for reconsideration because it was not raised in defendants' original briefing in support of their motions to dismiss. *See Welch v. Centex Home Equity Co.*, 323 F. Supp. 2d 1087, 1090 (D. Kan. 2004) ("Reconsideration is not warranted where the movant is simply raising new arguments that could have been presented originally.") (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). In both their original brief and their reply brief in support of dismissal, defendants very clearly argued first that plaintiffs' complaint failed to plead sufficient facts under *Twombly* to allege plausibly the existence of a conspiracy at certain times; and separately argued that the fraudulent concealment allegations did not satisfy Rule 9(b)'s particularity requirement. In fact, in the latter argument, defendants relied on the standards from *Koch v. Koch Industries*, 203 F.3d 1202, 1236 (10th Cir. 2000), that the Court applied in *Urethane II*—the very cases and standards that defendants now argue were altered by *Twombly*. Both the *Koch* and *Twombly* standards may apply to plaintiffs' fraudulent concealment allegations, but defendants argued only the failure to meet the *Koch* standard in their motion. The Court ruled that some of the allegations satisfied that standard. It did not also rule, as defendants seem to suggest, that those

allegations satisfied *all* possible pleading standards. Thus, there is no erroneous ruling for the Court to reconsider.

Defendants' motion for reconsideration, in which they suggest that the Court erred in not conducting an analysis that they themselves overlooked, is therefore patently meritless. The motion is denied.[1]

IT IS SO ORDERED.

Dated this 28th day of August, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge

---

[1] Certainly, if plaintiffs amend these allegations, defendants are free to challenge their sufficiency under *Twombly* in a proper motion to dismiss at that time.

3