IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST )
LITIGATION )
 )  Case No. 04-MD-1616-JWL
This Order Relates to: )
The Polyether Polyol Cases )
 )
_____)

# MEMORANDUM AND ORDER

This multidistrict litigation consists of class-action and direct-action lawsuits in which plaintiffs claim defendants engaged in unlawful price fixing and market-allocation conspiracies with respect to polyether polyol products in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. The parties have filed cross-motions for the issuance of so-called letters of request pursuant to the Hague Convention[1] and Fed. R. Civ. P. 28(b), to obtain evidence from certain witnesses in Germany **(docs. 1255 and 1284)**. Plaintiffs' motion (doc. 1255) seeks the issuance of letters to the appropriate German authorities to secure the testimony of two former employees and one current employee of former-defendant Bayer.[2] The motion is accompanied by drafts of the letters that plaintiffs request, each of which includes a list of questions to be posed to the particular witness. Defendants state that they "do not object in principle to the examination of the three foreign witnesses," but contend plaintiffs should

---

[1]The Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters, 23 U.S.T. 2555, reprinted in the notes section following 28 U.S.C. § 1781.

[2]The parties refer to former-defendants Bayer AG, Bayer Corporation, and Bayer MaterialScience LLC, collectively as "Bayer," and the court will follow their lead.

first "make a showing that the witnesses will testify rather than assert testimonial privileges."[3] If the court decides the letters of request should issue, then defendants' cross-motion (doc. 1284) seeks to modify the letters drafted by plaintiffs to (1) exclude certain of the examination questions plaintiffs propose, (2) add examination questions defendants propose, and (3) add procedural requests to the German authorities.[4]

## I. Background

The claims and defenses in this case have been discussed at length in previous orders (*see, e.g.,* docs. 1039, 1288, and 1296) and need not be repeated here. For the purposes of the instant motions, which are largely unopposed, a general understanding of this case is sufficient. Plaintiffs, who are direct purchasers of polyether polyol products, claim the defendant manufacturers conspired to fix, raise, maintain, and stabilize the prices at which their products were sold, and to allocate customers and markets for their products. Bayer was a defendant in this action until it settled the claims against it in 2006 (*see* docs. 291, 425, and 456). As part of the settlement agreement, Bayer agreed to cooperate with plaintiffs and to identify persons with information regarding the liability of non-settling defendants, alleged co-conspirators.[5]

---

[3]Doc. 1284 at 1.

[4]Defendants state they only bring their motion in the event the court is satisfied that plaintiffs may proceed under the Hague Convention. As discussed below, the court is satisfied the issuance of letters of request is appropriate. Thus, the court considers defendants' cross-motion to be in play.

[5]*See* Ex. 1 to doc. 204, ¶ 41.

According to plaintiffs, Bayer has identified three individuals who held senior positions at Bayer during the conspiracy period[6] as possessing information relevant to this litigation. The three individuals are Christian Buhse, a former vice president who was in charge of Bayer's global sales and pricing of TDI (toluene diisocyanate); Werner Spinner, a former member of Bayer AG's board of management; and Dr. Dennis McCullough, Bayer AG's global product manager for MDI (diphenylmethane diisocyanate). According to Bayer, these men had multiple meetings with competitors in which prices, price increases, market conditions, and customer allocations were discussed. Plaintiffs state that all of these witnesses presently reside in North Rhine-Westphalia, Germany, making resort to the Hague Convention appropriate for obtaining their testimony.

## II. Appropriateness of Issuing Letters of Request

Fed. R. Civ. P. 28(b) governs the taking of depositions in a foreign country. It provides that a foreign deposition may be taken "under a letter of request," which a court may issue "on appropriate terms after an application and notice of it."[7] A letter of request is simply a "request by a domestic court to a foreign court to take evidence from a certain

---

[6]The conspiracy period is 1994–2004 for the direct actions and 1999–2005 for the class actions.

[7]Fed. R. Civ. P. 28(b)(1)(B) and (2)(A). In 1993, the term "letter of request" was substituted in the rule for the term "letter rogatory" "because it is the primary method provided by the Hague Convention. A letter rogatory is essentially a form of letter of request." Fed. R. Civ. P. 28 Advisory Committee Notes on 1993 Amendments. Thus, while much of the caselaw in this area uses the term "letter rogatory," the two terms are essentially interchangeable.

witness."⁸ United States courts have inherent authority to issue letters of request to foreign tribunals.⁹ The Hague Convention, of which both the United States and Germany are signatories, provides the mechanism for gathering evidence abroad through the issuance of a letter of request.¹⁰ Resort to using the procedures of the Hague Convention is particularly appropriate when, as here, a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction.¹¹

There is no dispute that the three potential witnesses in Germany possess knowledge relevant to the claims and defenses in this case. Defendants argue, however, that the court

---

⁸*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (internal quotation marks and citation omitted).

⁹*Brake Parts, Inc. v. Lewis*, No. 09-132, 2009 WL 1939039, at *2 (E.D. Ky. July 6, 2009); *SEC v. Leslie*, No. 07-03444, 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009); *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978); *see also* 28 U.S.C. § 1781(b)(2) ("This section does not preclude the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed . . . .").

¹⁰Article 3 of the Hague Convention sets forth a number of provisions that must be included in a letter of request, including specific information about the lawsuit and the information sought. There is no dispute that the proposed letters submitted by the parties contain the required information.

¹¹*Newmarkets Partners, LLC, v. Oppenheim Jr. & Cie. S.C.A.*, No. 08 Civ. 04213, 2009 WL 1447504, at *1 (S.D.N.Y. May 22, 2009); *Leslie*, 2009 WL 688836, at *3 (*quoting Elliot Assoc., L.P. v. Peru*, No. 96 Civ. 7917, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997)); *Abbott Labs. v. Impax Labs., Inc.*, No. Civ.A. 03-120, 2004 WL 1622223, at *2 (D. Del. July 15, 2004); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003).

should not issue the letters of request unless plaintiffs show that the witnesses actually will testify, rather than assert testimonial privileges.[12]

Defendants cite no persuasive authority, and the court can find none, for the proposition that a party seeking foreign assistance under the Hague Convention is required to show that the evidence sought will actually be attained.[13] To the contrary, in considering motions for the issuance of letters of request, courts ordinarily will not "weigh the evidence that is to be adduced by deposition and will not attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought."[14] Moreover, the fact that the

---

[12]Article 11 of the Hague Convention permits a person being questioned "to refuse to give evidence insofar as he has a privilege or a duty to refuse to give the evidence" under the law of either the state of origin (i.e., the United States) of the state of execution (i.e., Germany).

[13]Defendants cite *United States v. Jefferson*, 594 F. Supp. 2d 655 (E.D. Va. 2009), which refused to order a deposition in a *criminal* case in a country not a signatory to the Hague Convention. As plaintiffs note, *Jefferson* has no applicability to the case at bar. The holding by the *Jefferson* court was based on its analysis of Fed. R. Crim. P. 15(a)(1), which permits depositions in criminal cases only "because of exceptional circumstances and in the interest of justice" in order to "preserve testimony for trial." In this civil case, whether to issue the letters of request is governed by the liberal discovery rules of civil procedure and the processes put in place by the Hague Convention.

Defendants also cite *Société Nat'l Industrielle Aérospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987), for the general proposition that when evidence is sought abroad, courts should supervise pretrial proceedings particularly closely to prevent discovery abuses. But defendants do not attempt to demonstrate that plaintiffs are abusing the discovery process in this case.

[14]*B&L Drilling*, 87 F.R.D. at 545; *see also Brake Parts*, 2009 WL 1939039, at *2 ("On an application for the issuance of a letter rogatory seeking a deposition in a foreign country, the Court will not ordinarily weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony."); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003) (same); *DBMS*

Hague Convention recognizes the assertion of privilege "[i]n the *execution* of a Letter of Request" by "the person concerned"[15] presupposes that letters of request should issue, leaving it to the person giving evidence to assert (or not assert) privilege.[16]

Plaintiffs have shown that Messrs. Buhse, Spinner, and McCullough likely have knowledge that goes to the heart of the claims and defenses in this litigation. And defendants have failed to show good reason why plaintiffs' application for the issuance of letters of request should be denied.[17] Thus, the court will issue the letters.

---

*Consultants Ltd. v. Computer Assocs. Int'l*, 131 F.R.D. 367, 369 (D. Mass. 1990) (same).

[15]Hague Convention, Art. 11. As contemplated by this Article, the court will specify in the letter the potential applicable privileges under United States law identified by the parties (i.e., attorney-client privilege and the Fifth Amendment privilege against self incrimination). *See infra* pages 11–12.

[16]Whether Messrs. Buhse, Spinner, or McCullough will assert a testimonial privilege is pure speculation at this point. Plaintiffs argue that these witnesses do not have a Fifth Amendment privilege under U.S. law because, among other things, the statute of limitations for criminal prosecution under U.S. antitrust laws has run. Likewise, German statutes of limitations for criminal and civil antitrust prosecution have run. Moreover, defendants concede that "all of the other Bayer witnesses deposed to date have testified without asserting such privileges." Doc. 1287 at 6. Finally, in Germany's Response to the 2008 Hague Convention Questionnaire, Germany states that witnesses testifying in response to a letter of request only have "rarely" refused to give evidence as a result of a claimed privilege. Germany's Response to the 2008 Hague Convention Questionnaire ("Germany's Response") at ¶ 65, available at http://travel.state.gov/law/info/judicial/judicial_648.html.

[17]Most courts have placed the burden on a party opposing an application for the issuance of letters of request to show "good reason" why the letters should not be issued. *See, e.g., Brake Parts,* 2009 WL 1939039, at *2–3; *Leslie*, 2009 WL 688836, at *3; *Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505, 2006 WL 1652315 (E.D. Cal. June 13, 2006); *Sec. Ins. Co.*, 218 F.R.D. at 26–27; *DBMS Consultants Ltd.*, 131 F.R.D. at 369; *B&L Drilling*, 87 F.R.D. at 545. *But see Purdue Pharma Prods. L.P. v. Par Pharm., Inc.*, No. 07-255, 2008 WL 3926158 (D. Del. Aug. 26, 2008) ("A party seeking application of the Hague Convention proceeds bears the burden of persuading the Court of its necessity."); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (placing the burden

III. Contents of the Letters of Request

Defendants' cross-motion for issuance of letters of request asserts that the content of the letters drafted by plaintiffs should be revised. First, defendants argue that the list of "questions to be put to the persons to be examined," set forth pursuant to Article 3(f) of the Hague Convention, should be modified. Defendants assert that some of plaintiffs' questions seek evidence that would not be admitted at trial based on hearsay or other grounds. Defendants ask the court to exclude from the letters of request all questions that seek answers that would be inadmissible at trial.

The court respectfully declines defendants' invitation to pre-screen the questions to determine whether they will elicit admissible testimony. While it is true that the Hague Convention governs the use of letters of request to obtain "evidence,"[18] defendants have presented no authority to support their assertion that all such evidence must be admissible. Indeed, courts considering applications for the issuance of letters of request have rejected the heightened burden suggested by defendants. Rather, they apply the standards for "liberal discovery permitted under the Federal Rules of Civil Procedure," making no distinction

---

of persuasion on the party seeking application of the Hague Convention but noting, "That burden is not great, however, since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." (internal quotation and citation omitted)). The cases cited by defendants for their assertion that plaintiffs bear the burden of demonstrating the necessity of using Hague Convention procedures are inapposite because they discuss the burden of proof applied when a litigant seeks discovery from a *party* via the Hague Convention rather than via the Federal Rules of Civil Procedure. *Valois of America, Inc. v. Risdon Corp.*, 183 F.R.D. 344, 346 (D. Conn. 1997); *Doster v. Schenk*, 141 F.R.D. 50, 51–52 (M.D.N.C. 1991).

[18]Hague Convention, Art. 1.

between discovery sought in the United States and discovery sought abroad under the Hague Convention.[19] For example, in the only federal case in the Tenth Circuit to address this issue, the court rejected an argument that letters rogatory should not be issued because there was no showing the information sought would be admissible at trial.[20] The court concluded that "[t]he Federal Rules of Civil Procedure permit discovery of information which, though not itself admissible, may disclose or lead to admissible evidence."[21]

Although the court will not parse the questions, the court notes that plaintiffs have voluntarily revised their list of questions and withdrawn some exhibits in order to address the concerns raised by defendants.[22] The letters issued by the court will reflect these amendments.

---

[19] *B&L Drilling*, 87 F.R.D. at 545; *see also Brake Parts*, 2009 WL 1939039, at *3 (ruling that a court may issue a letter rogatory for discovery pursuant to "any method prescribed under the Federal Rules").

[20] *B&L Drilling*, 87 F.R.D. at 544.

[21] *Id.* at 545; *see also Brake Parts*, 2009 WL 1939039, at *3 (holding that the "liberal discovery provisions of the Federal Rules" allow a party to ask a foreign witness about "matters whose admissibility is not immediately apparent, as long as the inquiry is reasonably calculated to lead to the discovery of admissible evidence" (internal quotations and citations omitted)); *Leslie*, 2009 WL 688836, at *3 (ruling that, pursuant to Fed. R. Civ. P. 26(b), a letter rogatory could seek "relevant" information which need not be admissible at trial if it appeared reasonably calculated to lead to the discovery of admissible evidence); *Netherby Ltd. v. Jones Apparel Group, Inc.*, No. 04 Civ. 7028, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (noting that courts routinely issue letters rogatory if the evidence sought "may be material or may lead to the discovery of material evidence"); *DBMS Consultants Ltd.*, 131 F.R.D. at 369 (rejecting argument that a letter rogatory should not be issued because the discovery it sought was inadmissable and ruling that "parties may inquire through deposition as to matters whose admissibility is not immediately apparent").

[22] *See* Doc. 1308 at 13 and n.9, and Exs. 1–3 thereto.

Second, defendants request that the letters include additional exhibits and questions prepared by defendants.[23] Plaintiffs do not object to this request. Thus, the letters issued by the court will include defendants' additional questions and exhibits.[24]

Third, defendants ask that the letters of request include defendants' German designee alongside plaintiffs' German designee in paragraph 14. This request is granted, and defendants' German designee will be included in paragraph 14.

Fourth, defendants ask the court to modify the procedural-requests sections of the letters drafted by plaintiffs. The Hague Convention provides that the judicial authority executing a letter of request "shall apply its own law as to the methods and procedures to be followed," but "will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal [law or practice and procedure of Germany]."[25] Citing this provision, plaintiffs set forth a number of procedural requests in paragraph 13 of their proposed letters. These requests include permitting a U.S. court reporter to make a verbatim record of the witnesses' examinations and permitting counsel to ask additional questions following the witnesses' responses to the pre-set questions.

---

[23] *See* Exs. D–F to Doc. 1287.

[24] The court notes that Germany requires documents that will be presented to a witness to be translated into German. Germany's Response to the 2008 Hague Convention Questionnaire at ¶ 51.

[25] Hague Convention, Art. 9.

Defendants state they have no objection to plaintiffs' procedural requests, but move for the inclusion of additional special procedural requests. Specifically, defendants ask the court to include a request that the parties be permitted to "conduct the examinations of the witnesses, or at a minimum, allow counsel to conduct a cross-examination of the witnesses."[26] Plaintiffs do not oppose this request. Germany's Response to the 2008 Hague Conference Questionnaire states that, under the German Code of Civil Procedure, the German court will permit a witness to "present his perceptions on the subject on which evidence is to be given in summary form" and then will "interrogate witnesses to complete the statement."[27] Thereafter, "it is primarily the parties' lawyers who have the right to directly question witnesses."[28] Although this right is usually exercised "by submitting questions to the witness," Germany's Response goes on to state that "the party may also be permitted by the court to interrogate the witness directly."[29] The German courts do not permit cross-examination, however.[30] Based on Germany's Response, the court will include in the letters the special request that the parties be permitted to interrogate the witnesses

---

[26]Doc. 1287 at 11.

[27]Germany's Response at ¶ 63.

[28]*Id.*

[29]*Id.*

[30]*See id.* ("Cross-examination is unknown in German civil proceedings."); *id.* at ¶ 72 (stating that in letters of request previously received, Germany has rejected special procedural requests for cross-examination).

directly.³¹ The court believes it is probably futile to ask the German courts to permit the parties to cross-examine the witnesses. But since this request is unopposed, the court nonetheless will include it in the letters.

Finally, defendants request that the letters include a reference to potential testimonial privileges and that the German court advise the witnesses of "any applicable testimonial privileges."³² The court acknowledges that Articles 3 and 11(b) of the Hague Convention contemplate identification of potential privileges under U.S. law.³³ Thus, in Section 16 of the letters, the court will specify the potential applicable privileges under U.S. law identified by the parties: the attorney-client privilege, and the privilege against self incrimination as conferred by the Fifth Amendment to the U.S. Constitution. The court will not, however, include a special "procedural" request that the German courts advise the witnesses of particular, "applicable," privileges. This request would go beyond mere procedure and in effect would require the German court to make substantive legal rulings on which testimonial

---

³¹As a precaution, however, the court will still include the parties' proposed questions. Germany's Response, at paragraph 36, states that the majority of German courts "still call for a list of questions" to be used during witness examinations, rather than simply a list of matters to be addressed. Moreover, discussing the examination procedure in paragraph 64 of its Response, Germany stated, "The questions to be addressed to the person to be interrogated are to be asked already in the Letter of Request (Article 3(f) of the Evidence Convention). The German judge shall ask the witness these questions."

³²Doc. 1287 at 15.

³³Article 3 states, in relevant part, "A letter may also mention any information necessary for the application of Article 11." Article 11 states, in relevant part, "In the execution of a Letter of Request the person concerned may refuse to give evidence insofar as he has a privilege or duty to refuse to give the evidence . . . (b) under the law of the State of origin, and the privilege or duty has been specified in the Letter . . . ."

privileges applied, before such privileges were even asserted (if at all) by the witnesses. Likewise, the court will not include in the letters defendants' purportedly "procedural" request that the German court ask certain proposed questions in the event a witness asserts a testimonial privilege. Again, the court is unpersuaded this special request is the type of procedural request contemplated by the Hague Convention.

Plaintiffs identify in their reply brief an additional special procedural request they want included in the letters: "That, if the German court decides to limit the oral examinations, *e.g.*, to a specific amount of time or a specific number of questions, the examination be divided equally between plaintiffs' questions and defendants' questions." The court finds this to be a fair procedural request and will include it in the letters.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiffs' motion for the issuance of letters of request (doc. 1255) is granted.

2. Defendants' cross-motion for the issuance of letters of request (doc. 1284) is granted in part and denied in part.

3. Plaintiffs shall confer in good faith with defendants to prepare final versions of the letters of request that incorporate the rulings made herein and shall submit those letters, in WordPerfect format, to the chambers of the undersigned judge by **March 2, 2010**.

Dated February 18, 2010, at Kansas City, Kansas.

    s/James P. O'Hara  
    James P. O'Hara

U.S. Magistrate Judge