**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| IN RE:  URETHANE ANTITRUST LITIGATION | ) ) ) ) | MDL 1616 |
| This Document Relates To: The Polyether Polyol Cases | ) ) ) ) ) | Civil No. 04-md-1616-JWL-JPO |

**CLASS PLAINTIFFS' MOTION TO
APPROVE THE DISTRIBUTION OF THE BAYER SETTLEMENT FUND**

**I.      INTRODUCTION**

1.      Class Plaintiffs ("Plaintiffs"), by their undersigned counsel, hereby respectfully move this Court to approve: (a) the procedures used, the actions taken, and the determinations made by the Claims Administrator, Rust Consulting, Inc. ("Rust"),  and by the undersigned Class Counsel relating to the administration and proposed distribution of the Bayer Settlement Fund, including the administrative determinations of the Claims Administrator and Class Counsel in accepting, revising, and rejecting claims in connection therewith; (b) authority to withhold a reserve fund for future payment of reasonably anticipated costs of settlement administration, unforeseen future claim issues, and payment of taxes; and (c) distribution of the balance of the Bayer Settlement Fund to the approved claimants as delineated on the Recommended Schedule of Distribution attached as Exhibit H to the Declaration of Robin M. Niemiec Re: Claims Administration And Calculation In Support of Class Plaintiffs' Motion For An Order Authorizing Distribution Of The Bayer Settlement Fund ("Niemiec Decl.") attached hereto as Exhibit 1.

2.     The current balance of the Bayer Settlement Fund is approximately $37,018,275. Niemiec Decl. ¶ 32.  A balance sheet for the settlement fund is attached at Exhibit F to the Niemiec Declaration.

3.     The proposed distribution of the Bayer Settlement Fund is based on calculations utilizing Class Members' purchase data.  To ensure the confidentiality of such information, claimants' names are redacted on the recommended Schedule of Distribution that is attached as Exhibit H to the Niemiec Declaration.

## II.    **BACKGROUND**

4.     The Court granted final approval to the Bayer settlement by Order dated August 30, 2006 (Dkt. No. 425).

5.     On April 22, 2009, the Court entered an order authorizing notice to the class and establishing procedures for consideration of Class Plaintiffs' proposed Plan of Allocation and Class Counsel's Petition for Fees and Costs.

6.     Having received no objections, on July 22, 2009, the Court entered an order approving Class Plaintiffs' Plan of Allocation of the Bayer Settlement Fund.

7.     With the Court's approval, Class Counsel engaged Complete Claims Solution, Inc., n/k/a Rust Consulting, Inc. ("Rust"), a certified public accounting firm experienced in handling class action settlement notices and claims, to act as the Claims Administrator, under the supervision of Class Counsel.  In its capacity as Claims Administrator, Rust was authorized:  to receive, review and enter data regarding the claim forms that were filed; to audit claims when appropriate and necessary; to recommend Allowed Purchases and Disallowed Purchases as to each claim filed; and to otherwise assist Class Counsel in the claims administration process. Rust's efforts are summarized in the Niemiec Declaration.

III.    **CLAIMS ADMINISTRATION PROCESS**

8.      Using data supplied by Bayer and the non-settling defendants ("Defendants' Data"), Rust sent personalized, pre-printed proof of claim forms to all identified members of the Class who had not timely excluded themselves from the Settlement Class.  Niemiec Decl. ¶ 12. The proof of claim forms specified the dollar value of each claimant's purchases of eligible products from each defendant during the Class Period, as derived from Defendants' Data, and instructed claimants to return the claim forms by the November 23, 2009 deadline for filing proofs of claim.[1]  Niemiec Decl. ¶ 12; *see* Order filed July 22, 2009, Dkt. No. 994.  The proof of claim forms instructed claimants that they had two options:  (1) they could accept the pre-printed Defendants' Data appearing on the claim form, in which case claimants did not have to document their purchases, or (2) they could claim different amounts, in which case claimants were instructed to submit adequate proof that they had purchased the claimed amount of eligible products directly from the defendants in or for delivery in the United States or its territories during the Class Period.  Niemiec Decl. ¶ 13.  A sample proof of claim form is attached as Exhibit A to the Niemiec Declaration.

9.      Rust also sent blank Claim Forms to potential Class Members who were not identified in Defendants' Data but whose addresses were provided by the Defendants and/or who asked about submitting a claim.  Rust informed such claimants of the documentation necessary to establish a valid claim.  Niemiec Decl. ¶ 17.

---

[1] In accordance with paragraph 2(c) of the Court's Order Approving Class Plaintiffs' Plan of Allocation of the Bayer Settlement Fund (Dkt. 994), Class Counsel instructed Rust to accept late claims if doing so would not delay the claims administration process.  Class Counsel is not recommending that any claims be denied on the basis that they were not submitted by November 23, 2009.

10.     The Niemiec Declaration, to which Plaintiffs respectfully refer the Court, provides a detailed description of the claims administration process.  Specifically, Ms. Niemiec describes the procedures and criteria by which Rust reviewed and evaluated claim forms; Rust's extensive communications with claimants and Class Counsel to evaluate and audit claims; Rust's procedures for and efforts in identifying deficiencies in submitted claim forms, notifying claimants of the deficiencies, and allowing claimants to correct and cure the identified deficiencies; the process by which Rust determined whether to recommend accepting, rejecting, or modifying each claim; Rust's written notifications to claimants whose claims are being recommended for rejection or reduction and the process and deadline for objecting to that recommendation; and how Rust calculated the Allowed and Disallowed Purchases (defined below in ¶ 14) for each claim and the resulting Recommended Schedule of Distribution.  *See* Niemiec Decl. ¶¶ 18 – 31.

11.     The process has included extensive correspondence and telephone contact between Rust, Class Counsel and numerous claimants to audit and verify the accuracy, integrity and *bona fides* of the claims that were submitted and to ensure that only legitimate, *bona fide* claims on account of eligible purchases are honored.  Niemiec Decl. ¶¶ 8, 23-27.

12.     Rust undertook these extensive communications to ensure that claimants receive the benefit of all legitimate purchases; that all claimants were given every reasonable opportunity to support their claims and to cure, explain and be heard with respect to any deficiencies that were identified therein; and to eliminate or reduce the number of contested recommendations requiring Court resolution.  Niemiec Decl. ¶ 28.

13.     Class Counsel worked extensively with Rust at all stages of the claims administration process.

14.     This Motion and the Niemiec Declaration refer to the dollar value of a claimant's eligible purchases as the "Allowed Purchases." "Disallowed Purchases" refers to the dollar value of purchases within a claim that are ineligible for compensation under the Settlement Agreement (including, *inter alia*, indirect purchases, purchases of ineligible products, or purchases outside of the Class Period) and purchases as to which the claimant did not provide adequate proof.  Niemiec Decl. ¶ 29.

15.     As set forth in the Recommended Schedule of Distribution attached as Exhibit H to the Niemiec Declaration, the total of all Allowed Purchases is $11,154,338,298.62.

16.     As contemplated by § 6 of the Plan of Allocation approved by the Court, upon receipt of the Distribution Hearing date, Class Counsel will direct Rust to mail letters to the claimants whose claims were rejected *in toto* and those whose total claims were reduced in the review and audit process, informing the claimants of the rejection or modification of their claims, the procedures for disputing Rust's determination, and the deadline for doing so.  *See* Niemiec Decl. ¶ 30.

17.     Class Counsel and Rust will continue to work closely with claimants until the Distribution Hearing to eliminate or reduce the number of potential disputes relating to claimants' recommended Authorized Purchases amount, so as to avoid the need for the Court to resolve such matters.  *See* Niemiec Decl. ¶ 31.

## IV.     REQUEST FOR APPROVAL OF PAYMENTS AND OF SETTLEMENT FUND RESERVE

18.     In addition to seeking approval of the Recommended Schedule of Distribution, Class Counsel seek approval for certain payments to the Claims Administrator and leave of Court to withhold approximately ten percent (10%) of the Bayer Settlement Fund from the

current distribution for the reasons set forth below and as contemplated by Section I.6(d)(ii)[2] of

the January 4, 2006 Escrow Agreement between SunTrust Bank (as Escrow Agent), Rust, the

Bayer defendants, and Class Counsel.

19.     The accounting of the Bayer Settlement Fund that is attached as Exhibit F to the

Niemiec Declaration shows a current balance of $37,018,274.99.  This balance reflects interest

earned by the fund, as well as the deduction of tax payments, legal fees and expenses awarded by

the Court, and payments to Rust totaling $325,795.52 for settlement and claims administration

fees and expenses.  *See* Niemiec Declaration at ¶ 33 and Exh. F thereto.

20.     Although the January 2006 Escrow Agreement contemplated "an order of the

Court" directing the Escrow Agent to "disburse amounts for the costs of administering and

distributing the Settlement Funds pursuant to the Settlement Agreement" (Escrow Agreement §

I.6(d)(i)), the Order Approving Class Plaintiffs' Plan of Allocation of the Bayer Settlement Fund

entered August 30, 2006 (Dkt. 425) authorized Class Counsel "to carry out all steps necessary to

effectuate the Plan" of Allocation.  *Id.* ¶ 4.  Pursuant to the Court's Order, therefore, Class

Counsel reviewed the invoices that Rust has submitted to date and approved them for payment

from the Bayer Settlement Fund.

21.     Class Counsel respectfully submit that the fees and expenses invoiced by Rust

were reasonable and necessary for the effective administration of the Bayer Settlement and for

---

[2] That section provides:

(d)     After the Effective Date of the Settlement Agreement, Escrow Agent shall,
        upon receipt of an order of the Court so directing:

        . . . .

        (ii)    distribute the remaining Escrow Funds, as ordered by the Court; provided,
                however, that Escrow Agent shall retain amounts in the Escrow Account
                necessary for the payment of taxes, tax expenses, notice and
                administration costs, or fees and expenses of Escrow Agent, as directed by
                Class Counsel.

disbursement of settlement funds to Class Members.  Payment of the Claims Administrator's

invoices from the Settlement Fund is specifically contemplated by the Settlement Agreement

(*see* ¶¶ 31 – 36) and the Escrow Agreement (*see* § I.6(d)).  Thus, Class Counsel request that the

Court approve the payments made to date from the Settlement Fund for Rust's fees and

expenses.

22.     Class Counsel request authorization for the Escrow Agent to pay Rust's

reasonable future invoices from the Bayer Settlement Fund upon a written request from Class

Counsel to do so.  Rust reasonably anticipates incurring additional fees and expenses of $51,437

to disburse funds to claimants and conclude the administration of the settlement.  Niemiec Decl.

¶¶ 34, 38 and Exh. G thereto.  Therefore, Class Counsel further request that $51,437 be withheld

from the current settlement distribution for that purpose.

23.     In addition to the foregoing, Class Counsel seek leave of Court to reserve 10% of

the Bayer Settlement Fund, to be available for the following purposes:

a.     Payment of any taxes that may be due on the earnings of the Bayer Net

Settlement Fund in 2011, an amount that Rust estimates and pays quarterly based on

earnings and deductible expenses;[3] and

b.     Payment with respect to any presently unforeseen claims issues.

24.     Rust has advised that, based on its experience, such a holdback is a customary and

prudent practice.  *See* Niemiec Decl. ¶35.  Class Counsel request that the Court authorize a

holdback here with the understanding that at an appropriate and prudent future date, Class

Counsel will petition the Court for leave to distribute any unused portion of such reserves to

---

[3] In addition to administering the settlement as set forth above, Rust has also filed the
Settlement Fund's income tax returns and IRS informational forms, and has made all related tax
payments.  Rust will continue to file the required income tax returns and forms and make all
required tax payments.  *See* Niemiec Decl. at ¶ 11.

valid claimants on the same *pro rata* basis used for the initial distribution requested in this Motion.[4]

25.     It appears that a business relationship between two groups of class members may have resulted in some overlapping claims between the two groups, causing a potential duplication of recoveries.  Class Counsel spoke and corresponded with  counsel for these Class members and suggested that the claimants agree between themselves on an appropriate allocation of their purchases.  The claimants have not resolved this issue, nor have they provided Class Counsel with enough information for Class Counsel to make a determination.

26.     Rather than delay disbursing money to the entire Class while this matter is sorted out, Class Counsel propose that an identical amount of money be withheld from the distributions to both groups of claimants until they agree on an allocation of the reserved amount or, if need be, until the Court resolves the dispute.  The amount to be withheld is based on the amount of the potential overlap, so each group of claimants will receive an initial distribution based on purchases it is clearly entitled to claim.  Class Counsel have informed counsel for the affected claimants of this proposal.

27.     If the ultimate allocation between the affected claimants results in some of the reserved monies reverting to the Bayer Settlement Fund, then such remaining funds will be disbursed to all claimants on a *pro rata* basis along with the balance of any other monies reserved pursuant to this Section IV.

---

[4] It is possible that some checks distributed to the Class might not be cashed.  Class Counsel would recommend distribution of any such un-claimed funds at the same time and in the same manner that the unused reserve funds are distributed.

## V.   DOCUMENT RETENTION AND DESTRUCTION

28.   Class Counsel request that one year after this Action is terminated and any and all related appeals have been decided or the time for filing appeals has lapsed, the Claims Administrator be permitted to destroy all claim forms and related correspondence, and that two years thereafter, the Claims Administrator be permitted to destroy all administrative records, including its copy of the Recommended Schedule of Distribution, its claimants listings and its computer database and programs used to create the claimants listings, and electronic copies of claims records.

## VI.   CONCLUSION

29.   For the foregoing reasons, Class Counsel respectfully request that the Court enter the proposed Order authorizing the distribution of the Bayer Settlement Fund as requested in this Motion.

DATED:  November 15, 2010                                  Respectfully submitted,


  s/Robert W. Coykendall
Robert W. Coykendall, #10137
Robert N. Walter, #08620
Morris, Laing, Evans, Brock &
      Kennedy, Chartered
Old Town Square
300 North Mead – Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Plaintiffs' Liaison Counsel**

Donald L. Perelman
Gerard A. Dever
Paul Costa
**FINE, KAPLAN AND BLACK, R.P.C.**
1835 Market Street, 28th Floor
Philadelphia, PA  19103
Tel:  (215) 567-6565
Fax:  (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, N. W., Suite 500
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

**Plaintiffs' Co-Lead Counsel**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 15th day of November 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.  I also certify that I mailed a true copy of the foregoing document by first mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Jason S. Hartley
Timothy Irving
Troutman Sanders LLP
550 West B Street, Suite 400
San Diego, CA 92101-3599

Judith A. Shimm
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

John W. Mackey
Justin T. Toth
Ray, Quinney & Nebeker
36 S. State Street, Suite 1400
Salt Lake City, UT 84111

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Andrew B. Sacks
Sacks & Weston, LLC
114 York Rd.
Jenkintown, PA 19046-3233

Steven A. Kanner
William H. London
Freed Kanner London & Millen LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015

Michael J. Boni, Joanne Zack,
Joshua D. Snyder
BONI & ZACK LLC
15 St. Asaphs Rd.
Bala Cynwyd, PA 19004

Donna Siegel Moffa
Trujillo Rodriquez & Richards, LLP
258 Kings Highway East
Haddonfield, NJ 08033

Krishna Narine
Schiffrin & Barroway LLC
280 King of Prussia Road
Radnor, PA 19087

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Simon Bahne Paris
David J. Cohen
Patrick Howard
SALTZ MONGELUZZI BARRETT &
BENDESKY, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

s/Robert W. Coykendall
Robert W. Coykendall, #10137