IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: URETHANE ANTITRUST )
LITIGATION )
) Case No. 04-MD-1616-JWL
This Order Relates to: )
The Polyether Polyol Cases )
)
_____)

**MEMORANDUM AND ORDER**

This multidistrict litigation consists of class-action and direct-action lawsuits in which plaintiffs claim defendants engaged in unlawful price fixing and market-allocation conspiracies with respect to polyether polyol products in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Plaintiffs in the class-action and direct-action lawsuits jointly move the court to issue a letter of request pursuant to the Hague Convention[1] and Fed. R. Civ. P. 28(b), to obtain evidence from Charles Churet in Switzerland **(doc. 1717)**. Mr. Churet is a former employee of The Dow Chemical Company ("Dow"), a defendant in this litigation. The motion is accompanied by a draft of the letter that plaintiffs request, which includes a list of questions to be posed to the witness. Defendants oppose the issuance of the letter of request,

---

[1]The Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters, 23 U.S.T. 2555, reprinted in the notes section following 28 U.S.C. § 1781 (hereafter, "the Hague Convention").

but if the court decides the letter should issue, defendants ask the court to add defendant-drafted examination questions (doc. 1756).[2]

I. Background

The claims and defenses in this case have been discussed at length in previous orders (*see, e.g.,* docs. 1039, 1288, and 1296) and need not be repeated here. For the purposes of the instant motion, a general understanding of this case is sufficient. Plaintiffs, who are direct purchasers of polyether polyol products, claim the defendant manufacturers conspired to fix, raise, maintain, and stabilize the prices at which their products were sold, and to allocate customers and markets for their products. Bayer AG, Bayer Corporation, and Bayer MaterialScience AG (collectively, "Bayer") was a defendant in this action until it settled the claims against it in 2006 (*see* docs. 291, 425, and 456). As part of the settlement agreement, Bayer agreed to cooperate with plaintiffs and to identify persons with information regarding the liability of non-settling defendants, alleged co-conspirators.[3]

---

[2]Defendants also have filed objections to the form of certain questions proposed by plaintiffs (doc. 1753), but defendants have not asked the court to exclude or modify any particular questions from the letter of request, should it issue. In any event, the court will not pre-screen the questions proposed by the parties. *See generally* discussion in Doc. 1327 (Memorandum and Order granting motion for issuance of letters of request to German witnesses) at 7–8. Defendants have not presented argument or authority addressing the proper form of questions to be submitted with a letter of request.

[3]*See* Exh. 1 to doc. 204, ¶ 41.

According to plaintiffs, Bayer has identified Mr. Churet, who held a senior position at Dow during the conspiracy period,[4] as possessing information relevant to this litigation. Bayer has informed plaintiffs that Mr. Churet attended multiple meetings with competitors in which pricing of polyether products was discussed. Deposition testimony of Stephanie Barbour, a former colleague of Mr. Churet at Dow, corroborates this information. Plaintiffs state that Mr. Churet presently resides in Wollerau, Switzerland,[5] making resort to the Hague Convention appropriate for obtaining his testimony.

## II. Appropriateness of Issuing the Letter of Request

Fed. R. Civ. P. 28(b) governs the taking of depositions in a foreign country. It provides that a foreign deposition may be taken "under a letter of request," which a court may issue "on appropriate terms after an application and notice of it."[6] A letter of request is simply a "request by a domestic court to a foreign court to take evidence from a certain witness."[7] United States courts have inherent authority to issue letters of request to foreign

---

[4] The conspiracy period is 1994–2004 for the direct actions and 1999–2005 for the class actions.

[5] Wollerau is in the Canton of Schwyz, where German is the official language.

[6] Fed. R. Civ. P. 28(b)(1)(B) and (2)(A). In 1993, the term "letter of request" was substituted in the rule for the term "letter rogatory" "because it is the primary method provided by the Hague Convention. A letter rogatory is essentially a form of letter of request." Fed. R. Civ. P. 28 Advisory Committee Notes on 1993 Amendments. Thus, while much of the caselaw in this area uses the term "letter rogatory," the two terms are essentially interchangeable.

[7] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (internal quotation marks and citation omitted).

tribunals.[8] The Hague Convention, of which both the United States and Switzerland are signatories, provides the mechanism for gathering evidence abroad through the issuance of a letter of request.[9] Resort to using the procedures of the Hague Convention is particularly appropriate when, as here, a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction.[10]

There is no dispute that Mr. Churet possesses knowledge relevant to the claims and defenses in this case. Defendants argue, however, that the court should refuse to issue the letter of request because plaintiffs "waited too long" to file their application. Defendants also assert that some of plaintiffs' requests for special procedures are not consistent with procedures followed by courts in the Canton of Schwyz and thus should be stricken if the court issues the letter.

---

[8]*Brake Parts, Inc. v. Lewis*, No. 09-132, 2009 WL 1939039, at *2 (E.D. Ky. July 6, 2009); *SEC v. Leslie*, No. 07-03444, 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009); *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978); *see also* 28 U.S.C. § 1781(b)(2) ("This section does not preclude the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed . . . .").

[9]Article 3 of the Hague Convention sets forth a number of provisions that must be included in a letter of request, including specific information about the lawsuit and the information sought. There is no dispute that the proposed letter submitted by plaintiffs contains the required information.

[10]*Newmarkets Partners, LLC, v. Oppenheim Jr. & Cie. S.C.A.*, No. 08 Civ. 04213, 2009 WL 1447504, at *1 (S.D.N.Y. May 22, 2009); *Leslie*, 2009 WL 688836, at *3 (*quoting Elliot Assoc., L.P. v. Peru*, No. 96 Civ. 7917, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997)); *Abbott Labs. v. Impax Labs., Inc.*, No. Civ.A. 03-120, 2004 WL 1622223, at *2 (D. Del. July 15, 2004); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003).

Defendants have cited no authority for their assertion that the instant motion is untimely. Rather, defendants vaguely accuse plaintiffs of exerting "no effort" to seek the testimony of Mr. Churet "until the eleventh hour."[11] In reply, plaintiffs present a detailed explanation of their attempts to obtain Mr. Churet's testimony by agreement and without court intervention. When that failed, plaintiffs state that before they could file their application, "they first had to identify and retain local counsel in Switzerland, seek appropriate guidance as to the proposed Letter of Request and the form of the questions, and translate the documents and exhibits into German."[12] The court finds that plaintiffs did not unnecessarily delay their application for a letter of request. The court notes that the discovery deadline in this litigation has not yet passed. Because defendants have failed to show good reason why plaintiffs' application for the issuance of a letter of request should be denied, the court will issue the letter.[13]

---

[11] Doc. 1751 at 1–2.

[12] Doc. 1798 at 5.

[13] Most courts have placed the burden on the party opposing an application for the issuance of a letter of request to show "good reason" why the letter should not be issued. *See, e.g., Brake Parts*, 2009 WL 1939039, at *2–3; *Leslie*, 2009 WL 688836, at *3; *Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505, 2006 WL 1652315 (E.D. Cal. June 13, 2006); *Sec. Ins. Co. of Heartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26–27 (D. Conn. 2003); *DBMS Consultants Ltd. v. Computer Assocs. Int'l*, 131 F.R.D. 367, 369 (D. Mass. 1990); *B&L Drilling*, 87 F.R.D. at 545. *But see Purdue Pharma Prods. L.P. v. Par Pharm., Inc.*, No. 07-255, 2008 WL 3926158, at *1 (D. Del. Aug. 26, 2008) ("A party seeking application of the Hague Convention proceeds bears the burden of persuading the Court of its necessity."); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (placing the burden of persuasion on the party seeking application of the Hague Convention but noting, "That burden is not great, however, since the Convention procedures are available

III. Content of the Letter of Request

Defendants assert that the content of the proposed letter of request drafted by plaintiffs should be revised. First, defendants ask the court to modify the procedural-requests section of the letter. Article 9 of the Hague Convention provides that the judicial authority executing a letter of request "shall apply its own law as to the methods and procedures to be followed," but "will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible . . . by reason of [Switzerland's] internal practice and procedure or by reason of practical difficulties." Citing this provision, plaintiffs set forth a number of procedural requests in Paragraph 13 of their proposed letter. Defendants seek to strike the following special requests: (1) that counsel (rather than the court) be permitted to conduct the examination under the supervision of the Swiss court; (2) if counsel is permitted to conduct the examination, that the examination be conducted in English if the witness consents; (3) that a U.S. court reporter be permitted to make a verbatim record of the witness examination either in lieu of or in addition to the Swiss court's official transcript; (4) that a videographer be permitted to record the witness's testimony; and (5) that an audio recording be made of the hearing. Defendants assert that these requests are not consistent with the procedures customarily followed by Swiss courts.

---

whenever they will facilitate the gathering of evidence by the means authorized in the Convention." (internal quotation and citation omitted)).

The court finds no reason to modify the special procedural requests set out in the letter proposed by plaintiffs. Article 9 clearly contemplates the making of such requests by a requesting state. By their very nature, "special method[s] or procedure[s]" requested will not be those ordinarily followed by the executing state. It will be for the Swiss court to determine whether the special requests are incompatible with Swiss law or impossible to accommodate.[14] Defendants' objections to the procedural-requests section of the proposed letter are therefore overruled.

Second, defendants ask the court to reject plaintiffs' request in Paragraph 12 of the proposed letter that Mr. Churet give his testimony under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God." Defendants argue that under Swiss law a witness cannot be compelled to swear an oath, particularly a religious oath. However, Article 3(h) of the Hague Convention specifically provides, "A Letter of Request shall specify—(h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used." Thus, the court will include plaintiffs' requested oath. Again, though, it will be for the Swiss court to determine whether to follow the requested procedure.

---

[14] Swiss courts are obviously in a better position than this court to interpret and apply Swiss law.

Third, defendants request that the letter include additional questions and exhibits prepared by defendants.[15] Plaintiffs do not object to this request. Thus, the letter issued by the court will include defendants' additional questions and exhibits.

In response to the questions and exhibits prepared by defendants, plaintiffs ask the court to include plaintiffs' proposed follow-up questions, with accompanying exhibits, in the letter of request.[16] Defendants have not sought leave to object to this request. Thus, the letter issued by the court will include plaintiffs' additional follow-up questions and exhibits.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiffs' motion for the issuance of a letter of request to the judicial authorities of Switzerland (doc. 1717) is granted.

2. Plaintiffs shall confer in good faith with defendants to prepare a final version of the letter of request that incorporates the rulings made herein and shall submit the letter, in WordPerfect format, to the chambers of the presiding U.S. District Judge, John W. Lungstrum, by **December 10, 2010**. The letter of request will be signed in duplicate.

3. Upon the signing of the letter of request, the Clerk of Court shall retain one signed original of the letter of request for filing under seal on the case docket, with notice to all parties registered for ECF. The Clerk of Court shall provide the other signed original of

---

[15]*See* doc. 1756 and Exh. 1 thereto.

[16]*See* doc. 1798 and Exhs. 2 and 3 thereto.

the letter of request to counsel for plaintiffs, who shall have it translated into German and forwarded to the appropriate judicial authorities in Switzerland by the most expeditious means available.

4. Counsel for plaintiffs shall provide to the Clerk of Court all papers received from the Swiss authorities, including notice of the scheduled hearing for execution of the letter of request, and the executed letter of request. The Clerk of Court shall file said papers under seal on the case docket, with notice to all parties registered for ECF.

Dated December 1, 2010, at Kansas City, Kansas.

   s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge