IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | MDL 1616 |
| This Document Relates To: The Polyether Polyol Cases | Civil No. 04-md-1616-JWL-JPO |

**CLASS PLAINTIFFS' SUPPLEMENTAL REPORT
IN SUPPORT OF MOTION FOR APPROVAL OF
DISTRIBUTION OF THE BAYER SETTLEMENT FUND**

1. In anticipation of the hearing scheduled for 9:00 a.m. on December 14, 2010, this report supplements the information provided to the Court in the motion filed November 15, 2010, Dkt. No. 1761 ("Distribution Motion") for approval of: (a) the procedures used, the actions taken, and the determinations made by the Claims Administrator, Rust Consulting, Inc. ("Rust"), and by the undersigned Class Counsel relating to the administration and proposed distribution of the Bayer Settlement Fund, including the administrative determinations of the Claims Administrator and Class Counsel in accepting, revising, and rejecting claims in connection therewith; (b) authority to withhold a reserve fund for future payment of reasonably anticipated costs of settlement administration, unforeseen future claim issues, and tax-related expenses; and (c) distribution of the balance of the Bayer Settlement Fund to approved claimants.

2. Attached as Exhibit 1 is a Revised Recommended Schedule of Distribution, which supersedes the Recommended Schedule of Distribution that was attached as Exhibit H to the Declaration of Robin M. Niemiec Re: Claims Administration And Calculation In Support of

Class Plaintiffs' Motion For An Order Authorizing Distribution Of The Bayer Settlement Fund that in turn was attached as Exhibit 1 to the Distribution Motion.

3. Between November 17 and 19, 2010, pursuant to § 6 of the Plan of Allocation previously approved by the Court (see Dkt. No. 994), Rust sent letters by certified mail, return receipt requested, to claimants regarding all forty-nine claims that Rust had recommended for rejection or reduction. The letters specified the dollar value of the recommended Allowed Purchases and Disallowed Purchases amounts for each claim and informed claimants that any objections were to be submitted to both the Clerk of this Court and to Class Counsel and postmarked by December 4, 2010. The letters also invited claimants to contact Rust or Class Counsel with any questions or additional information. The Notice of Service filed on November 23, 2010 (Dkt. No.1792) listed these claims in Exhibit A and provided samples of the forms of the letters in Exhibit B.

4. Between May 28 and November 23, 2010, Rust mailed 62 letters informing claimants that their Allowed Purchases had been increased by adding purchase amounts from related claims that the Claims Administrator had identified based on the claimant's submissions. Samples of the letters are attached here as Exhibit 2.

5. After the letters described in paragraphs 3 and 4 above were mailed, both Rust and Class Counsel talked to and/or corresponded with a number of claimants in order to resolve as many potential disputes and objections as possible before the Distribution Hearing.

6. As a result of communications with claimants, Rust and Class Counsel recommend that the following three claims be adjusted:

    a. After receiving an initial deficiency letter from the Claims Administrator about claim #1116, the claimant ("Company 1116") discovered that not all of its

2

purchases from the defendants were purchases of eligible products. Over the next weeks, Company 1116 sent the Claims Administrator a series of e-mails that reduced the amount of its claim. Rust based Company 1116's Allowed Purchases amount on those e-mails and supporting documentation, as well as on the defendants' data. After receiving the recent notice of the downward adjustment to its claim, Company 1116 informed the Claims Administrator that the claim should be further reduced. Rust has adjusted the claim accordingly and confirmed with Company 1116 that its Recognized Loss Amount on the attached Revised Recommended Schedule of Distribution is correct.

    b.    The third-party claims processor that submitted claims 1281 and 1824 on behalf of separate clients informed Rust that the processor had erred in its submissions. On behalf of its clients, the processor asked that claim 1281 be disallowed in its entirety and that claim 1824 be increased to include additional defendant data that was not originally included in the claim because of spelling discrepancies in defendants' data and the processor's submissions. The Revised Recommended Schedule of Distribution reflects these changes: claim 1281 has been moved from the Eligible to the Ineligible Claims list and the Allowed Purchases on Claim 1824 now include the previously-missing defendants' data. Rust has confirmed with the processor that the Recognized Loss amounts on the attached Revised Schedule of Distribution are correct.

    c.    After receiving notice that claim #1011 had been reduced because the claimant had not adequately proven that all of its purchases were of eligible products, "Company 1011" contacted Rust to question the claim reduction. In the course of reviewing the documentation submitted in support of the claim, Rust discovered a processing error that had coded purchases made and delivered outside of the United

States and its territories as eligible when in fact they were ineligible. Company 1011's mailing address is outside of the United States and its territories, and Company 1011's purchases were from a foreign entity. By letter mailed and e-mailed to Company 1011 on December 1, 2010, Rust informed the claimant that as a result of the review, Rust would recommend that the claim be disallowed in its entirety. A redacted copy of the letter is attached as Exhibit 3 hereto. As of 1:30 p.m. on December 10, 2010 neither Rust nor Class Counsel had received a response or objection from the claimant.

7. After discovering the processing error with claim #1011, Rust reviewed all claims with addresses outside of the United States and its territories and all claims in which the claimant submitted its own data rather than accepting defendants' data. Rust did not find any other instances of improper coding of foreign purchases.

8. As of the filing of this supplemental report, no objections to the recommended schedule of distribution appeared on the docket sheet for this matter as accessed through PACER. Neither Rust nor Class Counsel has received any written objections.

9. The Adjusted Claims list filed with the Court on November 15, 2010 mistakenly omitted claim 1054. Although the claimant did not appear on the initial Adjusted Claims list submitted with the Distribution Motion, Rust did mail the claimant a letter specifying the dollar value of the Allowed and Disallowed Purchases and the procedures and deadline for objecting to that determination. See Exh. A to Notice of Service filed November 23, 2010 (Dkt. No. 1792). In addition, the claimant had received an earlier deficiency letter and had acknowledged that some of its claimed purchases were of ineligible products. The claimant worked with Class Counsel and Rust to compile a list distinguishing between the eligible and ineligible products in its claim and has not disputed the ultimate determination of Allowed and Disallowed Purchases.

4

The Revised Adjusted Claims list included in the Revised Recommended Schedule of Distribution (Exhibit 1) includes claim 1054.

10. As reported in the Distribution Motion, a business relationship between two groups of class members may have resulted in some overlapping claims between the two groups, causing a potential duplication of recoveries. See Distribution Motion ¶¶ 25 – 27. Both Rust and Class Counsel informed the two groups of class members, in writing, that Class Counsel proposed to the Court that an identical amount be withheld from the distributions to both groups if they had not agreed on an allocation of the potentially overlapping purchases by the time funds were distributed to claimants. The relevant claim numbers are included in Exhibit A to the Notice of Service (Dkt. No. 1792). Class Counsel have been informed that the two groups are addressing this issue and hope to resolve it without Court intervention.

11. As set forth in the Revised Recommended Schedule of Distribution attached hereto as Exhibit 1, the current revised total of all Allowed Purchases is $11,148,772,574.25.

12. The Bayer Settlement Fund has earned additional interest since submission of the Distribution Motion. Rust informed Class Counsel that as of December 8, 2010, the balance in the Bayer Settlement Escrow Account is $37,018,914.37.

13. The Distribution Motion asks that 10% of the Bayer Settlement Fund be reserved from the current distribution to cover future tax expenses and payments that may become due, and to address any unanticipated claim issues that may arise. Ten percent of the current balance of the fund is $3,701,891.44. The Distribution Motion also requests that $51,437 be reserved for payment of Rust's fees and expenses to conclude distribution of the Settlement Fund.

14. If the Court approves both requested holdbacks from the initial distribution, the amount to be distributed to claimants now is $33,265,585.93; the Revised Recommended Schedule of Distribution attached as Exhibit 1 hereto was calculated using this amount.

15. Class Counsel will provide to the Court a revised proposed Order Approving Distribution of the Bayer Settlement Fund reflecting the foregoing updated information.

DATED: December 10, 2010

Respectfully submitted,

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137
Robert N. Walter, #08620
Morris, Laing, Evans, Brock &
  Kennedy, Chartered
Old Town Square
300 North Mead – Suite 200
Wichita, KS 67202
Tel: (316) 262-2671
Fax: (316) 262-5991
rcoykendall@morrislaing.com
**Plaintiffs' Liaison Counsel**

Donald L. Perelman
Gerard A. Dever
Paul Costa
**FINE, KAPLAN AND BLACK, R.P.C.**
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Tel: (215) 567-6565
Fax: (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, N. W., Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

**Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that on this 10th day of December 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

Jason S. Hartley
Timothy Irving
Troutman Sanders LLP
550 West B Street, Suite 400
San Diego, CA 92101-3599

Judith A. Shimm
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

John W. Mackey
Justin T. Toth
Ray, Quinney & Nebeker
36 S. State Street, Suite 1400
Salt Lake City, UT 84111

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Andrew B. Sacks
Sacks & Weston, LLC
114 York Rd.
Jenkintown, PA 19046-3233

Steven A. Kanner
William H. London
Freed Kanner London & Millen LLC
2201 Waukegan Rd., Suite 130
Bannockburn, IL 60015

Michael J. Boni, Joanne Zack,
Joshua D. Snyder
BONI & ZACK LLC
15 St. Asaphs Rd.
Bala Cynwyd, PA 19004

Donna Siegel Moffa
Trujillo Rodriquez & Richards, LLP
258 Kings Highway East
Haddonfield, NJ 08033

Krishna Narine
Schiffrin & Barroway LLC
280 King of Prussia Road
Radnor, PA 19087

Simon Bahne Paris
David J. Cohen
Patrick Howard
SALTZ MONGELUZZI BARRETT &
BENDESKY, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

s/Robert W. Coykendall
Robert W. Coykendall, #10137