**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST ) <br> LITIGATION ) <br> ) <br> ) <br> This Document Relates To: ) <br> The Polyether Polyol Cases ) <br> ) | MDL No. 1616 <br> Civil No. 04-md-01616-JWL-JPO |

**ORDER APPROVING SETTLEMENT AND DISMISSING WITH PREJUDICE**
**HUNTSMAN INTERNATIONAL LLC AND OTHER RELEASEES**

Plaintiffs Seegott Holdings, Inc., Quabaug Corporation, and Industrial Polymers, Inc., on behalf of themselves and a Class of direct purchasers of the Products (collectively, the "plaintiffs"), and defendant Huntsman International, LLC ("Huntsman"), entered into a settlement agreement to fully and finally resolve plaintiffs' claims against Huntsman (doc. # 1983-1). On June 14, 2011, the Court entered an order preliminarily approving the settlement with Huntsman and authorizing dissemination of notice to the Class (doc. # 1990). After plaintiffs gave notice to the Class, the Court held a fairness hearing on September 27, 2011. This matter is now before the Court on Plaintiffs' Motion for Final Approval of Settlement with Huntsman International LLC (doc. # 2035).[1] Having considered the memorandum in support of the motion, the oral argument presented during the fairness hearing, and the complete record and files in this matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order have the same meanings as those used in the

---

[1]On the record at the hearing, the Court deemed Document # 2035, titled Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Settlement with Huntsman International LLC, also to include the motion for approval.

Settlement Agreement (doc. # 1983-1).

3. The preliminary approval order outlined the form and manner by which plaintiffs were to provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable effort. Proof that the mailing conformed with the preliminary approval order has been filed with the court (doc. # 2055). The Court finds that this notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process, providing to the Class the best notice practicable under the circumstances.

4. The Court hereby grants final approval of the settlement on the basis that the settlement is fair, reasonable, and adequate to the Class. *See* Fed. R. Civ. P. 23(e). The settlement amount is substantial; the settlement includes cooperation provisions that add value to the case; and Huntsman's sales remain in the case. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated inasmuch as it was the result of vigorous arm's length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. The Court gives weight to the parties' judgment that the settlement is fair and reasonable, as well as to the Class's reaction to the settlement.

5. All Released Claims are hereby dismissed with prejudice and without costs as to the Releasees. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any Releasee. This dismissal applies only in favor of Huntsman and the other Releasees. It is made without prejudice to any claims the members of the

Class may have against any other Defendant.

6. The escrow account established by the parties, into which Huntsman already deposited an initial installment of $11,000,000, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

7. This Order does not settle or compromise any claims by plaintiffs or the Class against the defendants or other persons or entities other than the Releasees, and all rights against any other defendant or other person or entity are specifically reserved. Huntsman's sales of the Products shall remain in the case against the Non-Settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any Non-Settling Defendant or other person or entity other than the Releasees.

8. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

9. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the litigation between the plaintiffs and the Non-Settling Defendants; (c) the enforcement of the Settlement Agreement; and (d) the distribution of the Settlement Fund.

10. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs that defendant Huntsman International, LLC be dismissed with prejudice from this set of consolidated cases in this MDL proceeding.

ENTERED THIS 27th day of September, 2011.

                                                s/ John W. Lungstrum
                                                Honorable John W. Lungstrum
                                                United States District Judge