IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION ) ) ) This Order Relates to: ) Polyether Polyol Case ) _____) | Case No. 04-MD-1616-JWL |

**AMENDMENT TO PROTECTIVE ORDER**

Pursuant to its Order dated April 5, 2011, the Court has ordered that defendants are entitled to take certain discovery relating to certain of the Direct Action Plaintiffs' business activities in the foam industry ("Downstream Discovery"). This Downstream Discovery will include depositions of individuals and Rule 30(b)(6) depositions of certain of the Direct Action Plaintiffs ("the Downstream Depositions"). The Court is aware that there are criminal investigations on-going with respect to the foam industry and a number of the Direct Action Plaintiffs are defendants in antitrust suits consolidated by the panel on multidistrict litigation before United States District Court Judge Jack Zouhary in the Northern District of Ohio (the "Foam Litigation"). Direct Action Plaintiffs have retained counsel, separate and distinct from the counsel who represents them in this litigation, to represent them in connection with the criminal investigations and the Foam Litigation ("Separate Counsel"). It is expected that some of these Separate Counsel will represent the Direct Action Plaintiffs in connection with the Downstream Depositions. Most of the individual deponents also are represented by separate counsel for purposes of the Downstream Depositions ordered in this litigation, the criminal investigations and/or the Foam Litigation ("Individual Separate Counsel").

In order for Separate Counsel and Individual Separate Counsel to adequately represent

their clients in connection with the downstream depositions, the criminal investigations, and the Foam litigation, they require access to material produced in this litigation that has been or may be designated "Confidential" or "Highly Confidential" under paragraph 1 of the Protective Order dated November 22, 2005 in this litigation.  Under the current terms of the Protective Order, however, protected material produced in this litigation can only be used in this litigation.  Separate Counsel and Individual Separate Counsel representing Direct Action Plaintiffs and witnesses in the criminal investigation and Foam Litigation therefore are concerned that absent a modification of the Protective Order, they might face assertions of improper use in connection with the criminal investigations and the Foam Litigation to the extent Confidential or Highly Confidential materials are disclosed to them.

This amendment is intended to modify paragraphs 1(f), 3, 4(b), 5(b) and 10 of the referenced Protective Order to permit Separate Counsel and Individual Separate Counsel access to the Confidential and Highly Confidential material produced in this litigation, as described and limited above, and to permit such counsel to use information learned or derived from that material not only for purposes of this litigation, but also in connection with the representation of their clients in the criminal investigations and the Foam Litigation.  Provided, however, no documents designated "Confidential" or "Highly Confidential" in this litigation, including deposition transcripts, shall be produced in response to any discovery request or other legal process or submitted in the criminal investigations or the Foam litigation absent consent of the designating party or further Order of this Court.

Separate Counsel or Individual Separate Counsel will be provided access only after they have acknowledged their agreement to be bound by the November 22, 2005 Protective Order, as amended hereby, by signing the Certification attached hereto as Exhibit A.

This order is binding on all parties to this action and all non-parties who have requested the protection of this Order by signing the attached Exhibit A, and this Order shall remain in force and effect until modified, superseded or terminated by consent of the parties or by further Order of the Court.

IT IS SO ORDERED.

Dated October 21, 2011, at Kansas City, Kansas.

                                            s/ James P. O'Hara  
                                            James P. O'Hara  
                                            U.S. Magistrate Judge