# EXHIBIT A

## CLASS PLAINTIFFS' PLAN OF ALLOCATION AND DISTRIBUTION
## FOR THE HUNTSMAN AND BASF SETTLEMENT FUNDS

Pursuant to the Settlement Agreement between Huntsman International LLC ("Huntsman") and Plaintiffs dated May 27, 2011 (the "Huntsman Settlement") and the Settlement Agreement between BASF Corporation ("BASF") and Plaintiffs dated September 21, 2011 (the "BASF Settlement"), both Huntsman and BASF are paying the agreed settlement amounts ("Settlement Funds") in three annual installments.  Accordingly, Plaintiffs plan to distribute the Huntsman and BASF Settlement Funds to Class Members in several distributions as the settlement proceeds become available.  Unless otherwise ordered by the Court, steps 1 through 6 below will apply to the first distribution of the Huntsman and BASF Settlement Funds, and steps 6 and 7 will apply to all subsequent distributions.

### 1.   Distribution and Submission of Personalized Claim Forms

Subject to this Court's approval, Rust Consulting, LLC ("Rust"), the claims administrator approved by the Court, will prepare and mail proof of claim forms, substantially in the form attached as Appendix A to this Plan, to all members of the Litigation Class.  The mailing list was derived from the Defendants' transactional databases, as synthesized by Plaintiffs' expert consultants.  Rust has updated the mailing list in the course of administering earlier notice programs in this matter and the initial and final distributions of the Bayer Settlement Fund, and it will further update it prior to mailing based on the National Change of Address -- or similar -- database.

The proof of claim form specifies that only members of the certified Litigation Class ("Class Members") are entitled to a distribution, and identifies Class Members as those who purchased Polyether Polyol Products (defined in the form) directly from a Defendant (defined in the form) in the United States and its territories at any time from January 1, 1999 through

December 31, 2004 who are not excluded because they are defendants or governmental entities or because they timely elected to exclude themselves from the Litigation Class.

Class Members must submit a claim form to be eligible to receive distributions from the Huntsman and Bayer Settlement Funds.

The proof of claim form explains that the Net Settlement Funds will be distributed on a *pro rata* basis. Net Settlement Funds are the monies deposited into the Huntsman Escrow Account and the BASF Escrow Account at R.B.S. Citizens N.A. pursuant to the Huntsman and BASF Settlement Agreements and accompanying Escrow Agreements, plus all accrued interest on those accounts, minus all attorneys' fees and expenses awarded by the Court, reasonable fees and costs associated with settlement administration, tax payments and tax preparation fees associated with the Escrow Accounts, and any other reserves or payments that the Court orders to be withheld from distribution.

The claim form also explains that Class Members' recovery will be based on their purchases of eligible Products (as defined in the form) from all of the Defendants during the Class Period. Using data obtained from records provided by the Defendants and synthesized by Plaintiffs' expert consultant, Rust will prepare a personalized claim form for each Class Member and identify the dollar value of the Class Member's purchases of eligible Products during the Class Period from each of Bayer, BASF, Dow, Huntsman and Lyondell.

Finally, the claim form directs Class Members to the Polyether Polyol Settlement website for a list of trade names for eligible Products. Based on their experience with the Bayer Settlement, Class Counsel determined that it would be much more efficient and cost effective to post a list of Eligible Products on the website than to mail the list to Class Members with the claim form.

Utilizing the pre-printed claim form will save most Class Members substantial time and effort they might otherwise have to devote to tracking down, compiling and submitting documentation in support of their claim.  It also will reduce the time necessary for reviewing and processing claims and hence advance the date of ultimate distribution of funds to Class Members.  If Class Members believe the pre-printed purchase data is inaccurate, they may provide their own purchase data as long as it is supported by adequate proof such as direct invoices, purchase orders, or cancelled checks.

The claim form is substantially similar to that used for distribution of the Bayer Settlement Fund but has been revised to reflect differences in the definitions of the Settlement and Litigation Classes, to clarify some claim filing procedures, and to encourage claimants to consolidate multiple proof of claim forms into one master claim.

To make a claim and receive distributions from the Huntsman and BASF Settlement Funds, a Class Member must return a properly completed claim form to Rust postmarked no later than forty-five (45) days from the date the proof of claim form was mailed to the Class Member.

## 2.   Processing and Review of Claims

Rust will review and process all submitted claims, under the supervision and guidance of Class Counsel.  Rust first will determine whether a claim form is timely, properly completed, and signed.  In processing and reviewing the claims, Rust will use reasonable efforts within a reasonable time to contact and provide additional notice to Class Members who have not submitted a claim by the claims deadline.  In determining whether to accept or reject a late claim, Class Counsel will consider whether acceptance of the claim would significantly delay the distribution of the settlement funds or related proceedings.

If Rust reasonably determines that it needs further information or documentation to properly process a claim, Rust will so notify the claimant in writing.  The notification will explain how the claimant can cure the deficiency and provide a reasonable deadline (generally twenty-five (25) days from the mailing date of the deficiency notification) for submitting a curing response to Rust.  If a claimant fails to correct the deficiency within the time specified, the claim may be rejected in whole or in part.

Rust will classify all claims as either "Eligible" or "Ineligible."  Rust will further classify "Eligible Claims" as:  (i) claims recommended for approval as filed; (ii) claims recommended for approval but with modification; or (iii) late claims recommended for acceptance because they would have been Eligible Claims if filed on time and their acceptance will not substantially delay claims administration.  Rust will classify as "Ineligible Claims" those claims that it recommends for rejection and will identify the basis for such rejection.

Class Counsel will review the list of Eligible and Ineligible Claims and may accept, reject, or modify Rust's decisions.  Upon completion of this claims-review process, Class Counsel will ask the Court to schedule the Distribution Hearing described below.  After the Distribution Hearing has been scheduled, Rust will send written notice to all claimants whose claims were reduced or deemed Ineligible.  The notice will state the reason(s) for claim reduction or rejection; identify the purchase data Rust deems to be appropriate for purposes of calculating the claimant's settlement share (the claimant's "Recognized Loss Amount"); and explain the claimant's right to appeal the determination to the Court and the process for making such an appeal.

### 3.   Calculation of Class Member *Pro Rata* Shares and Distribution Amounts

Once Class Counsel determine which claims are recommended for approval (as submitted or as modified) and each claimant's Recognized Loss Amount, Rust will calculate each claimant's *pro rata* share of the settlements.  Each claimant's share will be in proportion to the total amount of claims approved, calculated as a fraction, the numerator being the sum of that claimant's eligible purchases in dollars (the Claimant's Recognized Loss Amount), and the denominator being the sum of all approved claimants' eligible purchases in dollars (the Total Recognized Losses).  Rust will multiply the resulting fraction for each claimant by the dollar amount of the monies to be distributed from the Huntsman and BASF Settlement Funds to obtain the dollar value of each claimant's distribution payment.

### 4.   Submission of a Recommended Schedule of Distribution

After Rust calculates each claimant's *pro rata* share and estimated distribution from the Net Settlement Funds, Class Counsel will ask the Court to schedule a Distribution Hearing.  Upon being informed of the hearing date, Class Counsel will direct Rust to send written notice to all claimants whose claims are recommended for rejection or reduction.  The notice will inform such claimants of the reason for the recommendation, the Recognized Loss Amount calculated by Rust, the procedure and deadline for filing objections to individual claim determinations, and the time, date and location of the Distribution Hearing.  Rust will mail these Distribution Hearing notices at least twenty-one (21) days before the date of the Distribution Hearing.

Shortly after being notified of the Distribution Hearing date, Class Counsel will file a Recommended Schedule of Distribution and supporting affidavit for the Court's final review and approval.  The affidavit will explain the tasks performed and methodologies employed by Rust in processing the claims and administering the settlements.  The Recommended Schedule of

Distribution will list the Recognized Loss Amount, *pro rata* share of the settlement funds, and estimated distribution amount for each Eligible Claim.  The Recommended Schedule of Distribution also will list the claims recommended for reduction or rejection, if any, and the reason for modification or rejection.  To preserve their privacy, claimants will be identified only by claim number in the Recommended Schedule of Distribution.

### 5.   The Distribution Hearing

At a date and time determined by the Court, the Court will consider the Recommended Schedule of Distribution, together with any objections to individual claim determinations.  Any appeal by a claimant must be submitted to the Court, with copies sent to Rust and Class Counsel, at least ten (10) days before the Distribution Hearing date.  Class Counsel may file responses no later than five days before the Distribution Hearing.  At or following the hearing, the Court will enter an order consistent with the Court's determinations.

### 6.   Payment to the Claimants

Once the appeal period has run on the Court's order approving a Schedule of Distribution (whether as presented or as modified by the Court), the Escrow Agent for the Huntsman Escrow Account and the BASF Escrow Account will release the Net Huntsman Settlement Funds and the Net BASF Settlement Funds to Rust, which will deposit them into a single Distribution Account. Rust will issue a check payable to each claimant in an amount corresponding to its *pro rata* share of the funds to be distributed, as approved by the Court.  Rust will use reasonable efforts to locate any claimants whose checks are returned as undeliverable.

All settlement checks issued by Rust will bear an expiration date.  Rust will use reasonable efforts to encourage claimants to negotiate checks before they expire and may reissue checks to claimants whose checks have expired.  Rust will void expired checks that are not

negotiated within a commercially reasonable period of time.  The monies represented by voided checks that are not reissued shall revert to the Distribution Account and, unless the Court orders otherwise, shall be redistributed in the next distribution to claimants who negotiated their prior distribution payment.

### 7.   Subsequent Distributions

Unless otherwise ordered by the Court, the *pro rata* shares calculated by Rust for the initial distribution of the Huntsman and BASF Settlement Funds shall apply to all subsequent distributions as well.  Claimants do not have to submit additional claim forms to receive subsequent distributions, but they do need to inform Rust in writing of any change of address or change of name.

Plaintiffs will request leave of Court for each distribution to Claimants of the Huntsman or BASF Settlement Funds and Rust will update the settlement website, www.PolyetherPolyolSettlement.com, to reflect such requests.  Plaintiffs will not provide individual, advance notice of the distributions to Class Members.

### 8.   Payment of Rust's Invoices

Rust will submit monthly invoices to Class Counsel detailing the work Rust has performed and the expenses incurred in the prior month in the course of administering the Huntsman and BASF Settlements.  Class Counsel will review such invoices, seek clarification or modification as needed, and submit invoices for reasonable and necessary fees and expenses to the Escrow Agents with a written request that the invoices be paid from the appropriate Escrow Account(s).  Each motion for leave to distribute net settlement funds will report on the progress and cost of claims administration to date, and Class Counsel will submit any additional status reports that the Court may request.

# APPENDIX A

To Class Plaintiffs' Plan Of Allocation And Distribution For The Huntsman And BASF Settlement Funds:

Proposed Proof of Claim Form

Urethane Antitrust Litigation – Polyether Polyol Cases
c/o Rust Consulting, Inc.
P.O. Box 24628
West Palm Beach, FL 33416

**IMPORTANT COURT-ORDERED DOCUMENT**

<<|||||||||||||||||||||||||||||||>>
B A R C O D E

Claimant ID #«Claimant_ID» - «Sequence»
«Name_1»
«Name_2»
«Name_3»
«Address_1»
«Address_2»
«City», «State»  «Zip5» «Zip4»

For Official Use Only

01

☐  **Please check the box AND correct the name or address if different from information on left:**

_____

_____

_____

**IN RE: URETHANE ANTITRUST LITIGATION**
United States District Court for the District of Kansas
MDL No. 1616 – Civil No. 2:04-md-1616-JWL

## PROOF OF CLAIM FORM — HUNTSMAN AND BASF SETTLEMENTS

**Important Notice**: If you are a Litigation Class Member, you can submit a claim without collecting any documentation from your files.

**To receive your share of the Huntsman and BASF settlement funds, you <u>must</u> send a completed, signed, and certified proof of claim to the Claims Administrator, postmarked on or before _____, 2012, to the following address**:

Urethane Antitrust Litigation – Polyether Polyol Cases
c/o Rust Consulting, Inc.
P.O. Box 24628
West Palm Beach, FL 33416
877-741-1226

Because Huntsman International LLC and BASF Corporation are making their settlement payments in 3 annual installments, the Net Settlement Funds also will be distributed in installments over a period of years.  This claim form will cover all distributions from the Huntsman and BASF Settlement Funds.  Please note that you must submit this claim form to obtain your share of the Huntsman and BASF Settlement Funds even if you submitted a claim in the Bayer Settlement.  If you have any questions concerning the Proof of Claim, or if you change your address, please contact the Claims Administrator at the above address.

You are only entitled to a distribution if you are a member of the certified Litigation Class.  You are a member of the certified Litigation Class if you purchased Polyether Polyol Products (defined below) directly from a defendant (defined below) at any time from January 1, 1999 through December 31, 2004 in the United States and its territories.  Excluded from the Class are any defendants, their employees, and their respective parents, subsidiaries and affiliates; all who timely elected to exclude themselves from the class; and all governmental entities.

Polyether Polyol Products are: propylene oxide-based polyether polyols; monomeric or polymeric diphenylmethane diisocyanates (MMDI or PMDI – collectively, MDI); toluene diisocyanates (TDI); MDI-TDI blends; and propylene oxide-based polyether polyol systems (except those that also contain polyester polyols).





Defendants are:  Bayer AG, Bayer Corporation, Bayer MaterialScience LLC (f/k/a Bayer Polymers, LLC), BASF SE (f/k/a BASF AG), BASF Corporation, The Dow Chemical Company, Huntsman International LLC and Lyondell Chemical Company.

If you are *not* a Class Member, including because you previously excluded yourself from the Litigation Class, you are not entitled to a distribution and should *not* submit this Proof of Claim form.

This Proof of Claim, even if prepared by a third party, must be completed, signed and certified by the Class Member.  The Claims Administrator is authorized to request from persons or entities submitting proofs of claim any documentation necessary to verify all information appearing in the Proof of Claim and to prevent claim duplication.  Failure to provide requested information may constitute grounds for rejection of the Proof of Claim.

**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.**
**THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.**

---

### PART 1:  CLAIMANT IDENTIFICATION
(Use Blue or Black Ink)

Please type or neatly print all information:

Federal Employer Tax Identification Number (FEIN):

Any other names by which you have been known, including FEIN, during the period January 1, 1999 through December 31, 2004:

Person to contact if there are questions regarding this claim:

Daytime phone number:

Fax number:

Email address:



## PART 2:  CLAIMANT PURCHASE DATA

As described in the Plan of Allocation, each Class Member's claim is based on the amounts such Class Member paid for purchases of propylene oxide-based polyether polyols; monomeric and polymeric diphenylmethane diisocyanates (MMDI or PMDI – collectively, MDI); toluene diisocyanates (TDI); MDI-TDI blends; or propylene oxide-based polyether polyol systems (except those that also contain polyester polyols) (collectively, "Products"), directly from Defendants Bayer AG, Bayer Corporation, Bayer MaterialScience LLC (f/k/a Bayer Polymers, LLC) (collectively, "Bayer"), BASF SE (f/k/a BASF AG), BASF Corporation (collectively, "BASF"), The Dow Chemical Company ("Dow"), Huntsman International LLC ("Huntsman"), and Lyondell Chemical Company ("Lyondell") during the period January 1, 1999 through December 31, 2004 (the "Claims Period"). The Net Huntsman and BASF Settlement Funds will be distributed on a *pro rata* basis, with Class Members' purchases of the relevant Products from <u>all</u> of the Defendants during the Claims Period serving as the basis for the calculation.   A list of the trade names of the eligible Products is available online at www.PolyetherPolyolSettlement.com.

**Based on information received from Bayer, BASF, Dow, Huntsman and Lyondell, your pre-printed total net payments (net of freight charges, discounts, etc.) for Products during the Claims Period (January 1, 1999 - December 31, 2004) are listed below.  If you disagree with the pre-printed information, please enter the correction in the space provided and attach documentation in support of the corrections.**

| DEFENDANT-SUPPLIER | AMOUNT | CORRECTIONS |
|---|---|---|
| **Bayer** | <<purchase amount>> | |
| **BASF** | <<purchase amount>> | |
| **Dow** | <<purchase amount>> | |
| **Huntsman** | <<purchase amount>> | |
| **Lyondell** | <<purchase amount>> | |
| **TOTAL** | **<<total purchase amount>>** | |

<u>**You do not need to attach any additional information in order to submit a claim in the pre-printed Amounts**</u>.  **However, <u>you MUST attach documentation in support of any correction</u>.**

The stated Amounts above may differ from the purchase Amounts that appeared earlier on your Bayer settlement claim form. Any such differences are likely the result of the fact that (a) the Bayer settlement covered a slightly different set of Products than do the Huntsman and BASF Settlements (*i.e.*, certain purchases that qualified for a distribution under the Bayer settlement may not qualify under the Huntsman and BASF Settlements), and/or (b) the stated Amounts above were derived from a different, better refined set of transaction data obtained from the Defendants since the Bayer settlement claim process.

If you believe that any of the stated Amounts above are incorrect, you may provide corrected purchase information in the space provided above ("Corrections").  You **must** provide proof to support the corrected amount and identify the Defendant-supplier, product name and type, date of purchase, and net purchase amounts (in U.S. dollars).  Electronic transaction summaries or similar records are preferred.  You must have purchased directly from one of the Defendants and not through an intermediary such as a wholesaler or distributor.  Provide net purchase amounts:  total purchases net of returns, rebates, chargebacks, and other debits, credits, or price adjustments.  If you received and are correcting multiple Proof of Claim forms, please provide supporting documentation for all of them.  Each form contains a discrete Claimant ID Number in the address block on the first page.  You do not need to disaggregate your sales data by Claimant ID No. but you must file all Proof of Claim forms received.

If you appeared in Defendants' records under other names or at different locations, you and related entities and locations may receive multiple but non-duplicative Proof of Claim forms, each with a unique Claimant ID Number (located in the address block on the first page).  In those circumstances, you are encouraged to combine all of your claims into one Proof of Claim.  To do so, you must mail all the proofs of claim to the Claims Administrator with a written request specifying which Claimant ID numbers to combine and designating one of them as the master claim.

## PART 3:  SUBMISSION TO JURISDICTION OF THE COURT

By signing below, you are submitting to the jurisdiction of the United States District Court for the District of Kansas with respect to the claim you are making as a Class Member and for purposes of enforcing the Release set forth below.

## PART 4:  RELEASE AND VERIFICATION

If you are a Class Member, whether or not you submit a Proof of Claim form and sign below, you have already released and discharged forever to the fullest extent of the law all Settled Claims against the Releasees.  By signing below, you covenant and agree that you shall not hereafter seek to establish liability against any Releasees, in whole or in part, for any of the Released Claims.  By signing below, you are verifying that you have not assigned or transferred (or purported to assign or transfer) any matter released, pursuant to this release or any other part or portion thereof.  You are further verifying under penalty of perjury that the information provided in this Proof of Claim is accurate and complete.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information provided by the undersigned is true and correct and that this Proof of Claim was executed this _____ day of _____,

2012 in _____, _____.

           (city)                    (state / country)

Name:

Capacity or title:

Signature:

Date:

The completed Proof of Claim and the information it contains will be treated as confidential and will be used solely for purposes of administering the settlement.

