IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: Polyether Polyols Cases | |

**CONSOLIDATED REPLY MEMORANDUM OF LAW IN SUPPORT OF CLASS PLAINTIFFS' SETTLEMENT-RELATED MOTIONS**

Pursuant to paragraph nine of the Court's September 28, 2011 Order (Doc. 2080), Class Plaintiffs submit this Consolidated Reply Memorandum to report that to date no Class members have objected to *Class Plaintiffs' Motion for Final Approval of Settlement with BASF Corporation* (Doc. 2137, the "Final Approval Motion"), *Class Plaintiffs' Motion for Approval of Their Plan of Allocation and Distribution for the Huntsman and BASF Settlement Funds and Authorization to Carry Out All Steps Necessary to Effectuate the Plan* (Doc. 2139, the "Allocation Motion"), or *Class Plaintiffs' Petition For Award Of Attorneys' Fees and Reimbursement Of Litigation Expenses* (Doc. 2142, the "Fee Petition").

The Class was informed of these three motions via the Court-approved notice, distributed to the Class on October 12, 2011. *See* Mailing Decl. of Robin M. Niemiec Re: Mailing of BASF Settlement Notice ¶ 5 & Ex. A (Doc. 2180, "Niemiec Declaration").[1] The notice describes the settlement with BASF, the proposed plan of allocation, and the award of attorneys' fees and litigation-expense reimbursement that counsel are seeking. The notice also explains that copies of the Final Approval Motion, Allocation Motion and Fee Petition would be available for

---

[1] The Niemiec Declaration correctly reports that Rust mailed 7,525 notices to the Class. *See id.* ¶ 5. Class Plaintiffs' Memorandum of Law in Support of the Final Approval Brief erroneously had reported that more than 9,000 notices had been mailed. *See* Doc. 2138 at 2 n.3.

download at the Urethane Settlement website as of November 2, 2011; outlines how to submit objections; and states that objections must be filed with the Court, postmarked no later than November 23, 2011, with copies served on Class Counsel and counsel for BASF and Huntsman. *See id.*, Ex. A at 2-3.

As of today, no objections to the Final Approval Motion, Allocation Motion or the Fee Petition have been filed with the Court or served on counsel. As numerous courts have observed, "[a] lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable." *In re Auto. Refinishing Paint Antitrust Litig.*, 2008 WL 63269, at *4 (E.D. Pa. Jan. 3, 2008) (citation omitted).[2] The absence of objections is particularly significant in this case given that the Class consists mostly of sophisticated businesses that could be expected to object to a settlement agreement or plan of allocation they perceived as unfair, or to a fee petition they viewed as unreasonable.[3]

---

[2]  *See also Droegemueller v. Petroleum Dev. Corp.*, 2009 WL 961539, at *4 (D. Colo. Apr. 7, 2009) ("The absence of any Class members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees.") (citations omitted); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *3 (S.D. Ohio Oct. 23, 2008) (absence of objections "supports the conclusion that class members do not oppose the proposed settlement"); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 342 (E.D. Pa. 2007) (noting absence of objections and approving proposed plan of distribution); *Williams v. Sprint/United Mgmt. Co.*, 2007 WL 2694029, at *6 (D. Kan. Sept. 11, 2007) (awarding fees, noting absence of objections to the award).

[3]  *See, e.g., Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F. Supp. 2d 322, 338 (E.D. Pa. 2007) ("The absence of objections to the requested attorneys' fees in this case is particularly notable given the sophisticated nature of the absent Class Members."); *Vista Healthplan, Inc. v. Warner Holdings Co. III*, 246 F.R.D. 349, 364 (D.D.C. 2007) (finding "the lack of objections is significant because the Class is made up of thousands of sophisticated healthcare companies"); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 254-55 (D. Del. 2002), *aff'd*, 391 F.3d 516 (3d Cir. 2004) ("these are sophisticated businesses with, in some cases, large potential claims, and they could be expected to object to a settlement they perceived as unfair or inadequate").

The Class's tacit assent to these motions provides strong support for finding that the BASF Settlement is fair, reasonable and adequate; that the plan of allocation is a fair, reasonable and adequate method of allocating the Huntsman and BASF Settlement Funds among the Class; and that one-third of the combined settlement funds is a reasonable fee award in this case. *See Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1313 n.15 (3d Cir. 1993) (in the class-action context, "silence constitutes tacit consent"). Accordingly, for the foregoing reasons, and for the reasons set forth in the Final Approval Motion, the Allocation Motion and the Fee Petition, Class Plaintiffs respectfully request that the Court grant their Motions and their Petition and enter the proposed Orders submitted therewith.

Dated:  December 7, 2011                          Respectfully submitted,

 

                                                /s/  Robert W. Coykendall
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Cohen Milstein Sellers & Toll, PLLC |
| Paul Costa | 1100 New York Avenue, NW, Suite 500 |
| Fine, Kaplan and Black, R.P.C. | Washington, DC  20005 |
| 1835 Market Street, 28th Floor | Tel:  (202) 408-4600 |
| Philadelphia, PA  19103 | Fax:  (202) 408-4699 |
| Tel:  (215) 567-6565 | |
| Fax:  (215) 568-5872 | |

**Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

  I, the undersigned, do hereby certify that on this 7th day of December, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester  
Johnson & Colmar  
2201 Waukegan Rd., Suite 260  
Bannockburn, IL 60015  

Michael F. Tubach  
O'Melveny & Myers, LLP  
Two Embarcadero Center, 28th Floor  
San Francisco, CA 94111-3823  

Daniel R. Karon  
Goldman Scarlato & Karon, P.C.  
700 W. St. Clair Ave., Suite 204  
Cleveland OH 44113  

Donna Siegel Moffa  
Trujillo Rodriquez & Richards, LLP  
258 Kings Highway East  
Haddonfield, NJ 08033  

Simon Bahne Paris  
David J. Cohen  
Patrick Howard  
Saltz Mongeluzzi Barrett & Bendesky, P.C.  
1650 Market Street  
One Liberty Place, 52nd Floor  
Philadelphia, PA 19103  

Judith A. Shimm  
Zelle, Hofmann, Voelbel, Mason & Gette, LLP  
44 Montgomery Street, Suite 3400  
San Francisco, CA 94104  

William J. Pinilis  
Pinilis Halpern, LLP  
160 Morris Street  
Morristown, NJ 07960  

Andrew B. Sacks  
Sacks & Weston, LLC  
114 York Rd.  
Jenkintown, PA 19046-3233  

Krishna Narine  
Schiffrin & Barroway LLC  
280 King of Prussia Road  
Radnor, PA 19087  

                s/Robert W. Coykendall  
                Robert W. Coykendall, #10137