### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **IN RE: URETHANE ANTITRUST** | ) | **MDL 1616** |
| **LITIGATION** | ) | **Civil No. 04-md-01616-JWL** |
| | ) | |
| | ) | |
| **This Document Relates To:** | ) | |
| **The Polyether Polyol Cases** | ) | |
| | ) | |

### ORDER APPROVING INITIAL DISTRIBUTIONS
### FROM THE HUNTSMAN AND BASF  SETTLEMENT FUNDS

AND NOW, this 26th day of November, 2012, upon consideration of Class Plaintiffs'

Motion To Approve  Distributions From The Huntsman and BASF Settlement Funds, Dkt. No.

2494 ("BASF/Huntsman Distribution Motion"), the Declaration of April Hyduk in support

thereof, and the entire record in this matter, IT IS HEREBY ORDERED AND ADJUDGED as

follows:

1.      The procedures used, actions taken, and determinations made by Claims

Administrator Rust Consulting, Inc. ("Rust") and Plaintiffs' Class Counsel for the administration

of the Huntsman and BASF Settlements are hereby adjudged to have been proper and complete,

and the administrative determinations of Rust and Class Counsel accepting, modifying, and

rejecting Claims filed in this matter are approved.

2.       The Court has reviewed the BASF/Huntsman Distribution Motion and the

Declaration of April Hyduk Re:  Claims Administration and Calculation In Support of Class

Plaintiffs' Motion To Approve Distributions From the Huntsman and BASF Settlement Funds

("Hyduk Declaration"), including the exhibits thereto, and the Supplemental Report filed on

November 21, 2012, and has considered any objections to the motion or Schedule of Distribution

that were filed.   After due consideration, the Court approves the Recognized Loss Amounts set forth in the Recommended Schedule of Distribution submitted to the Court on November 21, 2012, and the methodology for determining payment amounts for claimants.

3.     The Eligible Claims listed in Exhibit 1-A to the Recommended Schedule of Distribution are approved, as are the Recognized Loss Amounts for each claim.  The Conditionally Eligible Claims listed in Exibit 1-B to the Recommended Schedule of Distribution are approved, as are the Recognized Loss Amounts for each claim, provided each claimant provides a properly executed claim form to Rust on or before December 17, 2012.  These Eligible Claims and Conditionally Eligible Claims are henceforth referred to as the Authorized Claims.  The Authorized Claimants shall share in the distribution of the Huntsman and BASF Settlement Funds on a *pro rata* basis.

4.     The Ineligible Claims listed in Exhibit 1-C to the Recommended Schedule of Distribution are rejected and shall not receive a distribution of funds from the Huntsman and BASF Settlement Funds.

5.     The fees in the amount of $112,474 invoiced by InfoTech, Inc. were reasonable and necessary in connection with the administration of the Huntsman and BASF Settlements.  Class Counsel are authorized to direct the Escrow Agent to pay InfoTech's invoices in the amount of $112,474.

6.     Because $7,533.67 was transferred into the Huntsman Settlement Account from the Bayer Settlement Distribution Account due to checks that members of the Bayer Settlement Class did not negotiate, and because Rust has submitted invoices in the total amount of $6,497.13 for work it performed in completing the final distribution of the Bayer Settlement

Fund but for which it has not been paid, the Court authorizes payment to Rust of $6,497.13 from the Huntsman Settlement Account.

7.      Class Counsel reports that as of November 19, 2012, the balance of the Huntsman Settlement Fund, which is held in the Huntsman Settlement Escrow Account, totals $13,679,146.02, and the balance of the BASF Settlement Fund, which is held in the BASF Settlement Escrow Account, totals $21,065,651.15.   The Court finds that it is reasonable and advisable to exclude from distribution:

a.   $87,433 for anticipated fees and costs for claims administration through 2013;

b.   $112,474 to pay invoices submitted by InfoTech for its work in the claims administration process;

c.   $6,497.13 to pay Rust's outstanding invoice for services provided in connection with the final distribution of the Bayer Settlement Fund; and

d.   $992,447.48 in attorney's fees and expenses that the Court ordered to be paid from the Settling Defendants' first two settlement payment installments that have not yet been disbursed to counsel.

8.      The current balances of the Huntsman Settlement Escrow Account and the BASF Settlement Escrow Account minus $1,198,851.61 reserved for the purposes described in the preceding paragraphs 5 - 7 shall be transferred into a single Huntsman/BASF Distribution Fund. Rust is directed to distribute the monies in the Huntsman/BASF Distribution Fund to the Authorized Claimants listed in the Schedule of Distribution as approved by this Court, which complies with the Plan of Allocation approved by this Court.   Each Authorized Claimant shall receive his/her/its share of the Huntsman/BASF Distribution Fund as calculated by Rust, based

3

on the Authorized Claimant's Allowed Purchases as a proportion of the Huntsman/BASF Distribution Fund.

9.    Checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 90 Days" and no check shall be negotiated in the Huntsman/BASF Distribution Fund more than 120 days after the date of the check.

10.    One year after this Action is terminated and any and all related appeals have been decided or the time for filing appeals has lapsed, the Claims Administrator may destroy all claim forms and related correspondence.  The Claims Administrator shall, however, retain all administrative records, including its copy of the Recommended Schedule of Distribution, its claimants listings and its computer database and programs used to create the claimants listings, for a period of three (3) years after the termination of this Action and the disposition of any related appeals, at which time Rust may destroy electronic copies of claims records.

BY THE COURT:


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge