IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION  ) | |
| ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO: ) | |
| POLYETHER POLYOL CASES ) | |

**THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE
TO EXCLUDE ANY REFERENCE TO ALLEGED CONSPIRACIES
OR ILLEGAL CONDUCT OCCURRING BEFORE 1999**

The Dow Chemical Company ("Dow") moves the Court for an order excluding from trial any reference to or allegations about purported conspiracies or illegal conduct prior to 1999. The Class Plaintiffs have not alleged either the existence of any conspiracy or any illegal conduct prior to 1999. Any such assertions would be irrelevant to the claim in this case, confusing to the jury and highly prejudicial to Dow. Accordingly, Dow asks the Court to grant this motion pursuant to Fed. R. Evid. 402 and 403.

The Class Plaintiffs allege that Dow violated the Sherman and Clayton Acts "from January 1, 1999 through December 31, 2003."[1] Pretrial Order (Doc. 2374) at 4. The Class Plaintiffs' assertions about impact and damages from the alleged conspiracy are similarly tied to the 1999-2003 time period. *Id*. at 7. There are no claims in this case tied to pre-1999 conduct. Indeed, the Class Plaintiffs make no allegations at all in the Pretrial Order about conduct of any kind prior to 1999.

---

[1] As the Court is aware, the Class Plaintiffs originally claimed that Dow's purported antitrust violations continued through 2004.

Under these circumstances, any reference to or allegations of an alleged conspiracy or illegal conduct prior to 1999 would be irrelevant to the claim asserted by the Class Plaintiffs. "'Relevant evidence' means evidence having any tendency to make the existence of any fact *that is of consequence* to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 adv. comm. note. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Any allegations about pre-1999 conduct, including any conspiracy or other illegal conduct, should be barred under Rules 401 and 402.

Furthermore, permitting such allegations would create confusion for the jury and subject Dow to the danger of unfair prejudice. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Evidence should be excluded under Rule 403 if a "tendency to cause jury confusion or unfair prejudice" exists. *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005). Both exist here. Allegations of improper conduct pre-1999 is likely to divert the jury's attention away from the events occurring within the class period and could cause the jury to decide the case on improper basis. *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991) (holding that evidence is unfairly prejudicial when it will have an "undue tendency to suggest decision on an improper basis").

Moreover, this case presents additional considerations that increase the risk of prejudice to Dow. For eight years, Dow has defended itself against the Class Plaintiffs' accusations.

While class counsel and their experts altered the time period of the alleged conspiracy after discovering that the original period they had pursued for many years yielded negative damages, the Class Plaintiffs have <u>never</u> maintained that their claim pre-dated 1999.  By contrast, the Direct Action Plaintiffs have a different theory, contending that the purported conspiracy reached back to 1994.  The Direct Action Plaintiffs have advised the Court that they will remand their claims to the United States District Court for the District of New Jersey where any trial would occur at some future point.[2]

If references to supposedly improper or conspiratorial conduct prior to 1999 are made in the trial of the Class Plaintiffs' claim, Dow would be placed in an untenable position.  If Dow did not address the pre-1999 assertions, the jury might more easily be confused or might improperly render a verdict based on the unaddressed pre-1999 assertions.  Forcing Dow to respond would inject a costly mini-trial into an already protracted trial and create a record about pre-1999 events that is both unnecessary to resolve the Class Plaintiffs claims and potentially impactful on any future proceedings between Dow and the Direct Action Plaintiffs.

For the foregoing reasons, Dow asks the Court to grant this motion and exclude from trial any reference to or allegations of purported conspiracies or illegal conduct prior to 1999.

---

[2] *See* Pretrial Order at 2, n.2.

Dated:  November 30, 2012				Respectfully submitted,

STINSON MORRISON HECKER LLP

By */s/Brian R. Markley*
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

    David M. Bernick
    575 Lexington Ave., 7th Floor
    New York, NY 10022
    Telephone:  (212) 446-2356
    Facsimile:  (212) 446-2350

PAUL HASTINGS LLP

    Hamilton Loeb
    Jeremy P. Evans
    875 15th Street, N.W.
    Washington, DC 20005
    Telephone:  (202) 551-1700
    Facsimile:  (202) 551-1705

    Donald Morrow
    695 Town Center Drive
    Seventeenth Floor
    Costa Mesa, CA 92626
    Telephone:  (714) 668-6291
    Facsimile:  (714) 668-6391

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

## Certificate of Service

On November 30, 2012, a copy of **THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED CONSPIRACIES OR ACTS OCCURRING BEFORE 1999** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                                       */ s/ Brian R. Markley*
                                        Attorney for The Dow Chemical Company