IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) POLYETHER POLYOL CASES ) ) | Case No. 04-md-1616-JWL-JPO |

**THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE
TO PRECLUDE REFERENCE TO OR EVIDENCE OF
DOW'S OVERALL FINANCIAL CONDITION**

The Dow Chemical Company ("Dow") moves the Court, pursuant to Fed. R. Evid. 401, 402 and 403, to exclude at trial any reference to or evidence of Dow's overall revenues, assets, profits, or net worth.

"As a general rule, evidence of a party's financial condition is inadmissible, unless it is necessary to determine damages." *In re Motor Fuel Temperature Sales Practices Litig.*, 2012 U.S. Dist. LEXIS 90238, 76-78 (D. Kan. June 28, 2012) (citing *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983)); *see also Garcia v. Sam Tanksley Trucking, Inc.*, 709 F.2d 519, 522 (10th Cir. 1983) ("reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument"). Here, evidence of Dow's overall financial condition, including its gross revenues, assets and/or profits and the company's net worth, is not necessary to determine damages and should, therefore, be excluded.[1]

Dow is a highly diversified global company that manufactures more than 5,000 products at numerous sites in 36 countries. Only a handful of Dow's products are at issue in this case.

---

[1] In addition, evidence of wealth is not relevant. *See Borders v. Arch Aluminum & Glass Co., Inc.*, Case No. 07-2188-JPO, 2008 U.S. Dist. LEXIS 105360, at *6-7 (D. Kan. Dec. 30, 2008).

Dow does not seek to exclude financial evidence related to the products at issue: MDI, TDI, polyether polyols and associated systems. But any reference to Dow's overall financial condition, such as company-wide revenues, profits and the like is not relevant. Accordingly, such evidence should be excluded. Fed. R. Evid. 401, 402.

In addition, the admission of evidence about Dow's overall financial condition would subject Dow to the danger of unfair prejudice and create confusion into the record the jury must assess. The admission of such evidence would erroneously imply that wealth is relevant to the merits of this case, and would improperly invite the jury to award damages simply because of the size and financial strength of Dow. The United Supreme Court has repeatedly admonished that "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *E.g.*, *State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) (quoting *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)). As a result, evidence of Dow's overall financial condition should also be excluded pursuant to Fed. R. Evid. 403.

For the reasons set forth above, Dow respectfully requests an order excluding any reference to or evidence of Dow's overall revenues, assets, profits, or net worth at trial.

Dated: November 30, 2012

Respectfully submitted,

STINSON MORRISON HECKER LLP

By *s/Brian R. Markley*
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

    David M. Bernick
    575 Lexington Ave., 7th Floor
    New York, NY 10022
    Telephone:  (212) 446-2356
    Facsimile:  (212) 446-2350

PAUL HASTINGS LLP

    Hamilton Loeb
    Jeremy P. Evans
    875 15th Street, N.W.
    Washington, DC 20005
    Telephone:  (202) 551-1700
    Facsimile:  (202) 551-1705

    Donald Morrow
    695 Town Center Drive
    Seventeenth Floor
    Costa Mesa, CA 92626
    Telephone:  (714) 668-6291
    Facsimile:  (714) 668-6391

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

## Certificate of Service

On November 30, 2012, a copy of **THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO FINANCIAL CONDITION** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

    *s/ Brian R. Markley*
    Attorney for The Dow Chemical Company

7162667.3