IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| | ) | |
| IN RE URETHANE ANTITRUST LITIGATION | ) | |
| | ) | |
| | ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO: | ) | |
| POLYETHER POLYOL CASES | ) | |
| | ) | |

**THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE
TO EXCLUDE REFERENCE TO OR ALLEGATIONS OF ANY PURPORTED
CONSPIRACY TO FIX THE PRICES OF POLYETHER POLYOLS SYSTEMS**

The Dow Chemical Company ("Dow") moves the Court for an order excluding from trial any reference to or allegations of a conspiracy to fix the prices for polyether polyols systems ("Systems"). The Class Plaintiffs do not claim that Dow conspired to fix the prices of Systems. Instead, the Class Plaintiffs assert that Dow participated in conspiracy to fix the price of MDI, TDI and polyols. While the Class Plaintiffs claim that the alleged conspiracy impacted purchasers of Systems, they do not allege that the purported price-fixing conspiracy extended to those products. Accordingly, any reference to or allegations of a conspiracy to fix the prices of Systems would be irrelevant to the claims in this case, create confusion for the jury and unfairly prejudice Dow. Accordingly, Dow asks the Court to grant this motion pursuant to Fed. R. Evid. 402 and 403.

In its class certification order, the Court recognized that "systems are heterogeneous, non-commodity, non-fungible products … that clearly are not subject to class certification based on the same rationale [as MDI, TDI and polyols]." Memorandum and Order (Doc. 708) at 21. The Class Plaintiffs argue nevertheless that the alleged conspiracy to fix the prices of MDI, TDI and polyols had a class-wide impact on purchasers of Systems made from one or

more of these chemicals.  *Id.*; *see* Pretrial Order (Doc. 2374) at 7 (Class Plaintiffs contend "that because polyether polyols systems are comprised overwhelmingly of MDI and polyether polyols, supra-competitive pricing for MDI and polyether polyols would have impacted the systems market as well.").  Thus, this case does not include a claim that Dow participated in a conspiracy to fix the prices of Systems.

As a result, any reference to or allegations of a conspiracy to fix the prices of Systems would be irrelevant to the claim actually asserted against Dow in this litigation.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact *that is of consequence* to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401 (emphasis added).  "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  Fed. R. Evid. 401 adv. comm. note.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Any allegations about a conspiracy to fix the prices of Systems should be barred under Rules 401 and 402.

Furthermore, permitting such allegations would create confusion for the jury and subject Dow to the danger of unfair prejudice.  Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."  Evidence should be excluded under Rule 403 if a "tendency to cause jury confusion or unfair prejudice" exists.  *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005).  That would be the case here.

The jury in this case will be asked to determine whether Dow entered into an illegal conspiracy related to MDI, TDI and polyols.  While the Class Plaintiffs have not articulated the

precise object of the conspiracy or the specific illegal agreement Dow supposedly entered, the products covered by the alleged conspiracy are MDI, TDI and polyols.  If the jury hears references to or allegations about a different conspiracy for one or myriad different Systems, the jury's confusion is inevitable.

Furthermore, Dow would be prejudiced.  Evidence is unfairly prejudicial when it will have an "undue tendency to suggest decision on an improper basis."  *Stump v. Gates*, 211 F.3d 527, 538 (10th Cir. 2000); *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991).  If references to or allegations about a different conspiracy are permitted, the jury could render a verdict based on an alleged conspiracy that is not at issue in this case.  Thus, such allegations are barred by Rule 403 as well.

For the foregoing reasons, Dow asks the Court to grant this motion.

Dated:  November 30, 2012

Respectfully submitted,

STINSON MORRISON HECKER LLP

By /s/Brian R. Markley
      Brian R. Markley, KS 17485
      1201 Walnut, Suite 2200
      Kansas City, Missouri 64106
      Telephone:  (816) 842-8600
      Facsimile:  (888) 290-2657
      Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

      David M. Bernick
      575 Lexington Ave., 7th Floor
      New York, NY 10022
      Telephone:  (212) 446-2356
      Facsimile:  (212) 446-2350

PAUL HASTINGS LLP

      Hamilton Loeb
      Jeremy P. Evans
      875 15th Street, N.W.
      Washington, DC 20005
      Telephone:  (202) 551-1700
      Facsimile:  (202) 551-1705

      Donald Morrow
      695 Town Center Drive
      Seventeenth Floor
      Costa Mesa, CA 92626
      Telephone:  (714) 668-6291
      Facsimile:  (714) 668-6391

FLOYD FINCH LAW OFFICES

      Floyd Finch
      1220 Washington Street, Suite 202
      Kansas City, Mo 64105
      Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

<u>**Certificate of Service**</u>

On November 30, 2012, a copy of **THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR ALLEGATIONS OF ANY PURPORTED CONSPIRACY TO FIX THE PRICES OF POLYETHER POLYOLS SYSTEMS** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

*/ s/ Brian R. Markley*
Attorney for The Dow Chemical Company

7343718.2