IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT THEIR OF MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO CLASS REPRESENTATIVES' OR CLASS MEMBERS ATTENDANCE OR NON-ATTENDANCE AT TRIAL

I.   INTRODUCTION

Class Plaintiffs submit this memorandum in support of their motion *in limine* to prevent Defendant The Dow Chemical Company ("Dow") from making any reference to the lack of attendance at trial by any Class Plaintiff, including any class representative. Such references have no relevance to the matters at issue in this dispute and would unfairly prejudice Class Plaintiffs. Accordingly, any such references should be precluded under Federal Rules of Evidence 401, 402, and 403.

II.  ARGUMENT

Dow should be precluded from making any reference to the presence or absence of class representatives or class members during part or all of the trial under Federal Rules of Evidence 401, 402, and 403.

The issues in this case are whether Dow conspired with its competitors to fix prices and the amount of damages such a conspiracy caused the class. The attendance of a class member or representative has absolutely no relevance to the matters at issue in

1

this case. *See* Fed. R. Evid. 401 (Relevant evidence "has *any* tendency to make the existence of a material fact more probable or less probable than it would be without the evidence."). *See, e.g., Dunkin v. Dorel Asia SRL*, 2012 WL 1033563, at *2 (D. Alaska Mar. 27, 2012) (holding that "reference to a party's absence during trial is irrelevant" and, thus, impermissible at trial). It is the very purpose of the class action procedure to consolidate the claims of thousands of individuals whose distance from the place of trial and availability may render attendance exceedingly difficult. *See, e.g.*, 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 1.02 at 1-5 (3d ed. 1992) ("The fundamental nature of a class suit is its representative status, i.e., it consists of a class representative and those absent members, who share a common interest but whose joinder is impracticable, who are *represented*." (discussing cases). Accordingly, the absence of these individuals should not be used to impugn Class Plaintiffs' case. *See* Transcript at pp. 75-77, *In re Universal Service Fund Telephone Billing Practices*, No. 02-md-1468-JWL (ECF No. 1003) (D. Kan. Oct. 7, 2008) (granting similar motion); *In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), Trial Transcript, *available at* http://www.abanet.org/antitrust/at-committees/at-trial/pdf/jury-instructions/DOC_00000027.pdf (pp. 2312-13) (last visited Nov. 20, 2012) ("You shouldn't construe the absence of any Class member in any way as a lack of concern or interest on his or her part in the outcome of the litigation. It is the purpose of this Class action procedure to avoid having to bring in a large number of people from all over, and their absence is not to be considered by you in reaching your verdict.") (read to jury on May 23, 2006); *In re Vitamins Antitrust Litig.*, MDL Docket No. 1285, Misc. No. 99-197 (TFH) (D.D.C), Jury Instruction No. 2, *available at*

http://apps.americanbar.org/antitrust/at-committees/at-trial/pdf/jury-instructions/vita.pdf (pp. 3-4) (last visited Nov. 20, 2012) (similar).

Furthermore, any reference to a class member's or class representative's presence or absence at trial would be unfairly prejudicial to Class Plaintiffs, and, therefore, should be prohibited under Federal Rule of Evidence 403. *See* Fed. R. Evid. 403. Dow should not be permitted to argue or imply that a class member's or class representative's absence in any way indicates that the class is uninterested or lacks dedication to or belief in its allegations. Such reference would be unfairly prejudicial because it may cause the jury to decide the case on an "improper basis"—for example, that the Class Plaintiffs' claims are meritless because the Class Plaintiffs' absence from trial indicates that they do not believe in their case, which is certainly untrue. Fed. R. Evid. 403, Advisory Committee's Notes. Moreover, any such reference contradicts the purpose of class actions, as explained above. *See In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), Trial Transcript, *available at* http://www.abanet.org/antitrust/at-committees/at-trial/pdf/jury-instructions/DOC_00000027.pdf (pp. 2312-13) (last visited Nov. 20, 2012).

## III. CONCLUSION

For the reasons stated above, Class Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude Dow from making reference before the jury to Class Plaintiffs' presence or absence at trial.

Dated: November 30, 2012                      Respectfully submitted,

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS 67202
Tel: (316) 262-2671
Fax: (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC 20005 |
| Philadelphia PA 19107 | Tel: (202) 408-4600 |
| Tel: (215) 567-6565 | Fax: (202) 408-4699 |
| Fax: (215) 568-5872 | |

**Class Plaintiffs' Co-Lead Counsel**

4

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Simon Bahne Paris
David J. Cohen
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Stacey Vu
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Peter D. St. Phillip, Jr.
Lowey, Dannenberg, Cohen & Hart, PC
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

Timothy P. Irving
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

William J. Linklater
Baker & McKenzie
One Prudential Plaza
300 East Randolph Street, Suite 5000
Chicago, IL 60601

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137