## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) ) ) ) | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | ) ) ) ) ) | |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION _IN LIMINE_ TO PRECLUDE EVIDENCE OR REFERENCE TO THE CLOSING OF THE DEPARTMENT OF JUSTICE CRIMINAL INVESTIGATION WITHOUT INDICTMENT OF DOW**

### I.    INTRODUCTION

Class Plaintiffs submit this memorandum in support of their motion _in limine_ to prevent Defendant The Dow Chemical Company ("Dow") from presenting evidence or referring to the fact that the United States Department of Justice ("DOJ") investigated this matter and closed its criminal investigation without indicting Dow or any other participant in the conspiracy and that no guilty pleas were entered. These facts have no probative value in this civil proceeding, and could lead the jury to conclude improperly that because no criminal charges were brought against Dow, it must not have participated in a price-fixing conspiracy.

### II.    ARGUMENT

Irrelevant evidence is inadmissible, Federal Rule of Evidence 402, and even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" Fed. R. Evid. 403. Both of these Rules of Evidence dictate that evidence and argument concerning the closure of the DOJ investigation, and the absence of guilty pleas or of charges or sanctions against Dow should not be permitted at trial.

## A.  Reference to Government Inaction is Inadmissible

The fact that Dow was not indicted or prosecuted for violating the antitrust laws is inadmissible.  Because of the higher standard of proof in criminal cases, even criminal *acquittals* – much less lack of indictment, prosecution or guilty pleas – are inadmissible in subsequent civil proceedings.  *U.S. v. Sutton*, 732 F.2d 1483, 1491-92 (10th Cir. 1984) ("a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted"); *see also McSweeney v. Utica Fire Ins. Co.*, 224 F.2d 327, 328 (4th Cir. 1955) ("[I]t has generally been held that an acquittal in a criminal case is not admissible in a civil action as evidence of the innocence of the accused"); *Stalnaker v. City of Charleston*, No. 90-2705, 1991 WL 87537, at *2 (4th Cir. May 29, 1991) (citing *Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306 (4th Cir. 1987)) ("[T]he general rule [is] that evidence of an acquittal is not admissible in a civil action that involves the same or similar circumstances as those involved in the underlying criminal case.").

Moreover, "[a]s a general rule, evidence that criminal charges were not brought [against a party] is inadmissible in a civil case arising out of the same events as the criminal charges."  *Goffstein v. State Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985); *see also Cedar Hill Hardware & Constr. Supply Inc. v. Ins. Corp. of Hanover*, No. 4:04CV743-DJS, 2006 WL 508315, at *4 (E.D. Mo. Mar. 1, 2006) (excluding evidence of absence of criminal charges pursuant to Federal Rules of Evidence 401 and 403).  Accordingly, the Court should preclude Dow from referring to the fact that it was not prosecuted, disciplined or sanctioned by the DOJ.

## B.  Reference to Government Inaction is Irrelevant

Evidence concerning the absence of guilty pleas, charges or sanctions against

Dow is also irrelevant to the jury's task of determining whether Dow committed a violation of the antitrust laws because the unexplained fact of government *inaction* does not tend to make Dow's liability more or less probable. In *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 664 (7th Cir. 2002), the Seventh Circuit held that the fact that "the Justice Department has not moved [civilly] against the alleged HFCS price-fixing conspiracy" could not be used to show that "there must not have been one." The Court explained:

> The Justice Department has limited resources; in the entire decade of the 1990s, it brought fewer than 200 civil antitrust cases, an average of fewer than 20 per year . . . [T]he Department may have felt that there was little to be gained, so far as securing greater compliance with the Sherman Act was concerned, by suing these defendants for fixing the price of HFCS. It may also have felt that the antitrust class action bar had both the desire and the resources to prosecute such a suit vigorously, as indeed it has done."

*Id.* at 664-65. Likewise, in *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985), the Third Circuit held that the admission of evidence of non-prosecution in an arson case was reversible error, noting that "evidence of non-prosecution is of very limited probative value in showing that there was no arson because of the higher burden of persuasion in a criminal case,"; "prosecutorial discretion may take into account many other factors not relevant in a civil suit"; and "[a]t best, the evidence of non-prosecution is evidence of an opinion by the prosecutor." *See also In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1011-1012 (E.D. Mich. 2010) (in ruling that the civil litigation could not be circumscribed or defined by the boundaries of the criminal investigations or plea agreements, the court noted that it "accepts that there are a multitude of reasons why the government in a criminal investigation may limit or curtail its investigation, including the possibility that civil enforcement will step in where it decides, or is compelled, to conclude."); *J.W. v. City of Oxnard*, No. CV 07-

06191CAS, 2008 WL 4810298, at *22 (C.D. Cal. Oct. 27, 2008) (The court noted the evidence of the absence of criminal charges was inadmissible in a civil trial because "[t]he decision not to prosecute is highly discretionary and demonstrates nothing more than the opinion of the prosecutor . . . All that the decision not to prosecute can accurately show is that the District Attorney was of the opinion that the case should not be prosecuted. This minimal probative value is outweighed by the possibility that jurors unfamiliar with the judicial process might be misled."). *See also Cedar Hill Hardware & Constr. Supply Inc.,* 2006 WL 508315, at *4 (excluding evidence of absence of criminal charges pursuant to Fed. R. Evid. 401 and 403).

In *In re Carbon Black Antitrust Litigation,* No. 03-CV-10191-D, 2005 WL 2323184, at *1-2 (D. Mass. Sept. 8, 2005) (citing *In re High Fructose Corn Syrup,* 295 F.3d at 664-65), the court emphasized that it would not permit defendants to introduce evidence of the closing of a criminal investigation, stating:

> Needless to say, the defendants will not be permitted to introduce evidence on the merits that the closing of the investigations is somehow evidence that no conspiracy exists. The First Circuit has warned in the criminal context that introducing evidence of prior dismissal of a case could impermissibly lead "the jury into thinking that a defendant was innocent of the dismissed charge when no such determination has been made." *That reasoning applies in the civil context as well, and with event greater force when no case was even brought.*

*In re Carbon Black,* 2005 WL 2323184, at *1 (internal citation omitted) (emphasis added). Similarly, the court in *Static Control Components* excluded a Federal Trade Commission ("FTC") letter relating to a finding by the FTC that the "prebate program" at issue did not appear to call for antitrust enforcement action. *See Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 749 F. Supp. 2d 542, 556 (D. Ky. 2010). In doing so, "[t]he Court found that the letter must be excluded if offered for its truth" on the grounds that the defendants "could not use the FTC's decision not to take action as a

sword because inaction on the part of the government cannot be used to prove innocence, and therefore such inaction is irrelevant." *Id.*

The holdings in these cases are consistent with long-standing Supreme Court precedent recognizing that a governmental or regulatory agency's decision not to take action may be based on innumerable factors, all of which may be unrelated to a party's culpability or civil liability:

> [A]n agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing.

*Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

The same logic that led the Supreme Court in *Heckler* to conclude that agency inaction is unreviewable by a court – *i.e.*, because the decision not to act is opaque and unsusceptible to interpretation – compels the conclusion that such a decision (or non-decision) is inadmissible at trial. The reasons that the DOJ declined to charge or sanction Dow are unknown, and Dow has offered no evidence to illuminate these decisions. In the absence of such evidence, any conclusion to be drawn from the DOJ's inaction is based on pure speculation, which Dow is not permitted to request from the jury.

Here, because the reasons for the inaction of the DOJ are unknown, and because the DOJ did not examine the full record developed in this federal antitrust litigation, evidence of inaction has no tendency to make the existence of any fact "more probable or less probable than it would be without the evidence" and should therefore be excluded. Fed. R. Evid. 401.

## C. Reference to Government Inaction Will Cause Unfair Prejudice and Jury Confusion

Even if the evidence of government inaction is somehow relevant – which it is not – it is inadmissible because it is unfairly prejudicial. Agency inaction – as opposed to findings of fact supported by an administrative record – is of limited probative value, yet has a high potential to confuse and mislead the jury. *See Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 393 F.3d 755, 764 (8th Cir. 2005) (distinguishing between an agency's "administrative finding of fact based upon an adequate record" and an agency's "tentative opinion" and concluding that the latter had "little probative value" and "the potential to unfairly prejudice the defendants if the jury mistakenly viewed it as an official government position on the critical . . . issue that the jury had to decide"). Moreover, any "relevance is outweighed by the probability that a jury would deem the evidence to be of overriding importance. A jury is unaccustomed to evaluating the differing burdens of proof in criminal and civil cases and is also inexperienced in evaluating reasons why a decision may be made not to prosecute." *Kelly's Auto Parts No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987) (citation omitted). Accordingly, "courts exclude [evidence of inaction] in order to avoid the danger of the jury in a civil trial exaggerating its worth." *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002) (citation omitted); *see also Ram v. N.M. Dep't of Env't*, No. CIV 05-1083 JB/WPL, 2006 U.S. Dist. LEXIS 95353, at *9 (D.N.M. Dec. 11, 2006) (excluding letters, determinations and decisions of the DOJ on the grounds that they do not "bear adequate indicia of trustworthiness to justify their admission" because "[t]hey are not the product of hearings or of formal procedures aimed at developing a factual record and giving the parties the opportunity to respond to argument and to cross-examine witnesses."); *3M Innovative Props. Co. v. Dupont Dow Elastomers LLC*, No. 03-3364

MJD/AJB, 2005 WL 2216317, at *2 (D. Minn. Sept. 8, 2005) ("admission of evidence of an incomplete reexamination [by the Patent and Trademark Office] would have low probative value, would distract from the core issues of the case, and would be highly prejudicial").

Here, evidence or argument concerning the absence of regulatory action against Dow or guilty pleas is likely to have just this prejudicial and confusing effect. Because the DOJ did not provide reasons for its decision not to bring action against Dow in connection with its role in the urethane price-fixing conspiracy, the inference that Dow is innocent is based entirely on speculation as to those officials' reasons for declining to act. Dow's lawyers should not be permitted to ask the jury to join in their speculation. Nor should the jury be able to speculate on their own as to the reasons for governmental inaction or guilty pleas, as any such speculation inevitably will lead to an unfounded and unfairly prejudicial conclusion that the agencies concluded that Dow did nothing wrong. Because Dow's requested inference from government inaction (that there is no evidence that it did anything wrong) does not necessarily follow from the inaction, Dow should not be able to request that inference from the jury. As the court held in *American Home Assurance Company* 753 F.2d at 325: "The evidence of non-prosecution was highly prejudicial because it went to the principal issue in this case. The admission of this evidence, therefore, was reversible error."

Accordingly, evidence and argument concerning government inaction against Dow should be excluded. Fed. R. Evid. 403.

## III.    CONCLUSION

For the reasons stated above, Class Plaintiffs request that the Court grant their motion *in limine* to prevent Dow from presenting evidence or referring to the fact that the

DOJ investigated this matter and closed its criminal investigation without indicting Dow or any other participant in the conspiracy and that no guilty pleas were entered.

Dated: November 30, 2012

Respectfully submitted,

*/s/ Robert W. Coykendall*
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS 67202
Tel: (316) 262-2671
Fax: (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel: (215) 567-6565
Fax: (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

**Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.  I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Simon Bahne Paris
David J. Cohen
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Stacey Vu
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Peter D. St. Phillip, Jr.
Lowey, Dannenberg, Cohen & Hart, PC
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

Timothy P. Irving
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

William J. Linklater
Baker & McKenzie
One Prudential Plaza
300 East Randolph Street, Suite 5000
Chicago, IL 60601

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137