IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE DAVID FISCHER AND RICHARD BEITEL FROM TESTIFYING LIVE IN DOW'S CASE-IN-CHIEF IF DOW REFUSES TO MAKE THEM AVAILABLE DURING CLASS PLAINTIFFS' CASE-IN-CHIEF**

## I. INTRODUCTION

Class Plaintiffs submit this memorandum in support of their motion *in limine*, pursuant to Federal Rule of Evidence 611(a), to preclude David Fischer and Richard Beitel from testifying live during Defendant The Dow Chemical Company's ("Dow") case-in-chief unless those witnesses are made available for live examination during Class Plaintiffs' case-in-chief.

## II. ARGUMENT

A district court "has substantial discretion in its control of the presentation of evidence at trial." *United States v. Dent*, 984 F.2d 1453, 1463 (7th Cir. 1993). The Court should use its inherent authority over the conduct of the trial to ensure a balanced and efficient presentation of the evidence by requiring that two key Dow witnesses testify live at trial for both parties or for neither.

Federal Rule of Evidence 611(a) provides:

> The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.

Relying on this authority, courts have repeatedly held that a defendant may be precluded from calling witnesses during its own presentation if the defendant failed to make those witnesses available for the plaintiff's case-in-chief. "The preference for live testimony at trial rather than deposition testimony as a substitute is uniformly stressed in case law." *McCammond v. Schwan's Home Serv., Inc.*, 09-cv-02895-WJM-MJW, 2011 U.S. Dist. LEXIS 92291, at *1-2 (D. Colo. Aug. 18, 2011). It was recognized long ago by Judge Learned Hand that "the deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939). In fact, at least one court in this Circuit has held: "Parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony." *Hillman v. U.S. Postal Serv.*, 171 F. Supp. 2d 1174, 1175 (D. Kan. 2001).

Similarly, in *R.B. Matthews, Inc. v. Transamerica Transportation Services, Inc.*, 945 F.2d 269, 272-73 (9th Cir. 1991), the court condemned the defendant's "gamesmanship" in refusing to produce live witnesses for the plaintiffs' case-in-chief and affirmed the trial court's exclusion of live testimony during the defendant's case. *Matthews*, 945 F.2d at 272-73; *see also Iorio v. Allianz Life Ins. Co.*, No. 05-cv-633 JLS (CAB), 2009 U.S. Dist. LEXIS 97617, at *18 (S.D. Cal. Oct. 21, 2009) (same). The court reasoned that if the defendant "had truly wished to present the live testimony of [its employees], it could have done so by making those witnesses available when [the plaintiff] requested that they be produced." *See also Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 806 (N.D. Ill. 2002) (declining, pursuant to Fed. R. Evid. 611(a), to permit the defendant to present live testimony of witnesses that the defendant refused to produce during the plaintiff's case-in-chief); *Maran Coal Corp. v. Societe Generale de Surveillance S.A.*, No. 92 CIV. 8728 (DLC), 1996 WL 11230, at *2-3 (S.D.N.Y. Jan. 10, 1996) (invoking authority under

2

Fed. R. Evid. 611(a) to require the defendant to "produce [its witnesses] for plaintiff's case or be precluded from calling them as live witnesses in their own case"); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 776 F. Supp. 838, 839 (S.D.N.Y. 1991) (invoking Fed. R. Evid. 611(a), requiring the defendant to produce a former officer and director live for the plaintiffs' case, and holding that "[i]f [the witness] elects to absent himself during plaintiffs' case, he will not testify at all, and plaintiffs will be free to comment upon his absence"); *Mason v. Texaco, Inc.*, 741 F. Supp. 1472, 1504 (D. Kan. 1990) (on post-trial motion, allegation of error deemed "meritless" where the Court required defendant Texaco to produce an employee for testimony in the plaintiff's case-in-chief where Texaco had stated its intention to call the witness in its case-in-chief), *aff'd on other grounds*, 948 F.2d 1546 (10th Cir. 1991).

Requiring Dow to make Fischer and Beitel available for live testimony in Class Plaintiffs' case serves two important purposes. First, live testimony better facilitates the jury's efforts to ascertain the truth. Second, live testimony ensures that all parties have a full and fair opportunity to present their case. In *Traylor v. Husqvarna Motor*, 988 F.2d 729, 734 (7th Cir. 1993), the Seventh Circuit confronted an instance where an expert's direct examination was conducted live, but the cross-examination was presented to the jury via videotape. Judge Posner, writing for the court, explained that such "'dual media' testimony is generally . . . a bad idea" because, as "common sense" dictates, "a living person generally conveys a stronger impression than does his [taped testimony]." *Id.* at 734. Moreover, the credibility of Dow's witnesses will be paramount, and the jury should be given the opportunity to hear as much live testimony as possible, so that it may better assess a witness's demeanor, comportment, and credibility. *See Edizone, L.C., v. Cloud Nine*, No. 1:04-CV-117 TS, 2008 U.S. Dist LEXIS 41268, at *3 (D. Utah May 22, 2008) (quoting *Garcia-Martinez v. City and Cnty of Denver*, 392 F.3d 1187, 1191 (10th

3

Cir. 2004)) ("When the 'key factual issues' at trial turn on the 'credibility' and 'demeanor' of the witnesses, we prefer the finder of fact to observe live testimony of the witness."); *Brown v. Kia Motors Corp.*, No. 02:06-cv-0804, 2010 U.S. Dist. LEXIS 1513 (W.D. Pa. Jan. 9, 2010) (same).

Although Class Plaintiffs will have an opportunity to cross-examine Fischer and Beitel during Dow's case, Class Plaintiffs are at a distinct disadvantage if forced to present their case-in-chief through snippets of video of these two witnesses while Dow presents them on the stand. Such a scenario would raise the same problems identified by Judge Posner, namely, that the live testimony offered on behalf of Dow will have "artificially greater salience" than the recorded testimony that favors Plaintiffs. *Traylor*, 988 F.2d at 734. The unfairness to Plaintiffs is heightened here, "in complex antitrust litigation where motive and intent play leading roles, [and] the proof is largely in the hands of the alleged conspirators[.]" *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962). In order to make the trial "effective for ascertainment of truth," Fed. R. Evid. 611(a)(1), this sort of "thumb on the scale" should be prevented, and Fischer and Beitel should be made available live for both parties or for neither. *Traylor*, 988 F.2d at 734.

## III. CONCLUSION

For the reasons stated above, Class Plaintiffs request that the Court grant their motion *in limine* to preclude David Fischer and Richard Beitel from testifying live if Dow refuses to make them available for live examination during Class Plaintiffs' case-in-chief.

Dated: November 30, 2012        Respectfully submitted,

                                */s/ Robert W. Coykendall*
                                Robert W. Coykendall, #10137
                                Roger N. Walter, #08620
                                Morris, Laing, Evans, Brock & Kennedy, Chartered

                                                  Old Town Square
                                                  300 North Mead - Suite 200
                                                  Wichita, KS 67202
                                                  Tel: (316) 262-2671
                                                  Fax: (316) 262-5991

                                    **Class Plaintiffs' Liaison Counsel**

| Allen D. Black | Richard A. Koffman |
|---|---|
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC 20005 |
| Philadelphia PA 19107 | Tel: (202) 408-4600 |
| Tel: (215) 567-6565 | Fax: (202) 408-4699 |
| Fax: (215) 568-5872 | |

                                   **Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Simon Bahne Paris
David J. Cohen
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Stacey Vu
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Peter D. St. Phillip, Jr.
Lowey, Dannenberg, Cohen & Hart, PC
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

Timothy P. Irving
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

William J. Linklater
Baker & McKenzie
One Prudential Plaza
300 East Randolph Street, Suite 5000
Chicago, IL 60601

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137