IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION )<br>)<br>)<br>)<br>This Document Relates To: )<br>The Polyether Polyols Cases )<br>) | No. 04-MD-1616-JWL |

CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION *IN LIMINE* TO PRECLUDE REFERENCE BEFORE THE JURY TO
"PASS THROUGH" OF DAMAGES, OR TO ANY ALLEGED BENEFITS TO CLASS
PLAINTIFFS FROM THE ALLEGED PRICE FIXING

I. INTRODUCTION

Class Plaintiffs submit this memorandum in support of their motion *in limine* to prevent Defendant The Dow Chemical Company ("Dow") from making any reference to or argument that Class Plaintiffs "passed on" the overcharge or that Class Plaintiffs otherwise enjoyed offsetting collateral benefits from Dow's price fixing.

II. ARGUMENT

Well-settled Supreme Court and Tenth Circuit precedent preclude defendants from arguing, as a defense to a Sherman Act price-fixing claim, that the plaintiff was not injured because it "passed on" the overcharges from the defendants' alleged price-fixing conspiracy. *In re Wyo. Tight Sands Antitrust Cases*, 866 F.2d 1286, 1290-93 (10th Cir. 1989) (explaining *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968)). The well-settled rule in price-fixing cases is that "the first non-conspirator in the distribution chain" enjoys "the right to collect 100% of the damages." *Paper Sys. Inc. v. Nippon Paper Indus. Co. Ltd.*, 281 F.3d 629, 632 (7th Cir. 2002). Accordingly, Dow should be precluded from making any reference to the

1

passing-on of overcharges or other offsetting benefits they allege Class Plaintiffs gained from Dow's scheme, as such references would only prejudice and confuse the jury and do not bear on any pertinent question of fact.

In *Hanover Shoe*, the Supreme Court held that the plaintiff had "proved injury and the amount of its damages for the purposes of its treble-damage suit when it proved that [the defendant] had overcharged it during the damage period and showed the amount of the overcharge; [the defendant] was not entitled to assert a passing-on defense." 392 U.S. at 494. This rule that the passing-on of overcharges is not a viable defense to a price-fixing claim has held firm for more than forty years. *See, e.g., In re Wyo.*, 866 F.2d at 1294 ("[T]he amount of illegal overcharges actually passed on by the [direct purchaser] to its customers is not an issue of material fact necessary to a resolution of the narrow issue before this court."); *see also Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 374 (3d Cir. 2005) (surveying cases and commentary and explaining that "the standard method of measuring damages in price enhancement cases is overcharge, not lost profits").

Given that passing on is not a viable defense, there is no legitimate reason for Dow to make reference to any alleged benefits to Class Plaintiffs from Dow's price fixing. *See* Transcript at p. 71, *In re Universal Serv. Fund and Tel. Billing Practices*, No. 02-md-1468-JWL (ECF No. 1003) (D. Kan. Oct. 7, 2008) (granting similar motion). To be relevant, Federal Rule of Evidence 401 requires that the evidence have the tendency to prove or disprove a fact that is "of consequence in determining the action." Fed. R. Evid. 401(b). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Whether Class Plaintiffs passed on overcharges or otherwise benefited from Dow's price fixing is simply not "an issue of material fact." *In re Wyo.*, 866 F.2d at 1294. Dow is liable for any overcharges imposed as a result of its price fixing

conspiracy, regardless of whether its victims subsequently passed the overcharges along to their customers.

Moreover, even if this evidence were considered marginally relevant, despite a well-established rule that it is not, the evidence must still be excluded under Federal Rule of Evidence 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury". "'Unfair prejudice' according to the Advisory Committee Note to Rule 403, 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Ballesteros Guiterrez,* 181 F. Supp. 2d 350, 354 (S.D.N.Y. 2002) (quoting Fed. R. Evid. 403 Advisory Committee Note). "Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case." Jack B. Weinstein, *et al.,* WEINSTEIN'S FEDERAL EVIDENCE § 403.04[1][b] (Matthew Bender 2d ed. 2005). Allowing such evidence would likely prejudice Class Plaintiffs and confuse the jury. The jury, if encouraged to consider "passing-on" issues, will likely be misled about the role of such evidence and could wrongly conclude that the question at trial is whether the Class Plaintiffs suffered net harm (in a lost profit sense) as opposed to the actual question, which is the extent of the overcharge injury imposed by Dow and its alleged co-conspirators.

The Court also should prohibit Dow from indirectly raising the pass-on defense. The Court should preclude any reference to Class Plaintiffs' profitability during or after the conspiracy period. Whether or not Class Plaintiffs managed to remain profitable, despite Dow's conduct, has no bearing on the legality of that conduct or the amount of damages Class Plaintiffs are entitled to recover. *See Hanover Shoe,* 392 U.S. at 494. Allowing Dow to introduce

evidence on this point could only confuse the jury.

### III. CONCLUSION

For the reasons stated above, Class Plaintiffs respectfully request that the Court grant their motion *in limine* to preclude Dow from making reference before the jury to any alleged passing-on of overcharges by Class Plaintiffs to downstream customers or to any alleged offsetting benefits from Class Plaintiffs' polyols transactions.

Dated: November 30, 2012

Respectfully submitted,

*/s/ Robert W. Coykendall*
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel:  (215) 567-6565
Fax:  (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

**Class Plaintiffs' Co-Lead Counsel**

4

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Simon Bahne Paris
David J. Cohen
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Stacey Vu
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Peter D. St. Phillip, Jr.
Lowey, Dannenberg, Cohen & Hart, PC
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

Timothy P. Irving
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

William J. Linklater
Baker & McKenzie
One Prudential Plaza
300 East Randolph Street, Suite 5000
Chicago, IL 60601

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137