IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) POLYETHER POLYOL CASES ) ) | Case No. 04-1616-JWL-JPO |

**THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF SETTLEMENT AND SETTLEMENT DISCUSSIONS**

The Dow Chemical Company ("Dow") moves the Court for an order excluding reference to, or evidence of, plaintiffs' settlements with defendants Bayer AG, Bayer Corporation, Bayer Material Science LLC (formerly Bayer Polymers LLC), BASF AG, BASF Corporation, Huntsman International LLC, and Lyondell Chemical Company (collectively the "settling defendants"), or of any settlement discussions with Dow.  Pursuant to Fed. R. Evid. 408, such evidence is not admissible to prove the liability of the settling defendants or Dow for any of the claims asserted in this action.  Nor is evidence of settlement or settlement discussions relevant to any other issue before the Court.  Moreover, permitting reference to or the introduction of evidence of settlements or settlement discussions would expose Dow to the danger of unfair prejudice and create confusion for the jury.  Accordingly, such evidence should also be excluded pursuant to Fed. R. Evid. 401, 402 and 403.  Finally, to effectuate its ruling on this motion, Dow asks the Court to instruct the jury about Dow's status as the only defendant appearing at trial, notwithstanding the references to other individual and corporate defendants in the evidence plaintiffs are preparing to submit.

Rule 408 is rooted in a policy that encourages settlement.  *See Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d

1356, 1363 (10th Cir. 1987) (noting a "strong policy interest in encouraging the settlement of disputes without resort to litigation"); *see also* Fed. R. Evid. 408 advisory committee's note ("The purpose of this rule is to encourage settlements which would be discouraged if such evidence were admissible."). Under Fed. R. Evid. 408, evidence of settlement is not admissible to prove liability for a claim that is disputed as to either validity or amount. *Bradbury*, 815 F.2d at 1362-64. Dow and the settling defendants steadfastly dispute that any of plaintiffs' claims are valid and that plaintiffs have suffered any damages. As a result, plaintiffs should be barred during trial from referring to or introducing evidence of any settlement or settlement negotiation in this case. *See Sawyer v. Southwest Airlines Co.*, 2003 U.S. Dist. LEXIS 5419, 11-12 (D. Kan. Mar. 31, 2003) ("Rule 408, Fed. R. Evid., provides that evidence regarding offers of compromise or settlement is inadmissible to prove liability for or invalidity of the claim or its amount. . . . The Court therefore sustains defendant's motion as to evidence, statements or comments about attempts to compromise or settle plaintiffs' claims."); *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143-145 (N.D. Iowa 2003) (granting motion in limine to exclude evidence of settlements with other defendants); *FDIC v. Refco Group, LTD.*, 184 F.R.D. 623, 628 (D. Colo. 1999) (granting motion in limine to exclude evidence of settlements with other plaintiffs): *see also* Fed. R. Evid. 408 advisory committee's note to 2006 amendments ("Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations. . . . The protections of Rule 408 cannot be waived unilaterally because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury.").

Neither the settlements nor settlement discussions are relevant to any trial issue outside the scope of Fed. R. Evid. 408. Furthermore, the admission of such evidence would subject

Dow to danger of unfair prejudice, create confusion of the issues and mislead the jury. Indeed, the "prejudicial effect of allowing a jury to hear of the circumstances surrounding the settlement of a claim was one of the concerns that motivated the drafters of the Federal Rules of Evidence to absolutely prohibit the use of evidence of a settlement to prove liability or the amount of a claim." *Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1395 (10th Cir. 1987). In addition to having a prejudicial effect, admission of such evidence would cause the jury to speculate about why the settling defendants chose to compromise with the plaintiffs. A host of theories could swirl, causing confusion of the issues and misleading the jury to focus on improper issues. And, in a return to the prejudice issue, the jury might even inaccurately and improperly give credence to plaintiffs' claims simply because of the occurrence of settlements and settlement discussions. *See In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV 208, 2011 U.S. Dist. LEXIS 85025, at * 7-9 (E.D. Tenn. Aug. 1, 2011) ("Even if plaintiffs in truth seek to admit evidence of the settlement for some purpose other than as an admission of guilt or liability . . . , the possibility that the jury might draw such a conclusion from the Dean settlement is very real and raises a real risk that the jury might impute liability to the remaining defendants based on the Dean settlement."). For these reasons, the evidence should also be excluded under Rules 401 and 403.

      In addition to requesting the Court to exclude evidence of settlements and settlement discussions, Dow asks the Court at the outset of the case to instruct the jury about Dow's status as the only defendant at trial. Such instruction is essential for ensuring that the Court's ruling on this motion has its intended effect. As the Court is aware, much of the plaintiffs' evidence will be presented through multiple videotape deposition clips and include questioning by counsel for other defendants prior to their settlements. In many instances, these clips refer to

the other individual and corporate defendants sued in the case. *E.g.*, Phelps Dep. (Ex. A) at 381:8-382:19; Hankins Dep. (Ex. B) at 200:7-201:7. The live testimony may as well. Under these circumstances, Dow asks the Court to address the situation proactively and directly at the outset of the trial, perhaps during the Court's voir dire and/or preliminary instructions. Specifically, Dow asks the Court to instruct the jury as follows:

> The Dow Chemical Company is the only defendant appearing in this trial. During the presentation of proof in this case, you will hear references to other individual and corporate defendants. You are not to speculate about why those defendants are absent from this trial or why only Dow appears before you.

Such an instruction, coupled with the exclusion at trial of any reference to or evidence of settlement agreements and settlement discussions, is necessary to effectuate the purposes underlying Fed. R. Evid. 401, 403 and 408 as applied to the circumstances of this trial.

For the foregoing reasons, Dow asks the Court to grant this motion.

Dated:  November 30, 2012          Respectfully submitted,

STINSON MORRISON HECKER LLP

By */s/Brian R. Markley*
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

    David M. Bernick
    575 Lexington Ave., 7th Floor
    New York, NY 10022
    Telephone:  (212) 446-2356
    Facsimile:  (212) 446-2350

PAUL HASTINGS LLP

    Hamilton Loeb
    Jeremy P. Evans
    875 15th Street, N.W.
    Washington, DC 20005
    Telephone:  (202) 551-1700
    Facsimile:  (202) 551-1705

    Donald Morrow
    695 Town Center Drive
    Seventeenth Floor
    Costa Mesa, CA 92626
    Telephone:  (714) 668-6291
    Facsimile:  (714) 668-6391

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

## Certificate of Service

On November 30, 2012, a copy of **THE DOW CHEMICAL COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SETTLEMENT AND SETTLEMENT DISCUSSIONS** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                                             */s/ Brian R. Markley*
                                             Attorney for The Dow Chemical Company

7164209.5