IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION *IN LIMINE* TO
PRECLUDE REFERENCE TO THE TERMS OR
PAYMENT AMOUNTS OF PRIOR SETTLEMENTS

## I.   INTRODUCTION

Class Plaintiffs submit this memorandum in support of their motion *in limine* to prevent Defendant The Dow Chemical Company ("Dow") from referencing the terms or the payment amounts of the settlement agreements between Class Plaintiffs and Dow's former co-defendants—namely, Bayer, BASF, Huntsman, and Lyondell—pursuant to Federal Rules of Evidence 402, 408, and 403.

## II.   ARGUMENT

### A.   The Settlement Terms Are Irrelevant Under Rule 402

The terms of the prior settlements and the amounts paid by Dow's former co-defendants to the Class shed no probative light on whether Dow conspired with its competitors to fix prices and the amount of damages that the conspiracy caused the class and thus, are inadmissible under Rule of Evidence 402. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Accordingly, the Court should exclude all reference to the terms of the prior settlements and the amounts paid pursuant to Rule 402.

### B. The Settlements Cannot Be Used To Contest Liability Or Amount Of Damages Under Rule 408

The terms and payment amounts of prior settlements also are inadmissible under Federal Rule of Evidence 408. Rule 408 prevents the introduction of evidence of a party "furnishing promising, or offering—or accepting, promising to accept or offering to accept—a valuable consideration in compromising or attempting to compromise [a] claim" for the purpose of proving or disproving the validity or amount of a claim. Fed. R. Evid. 408(a); *see also Reeder v. Am. Econ. Ins. Co.*, 88 F.3d 892, 894 (10th Cir. 1996); *Sawyer v. Sw. Airlines Co.*, Nos. Civ. A. 01-2385-KHV 012386-KHV, 2003 WL 1741417, at *3-5 (D. Kan. Mar. 31, 2003).

"[W]here the absence of defendants previously in court might confuse the jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion." *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986); s*ee also Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984). However, "the details of any settlement with other defendants is not ordinarily admissible, and the jury should ordinarily be cautioned that they should not consider the settlement with other defendants in considering the claim against a remaining defendant." *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (N.D. Iowa 2003). Indeed, where, as here, "disclosing the amount of settlement [has] no proper purpose," it violates Rule 408. *Kennon*, 794 F.2d at 1070. (reversing judgment and remanding for a new trial after finding that the trial court had committed prejudicial error in disclosing the amount of the settlement to the jury).

Rule 408 prevents litigants from wasting trial time to conduct an irrelevant side-show that would invite the jury to draw improper inferences. For example, a jury might conclude based on the amounts paid that the settling defendants were the parties primarily, or entirely, responsible for Class Plaintiffs' injury. A jury also might give weight to the amounts that the settling

2

defendants paid in determining the damages that Class Plaintiffs suffered or in determining how much Dow should pay.

None of these inferences would be remotely proper, and they all show how the settlement terms could be used to Class Plaintiffs' detriment. Any attempt by Dow to use the terms or payment amounts of any prior settlement to dispute liability or the amount of damages would be improper, as courts have held time and time again. *See Kennon*, 794 F.2d at 1070 ("Disclosing the amount of settlement had no proper purpose in the circumstances of this case and therefore it violated Rule 408."); *Portugues-Santana v. Rekomdiv Int'l*, 657 F.3d 56, 63 (1st Cir. 2011) ("Rule 408 clearly prohibits the admission of a settlement agreement at trial for the purpose of arguing a reduction in the damages award."); *Young v. Verson Allsteel Press Co.*, 539 F. Supp. 193, 195 (E.D. Pa. 1982) (denying the defendant's attempt to introduce a prior settlement under the rule because it was "seeking to introduce such evidence to mitigate the amount of any possible jury award by informing the jurors that plaintiff has already received a measure of compensation"). This Court should do the same.

### C. Reference To The Settlement Terms and Amounts Would Be Unfairly Prejudicial, Would Confuse The Jury, And Would Cause Undue Delay Under Rule 403

Even if the terms and payment amounts of the prior settlements were admissible under Rule 408, which they are not, the Court should prohibit reference to them under Rule 403. Under this rule, evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Thus, "[t]he district judge must weigh the prejudicial effect of . . . evidence against [its] relevance" when determining whether evidence of a settlement agreements is admissible under

3

Rule 403. *Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1395-96 (10th Cir. 1987).

The terms and payment amounts of the prior settlements are irrelevant "because numerous factors, apart from the value of the claim, go into the determination to settle," and thus the settlements say "little or nothing about the value of" Class Plaintiffs' claims against Dow. *Pioneer Hi-Bred*, 219 F.R.D. at 144; *see also McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) ("[S]ettlement[s] may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions."); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1285 (D. Haw. 2007) ("Furthermore, many considerations which had nothing to do with [the defendant's] involvement may have entered into the determination of the settlement amount paid by [the former defendant]."); Fed. R. Evid. 408, Advisory Comments (observing that such evidence "is irrelevant, since the [settlement] may be motivated by a desire for peace rather than from any concession of weakness of position," and that the amount of the settlement "may also be influenced by other circumstances.").

On the other hand, reference to the settlement terms and payment amounts would unfairly prejudice Class Plaintiffs because it could lead the jury improperly to adjust its analysis to account for irrelevant facts. Indeed, their reference "will invite a 'mini-trial' on similarities and differences in the facts regarding the 'same' claims against the other defendants to determine what, if any, light" the prior settlements "shed[] on the value of the claim against" Dow. *Pioneer Hi-Bred*, 219 F.R.D. at 144-45. Such a detour would waste the time and resources of everyone involved, as well as confuse a jury already being forced to attend a complex and lengthy trial. *See In re Homestore.com, Inc. Secs. Litig.*, No. CV 01-11115 RSWL, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding reference to or evidence of amount of settlement with prior defendants pursuant to Rule 408 as well as on the bases of relevancy and prejudice).

4

Accordingly, the Court also should bar reference to terms or payment amounts of the settlements under Rule 403.

## III. CONCLUSION

For the reasons stated above, Class Plaintiffs request that the Court grant their motion *in limine* to preclude Dow from making any references to the terms or the payment amounts of any settlement Class Plaintiffs have reached with any of Dow's former co-defendants.

Dated: November 30, 2012                             Respectfully submitted,

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS 67202
Tel: (316) 262-2671
Fax: (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC 20005 |
| Philadelphia PA 19107 | Tel: (202) 408-4600 |
| Tel: (215) 567-6565 | Fax: (202) 408-4699 |
| Fax: (215) 568-5872 | |

**Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Simon Bahne Paris
David J. Cohen
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Stacey Vu
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Peter D. St. Phillip, Jr.
Lowey, Dannenberg, Cohen & Hart, PC
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

Timothy P. Irving
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

William J. Linklater
Baker & McKenzie
One Prudential Plaza
300 East Randolph Street, Suite 5000
Chicago, IL 60601

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137