IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION )<br>)<br>)<br>) | No. 04-MD-1616-JWL |
| This Document Relates To:<br>The Polyether Polyols Cases )<br>)<br>)<br>) | |

MEMORANDUM OF LAW IN SUPPORT OF CLASS PLAINTIFFS'
MOTION TO ENFORCE THE PRETRIAL ORDER

Class Plaintiffs respectfully request the Court to direct Defendant The Dow Chemical Company (hereinafter "Dow") to amend its witness list to comply with the Court's July 10, 2012, Pretrial Order, Dkt. No. 2374 ("PTO"). The PTO governs the proceedings in this case. *See, e.g., Safety Techs., L.C. v. LG Techs.*, No. 98-2555-JWL, 2000 U.S. Dist. LEXIS 22283, at *9 (D. Kan. Oct. 12, 2000) (Lungstrum, J.) ( "[A] pretrial order control[s] the subsequent course of the action . . . ." (second alteration in original) (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 16(d) ("[The pretrial] order controls the course of the action unless the court modifies it."). Paragraph 14(b) of the PTO is unambiguous: "The parties' final witness lists *shall* specify which witnesses *will* be called live, and which *will* be called via video deposition."[1] *See* PTO at 27 (emphasis added).) The parties filed final witness lists on November 15, 2012. *Id.*

Despite the PTO's clear mandate, Dow's final witness list does not comply with the PTO. For thirteen witnesses, Dow's list states that it "expect[s]" those witnesses to testify live, but notes that if their "availability to testify changes, then [they] will appear by videotaped

---

[1] The parties specifically negotiated this aspect of the PTO. Class Plaintiffs were prepared to specify in the PTO which of their witnesses would appear live, but Dow requested that the parties defer identification of their live witnesses. Class Plaintiffs acquiesced to this request, but only because Dow agreed to state with clarity in its final list which witnesses would appear live.

deposition." *See* Final Witness Disclosure by The Dow Chemical Company (filed Nov. 15, 2012), Dkt. No. 2539. By contrast, Class Plaintiffs fully complied with this requirement in the PTO. *See* Class Plaintiffs' List of Trial Witnesses (filed Nov. 15, 2012), Dkt. No. 2537. Class Plaintiffs have asked Dow to comply with the PTO, but in response Dow continued to equivocate.

Dow's hedging plainly violates the PTO, and if left unaddressed, will substantially prejudice Class Plaintiffs in their preparation for trial. Because Class Plaintiffs may call live — in their own case-in-chief — the witnesses Dow is making available, Class Plaintiffs need certainty regarding those witnesses Dow is bringing to trial. *See, e.g., Iorio v. Allianz Life Ins. Co.*, No. 05-cv-633-JLS (CAB), 2009 U.S. Dist. LEXIS 97617, at *18 (S.D. Cal. Oct. 21, 2009) (stating that both sides must have equal access to witnesses). Even for those witnesses who will appear live solely in Dow's case-in-chief, Class Plaintiffs need to prepare for live cross-examination.

Dow's non-compliance with the PTO will also impede the Court's management of the case. The PTO requires the parties to submit to the Court on December 21, 2012, those deposition designations which are in dispute. The Court must know which witnesses will appear live so that it does not waste its resources unnecessarily ruling on disputed deposition testimony.

As this Court has previously recognized, at this stage of the litigation, a party in Dow's position "know[s] darn well those people [who] are going to be called by deposition unless, of course . . . circumstances unforeseen occur." Transcript of Motion in Limine Proceedings at 53, *In re Universal Serv. Fund Telephone Billing Practices*, No. 02-1468 (D. Kan. Mar. 18, 2009) (excerpt attached at Ex. A hereto). In order to make preparation for trial as efficient as possible, and in the interest of equity, Class Plaintiffs respectfully request that the Court enter an order

directing Dow to amend its witness list to comply with the PTO's requirement that each party definitively indicate which witnesses will appear live, and which will appear by video deposition. Because Dow should have complied with the PTO when it originally filed its witness list, and in order to minimize the resulting prejudice, Class Plaintiffs request that the Court order Dow to amend its witness list immediately.

Dated: November 30, 2012                        Respectfully submitted,


/s/ Robert W. Coykendall
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS 67202
Tel: (316) 262-2671
Fax: (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC 20005 |
| Philadelphia PA 19107 | Tel: (202) 408-4600 |
| Tel: (215) 567-6565 | Fax: (202) 408-4699 |
| Fax: (215) 568-5872 | |

**Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

  I, the undersigned, do hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. I also certify that I mailed a true copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Mark V. Chester
Johnson & Colmar
2201 Waukegan Rd., Suite 260
Bannockburn, IL 60015

William J. Pinilis
Pinilis Halpern, LLP
160 Morris Street
Morristown, NJ 07960

Daniel R. Karon
Goldman Scarlato & Karon, P.C.
700 W. St. Clair Ave., Suite 204
Cleveland OH 44113

Simon Bahne Paris
David J. Cohen
Patrick Howard
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Stacey Vu
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

Michael F. Tubach
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Peter D. St. Phillip, Jr.
Lowey, Dannenberg, Cohen & Hart, PC
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

Timothy P. Irving
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

William J. Linklater
Baker & McKenzie
One Prudential Plaza
300 East Randolph Street, Suite 5000
Chicago, IL 60601

        s/Robert W. Coykendall
        Robert W. Coykendall, #10137