IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) | |
| ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO THE ) POLYETHER POLYOL CASES ) | |

**CLASS PLAINTIFFS' OPPOSITION TO DOW CHEMICAL COMPANY'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENT**

The Dow Chemical Company ("Dow") moves *in limine* to preclude at trial any reference to or evidence of Class Plaintiffs' settlements with Dow's former codefendants or of any settlement discussions with Dow. Class Plaintiffs do not wish to introduce evidence of the terms or amounts of those agreements or of any failed settlement negotiations with Dow. Instead, Class Plaintiffs would proffer evidence only of the fact that they came to a settlement agreement with Dow's former codefendants, Bayer AG, Bayer Corporation, Bayer Material Science LLC (formerly Bayer Polymers LLC), BASF AG, BASF Corporation, Huntsman International LLC, and Lyondell Chemical Company, for the limited purpose of preventing speculation and confusion regarding the reasons for the settling defendants' absence from trial. Evidence establishing the fact of those settlements for such purpose is permissible under Rule 408.

While evidence of settlement may not be introduced to prove the validity or amount of a claim, "evidence of such settlements is admissible under Rule 408 for other purposes." *Hamilton v. Water Whole Int'l Corp.*, 302 Fed. Appx. 789, 795 (10th Cir. 2008); Fed. R. Evid. 408 advisory committee's note ("Since the rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the

rule."). Dow is mistaken in its blanket assertion that evidence of settlement with its former codefendants is not "relevant to any [issue other than liability] before the Court." Dow Motion *In Limine* to Exclude Evidence of Settlement and Settlement Discussions at p. 1.[1] "In a case such as this one, where the absence of defendants previously in court might confuse the jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion." *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986); *see also e.g., Cooper Tire & Rubber Co. v. Farese*, 3:02CV210-SA, 2008 WL 4285546, at *2 (N.D. Miss. Sept. 12, 2008) (allowing admission of the fact that a settlement occurred, while excluding the amount of the settlement, "in order to educate the jury of the prior matters").[2]

Because Class Plaintiffs allege conspiracy, and Dow could not have conspired with itself, reference to Dow's former codefendants throughout trial is inevitable. Therefore evidence of the fact of settlement is not only relevant to Plaintiffs' claim, but also essential to understanding the nature of the case and current composition of the parties. *Kennon*, 794 F.2d at 1070. In their claims as alleged and in their proof at trial, Class Plaintiffs will identify Dow's co-conspirators as Bayer, BASF, Huntsman and Lyondell. Failure to explain the absence of Dow's former codefendants before the jury will only invite speculation and confusion. This possibility renders relevant the reasons for the settling defendants' absence.

In its *limine* motion, Dow's cited authority fails to advance its argument that evidence that Class Plaintiffs reached an agreement with the settling defendants should be excluded. Dow

---

[1] "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 advisory committee's note.

[2] Amendments to Rule 408 clarify the rule's intent to bar "compromise evidence only when offered as evidence of the 'validity,' 'invalidity,' or 'amount' of the disputed claim. The intent is to retain the extensive case law finding Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim." Fed. R. Evid. 408, 2006 Amendment notes.

cites *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991), and *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1363 (10th Cir. 1987), apparently for the proposition that admission of such evidence will discourage future litigants from settling their disputes. Although Rule 408 aims to encourage settlement, neither cited case requires exclusion of the fact that settlement occurred to further that aim. Immediately following its assertion that the "purpose of the rule is to promote nonjudicial settlement of disputes," the *Eisenberg* court goes on to clarify that "that admissions of liability or opinions given during compromise negotiations [are] inadmissible, but evidence of unqualified factual assertions is admissible." 936 F.2d at 1134 (quoting Fed. R. Evid. 408 notes of committee on the judiciary, House Report No. 93-650). Here Class Plaintiffs seek only the admission of the factual assertion that settlement occurred, not any statements relating to liability.

Dow's reliance on *Bradbury* also does little to inform the Court and even less to support its position to exclude the mention that settlements occurred. In *Bradbury*, the plaintiffs offered evidence of previous settlements against Defendant Phillips Petroleum Company and Phillips Uranium Corporation

> to demonstrate Phillips' continuous course of reckless conduct and disregard of personal and property rights, to negate the defense of mistake, to show the relationship and extent of control between Phillips and Desert Drilling Company, to prove that Phillips had noticed and was aware of Desert Drilling Company personnel's conduct, and to rebut Phillips assertion that the conduct was unintentional.

815 F.2d at 1363. The factual circumstances of *Bradbury* and the purpose of the proposed offer of evidence of settlement there bear no relation to the factual circumstances or Class Plaintiffs' purpose in this case. Furthermore, the *Bradbury* court analyzed admissibility under the umbrella of character evidence and Rule 404, an analysis inapplicable here. And finally, the *Bradbury*

3

court ultimately held that the plaintiffs' intended purposes rendered the facts *admissible* under the "other purposes" exceptions of both Rules 404 and 408, *id.* at 1364, just as Class Plaintiffs' purpose of preventing confusion and speculation renders the fact of settlement admissible in this case under Rule 408.

Close examination of its cited authority demonstrates the infirmity of Dow's argument that all evidence of settlement must be categorically excluded. Dow's reliance on *Sawyer v. SW Airlines Co.*, cited apparently as an example of a case rejecting the plaintiff's attempt to include settlement facts in evidence is unhelpful. In a civil rights case, the plaintiffs in *Sawyer* argued "that evidence regarding defendant's refusal to settle or even apologize [was] admissible and that plaintiffs should be allowed to state personal opinions as to why [the defendant] refused to change its policies or apologize." *Sawyer*, Civ.A. 01-2385-KHV, 2003 WL 1741417, at *3 (D. Kan. Mar. 31, 2003). The *Sawyer* court first acknowledged that "Rule 408 does not require exclusion when the evidence is offered for [purposes other than to prove liability for or invalidity of the claim or its amount]." However, finding that the plaintiff did not propose any use of such evidence other than to prove liability, the court there held the evidence inadmissible. *Id.* at *4. The opposite of *Sawyer* is the case here, as Class Plaintiffs propose the valid purpose of preventing confusion over former codefendants' absence from the trial.

Finally, Dow's reliance on *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143-145 (N.D. Iowa 2003), and *F.D.I.C. v. Refco Group, LTD.*, 184 F.R.D. 623, 628 (D. Colo. 1999), is misplaced. Neither case involves a class action or claim of conspiracy, and neither case illustrates an analogous use at trial of the fact of settlement. In *Pioneer,* which involved a patent infringement claim, the court held that reference to the plaintiff's settlement

4

with former defendants was inadmissible for the purpose of assessing damages. 219 F.R.D at 145. Plaintiffs here seek to admit evidence of their settlements with Dow's former codefendants solely for the purpose of avoiding jury confusion, not as evidence of the value of their claim against Dow or any of the settling defendants.

*Refco Group* is similarly distinguishable. There, in a case involving allegations of organized crime under Colorado state law, the plaintiffs argued that evidence of the settlements "may be admissible under Rule 407 as a subsequent remedial measure as impeachment evidence bearing upon the opinions and conclusions of Defendants' experts relating to the reasonableness of [the defendants'] internal controls and procedures." *Refco Group*, 184 F.R.D. at 628. The court found that such a complicated and convoluted use of evidence of settlement ran the risk of prejudice and confusion. *Id.* That risk is not present here. Instead, Class Plaintiffs' proposed use in the present case serves to minimize jury confusion and speculation by clarifying an otherwise confusing hole, the absence of Dow's former codefendants, in its factual presentation.

## CONCLUSION

For the reasons stated herein, Dow's motion *in limine* should be denied.

This 14th day of December, 2012.

Respectfully submitted,

/s/ Robert W. Coykendall
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Lang, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead – Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

5

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC  20005 |
| Philadelphia, PA  19107 | Tel:  (202) 408-4600 |
| Tel:  (215) 567-6565 | Fax:  (202) 408-4600 |
| Fax:  (215) 568-5872 | |

**Class Plaintiffs' Co-Lead Counsel**

## **CERTIFICATE OF SERVICE**

       I, the undersigned, do hereby certify that on this 14th day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

                                               s/Robert W. Coykendall
                                               Robert W. Coykendall, #10137