## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

## CLASS PLAINTIFFS' OPPOSITION TO DOW'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO ALLEGED CONSPIRACIES OR ILLEGAL CONDUCT OCCURRING BEFORE 1999

### I. INTRODUCTION

Defendant The Dow Chemical Company's ("Dow") motion *in limine* to exclude reference to alleged conspiracies or illegal conduct occurring before 1999 (Dkt. No. 2557) should be denied because the relief it seeks is premature and overbroad.

Dow's request that the Court exclude wholesale any reference to illegal or conspiratorial conduct occurring before 1999 is improper at this juncture. At the very least, the pre-1999 period may be relevant to explaining to the jury why Class Plaintiffs' expert, Dr. McClave, chose not to utilize the pre-1999 period as a benchmark for purposes of his damages analysis. Moreover, the expansive nature of Dow's motion makes it difficult to ascertain what other relevant and admissible evidence it seeks to exclude. Wholesale exclusion is therefore unjustified.

### II. ARGUMENT

Generally, motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *First Savings Bank v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) (internal citations and quotations omitted).

However, courts in this circuit have held that at times, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Hunter v. Blair*, 120 F.R.D. 667 (S.D. Ohio 1987)).   Moreover, a court "may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *First Savings Bank*, 117 F. Supp. 2d at 1082 (quoting *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).

### A. Dow's Alleged Conspiratorial and Illegal Conduct Occurring Prior to 1999 is Relevant Under Rule 401 Insofar as it Rebuts Dow's Challenges to Plaintiffs' Expert and Damages Model

Dow makes a blanket request to exclude any reference to illegal or conspiratorial conduct occurring prior to 1999 on the ground that such evidence is irrelevant because "[t]here are no claims in this case tied to pre-1999 conduct." Dkt. No. 2557 at 1.   Contrary to Dow's assertion, many courts have found that previous price-fixing in a related industry with many of the same companies as major players, may be relevant. *See, e.g., United States v. Andreas*, 216 F.3d 645, 665-66 (7th Cir. 2000) (holding that "evidence of the citric-acid conspiracy was relevant . . . and not unfairly prejudicial" because the "lysine and citric-acid conspiracies were closely related parts of a master plan to control prices and product supply through collusion with competitors" and thus, "omit[ting] this evidence would . . . leave an unexplained gap in the narrative of the crime"); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 661 (7th Cir. 2002) (denying summary judgment and noting that "[t]he charge is of a garden-variety price-fixing conspiracy orchestrated by a firm, ADM, conceded to have fixed prices on related products (lysine and citric acid) during a period overlapping the period of the alleged conspiracy to fix the prices of HFCS."); Transcript at 10, *In re SRAM Antitrust Litig.*, 4:07-md-01819-cw (Dkt. No. 1206) (denying motion to exclude evidence of DRAM guilty pleas and criminal proceedings and

noting that an appropriate limiting instruction would be given to the jury).

Here, the opt-outs' claim that Dow conspired to fix prices prior to 1999 in the *same* industry for the *same* products with *same* co-conspirators may be relevant to rebut Dow's challenge to Plaintiffs' expert and damages model. Specifically, Dr. McClave employed a forecasting model in order to estimate damages attributable to the conspiracy at issue.[1] In doing so, he chose a post-conspiracy benchmark period of 2004 to 2008, based in part on plausible allegations that the pre-class period was tainted by a conspiracy. Plaintiffs anticipate that Dow will challenge Dr. McClave's selection of the benchmark period. Indeed, Dow has already launched numerous challenges on this very basis through a *Daubert* motion aimed at Dr. McClave. *See* Dow's Memorandum in Support of Motion to Exclude the Expert Report of Class Damages Expert Dr. James T. McClave at 7 (Dkt. No. 2391) ("Dr. McClave chose to *credit* the allegations of the opt-out plaintiffs' in deciding *not* to use any part of the 1994-1998 period in his benchmark, claiming that the opt-outs' allegations of conspiracy in those years tainted them for benchmark use") (emphasis in original). Assuming Dr. McClave survives Dow's *Daubert* challenge, he should be permitted to testify to the opinions stated in his expert report without prior limitation. *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1239 (3d Cir. 1993) (finding that "if expert testimony survives the rigors of Rules 702 and 703, then Rule 403 becomes an unlikely basis for exclusion, especially in the pretrial setting."). In the instant case, should Dow continue to challenge Dr. McClave's decision not to use any part of the pre-class period in his benchmark at trial, Plaintiffs should be entitled to refer to the pre-1999 conspiracy and the taint it created to counter Dow's contention. In such a circumstance, Dow would hardly be in a position to argue prejudice under Fed. R. Evid. 403. In fact, a

---

[1] In a forecasting model, a benchmark period – before or after the alleged conspiracy – is identified to provide a basis for estimating what non-conspiratorial prices would have been.

contrary ruling would be unfairly prejudicial to Plaintiffs, as it would deny the opportunity to present to the jury evidence directly relevant to the credibility of Dr. McClave and the model he proposes.  Moreover, to the extent Dow would seek to exclude this pre-1999 conduct under Rule 403, any prejudice must be "unfair prejudice," and the above-cited cases demonstrate the propriety of admission.

**B. Dow's Motion Lacks the Requisite Specificity and Should Be Denied and Addressed as Necessary at Trial**

It is possible that other circumstances exist under which Dow's alleged conspiratorial or illegal conduct occurring prior to 1999 would be relevant.  In opposing this motion, however, Plaintiffs should not be required to conjure up every imaginable scenario in which such evidence would be relevant and admissible at trial.  Given Dow's failure to allege with the "necessary specificity . . . the evidence to be excluded," this Court should deny Dow's motion and rule on the admissibility of such evidence based on the specific evidence offered and circumstances as they develop at trial.  *First Savings Bank*, 117 F. Supp. 2d at 1082.  Any alternate approach would be overbroad and could well preemptively exclude otherwise relevant and admissible evidence.

**III. CONCLUSION**

For the reasons stated above, Class Plaintiffs respectfully request that the Court deny Dow's motion *in limine* to exclude reference to alleged conspiracies or illegal conduct occurring before 1999.

Dated: December 14, 2012                Respectfully submitted,


                                        */s/ Robert W. Coykendall*
                                        Robert W. Coykendall, #10137
                                        Roger N. Walter, #08620

4

Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel:  (215) 567-6565
Fax:  (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

**Class Plaintiffs' Co-Lead Counsel**

## **<u>CERTIFICATE OF SERVICE</u>**

       I, the undersigned, do hereby certify that on this 14th day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

s/Robert W. Coykendall
Robert W. Coykendall, #10137
