IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION ) ) ) ) | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases ) ) ) ) ) | |

CLASS PLAINTIFFS' OPPOSITION TO DOW'S MOTION *IN LIMINE*
TO PRECLUDE REFERENCE TO OR EVIDENCE OF
DOW'S OVERALL FINANCIAL CONDITION

## I. INTRODUCTION

The Dow Chemical Company's ("Dow") *in limine* motion "to exclude at trial any reference to or evidence of Dow's overall revenues, assets, profits, or net worth" should be denied. Evidence of Dow's size, scope, or financial condition will be relevant to the facts at issue in this case under Federal Rule of Evidence 401. For example, Dow seems likely to argue that it invested billions in plants and other assets as an explanation for why the co-conspirators were often major suppliers or customers to each other around the world.

## II. ARGUMENT

Given the facts at issue in this case and the arguments made by Dow to date, evidence of Dow's size, scope, or overall financial condition will almost certainly be relevant at trial. *See* Fed. R. Evid. 401, advisory comm. note ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."); *see also Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (holding that evidence of defendant's "profits, financial condition, and financial statements" were relevant and admissible where they "helped establish Defendants' alleged business strategies, incentives, and practices, all of which were relevant to [Plaintiff's]

claim for breach of contract"). Dow argues that there is a brightline rule that such evidence is irrelevant, but that is simply not true.[1] *See, e.g., Simek v. J.P. King Auction Co.*, 160 Fed. Appx. 675, 684-85 (10th Cir. 2005) (finding evidence of defendant's wealth relevant to issues of liability and not unduly prejudicial in property and business dispute). In a case such as this, where a conspiracy is alleged to involve employees of a large, global company, evidence of the company's size, scope, and number of employees would be relevant to explain why some employees who worked with the products at issue were unaware of the conspiracy. Moreover, Dow has repeatedly argued that many of the communications that Class Plaintiffs allege were part of a conspiracy were in fact related to co-supplier agreements between various urethanes manufacturers. Evidence of Dow's global scope bears directly on whether this justification is plausible.[2]

Dow's concerns about prejudice are overblown. Class Plaintiffs do not plan to ask the jury to "award damages simply because of the size and financial strength of Dow," as Dow suggests. *See* Dow Mtn. at 2. Unlike in the *Borders* case relied on by Dow, here Class Plaintiffs do not plan to present so-called "David and Goliath" arguments.[3] *Borders v. Arch*

---

[1] The cases cited by Dow acknowledge as much. Although Dow puts it forth as a blanket rule, in *In re Motor Fuel Temperature Sales Practices Litigation*, the court made clear that the irrelevance of evidence of a party's financial condition was only a "general rule." 2012 U.S. Dist. LEXIS 90238, at *77 (D. Kan. June 28, 2012). In *Garcia v. Sam Tanksley Trucking, Inc.*, the court found that, based on the particular facts at issue in the case and the purpose for which the evidence was introduced, the plaintiffs' arguments based on defendant's profits and wealth were improper. *Garcia*, 708 F.2d 519, 522 (10th Cir. 1983). But even in that case, the court refused to overturn the verdict, in part because, although the argument was improper, the evidence itself was relevant to the issues in dispute. *See id.* ("the jury was already aware of the fact [of defendant's size] from the evidence").

[2] Even if there is some possibility that such evidence may be relevant, depending on the other issues and arguments introduced at trial, Dow's motion should be denied. As explained in a case relied on by Dow, where relevance of evidence will turn on context, the evidence is not the proper subject of a motion *in limine*. *See Borders v. Arch Aluminum & Glass Co., Inc.*, Case No. 07-2188-JPO, 2008 U.S. Dist. LEXIS 105360, at *1 (D. Kan. Dec. 30, 2008) ("The movant [of a motion in limine] has the burden of demonstrating that the evidence is inadmissible on ***any*** relevant ground.") (emphasis added).

[3] Also contrary to the authority cited by Dow, there is no issue in this case about punitive damages, an area where the Supreme Court has admittedly cautioned that evidence of net worth creates a potential for bias. *Cf. State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) (quoting *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)).

2

*Aluminum & Glass Co., Inc.*, Case No. 07-2188-JPO, 2008 U.S. Dist. LEXIS 105360, at \*\*6-7 (D. Kan. Dec. 30, 2008). Instead, Class Plaintiffs anticipate introducing evidence of Dow's scale, revenues, and financial information to explain possible motive, to provide context for capacity decisions, and to neutralize Dow's repeated claim that it attempted to raise prices because of falling margins or declining finances. To the extent that the evidence is relevant to liability, it should be admitted, regardless of prejudice. *See Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1095 (N.D. Cal. 2002) ("Such evidence [i.e. evidence of Defendants' financial condition] is not to be excluded on the basis of prejudice when the information is relevant to liability.") (overruled on other grounds, *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004)).[4]

Finally, even if the court grants Dow's motion in part, Class Plaintiffs should be able to introduce such evidence to the extent that Dow opens the door. Even the cases cited by Dow recognize that otherwise inadmissible evidence becomes subject to admission when the party seeking exclusion puts the evidence at issue. *See In re Motor Fuel Temperature. Sales Practices Litig.*, 2012 U.S. Dist. LEXIS 90238, at \*77 (D. Kan. June 28, 2012) ("A party may open the door to such evidence [evidence of one party's financial condition], however, and in that case the Court in its discretion may admit it."). To allow Dow to discuss its size, financial state, or global reach without allowing Class Plaintiffs to also introduce evidence on these points would result in prejudice in its most basic form. *Id.* at \*\*77-78 ("A party, having himself opened the door to evidence which is inadmissible cannot complain that thereafter the court in the exercise of its

---

[4] Even if the Court were to find that the introduction of evidence of Dow's financial condition would unduly prejudice Dow, the evidence should not be excluded. Instead, the appropriate response would be to provide the jury with a limiting instruction. "In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403, advisory comm. note. In such situations, courts have found that a limiting instruction is appropriate. *See, e.g., Sweeney v. Westvaco Co.*, 926 F.2d 29, 35-36 (1st Cir. 1991) (finding no basis for reversing jury verdict where evidence of wealth was relevant to case and jury was provided with a limiting instruction).

3

sound judicial discretion permitted the opposite party to introduce other testimony bearing upon the field of inquiry, even though under different circumstances the testimony would be subject to valid objection of inadmissibility.").

## III. CONCLUSION

For the reasons stated above, Class Plaintiffs respectfully request that the Court deny[5] Dow's Motion *in limine* to Preclude Reference to or Evidence of Dow's Overall Financial Condition.

Dated: December 14, 2012                     Respectfully submitted,


                                             */s/ Robert W. Coykendall*
                                             Robert W. Coykendall, #10137
                                             Roger N. Walter, #08620
                                             Morris, Laing, Evans, Brock & Kennedy, Chartered
                                             Old Town Square
                                             300 North Mead - Suite 200
                                             Wichita, KS 67202
                                             Tel: (316) 262-2671
                                             Fax: (316) 262-5991

                                             **Class Plaintiffs' Liaison Counsel**

---

[5] "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial." *Borders*, 2008 U.S. Dist. LEXIS 105360, at *1.

4

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel: (215) 567-6565
Fax: (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

**Class Plaintiffs' Co-Lead Counsel**

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on this 14th day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

                                                s/Robert W. Coykendall  
                                                Robert W. Coykendall, #10137