IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) | |
| ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO: ) POLYETHER POLYOL CASES ) | |

**THE DOW CHEMICAL COMPANY'S RESPONSE
TO CLASS PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO
THE TERMS OR PAYMENT AMOUNTS OF PRIOR SETTLEMENTS**

The Dow Chemical Company ("Dow") does not oppose the Class Plaintiffs' Motion *in Limine* to Preclude Reference to the Terms or Payment Amounts of Prior Settlements (Doc. 2574). Dow filed a similar motion (Doc. 2573). While the parties have filed similar motions, each motion has a different impetus. If the jury were to hear about the prior settlements, the Class Plaintiffs fear that one or more jurors might conclude that the Class Plaintiffs have already received more than enough for their asserted wrongs. For its part, Dow is concerned that a jury might jump to a mistaken and highly prejudicial conclusion about why some defendants settled or entered into settlement discussions.

The different concerns driving the motions is why Dow's motion seeks exclusion of any reference to settlement or settlement discussions *and* requests an instruction to the jury about Dow's status as the only defendant appearing at trial. The presentation of proof in this case raises numerous practical issues. For example, the extensive use of videotape deposition clips in lieu of live witnesses impacts how an *in limine* ruling is effectuated. With a live witness, the parties can readily implement a ruling that certain topics or issues must not be touched on or can only be addressed in a limited way. Even with artful editing, pre-recorded videotape testimony

may not be able to conform fully to the spirit and letter of the Court's ruling.  In this case, the videotape testimony designated by Class Plaintiffs makes clear that other companies and individuals were accused of wrongful conduct.  Furthermore, these companies and individuals appeared in the case and their lawyers both defended and took parts of the depositions at issue. Rather than simply hope that the jury is neither attuned to this testimony/situation nor capable of extrapolating improperly from it, Dow requested the Court to instruct the jury proactively at the outset of the case.  Because the Class Plaintiffs do not have similar concerns, their motion does not contain a similar request.

Thus, while the parties' motions *in limine* on settlement and settlement discussions are similar, they are not the same.  They are motivated by different concerns and seek different relief.  Both motions should granted.

Dated:  December 14, 2012

Respectfully submitted,

STINSON MORRISON HECKER LLP

By  /s/Brian R. Markley
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

    David M. Bernick
    575 Lexington Ave., 7th Floor
    New York, NY 10022
    Telephone:  (212) 446-2356
    Facsimile:  (212) 446-2350

PAUL HASTINGS LLP

    Hamilton Loeb
    Jeremy P. Evans
    875 15th Street, N.W.
    Washington, DC 20005
    Telephone:  (202) 551-1700
    Facsimile:  (202) 551-1705

    Donald Morrow
    695 Town Center Drive
    Seventeenth Floor
    Costa Mesa, CA 92626
    Telephone:  (714) 668-6291
    Facsimile:  (714) 668-6391

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

## Certificate of Service

On December 14, 2012, a copy of **THE DOW CHEMICAL COMPANY'S RESPONSE TO CLASS PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE TERMS OR PAYMENT AMOUNTS OF PRIOR SETTLEMENT** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

*/ s/ Brian R. Markley*
Attorney for The Dow Chemical Company

7423490.1