IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION )<br>)<br>)<br>)<br>This Document Relates To: )<br>The Polyether Polyols Cases )<br>) | No. 04-MD-1616-JWL |

### PLAINTIFFS' MOTION TO ENFORCE PRETRIAL ORDER AND PRECLUDE DOW FROM USING AT TRIAL EXHIBITS IDENTIFIED ON DECEMBER 13, 2012

Class Plaintiffs respectfully request that the Court preclude The Dow Chemical Company ("Dow") from using at trial the more than 1500 exhibits Dow has improperly identified in a "supplemental" exhibit list served on December 12, 2012. At Dow's request, Class Plaintiffs agreed to a process whereby each side would have a limited opportunity to supplement their exhibit lists served on November 29, 2012. But Dow has grossly abused that agreed-upon process by almost doubling the number of exhibits on its list.

The pretrial schedule in this case is compressed, and the parties have limited time to prepare for trial (particularly given the upcoming holidays). Dow has effectively deferred serving its trial exhibit list by more than two weeks, doubled the scope of the evidence that Class Plaintiffs must review, and has given itself an extra two weeks to review Class Plaintiffs' exhibits. Class Plaintiffs should not be required, at this late stage in the pretrial process, to review and prepare objections to hundreds of exhibits that Dow should have identified earlier. Dow has offered no reason why it was unable to identify these exhibits by the time required by the Pretrial Order. The Court should not permit Dow to engage in this type of unfair gamesmanship.

## ARGUMENT

The Pretrial Order in this case required the parties to serve exhibit lists on November 29, 2012. *See* Order, *In re Urethane Antitrust Litig.*, No. 04-1616 (Nov. 9, 2012) (Dkt. No. 2535). On November 27, 2012, the parties met and conferred in a telephone call regarding logistical issues relating to the preparation and numbering of exhibits. In this call, Dow proposed that the parties agree to a supplementation of exhibit lists on December 12, 2012. Dow's counsel pointed out in the call and subsequent correspondence that the parties would be working on preparing their objections to counter-designations and might identify a few additional exhibits during this process for inclusion on their respective lists. *See* E-mail from J. Evans and R. Beynon (Nov. 29, 2012) (attached hereto as Exhibit A) (supplementation would be "useful for the parties to have the opportunity to supplement any additional exhibits that either deems necessary," in light of "the ongoing deposition designation process").

Based on Dow's representations, Class Plaintiffs agreed to a process whereby the parties would supplement their exhibit lists on December 12, 2012, with a limited number of any additional exhibits that were identified during the deposition designations process. Class Plaintiffs did not, however, anticipate or agree to give Dow an opportunity belatedly to identify more than 1500 additional exhibits or agree to give Dow extra time to review all of Class Plaintiffs' exhibits. At Dow's request, the Court modified the pretrial schedule to accommodate this scheduling adjustment. *See* Order Granting Motion for Pretrial Modification, *In re Urethane Antitrust Litig.*, No. 04-1616 (Nov. 29, 2012) (Dkt. No. 2553).[1]

---

[1] Dow's motion seeking this scheduling modification represented that the parties were "continuing the ongoing process of designating and counter-designating testimony for trial," and that "the parties anticipate[d] that they may identify additional exhibits that are relevant for use at trial." Unopposed Motion for Pretrial Order Modification at 1, *In re Urethane Antitrust Litig.*, No. 04-1616 (Nov. 29, 2012) (Dkt. No. 2552).

On November 29, 2012, the parties served exhibit lists. Dow's November 29 list identified 1738 exhibits. Dow's Initial Exhibit Disclosure, *In re Urethane Antitrust Litig.*, No. 04-1616 (Nov. 29, 2012) (Dkt. No. 2556). Two weeks later, during the night of December 12, 2012, Dow served a "supplemental" list of exhibits, which listed 1537 additional exhibits. Dow's Corrected and Supplemental Exhibit Disclosures, *In re Urethane Antitrust Litig.*, No. 04-1616 (Dec. 12, 2012) (Dkt. No. 2599). By contrast, and in keeping with the parties' agreement on these matters, on December 12, 2012, Class Plaintiffs supplemented its list with five new exhibits, and withdrew 45 exhibits. Plaintiff's Supplemental Trial Exhibit List, *In re Urethane Antitrust Litig.*, No. 04-1616 (Dec. 12, 2012) (Dkt. No. 2598).[2]

Dow cannot credibly contend that it identified its more than 1500 new exhibits in the process of preparing designations and counter-designations. Instead, it is apparent that Dow was not ready to serve its trial exhibit list on November 29, 2012, and wanted more time to do so. In such circumstances, it was incumbent on Dow to be forthcoming with Class Plaintiffs and the Court, so that the parties could develop a fair process that would have afforded both parties an equal amount of time to prepare their lists and review the other side's exhibits. If the parties were unable to agree, and Dow still wanted extra time, it could then have asked the Court to modify the pretrial schedule.

The prejudice to Class Plaintiffs is substantial. Trial is only a few weeks away, and Class Plaintiffs should not be required to spend time reviewing and objecting to hundreds of Dow's belatedly identified exhibits. Indeed, at this time in the pretrial process, the parties should be *narrowing* their proof for trial, not expanding it by orders of magnitude. Dow has offered no

---

[2] Class Plaintiffs' November 29 exhibit list identified 2132 exhibits. Plaintiffs' Trial Exhibit List, *In re: Urethane Antitrust Litig.*, No. 04-1616 (Nov. 29, 2012) (Dkt. No. 2555).

reason why it was unable to identify these exhibits on November 29, 2012. The Court should not permit Dow to engage in this type of unprofessional and unfair gamesmanship.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court preclude Dow from using at trial the exhibits listed in the list served on December 12, 2012.[3]

Dated:  December 14, 2012                     Respectfully submitted,


/s/ Robert W. Coykendall
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel:  (215) 567-6565
Fax:  (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

**Class Plaintiffs' Co-Lead Counsel**

---

[3] Should the Court deny this motion and permit Dow to seek to introduce these exhibits at trial, Class Plaintiffs respectfully request that they be permitted to provide specific objections to these exhibits on January 4, 2012. Dow does not oppose this request.

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on this 14th day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

                                              s/Robert W. Coykendall
                                              Robert W. Coykendall, #10137