**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| | ) | |
| IN RE URETHANE ANTITRUST LITIGATION | ) | |
| | ) | |
| | ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO: | ) | |
| POLYETHER POLYOL CASES | ) | |
| | ) | |

**THE DOW CHEMICAL COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO
ENFORCE PRETRIAL ORDER AND PRECLUDE DOW FROM USING AT TRIAL
<u>EXHIBITS INITIALLY IDENTIFIED ON DECEMBER 12, 2012</u>**

Last month the Class Plaintiffs and The Dow Chemical Company ("Dow") agreed to a date for further supplementation of the parties' exhibit disclosures. Dow then filed an unopposed motion on November 29th seeking the Court's permission to add this December 12th supplementation date. (Dkt. 2552). The Court entered a minute Order agreeing to the change the same day. (Dkt. 2553). On December 12th, both parties took advantage of the supplementation and submitted amended exhibit lists. (*See* Dow's Corrected and Supplemental Exhibit Disclosures (Dkt. 2599), and Plaintiffs' Supplemental Trial Exhibit List (Dkt. 2598)).

On Thursday, December 13th, counsel for the Class Plaintiffs contacted counsel for Dow by telephone seeking an extension until December 29th to complete their review of exhibits included on Dow's supplemental list. Dow's counsel agreed to the request. The following day, Class Plaintiffs reversed course and said that they would file a motion objecting to the exhibit supplementation, but also, in the alternative, seeking a further extension until January 4th (some three weeks before the trial is scheduled to commence) to complete their review of Dow's

supplemental exhibit list.[1]  Dow has no objection to Class Plaintiffs' requests for extension.  The Court, of course, has the final say on that.

Class Plaintiffs take the position that supplementation of exhibits was limited to those exhibits identified during the deposition designation process.  But neither the written or oral communications between the parties nor the unopposed Motion filed with this Court, so limited the scope of the exhibit supplementation.  More importantly, at no point did Class Plaintiffs *ever* request such a limitation.   Class Plaintiffs will have sufficient time to review all exhibits identified by Dow; they have suffered no prejudice and their motion should be denied.

## ARGUMENT

In accordance with the Pretrial Order, the parties served their initial exhibit lists on November 29, 2012.  However, anticipating that during the course of trial preparation, including the ongoing deposition designation process, both parties would likely identify additional exhibits that they might want to use at trial, Dow proposed that both parties be permitted an opportunity to supplement their exhibit lists on a schedule allowing each side sufficient time to object to these additional designations.  (*See* Ex. 1, Nov. 28, 2012 E-mail from J. Evans to R. Beynon).[2] (Dow's counsel repeated the identical proposal the very next day after not receiving a response from Class Plaintiffs to its proposal.  (*See id.*, November 29, 2012 E-mail from J. Evans to R. Beynon)).  In its communications with Class Plaintiffs, Dow made clear – without any limitation – that it proposed the parties should "have the opportunity to supplement ***any*** additional exhibits ***that either deems necessary***, particularly given that the deposition designation process is

---

[1] Class Plaintiffs did not include the complete record of correspondence between the parties.  Dow attaches that full correspondence as exhibits to this Response.

[2] Under the Pretrial Order (Dkt. 2535 at 28), "exhibits not [ ] disclosed or exchanged as required by the court's order, shall not be permitted to…be received in evidence…")

ongoing." *Id.* (Emphasis added).  At no point did Dow's counsel either say or write in correspondence that this might be limited to "a few additional exhibits ...." as the Motion misleadingly states.  Motion at 2.

It is equally clear from the correspondence that ***at no point*** did Class Plaintiffs seek a limitation on the number of exhibits that either party could add to the supplemental exhibit list or limit the exhibits to just those documents identified during the deposition designation process.  If Class Plaintiffs had wanted such a limitation, then they could have proposed one.  They did not.

Accordingly, with the concurrence of Class Plaintiffs, Dow filed its *Unopposed Motion for Pretrial Order Modification.* (Dkt. 2552).  In support of its motion, Dow explained that "[i]n a case involving millions of pages of documents and with the parties continuing the ongoing process of designating and counter-designating testimony for trial, the parties anticipate that they may identify additional exhibits that are relevant for use at trial." *Id.* at 1.  This reflects the practical realities parties face during trial preparation in large, complex cases such as this one:  as each side becomes more attuned and focused on the evidence in preparation for trial, documents and testimony may take on a different significance than once contemplated, thereby requiring adjustments to trial strategy and supplementation of evidence the parties may use at trial.  These are the realities of complex litigation, as Class Plaintiffs well know given their recent changes.[3]

Nor do any of these documents come as a surprise to Class Plaintiffs.  Indeed, one category of exhibits consisting of several hundred documents is documents/data that are summarized in the graphs that appear in expert reports.  Dow intends to move the graphs into

---

[3] Indeed, in the last four days, Class Plaintiffs have withdrawn exhibits and deposition designations (including two witnesses in their entirety).  Furthermore, Class Plaintiffs' counsel informed Dow on Friday that Plaintiffs intend to withdraw *initial* deposition designations from between four and eight witnesses.  Obviously Dow is prejudiced by this, having spent time and resources preparing and matching counter-designations and objections to Class Plaintiffs' initial designation, only to have Class Plaintiffs unilaterally change many so late in the day with the deposition transcripts due to the Court on Friday.  Despite these actions, Dow will work to meet the Court's deadline of December 21st for the submission of deposition transcripts to the Court for review.

evidence as summaries.  The underlying materials likely will not be offered.  Other general categories include a *full* complement of price increase announcements issued by different producers over multiple years, additional materials to support expert testimony, and news articles reflecting publicly available information.  Dow's supplemental exhibit list also included many exhibits to address relevant areas of inquiry, including those relating to pricing.  These exhibits were included after Dow had an opportunity to fully review Class Plaintiffs' counter-designations of deposition testimony, which were filed only one day before the initial exhibit list was due.  Again, none of these documents are a surprise to Class Plaintiffs, and each is necessary for Dow's defense of the case.

Finally, the Motion insists that Dow's supplemental exhibit list was "improper" and "unfair."  But, this was not Class Plaintiffs' initial reaction, a point omitted from their Motion.  Instead, the day after the parties filed their supplemental exhibit lists, counsel for Class Plaintiffs requested via telephone an extension until December 29, 2012 to review and respond to Dow's supplemental list.  Dow agreed to the extension.  The following day, Class Plaintiffs changed their position and informed Dow that they now wanted to file the instant Motion albeit, in the alternative, requesting until January 4, 2013 to respond with objections.  Dow agreed to Class Plaintiffs' request for extension, a point buried in a footnote in the Motion.  *See* Motion at 4, n.3; *see also* Ex. 2, Dec. 14, 2012 E-mail from J. Evans to R. Beynon.

Class Plaintiffs have suffered no prejudice.  Trial is several weeks away and Dow has agreed to Class Plaintiffs' request that they have until January 4, 2013 to review and object to any of Dow's exhibits identified on its supplemental exhibit list.  This is more than sufficient time for Class Plaintiffs to complete their review of Dow's exhibits.

Accordingly, Class Plaintiffs' motion should be denied.

4

Dated:  December 17, 2012                    Respectfully submitted,

                                             STINSON MORRISON HECKER LLP

                                             By *s/Brian R. Markley*
                                                 Brian R. Markley, KS 17485
                                                 1201 Walnut, Suite 2200
                                                 Kansas City, Missouri 64106
                                                 Telephone:  (816) 842-8600
                                                 Facsimile:  (888) 290-2657
                                                 Email:  bmarkley@stinson.com

                                             BOIES, SCHILLER & FLEXNER LLP

                                                 David M. Bernick
                                                 575 Lexington Ave., 7th Floor
                                                 New York, NY 10022
                                                 Telephone:  (212) 446-2356
                                                 Facsimile:  (212) 446-2350

                                             PAUL HASTINGS LLP

                                                 Hamilton Loeb
                                                 Jeremy P. Evans
                                                 875 15th Street, N.W.
                                                 Washington, DC 20005
                                                 Telephone:  (202) 551-1700
                                                 Facsimile:  (202) 551-1705

                                                 Donald Morrow
                                                 695 Town Center Drive
                                                 Seventeenth Floor
                                                 Costa Mesa, CA 92626
                                                 Telephone:  (714) 668-6291
                                                 Facsimile:  (714) 668-6391

                                             FLOYD FINCH LAW OFFICES

                                                 Floyd Finch
                                                 126811 Shawnee Mission Pky.
                                                 Suite 310
                                                 Overland Park, KS 66202
                                                 Telephone:  (816) 560-1234

                                             COUNSEL FOR THE DOW CHEMICAL COMPANY

**<u>Certificate of Service</u>**

On December 17, 2012, a copy of **THE DOW CHEMICAL COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE PRETRIAL ORDER AND PRECLUDE DOW FROM USING AT TRIAL EXHIBITS IDENTIFIED ON DECEMBER 13, 2012** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

<u>*/s/ Brian R. Markley*</u>
Attorney for The Dow Chemical Company