**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

_____
                                                            )
IN RE URETHANE ANTITRUST LITIGATION   )
_____)
                                                            )   Case No. 04-1616-JWL
THIS DOCUMENT RELATES TO:              )
POLYETHER POLYOL CASES                   )
_____)

**CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE
TERMS OF OR PAYMENT AMOUNTS OF PRIOR SETTLEMENTS**

Class Plaintiffs have moved *in limine* to exclude evidence of the terms or amounts of their settlements with BASF, Bayer, Huntsman and Lyondell. *See* Dkt. 2574 (herein, "Class Plaintiffs' Motion"). Dow does not oppose this motion. *See* Dkt. 2611 at 1. Accordingly, Class Plaintiffs respectfully request that their motion be granted.

Separately, Dow has moved *in limine* to preclude any reference to those settlements at all. *See* Dkt. 2573.[1] Class Plaintiffs oppose Dow's related motion because under Federal Rule of Evidence 408, the fact of settlement is admissible at trial to avoid juror confusion – a point Dow does not dispute. *See* Dkt. 2602 at 1-2. Avoiding jury confusion is a permissible "other purpose" under Rule 408. *See Hamilton v. Water Whole Intern. Corp.*, 302 Fed. Appx. 789, 795 (10th Cir. 2008) ("While settlements may not be introduced to prove liability, evidence of such settlements is admissible under Rule 408 for other purposes."); Fed. R. Evid. 408 advisory committee's note ("Since the rule excludes only when the purpose is proving the validity or

---

[1] In its "opposition" to Class Plaintiffs' Motion, Dow suggests that the two motions "are similar" albeit "not the same" in an effort to diminish the substantive difference between them. Dkt. 2611 at 2. But the motions are substantively different. Dow would preclude any mention of the settlements. Class Plaintiffs would inform the jury of the co-conspirators' settlement while not disclosing the terms of those settlements.

invalidity of the claim or its amount, an offer for another purpose is not within the rule.").

Here, Class Plaintiffs intend to inform the jury of the fact of their settlements with Dow's alleged co-conspirators to avoid jury confusion or speculation as to why those former defendants are absent from the trial.  Dow acknowledges the risk of jury confusion when it notes that "videotape testimony designated by Class Plaintiffs [for use in trial] makes clear that other companies and individuals were accused of wrongful conduct."  Dkt. 2611 at 2.  But Dow's proposed solution will not address that risk, and likely will exacerbate it.

Dow would have the Court prohibit mention of the settlements altogether and instead instruct the jury that it not speculate as to the absence of Dow's co-conspirators.  Dkt. 2573 at 4.  Class Plaintiffs respectfully submit that such an instruction is likely to encourage, not quell, jury speculation and confusion.  A better approach would be to inform the jury of the fact that Dow's alleged co-conspirators have settled.[2]

If the jury learns of the fact of the settlements (and no more), there is nothing about which it need speculate; it will know why Dow's alleged co-conspirators are absent from the trial.

## CONCLUSION

For the reasons stated herein, and in Class Plaintiffs' Memorandum in support of their Motion *in limine*, Class Plaintiffs respectfully ask the Court to grant their motion.

---

[2] Other courts have given such instructions, *see, e.g.*, *In re Scrap Metal Antitrust Litig.*, No. 1:02cv0844, Dkt. 631, at 48 (N.D.Ohio Feb 8, 2006) ("You have heard that some of the original defendants in this case have entered into settlement agreements with the plaintiff class. You are not to speculate about whether those settlements included monetary payments to the plaintiffs and, if so, what the scope of those payments might have been."), and Class Plaintiffs' proposed jury instructions, which were served on Dow last week, suggest a similar approach.

This 21st day of December, 2012.

                    Respectfully submitted,

                    /s/ Robert W. Coykendall
                    Robert W. Coykendall, #10137
                    Roger N. Walter, #08620
                    Morris, Lang, Evans, Brock & Kennedy, Chartered
                    Old Town Square
                    300 North Mead – Suite 200
                    Wichita, KS  67202
                    Tel:  (316) 262-2671
                    Fax:  (316) 262-5991

                    **Class Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC  20005 |
| Philadelphia, PA  19107 | Tel:  (202) 408-4600 |
| Tel:  (215) 567-6565 | Fax:  (202) 408-4600 |
| Fax:  (215) 568-5872 | |

                **Class Plaintiffs' Co-Lead Counsel**

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

                                                                  s/Robert W. Coykendall
                                                                  Robert W. Coykendall, #10137