IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

**CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO CLASS REPRESENTATIVES' OR CLASS MEMBERS' ATTENDANCE OR NON-ATTENDANCE AT TRIAL**

I. INTRODUCTION

Dow does not oppose Class Plaintiffs' Motion *in Limine* to the extent it precludes Dow from introducing evidence or argument concerning the presence or absence of class representatives or class members during the trial. However, Dow contends that it should be permitted to present argument to the jury concerning the absence of testimony by "any of the larger purchasers" who are members of the class. But the introduction of such evidence and argument is contrary to the purpose of class actions, irrelevant, and highly prejudicial. Dow's argument to the contrary, without citation to any authority, is wholly unsupported. Accordingly, the Court should grant Class Plaintiffs' motion *in limine* and exclude all such evidence and argument at trial.

II. ARGUMENT

The purpose of a class action is to allow the claims of class members to be pursued without absent class members needing to appear or present testimony, whether

they are large or small customers.[1]  *See, e.g.*, 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 1.02 at 1-5 (3d ed. 1992) ("The fundamental nature of a class suit is its representative status, i.e., it consists of a class representative and those absent members, who share a common interest but whose joinder is impracticable, who are *represented*.") (discussing cases).  To allow Dow to argue or imply to the jury that Class Plaintiffs' case lacks merit or conviction because certain large absent class members have not participated in the trial would be to allow Dow to attack the class action process itself.  Such attacks are impermissible and such evidence and argument is, accordingly, irrelevant.  *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-md-1468-JWL (ECF No. 1003) (D. Kan. Oct. 7, 2008) (granting similar motion).  Indeed, this Court and others have specifically instructed juries that the absence of class members from the trial is irrelevant.  *See id.*, ECF. No. 1048, Jury Instruction No. 11 ("You should not construe the physical absence of any class member in any way as lack of concern or interest on his or her part as to the outcome of the litigation.  It is the very purpose of the class action procedure to avoid having to bring a representative from each class member here, and, therefore, the absence of class members from this trial should not be construed against the class in any way."), *In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), Trial Transcript, available at http://apps.americanbar.org/antitrust/at-committees/at-trial/pdf/jury-instructions/DOC_00000027.pdf (pp. 2312-13) (last visited Dec. 20, 2012) ("You shouldn't construe the absence of any Class member in any way as a lack of concern or

---

[1] Note that Dow is not contending that relevant evidence regarding large purchasers will be entirely absent from trial, but only that representatives of those large purchasers will not appear at trial to present evidence. In fact, evidence of Dow's participation in the conspiracy will include references to absent class members who were "larger purchasers of the products at issue." And, evidence of all class members' purchases of the products at issue at the illegally inflated prices will be introduced, because it bears on damages.

2

interest on his or her part in the outcome of the litigation. It is the purpose of this Class action procedure to avoid having to bring in a large number of people from all over, and their absence is not to be considered by you in reaching your verdict.") (read to jury on May 23, 2006).

Moreover, precisely because the introduction of such evidence and argument would undermine the class action process, it would be unduly prejudicial to Class Plaintiffs, and should be precluded under Federal Rule of Evidence 403. *See* Fed. R. Evid. 403. Dow should not be allowed to make any argument premised on the absence of any large customer who has exercised its right to use the class action vehicle. Such argument would invite the jury to decide this case on the "improper basis" that it is a class action, rather than evaluating the merits of the case itself. *See id.* advisory committee's note.

## III. CONCLUSION

For the reasons stated above and in Class Plaintiffs' Memorandum of Law in Support of Their Motion *in Limine* to Preclude Reference to Class Representatives' or Class Members' Attendance or Non-Attendance at Trial, Class Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude Dow from introducing any evidence or making any argument before the jury concerning Class Plaintiffs' presence or absence at trial.

3

Dated: December 21, 2012                    Respectfully submitted,

/s/ *Robert W. Coykendall*
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS 67202
Tel: (316) 262-2671
Fax: (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| One South Broad Street | Suite 500, West Tower |
| 23rd Floor | Washington, DC 20005 |
| Philadelphia PA 19107 | Tel: (202) 408-4600 |
| Tel: (215) 567-6565 | Fax: (202) 408-4699 |
| Fax: (215) 568-5872 | |

**Class Plaintiffs' Co-Lead Counsel**

4

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

s/Robert W. Coykendall
Robert W. Coykendall, #10137

1665225.2