### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ) | |
| IN RE: URETHANE ANTITRUST ) | No. 04-MD-1616-JWL |
| LITIGATION ) | |
| ) | |
| ) | |
| This Document Relates To: ) | |
| The Polyether Polyols Cases ) | |
| ) | |

### CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO HOW CLASS PLAINTIFFS BECAME INVOLVED IN THIS CASE OR TO THE CASE BEING LAWYER-DRIVEN

**I.      INTRODUCTION**

Class Plaintiffs' motion to exclude reference to how the named plaintiffs became involved in this litigation should be granted, because evidence and argument on this topic is irrelevant and unduly prejudicial. Dow's argument to the contrary consists of nothing more than blanket assertions and generic case citations to the effect that bias and credibility are relevant, without any explanation as to how evidence about how plaintiffs became involved in this case or who is directing this litigation affects the bias or credibility of any witness. Class Plaintiffs do not plan to open the door to this evidence in any of the ways speculated at by Dow, and Class Plaintiffs' motion *in limine* should, accordingly, be granted.

**II.      ARGUMENT**

Evidence of how the Class Plaintiffs decided to participate in this lawsuit is of no probative value and presents significant danger of wasting valuable time during trial. Although Dow is certainly correct that evidence of bias and credibility of a witness is

relevant in general, how plaintiffs became involved in the case does not bear on the bias or credibility of any witness.[1]  Dow's argument to the contrary is based on unfounded conjecture about evidence and argument the Class Plaintiffs may offer about the "purity" of the class representatives' motives or their personal beliefs.  See Dow Resp. at 1-2. Class Plaintiffs, however, do not plan to offer any such argument or evidence, because it is not relevant to matters at issue in this case:  namely, whether Dow conspired to overcharge Class Plaintiffs and whether Class Plaintiffs paid more for the products at issue than they would have paid absent the conspiracy.

Dow's argument that questioning on such matters might uncover a litigious history or a pre-existing relationship between the class representatives and the class attorneys is similarly far afield.  Dow has deposed the class representatives and has uncovered no such relationship or history.  Accordingly, the only purpose served by such questioning would be to delay the trial and to bias the jury.[2]

---

[1] Notably, the cases cited by Dow in support of this proposition are completely inapposite. *United States v. Abel* was a criminal case where the prosecutor sought to introduce evidence that a key defense witness and the defendant were both members of the Aryan Brotherhood prison gang, which included among its tenets lying to protect other members. 469 U.S. 45, 52 (1984). In *United States v. Baldridge*, also a criminal case, the defendant raised a prosecutorial misconduct claim, which was reviewed for plain error, arguing that the prosecutor impermissibly introduced evidence of the close relationship ("like brothers") between a key defense witness and the defendant. 559 F.3d 1126, 1135 (10th Cir. 2009). *Ellis v. Capps* was a civil rights case brought by a prisoner against a warden where the defense attorney sought to introduce documentation of the plaintiff's extensive record of violent and vitriolic hatred toward the prison and its staff throughout his incarceration. 500 F.2d 225, 227 (5th Cir. 1974). Finally, *Atkinson v. Atchison, Topeka. & Santa Fe Ry. Co.* was a civil case arising out of an accident between a car and a train. 197 F.2d 244, 246 (10th Cir. 1952). On direct, the plaintiff (the driver of the car) testified that she always drove carefully, obeyed the rules of the road, and looked out for approaching vehicles. *Id.* At issue was whether the defendant could introduce evidence of a prior head-on collision involving the plaintiff where she was driving on the wrong side of the road. *Id.* Although all of these cases stand for the proposition that evidence bearing on bias and credibility is generally admissible, none support Dow's argument that evidence about how Class Plaintiffs became involved in this case has any bearing on these points.

[2] Class Plaintiffs do not plan to adduce testimony from the class representatives on their motive for bringing this lawsuit. Therefore, because they do not intend to open the door on this issue, there will be no justification for Dow to introduce evidence or question class representatives on this subject. If Class Plaintiffs were to present evidence or make argument about the class members' motives in bringing this litigation, Dow could then argue that it is entitled to do the same. Unless and until Class Plaintiffs do so, however, such references are irrelevant and should be precluded.

In addition, the introduction of such evidence would cause significant undue prejudice to the Class. Dow supplies no answer on this point, except to state without citation, example, or explanation that "[e]liciting or commenting on how the Class Plaintiffs became involved in this case is not overly inflammatory. Nor does it suggest an improper or emotional basis for decision." Dow Resp. at 4. But such references are inflammatory, as they seek to imply, without any basis, that the class representatives are motivated by a personal connection with class counsel or a litigious disposition, and thus that their claims are without merit. Such prejudice also warrants the granting of Class Plaintiffs' motion.

## III.   CONCLUSION

For the reasons stated above and in Class Plaintiffs' Memorandum of Law in Support of Their Motion *in Limine* to Preclude Reference to How Class Plaintiffs Became Involved in this Case or to the Case Being Lawyer-Driven, Class Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude Dow from making any reference or argument before the jury as to how Class Plaintiffs became involved in this case or to the case being lawyer-driven at trial.

Dated: December 21, 2012

Respectfully submitted,

*/s/ Robert W. Coykendall*
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy,
Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS  67202
Tel:  (316) 262-2671
Fax:  (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel:  (215) 567-6565
Fax:  (215) 568-5872

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

**Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

s/Robert W. Coykendall
Robert W. Coykendall, #10137

1665310.3