IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

**CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE REFERENCE BEFORE THE JURY TO "PASS THROUGH" OF DAMAGES, OR TO ANY ALLEGED BENEFITS TO CLASS PLAINTIFFS FROM THE ALLEGED PRICE FIXING**

I. INTRODUCTION

The law is well-settled that Dow cannot defend its actions by arguing that Class Plaintiffs "passed on" any overcharges from the alleged conspiracy to their own customers or that Class Plaintiffs benefited from the inflated prices resulting from the conspiracy. Indeed, Dow acknowledges that it cannot assert "pass on" as an affirmative defense. Because such evidence is also not relevant to any other issues in this case, would be unduly prejudicial to Class Plaintiffs, and would risk confusing the jury, Class Plaintiffs' motion *in limine* should be granted.

II. ARGUMENT

Dow should be precluded from presenting evidence of overcharges being passed-on, whether tied to an explicit affirmative defense or not, because such evidence and argument is not relevant to the issues in dispute in this case. Accordingly, it is inadmissible under Rule 401. *See* Fed. R. Evid. 401. Dow is incorrect when it asserts that such evidence may be relevant to "whether there is a causal link between Dow's

alleged conduct and the purported injury and damages to Class Plaintiffs." Dow Resp. at 2. As the Supreme Court held in *Hanover Shoe*, all that plaintiffs are required to show in order to establish damages and causation is that the defendants charged an illegally inflated price for their product and that the plaintiffs purchased the product at that price. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 494 (1968) (holding that a plaintiff proves "injury and the amount of its damages for the purposes of its treble-damage suit when it prove[s] that [the defendant] had overcharged it during the damage period and showed the amount of the overcharge[.]"). Whether the plaintiffs were profitable or whether the plaintiffs' businesses were also impacted by other forces has no bearing on this inquiry.

Contrary to Dow's assertions, Class Plaintiffs do not seek to preclude Dow from arguing that its actions were not collusive and that it did not, in fact, charge supra-competitive prices for the products at issue. *See* Dow Resp. at 2. Nor do Class Plaintiffs dispute that Dow is entitled to introduce evidence about its own costs and upstream prices generally. *Id.* None of this, however, entitles Dow to introduce any evidence of Class Plaintiffs' downstream prices or profitability.[1] Furthermore, Class Plaintiffs do not intend to introduce any of the evidence that Dow suggests would open the door to allow it to discuss Class Plaintiffs' prices and profitability, such as how the inflated prices affected Seegott Holdings' downstream customers. Dow's speculation to the contrary is just that and does not overcome the clear precedent holding such evidence irrelevant and inadmissible.

---

[1] Dow's argument that pass-through evidence is somehow relevant to Seegott's credibility is wholly unfounded. Dow cannot do an end-run around *Hanover Shoe* under the guise of attacking credibility. Dow also argues that because some of Seegott's creditors are also his friends, this could provide evidence of bias. Class Plaintiffs do not agree, but, regardless, Dow has not articulated how this alleged bias issue in any way relates to evidence of pass-on or Seegott's profitability.

Introduction of "pass through" evidence would also create clear and undue prejudice to Class Plaintiffs and, therefore, merits exclusion under Rule 403. *See* Fed. R. Evid. 403. Introducing evidence or argument to the effect that Class Plaintiffs benefited or profited from (or in spite of) any overcharges poses a serious threat of confusing the jury about the relevant measure of damages. This risk of confusion cannot be cured by a limiting instruction, because without understanding the background for the prohibition on the pass-on defense, the jury is unlikely to completely discount the possibility of pass-on in calculating damages.

## III.   CONCLUSION

For the reasons stated above and in Class Plaintiffs' Memorandum of Law in Support of Their Motion *in Limine* to Preclude Reference before the Jury to "Pass Through" of Damages, or to any Alleged Benefits to Class Plaintiffs from the Alleged Price Fixing, Class Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude Dow from making reference before the jury to "pass on" of damages or to Class Plaintiffs' profitability during the class period.

3

Dated: December 21, 2012               Respectfully submitted,


                                       /s/ Robert W. Coykendall
                                       Robert W. Coykendall, #10137
                                       Roger N. Walter, #08620
                                       Morris, Laing, Evans, Brock & Kennedy,
                                       Chartered
                                       Old Town Square
                                       300 North Mead - Suite 200
                                       Wichita, KS 67202
                                       Tel: (316) 262-2671
                                       Fax: (316) 262-5991

                                       **Class Plaintiffs' Liaison Counsel**

Allen D. Black                         Richard A. Koffman
Roberta D. Liebenberg                  Christopher J. Cormier
Donald L. Perelman                     Sharon K. Robertson
Gerard A. Dever                        Laura A. Alexander
Paul Costa                             Cohen Milstein Sellers & Toll PLLC
Fine, Kaplan and Black, R.P.C.         1100 New York Avenue, N.W.
One South Broad Street                 Suite 500, West Tower
23rd Floor                             Washington, DC 20005
Philadelphia PA 19107                  Tel: (202) 408-4600
Tel: (215) 567-6565                    Fax: (202) 408-4699
Fax: (215) 568-5872

**Class Plaintiffs' Co-Lead Counsel**

4

## **CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

                                                s/Robert W. Coykendall
                                                Robert W. Coykendall, #10137

1665882.2