IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) ) ) ) ) No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | ) ) ) ) ) . |

**CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO PRECLUDE REFERENCE TO PAUL SEEGOTT'S BANKRUPTCY,
TO DORMANT STATUS OF PLAINTIFF SEEGOTT HOLDINGS INC., AND
TO BASF CORPORATION'S NOW-SETTLED COUNTERCLAIM
AGAINST SEEGOTT HOLDINGS**

I.  INTRODUCTION

Class Plaintiffs submit this reply in further support of their motion *in limine*, pursuant to Federal Rules of Evidence 401, 402 and 403, to prevent Defendant The Dow Chemical Company ("Dow") from referencing the prior bankruptcy of Plaintiff Seegott Holdings Inc.'s ("Seegott Holdings") owner, Paul Seegott, the dormant status of Seegott Holdings' business operations, and the filing and later settlement of BASF Corporation's counterclaim against Seegott Holdings.

As an initial matter, Dow concedes that it will not affirmatively reference at trial evidence about BASF Corporation's counterclaim against Seegott Holdings. Dow's Opp. to Class Pls.' Mot. [Doc. 2631] ("Opp.") at 1. Because Dow does not oppose the relief that Class Plaintiffs seek in this regard, the Court should exclude at trial all references to evidence concerning the filing and settlement of the counterclaim.

As demonstrated below, Dow's various arguments concerning the purported relevance of Mr. Seegott's personal bankruptcy and the dormant status of Seegott Holdings' business

operations are all without merit. For these reasons and those discussed below, the Court should grant Class Plaintiffs' motion.

## II. ARGUMENT

### A. Mr. Seegott's Personal Bankruptcy And Seegott Holdings' Dormant Business Status Are Irrelevant To Any Jury Issue, Including Mr. Seegott's "Credibility."

Dow is wrong when it claims that Mr. Seegott's personal bankruptcy and the dormant business status of Seegott Holdings are relevant to Mr. Seegott's "credibility as a witness." Neither issue is pertinent to any testimony that he, or any other witness, may give on whether a price-fixing conspiracy involving Dow existed or whether that conspiracy damaged the Class.

Dow's explanations of the arguments it intends to make to the jury only underscore the irrelevancy of such evidence. Whether or not Seegott Holdings "owed its creditors" money when it ceased operations, Opp. at 2, whether or not it "remains active solely for purposes of this litigation," *id.*, or whether or not it "intends to repay his [creditors] with money recovered from this litigation," *id.*, are plainly immaterial to the resolution of any issue in dispute between the parties, *i.e.*, whether Dow and its former co-defendants conspired to overcharge the Plaintiff Class for urethane chemicals.

Nor is there any merit to Dow's assertion that Seegott Holdings' cessation of business operations is relevant to show its "lack of knowledge" about industry conditions after it exited the industry. *Id.* at 2-3. To the extent Mr. Seegott will testify about conditions in the urethane chemical industry, including pricing, that testimony necessarily will be confined to the period when his company purchased urethane chemicals. Whether Seegott Holdings ultimately ceased operations bears no relevance to the veracity of any testimony Mr. Seegott may give concerning

his knowledge of and experience in the industry, including his dealings with urethane manufacturers, when Seegott Holdings actually participated in the industry.

Not surprisingly, Dow fails to cite a single case to support its untenable argument. In sum, Dow does not, and cannot, articulate how Mr. Seegott's personal finances and the status of his business after it exited the industry relate to any issue that the jury will resolve. Accordingly, this evidence and all proposed references to it should be excluded.

### B. Any Reference To Mr. Seegott's Bankruptcy Or The Dormant Status Of Seegott Holdings Would Be Unduly Prejudicial To The Class.

Dow also argues that reference to Mr. Seegott's personal bankruptcy and to the dormant status of his business would not unduly prejudice the Class at trial. Because these issues are irrelevant, the Court need not reach the issue of prejudice.

In any event, such evidence is both irrelevant and unduly prejudicial. Dow completely sidesteps the points (and supporting cases) that Class Plaintiffs set forth in their opening brief about why reference to these issues should be prohibited. Not only would such reference distract the jury and unfairly prejudice the Class by portraying them as undeserving of an award for reasons unrelated to the conspiracy, but such reference would spawn potentially time-consuming and distracting litigation of collateral issues.

The cases that Dow cites, moreover, are plainly distinguishable. *United States v. Perryman*, No. 11-CR-0100-CVE, 2012 U.S. Dist. Lexis 88596 (N.D. Okla. June 27, 2012), Opp. at 3, was a criminal case where the court ruled that the defendant's recent bankruptcy was relevant to showing motive for burning down his business to pocket the insurance proceeds. 2012 U.S. Dist. Lexis 88596, at *22-23. In *Allison v. Ticor Title Insurance Co.*, 979 F.2d 1187 (7th Cir. 1992), Opp. at 3, plaintiffs sued the defendant insurer, from whom they bought insurance for leaseholds they owned in a resort, after the resort went bankrupt and the insurer

3

refused to pay the plaintiffs. 979 F.2d at 1191-92. The court admitted evidence of the bankruptcy because it was relevant to a host of issues, including valuation of the leaseholds. *Id.* at 1198-99. And in *Middleby Corp. v. Hussmann Corp.*, No. 90 C 2774, 1993 U.S. Dist. Lexis 6150 (N.D. Ill. May 5, 1993), Opp. at 3, which involved the breach of a corporate asset purchase agreement, the court admitted evidence of the plaintiff's prior bankruptcy because it was relevant to the plaintiff's business acumen and, consequently, performance under the contract. 1993 U.S. Dist. Lexis 6150, at *20. In stark contrast to this case, the bankruptcies admitted in the criminal and contract cases discussed above were plainly relevant to core issues in dispute.

Accordingly, the Court should exclude any evidence of or reference to Mr. Seegott's personal bankruptcy and the dormant status of Seegott Holdings because it would unduly prejudice the Class.

C. **Mr. Seegott's Bankruptcy And Seegott Holdings' Dormant Business Status Are Irrelevant To Trying The Case On A Class-Wide Basis.**

Dow makes a cursory argument, just one sentence, to argue that Mr. Seegott's personal bankruptcy and Seegott Holdings' business status are relevant as to whether this case can be tried on a class-wide basis and whether Seegott was harmed by the conspiracy. *See* Opp. at 1. Significantly, Dow does not cite a single case, in support of its argument. Accordingly, it has waived these "perfunctory" arguments. *See Wall v. Astrue*, 561 F.3d 1048, 1066 (10th Cir. 2009) (holding "perfunctory" arguments waived); *Chambers v. Astrue*, No. 11-CV-464-PJC, 2012 U.S. Dist. LEXIS 121748, *23 (N.D. Okla. Aug. 28, 2012) ("The undersigned finds that this is not a sufficiently developed argument to be addressed by the Court.").

In addition, Dow should not be allowed to re-hash arguments that it already, and unsuccessfully, made in both opposing Class Plaintiffs' motion for class certification and in petitioning the 10th Circuit for interlocutory review of this Court's class certification order.

Over four years ago, the Court ruled, after conducting a rigorous analysis of a well-developed record, that class-wide treatment of Plaintiffs' claims was proper. Mem. and Order [Doc. 708] at 1-2, 37. In particular, the Court ruled that Class Plaintiffs "have shown that they can establish their case on the element of impact by way of generalized proof as opposed to proof that is particular to each member of the class," *id.* at 18, and that Seegott Holdings was an adequate class representative that could represent the Class at trial, *id.* at 35-36. Dow should not be permitted to take a third bite at the class certification apple. The case is now ready for trial on a class-wide basis.

## III. CONCLUSION

For the reasons stated above, Class Plaintiffs request that the Court grant their motion *in limine* to prevent Dow from referencing Paul Seegott's bankruptcy and the dormant status of Seegott Holdings' business operations.

Dated: December 21, 2012                              Respectfully submitted,

                                                                       /s/ Robert W. Coykendall
                                                                       Robert W. Coykendall, #10137
                                                                       Roger N. Walter, #08620
                                                                       Morris, Laing, Evans, Brock & Kennedy, Chartered
                                                                        Old Town Square
                                                                        300 North Mead - Suite 200
                                                                        Wichita, KS  67202
                                                                        Tel:  (316) 262-2671
                                                                        Fax:  (316) 262-5991

                                                                        **Class Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Allen D. Black | Richard A. Koffman |
| Roberta D. Liebenberg | Christopher J. Cormier |
| Donald L. Perelman | Sharon K. Robertson |
| Gerard A. Dever | Laura A. Alexander |
| Paul Costa | Cohen Milstein Sellers & Toll PLLC |
| Fine, Kaplan and Black, R.P.C. | 1100 New York Avenue, N.W. |
| 1835 Market Street, 28th Floor | Suite 500, West Tower |
| Philadelphia, PA  19103 | Washington, DC  20005 |

| Tel: (215) 567-6565 | Tel: (202) 408-4600 |
| Fax: (215) 568-5872 | Fax: (202) 408-4699 |

**Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

                                              s/Robert W. Coykendall
                                              Robert W. Coykendall, #10137