IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | No. 04-MD-1616-JWL |
| This Document Relates To: The Polyether Polyols Cases | |

### CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE DAVID FISCHER AND RICHARD BEITEL FROM TESTIFYING LIVE IN DOW'S CASE-IN-CHIEF IF DOW REFUSES TO MAKE THEM AVAILABLE DURING CLASS PLAINTIFFS' CASE-IN-CHIEF

Dow acknowledges that Class Plaintiffs' motion *in limine* to preclude David Fischer and Richard Beitel from testifying live in Dow's case-in-chief if Dow refuses to make them available during Class Plaintiffs' case-in-chief was granted following the Court's December 7, 2012 Telephone Conference. (Dkt. 2597). Nonetheless, Dow responds to preserve its objection. In its response, Dow suggests that because both Fischer and Beitel are former employees and beyond the subpoena power of the Court, the Court should require the testimony of both of these witnesses to be presented in only one party's case-in-chief. Dow's request should be denied.

The Court took up this very issue during the December 7, 2012 Telephone Conference and expressed its view that, absent agreement between the parties, it would not require Class Plaintiffs to include in their own case-in-chief, testimony that Dow can present in its own case-in-chief. *See* Telephone Conference Tr. 14-15.[1] As the Court observed, Dow's request touches

---

[1] Indeed, with respect to Fischer the Court stated: "As of now, what I understand the situation is is that Dow has told the plaintiff [sic] that Fischer does not appear to be available live; therefore, he will be called by videotaped deposition. However, if the parties jointly are able to come to an accommodation for Fischer to testify live, I will certainly honor that accommodation, but that accommodation will require that he testify live during the plaintiffs' case-in-chief as well as the defendants' case." Similarly, with regard to Beitel, the Court stated: "I'm inclined to enforce the notion that he would need to testify live in both cases or by video in both cases." Tr. at 14-15.

upon the very same issues addressed in Class Plaintiffs' motion *in limine* seeking to exclude Defendant's initial video deposition designations from Class Plaintiffs' case-in-chief. *See id.* at 15-17. As explained more fully in that brief, requiring Class Plaintiffs to include in their own case-in-chief all of Dow's affirmative questioning in relation to these witnesses would prejudice Class Plaintiffs' ability to present their case in the manner they deem appropriate, cause jury confusion, and unduly lengthen Class Plaintiffs' presentation at trial.[2] *See* Class Plaintiffs' Memorandum of Law in Support of Motion *In Limine* To Exclude Defendant's Initial Video Deposition Designations from Class' Plaintiffs' Case-in-Chief (Dkt. 2581). Moreover, the parties have not reached an agreement on this issue and Dow has raised no new arguments in its opposition brief that would require the Court to reconsider its December 7 ruling.[3]

Dated: December 21, 2012                    Respectfully submitted,

/s/ *Robert W. Coykendall*
Robert W. Coykendall, #10137
Roger N. Walter, #08620
Morris, Laing, Evans, Brock & Kennedy, Chartered
Old Town Square
300 North Mead - Suite 200
Wichita, KS 67202
Tel: (316) 262-2671

---

[2] Class Plaintiffs intend to affirmatively question all of their witnesses during their own case-in-chief. Accordingly, Class Plaintiffs are equally opposed to Dow's suggestions that they present any portion of their affirmative questioning of Fischer and Beitel during Dow's case-in-chief.

[3] As it did during the Telephone Conference, Dow places much emphasis on the fact that these witnesses are former employees and beyond the subpoena power of the Court in defending its request to present their testimony all at once. However, as caselaw clearly demonstrates, neither the employment status nor the location of these individuals is relevant to the Court's ability to exercise its broad discretion under Fed. R. Evid. 611(a) and exclude these witnesses from testifying live if they refuse to make themselves available for *both* Plaintiffs' case-in-chief and Dow's case-in-chief. *See, e.g., Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 806-807 (N.D. Ill. 2002) (finding that "[c]ontrol over the witnesses is not dispositive" in deciding whether to allow a witness to testify live during defendants' case-in-chief when the witness refused to appear and testify during plaintiffs' case-in-chief); *Maran Coal Corp. v. Societe Generale De Surveillance S.A.*, No. 92 CIV. 8728 (DLC), 1996 WL 11230, at *2 (S.D.N.Y. Jan. 10, 1996) (precluding defendants from presenting the live testimony of a former consultant and an employee of its subsidiary in India in its own case, even though they were foreign nationals outside the court's subpoena power, unless such witnesses were made available for the plaintiff's case-in-chief).

<div style="columns:2">

Allen D. Black
Roberta D. Liebenberg
Donald L. Perelman
Gerard A. Dever
Paul Costa
Fine, Kaplan and Black, R.P.C.
One South Broad Street
23rd Floor
Philadelphia PA 19107
Tel: (215) 567-6565
Fax: (215) 568-5872

Fax: (316) 262-5991

**Class Plaintiffs' Liaison Counsel**

Richard A. Koffman
Christopher J. Cormier
Sharon K. Robertson
Laura A. Alexander
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

</div>

**Class Plaintiffs' Co-Lead Counsel**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

<div style="text-align: right;">

s/Robert W. Coykendall
Robert W. Coykendall, #10137

</div>