**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | ) |
|  | ) |
|  | )    Case No. 04-md-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO: | ) |
| POLYETHER POLYOL CASES | ) |
|  | ) |

**THE DOW CHEMICAL COMPANY'S REPLY IN SUPPORTS OF ITS MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO OR EVIDENCE OF DOW'S OVERALL FINANCIAL CONDITION**

Dow's motion *in limine* (Doc. 2558) seeks exclusion of any reference to or evidence of Dow's overall revenues, assets, profits or net worth.  Dow expressly stated that it "does not seek to exclude financial evidence related to the products at issue:  MDI, TDI, polyether polyols and associated systems." *Id.* at 2.  Despite these clear statements, the Class Plaintiffs argue in their response[1] that Dow's motion should be denied because the global scale of Dow's operations and the revenues, financial information and capacity of the relevant products may be relevant.  None of these arguments addresses the point of Dow's motion, which is therefore both meritorious and unopposed.  Accordingly, Dow asks the Court to grant its motion.

Evidence of Dow's overall financial condition, including its gross revenues, assets and/or profits and the company's net worth, is neither necessary to determine damages nor relevant to any of the issues before the jury, and should accordingly be excluded.  The Class Plaintiffs argue that evidence of Dow's global scale of operations is relevant to: (1) the Class Plaintiffs' planned explanation about why some employees who worked with the products at issue in this case were

---

[1] Class Plaintiffs' Opposition to Dow's Motion in Limine to Preclude Reference to or Evidence of Dow's Overall Financial Condition ("Response") (Doc. 2606).

unaware of the conspiracy; and (2) Dow's defense that it had legitimate reasons to communicate with other urethanes manufacturers.  Response at 1-2.  Neither of these arguments requires in depth analysis to reject.  Neither argument implicates Dow's overall revenues, assets, profits or net worth.  Both instead address the functioning of Dow's urethanes operations.  Again, those operations are not the subject of Dow's motion.

Next, the Class Plaintiffs state their intention to introduce "evidence of Dow's scale, revenues, and financial information to explain possible motive, to provide context for capacity decisions, and to neutralize Dow's repeated claim that it attempted to raise prices because of falling margins or declining finances."  Response at 3.  This careful drafting cannot obscure that this argument also has nothing to do with Dow's **overall** revenues, assets, profits or net worth. Class Plaintiffs are once again talking about Dow's urethanes operations.  More specifically, the scale, revenues, financial information, prices, margins and declining finances at issue are those for MDI, TDI, polyether polyols and associated systems.  Such evidence is not the subject of Dow's motion.

The Class Plaintiffs cite two cases in support of their arguments, neither of which are relevant to the issues in Dow's motion.  In *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), a disabled chiropractor brought suit against her disability insurance provider for breach of contract, breach of the covenant of good faith and fair dealing, and insurance bad faith (for which a plaintiff may recover tort and punitive damages).  After a jury verdict for the chiropractor and an award of $5 million in punitive damages, the defendants moved for a new trial on various grounds, including because the district court denied a motion to bifurcate the case and have separate juries consider liability for contract damages and liability for punitive damages for tortious breach of that contract.  *Id.* at 1021.  The Ninth Circuit affirmed,

ruling that bifurcation was unnecessary because the evidence on breach of contract, tortious breach, and punitive damages was intertwined:   the financial condition of the insurance companies led them to adopt claims handling practices in which they set out to target claims such as the chiropractor's with termination as the goal by using biased medical examiners and claims evaluators who assessed certain types of claims with the purpose of terminating benefits.   *Id.* *Hangarter* does not address the admissibility of a defendant's overall financial condition in an antitrust case against a highly diversified global company, where such information is not relevant or necessary to determine liability or damages.   It merely stands for the proposition that a trial court does not abuse its discretion when it comports with "normal trial procedure" by trying compensatory and punitive damage claims together, especially where a defendant's financial condition is relevant to intertwined claims for breach of contract, tortious breach, and punitive damages.   *Id.*

*Simek v. J.P. King Auction Co.*, 160 Fed. Appx. 675, 684-85 (10th Cir. 2005) (order and judgment), also does not support the Class Plaintiffs' opposition.   *Simek* is an appeal from the denial of a motion for a new trial, after a jury found that Simek suffered no damages when an auction company breached its fiduciary duties and violated Wyoming real estate laws in the course of holding an absolute auction of his property in Wyoming.   *Simek*, 160 Fed. Appx. at 684-685.   On appeal, Simek argued that the district court erred in allowing the auction company to present evidence indicating his net worth (a single question on cross-examination that elicited that he owned property in Nevada worth $40 million).   *Id.*   The Tenth Circuit found no abuse of discretion in its non-precedential order and judgment, as Simek's experience with valuable real estate was relevant for refuting his claim that he was taken advantage of through the absolute auction of his Wyoming property.   *Id.*   Further, it had already been established at trial by Simek

that he founded Tombstone Pizza and intended to develop the Nevada property into a golf course and residential lots.  *Id.*  For obvious reasons, *Simek* does not support an argument that Dow's overall revenues, assets, profits or net worth is relevant in this antitrust case.

"As a general rule, evidence of a party's financial condition is inadmissible, unless it is necessary to determine damages."  *In re Motor Fuel Temperature Sales Practices Litig.*, 2012 U.S. Dist. LEXIS 90238, 76-78 (D. Kan. June 28, 2012) (citing *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983)); *see also Garcia v. Sam Tanksley Trucking, Inc.*, 709 F.2d 519, 522 (10th Cir. 1983) ("reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument").  Here, evidence of Dow's overall financial condition, including its gross revenues, assets and/or profits and the company's net worth, is not necessary to determine damages.  In addition, the admission of evidence about Dow's overall financial condition would subject Dow to the danger of unfair prejudice and confuse the issues the jury must assess.  The admission of such evidence would erroneously imply that Dow's wealth is relevant to the merits of this case, and would improperly invite the jury to award damages simply because of the size and financial strength of Dow.  Accordingly, Dow's motion should be granted.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By /s/Brian R. Markley
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

| | |
|---|---|
| David M. Bernick | Scott Gant |
| 575 Lexington Ave., 7th Floor | 5301 Wisconsin Ave, NW, Suite 800 |
| New York, NY 10022 | Washington, DC 20015 |
| Telephone:  (212) 446-2356 | Telephone:  (202) 237-2727 |
| Facsimile:  (212) 446-2350 | Facsimile:  (202) 237-6131 |

PAUL HASTINGS LLP

| | |
|---|---|
| Hamilton Loeb | Donald Morrow |
| Jeremy P. Evans | 695 Town Center Drive |
| 875 15th Street, N.W. | Seventeenth Floor |
| Washington, DC 20005 | Costa Mesa, CA 92626 |
| Telephone:  (202) 551-1700 | Telephone:  (714) 668-6291 |
| Facsimile:  (202) 551-1705 | Facsimile:  (714) 668-6391 |

FLOYD FINCH LAW OFFICES

Floyd Finch
1220 Washington Street, Suite 202
Kansas City, Mo 64105
Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

## Certificate of Service

On December 21, 2012, a copy of The Dow Chemical Company's Reply Memorandum Supporting its Motion in Limine to Preclude Reference to or Evidence of Dow's Overall Financial Condition was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                            s/ Brian R. Markley
                         Attorney for The Dow Chemical Company

7435415.2