IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) POLYETHER POLYOL CASES ) ) | Case No. 04-md-1616-JWL-JPO |

**THE DOW CHEMICAL COMPANY'S REPLY MEMORANDUM
SUPPORTING ITS MOTION *IN LIMINE* TO PRECLUDE
CERTAIN STATEMENTS BY ALLEGED CO-CONSPIRATORS**

Hearsay by alleged co-conspirators should not be admitted unless and until the prerequisites for Rule 801(d)(2)(E) admission are satisfied by a preponderance of the evidence introduced and weighed at a pre-trial hearing. The Class Plaintiffs' contrary arguments are without merit. Accordingly, Dow asks the Court to grant this motion.

**I.   Dow has not waived its hearsay objections.**

In their response brief,[1] at 1, the Class Plaintiffs first argue that Dow's motion *in limine* should be denied because Dow failed to comply with the "process required by the Court in the Pretrial Order." That is incorrect. Dow did comply with the Pretrial Order. Dow's motion is expressly permitted by the Pretrial Order and Dow filed the motion on the date set by the Pretrial Order.

The Class Plaintiffs' argument is based on a false premise. The Class Plaintiffs mischaracterize Dow's motion as an objection to deposition designations. From this predicate,

---

[1] Class Plaintiffs' Opposition to Defendant's Motion *in Limine* to Preclude Certain Statements by Alleged Co-Conspirators ("Response") (Doc. 2629).

1

they conclude that Dow was required to file its motion by November 28.[2] Dow filed its motion two days later on the November 30 deadline set by the Pretrial Order for motions *in limine*. As a result, the Class Plaintiffs argue that Dow has waived its rights. Again, this entire argument derives from a false premise.

Dow's motion *in limine* is not simply an objection to deposition designations. Dow's motion *in limine* expressly seeks to exclude from trial "certain statements by alleged co-conspirators." While Dow cites to the deposition transcripts to demonstrate the type of testimony at issue, these citations are provided as examples of the evidence covered by the motion *in limine*. This is expressly reflected by the "*E.g.*" citations that appear throughout Exhibit B to Dow's motion.

Furthermore, Exhibit B is not limited to testimony that the Class Plaintiffs designated or counter designated. Specifically, Exhibit B refers to testimony by John Feldmann of BASF about what he heard Werner Spinner of Bayer say. As a result, Dow's motion is plainly not limited to designations. Indeed, in their response to Exhibit B, the Class Plaintiffs state that they will attempt to introduce evidence of this exchange. That may be true, but it will not occur through deposition designations. This exchange has not been designated by the Class Plaintiffs.

Thus, despite their efforts to recast Dow's motion *in limine*, the Class Plaintiffs' own action exposes the artifice behind that attempt. Dow seeks exclusion of hearsay by co-conspirators regardless of their source. Dow's motion *in limine* would apply equally to statements from, for example, the upcoming deposition of Edward Dineen, and to potential

---

[2] The Class Plaintiffs emphasize that November 28 was the deadline for objecting to a party's initial deposition designations. The Class Plaintiffs neglect to mention that their counter designations, include the same designations and that the deadline for objecting to those counter designations was not until December 14, two weeks after Dow filed its motion *in limine*.

testimony that may be elicited from any live witness permitted to appear at trial, and to similar statements embedded in any exhibits sought to be introduced at trial.

As a motion *in limine*, Dow's motion had a filing deadline of November 30. Dow complied with the Pretrial Order and met that deadline.[3] Dow has waived nothing.

## II. The determination as to the admissibility of hearsay by alleged co-conspirators should be made after weighing the record of evidence introduced at a pretrial hearing.

The Class Plaintiffs next argue that all of their evidence is admissible pursuant to Fed. R. Evid. 801(d)(2)(E). Response at 4-11. Indeed, while conceding that a pretrial hearing is the preferred order of proof in the Tenth Circuit, *id.* at 8, the Class Plaintiffs insist that no such hearing is necessary here because the summary judgment record suffices, *id.* at 8-10. Again, the Class Plaintiffs are incorrect.

At summary judgment, the district court does not act as a fact finder, not even on a preliminary basis. Rather, the district court acts as a "question of fact" finder. In that role, the district court grants the non-moving party every reasonable inference and does not weigh the evidence or assess credibility. In the summary judgment order entered in this case, the Court repeatedly emphasized that the summary judgment context shaped and limited its assessment of the record.

But the evidentiary presumptions and inferences of summary judgment do not apply when the district court acts as a preliminary fact finder under Rule 801(d)(2)(E). Instead, at the Rule 801 pre-trial hearing, the Court receives the evidence and weighs it. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987) ("[T]he judge should receive the evidence and give it such

---

[3] Even if Dow needs to show good cause, Dow asks the Court to find that Dow's compliance with the Pretrial Order under these circumstances constitutes good cause for filing on November 30, rather than November 28.

weight as his judgment and experience counsel."). Accordingly, the pages spent by the Class Plaintiffs in their Response to spin their interpretation of the record are meaningless. The Court has not yet seen the witnesses that the Class Plaintiffs rely on and has not assessed their credibility in the course of making the requisite preliminary factual findings. Furthermore, Dow was aware of the summary judgment context when it selected evidence to introduce for that purpose. Dow may have different or additional evidence to offer after seeing what the Class Plaintiffs present at a pre-trial hearing. In short, the existence of a summary judgment record neither makes a pre-trial hearing unnecessary nor the Court's preliminary factual determinations a foregone conclusion.

As for the preliminary factual determinations that Rule 801(d)(2)(E) requires, the Class Plaintiffs at first agree that they must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were members of he conspiracy; and (3) the hearsay statements were made in the course of and in furtherance of the conspiracy. Response at 5. Later, in their brief, however, the Class Plaintiffs pitch a different standard that better suits their evolving position. Specifically, Class Plaintiffs assert that the "requisite preliminary factual showing [is] that a conspiracy *probably* existed, that Dow *probably* was a member of the conspiracy, and that the co-conspirators made the statements in furtherance of the conspiracy." *Id.* at 7 (emphasis supplied).

"Probably" will not cut it. Before any co-conspirator hearsay can be admitted, Rule 801(d)(2)(E) requires finding, among other things, that a conspiracy in fact existed, *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996), which inherently requires a determination that Dow actually entered into an illegal agreement, *see Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1082 (10th Cir. 2006). The Rule also requires a finding

that the speaker, *i.e.* the declarant, was in fact a member of the conspiracy. *Lopez-Gutierrez*, 83 F.3d at 1242. While the Court's findings on these issues are "preliminary" and are made solely for purposes of resolving a question of admissibility, the law nonetheless requires findings, not probabilities. And, these findings as to the admissibility of hearsay by alleged co-conspirators should be made after weighing the record of evidence introduced at a pretrial hearing.

**III.    The type of statements at issue are not verbal acts.**

Finally, the Class Plaintiffs argue that the statements at issue are "verbal acts," not hearsay. Response at 10-11. This contention is wrong. The statements at issue are classic hearsay; they do not have independent legal consequence.

"The verbal acts doctrine applies only where the out-of-court statement actually affects the legal rights of the parties, or where legal consequences flow from the fact that the words were said." *Echo Acceptance Corp. v. Household Retail Servs.*, 267 F.3d 1068, 1087-1088 (10th Cir. 2001) (internal quotation marks and citation omitted); *see also United States v. Montana*, 199 F.3d 947, 950 (7th Cir. 1999) (explaining difference between verbal acts such as a promise, offer, or demand, "which commit the speaker to a course of action," and hearsay statements, which "narrate, describe, or otherwise convey information, and so are judged by their truth value"). In *Echo*, the Tenth Circuit held that it was proper to exclude business letters that did not constitute the offer and acceptance of the contract at issue; the hearsay statements within were not verbal acts because only utterances "constituting the offer and acceptance *which brought the contract into being*" qualify as verbal acts. *Echo*, 267 F.3d at 1087-1088 (quoting McCormick on Evidence § 249 (5th ed. 1999)) (emphasis in opinion); *see also* Weinstein's Federal Evidence § 801.11 ("A verbal act is an utterance of an operative fact that gives rise to legal consequences.").

In this case, the type of statements described in Exhibit B to Dow's motion *in limine* are classic hearsay. None of the hearsay statements described in Exhibit B to Dow's motion are the very words used to bring the alleged conspiracy into being, or otherwise actually affect the legal rights of the parties by causing legal consequences to flow from the fact that the words were said. *See Echo*, 267 F.3d at 1087-1088. For example, Dow has moved to exclude testimony of Stephanie Barbour where she states that she was told by Marco Levi at a meeting in 2000 that Uwe Hartwig of BASF wanted to talk with her about pricing. Mr. Hartwig's statement is hearsay because it is offered for its truth—that Mr. Hartwig, a BASF employee, wanted to talk about pricing with a Dow employee. In the "Verbal Acts Analysis" submitted by the Class Plaintiffs as Exhibit B to their Opposition, the Class Plaintiffs state: "Mr. Hartwig's statement is a verbal act because his indication of his desire to talk with Ms. Barbour about pricing is relevant to the formation of an illegal conspiracy irrespective of its truth." Response at Ex. B. It is not correct, however, that any statement "relevant to the formation of an illegal conspiracy" is a verbal act; only those statements which contain the very words used to bring the alleged conspiracy into being are verbal acts, because only those words have independent legal consequences. *See Stover*, 329 F.3d at 869-70; *Echo*, 267 F.3d at 1087-88.

Similarly, Dow has moved to exclude Ms. Barbour's testimony that Peter Davies told her in 2003 that an unnamed person at BASF said he/she was not happy with Ms. Barbour because she was not sticking with the price increase. The Class Plaintiffs argue that "[t]he statement by the unnamed person is a verbal act because it is relevant to show the means of enforcing the conspiracy and the expectations of the conspirators. Those facts are proven by the fact that the statement was made itself; the statement is not being offered to prove the truth of the underlying assertions." Response at Ex. B. But a narrative hearsay utterance does not become an

6

admissible verbal act "because it is relevant," and the BASF employee's statement is not potentially relevant unless it is being offered to show that a BASF employee was truly not happy with a Dow employee because of perceived noncompliance with a price increase. The Class Plaintiffs want that fact established as the truth in order to argue what conclusions the jury should draw from it. *See Montana*, 199 F.3d at 950 (contrasting performative verbal acts with elocutionary utterances that "narrate, describe, or otherwise convey information, and so are judged by their truth value (information is useful only if true--indeed is *information* only if it is true)") (emphasis in original).

### IV.    Conclusion

For the foregoing reasons, Dow asks the Court to grant this motion and exclude from trial statements by alleged co-conspirators unless and until the Court determines by a preponderance of the evidence after a pretrial hearing that the Class Plaintiffs have satisfied the prerequisites for admission pursuant to Fed. R. Evid. 801(d)(2)(E).

Respectfully submitted,

STINSON MORRISON HECKER LLP

By /s/Brian R. Markley
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

| | |
|---|---|
| David M. Bernick | Scott E. Gant |
| 575 Lexington Ave., 7th Floor | 5301 Wisconsin Ave, NW, Suite 800 |
| New York, NY 10022 | Washington, DC 20015 |
| Telephone:  (212) 446-2356 | Telephone:  (202) 237-2727 |
| Facsimile:  (212) 446-2350 | Facsimile:  (202) 237-6131 |

PAUL HASTINGS LLP

| | |
|---|---|
| Hamilton Loeb | Donald Morrow |
| Jeremy P. Evans | 695 Town Center Drive |
| 875 15th Street, N.W. | Seventeenth Floor |
| Washington, DC 20005 | Costa Mesa, CA 92626 |
| Telephone:  (202) 551-1700 | Telephone:  (714) 668-6291 |
| Facsimile:  (202) 551-1705 | Facsimile:  (714) 668-6391 |

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

**Certificate of Service**

On December 21, 2012, a copy of **THE DOW CHEMICAL COMPANY'S REPLY MEMORANDUM SUPPORTING ITS MOTION IN LIMINE TO PRECLUDE CERTAIN STATEMENTS BY ALLEGED CO-CONSPIRATORS** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                                            /s/ Brian R. Markley
                                            Attorney for The Dow Chemical Company