**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | ) | |
| | ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO:<br>POLYETHER POLYOL CASES | )<br>)<br>) | |

**THE DOW CHEMICAL COMPANY'S REPLY MEMORANDUM
SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
SETTLEMENT AND SETTLEMENT DISCUSSIONS**

The Class Plaintiffs should not be permitted to refer to or introduce evidence of their settlements with defendants Bayer AG, Bayer Corporation, Bayer Material Science LLC (formerly Bayer Polymers LLC), BASF AG, BASF Corporation, Huntsman International LLC, and Lyondell Chemical Company (collectively the "settling defendants"), or of any settlement discussions with Dow. Such evidence is irrelevant to the claim in this case and would be highly prejudicial to Dow. Accordingly, Dow asks the Court to grant its motion.

In their response brief,[1] at 2, the Class Plaintiffs blithely assure the Court that informing the jury of settlement is necessary to dispel their confusion and prevent speculation. Not so. The Class Plaintiffs seek to impose the very prejudice that Rule 408 is designed to prevent. Moreover, the nonexistent relevance of the settlements would be substantially outweighed, to put it mildly, by the danger of unfair prejudice to Dow. Finally, the Class Plaintiffs do not oppose Dow's requested instruction, which is the best solution for preventing speculation and confusion.

---

[1] Class Plaintiffs' Opposition to Dow Chemical Company's Motion in Limine to Exclude Evidence of Settlement ("Response") (Doc. 2602).

Admitting the fact of settlements will generate speculation, not quell it.  Indeed, that is the intent.  If it were not, the Class Plaintiffs would be insisting on telling the jury about the Court's order dismissing the claims against Jean-Pierre Dhanis and Uwe Hartwig. Memorandum and Order (Doc. 1296).  The jury is going to hear testimony from and about these individuals, who were sued for antitrust violations in connection with the same urethanes chemicals.[2]  They and others could be conspirators.  By the Class Plaintiffs' reasoning, the jury should be told that the claims against these men were dismissed.

The Class Plaintiffs, of course, only want the jury to know about the settlements with the settling defendants.  Under Rule 408, settlement evidence is not admissible to prove the liability of the settling defendants or Dow for any of the claims asserted in this action.   Yet, by introducing the fact of settlement, the Class Plaintiffs hope to induce the jury to conclude that their claim must have merit.  That is not permitted.  *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV 208, 2011 U.S. Dist. LEXIS 85025, at * 7-9 (E.D. Tenn. Aug. 1, 2011) ("Even if plaintiffs in truth seek to admit evidence of the settlement for some purpose other than as an admission of guilt or liability . . . , the possibility that the jury might draw such a conclusion from the Dean settlement is very real and raises a real risk that the jury might impute liability to the remaining defendants based on the Dean settlement."); s*ee Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1395 (10th Cir. 1987) (noting that the "prejudicial effect of allowing a jury to hear of the circumstances surrounding the settlement of a claim was one of the concerns that motivated the drafters of the Federal Rules of Evidence to absolutely prohibit the use of evidence of a settlement to prove liability or the amount of a claim.").

---

[2] Mssrs. Dhanis and Hartwig were sued in the opt-out case, but that is irrelevant under the reasoning that Class Plaintiffs offer in support of their position.

The Class Plaintiffs insist that informing the jury of the settlement would be a service in that it would allay confusion.  Response at 2.  In support of their position, the Class Plaintiffs cite two decisions, *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067 (5th Cir. 1986), and *Cooper Tire & Rubber Co. v. Farese*, No. 3:02CV210-SA, 2008 U.S. Dist. LEXIS 78456 (N.D. Miss. Sept. 12, 2008).  Neither is persuasive here.  In *Kennon*, the Fifth Circuit noted in dicta that, where several defendants were previously in court before the jury but then were absent because of a settlement, it was not an abuse of discretion for the trial court to inform the jury of the fact of settlement to avoid jury confusion.  *Id.* at 1070.  In this case, only Dow will ever appear before the jury.  As for *Cooper Tire*, the court in that case permitted the introduction of the fact of settlement because the claims in the case were in part about that settlement.  *Cooper Tire & Rubber Co. v. Farese*, No. 3:02CV210-SA, 2008 U.S. Dist. LEXIS 78456 at *5-9 (N.D. Miss. Sept. 12, 2008).  That is not the situation here.

The Class Plaintiffs next argue that, because they have alleged a conspiracy, introducing the fact of settlements is "not only relevant …, but … essential to understanding the nature of the case and current composition of the parties."  Response at 2.  Rule 408 has no exception, however, for conspiracy cases.  Indeed, if an allegation of conspiracy made settlement evidence "not only relevant . . . but also essential to understanding the nature of the case," it would render Rule 408 meaningless in conspiracy cases.  In such cases, the danger of unfair prejudice is perhaps the highest because the remaining defendant, here Dow, is alleged to have participated in exactly the same conduct as those who settled.

Moreover, even if the settlements were somehow relevant and Rule 408 did not apply, Rule 403 would nevertheless bar what Class Plaintiffs' propose.  Rule 403 contemplates the exclusion of relevant evidence based on the danger of unfair prejudice to the party it is offered

against.  Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."); *Stump v. Gates*, 211 F.3d 527, 534 (10th Cir. 2000) (noting that "the 'unfair prejudice' standard in Rule 403 limits the use of relevant evidence that has 'an undue tendency to suggest the jury make a decision on an improper basis, commonly, though not necessarily, an emotional one.'") (citation omitted).  As noted above, the risk of prejudice to Dow from the introduction of the fact of settlement is extreme.  It far exceeds any relevance such evidence may have for issues outside of the bounds of Rule 408.

Finally, the Class Plaintiffs position must be rejected because they do not oppose the following jury instruction requested by Dow in its motion.  That instruction directs the jury not to speculate about why other defendants are absent from the trial.  "Juries are presumed to follow the court's instructions."  *Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1287 (10th Cir. 2000).  Accordingly, the instruction will resolve any legitimate concern the Class Plaintiffs may have about jury confusion or speculation.

For all these reasons, Dow asks the Court to grant its motion.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By /s/Brian R. Markley

    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone:  (816) 842-8600
    Facsimile:  (888) 290-2657
    Email:  bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

| | |
|---|---|
| David M. Bernick | Scott Gant |
| 575 Lexington Ave., 7th Floor | 5301 Wisconsin Ave, NW, Suite 800 |
| New York, NY 10022 | Washington, DC 20015 |
| Telephone:  (212) 446-2356 | Telephone:  (202) 237-2727 |
| Facsimile:  (212) 446-2350 | Facsimile:  (202) 237-6131 |

PAUL HASTINGS LLP

| | |
|---|---|
| Hamilton Loeb | Donald Morrow |
| Jeremy P. Evans | 695 Town Center Drive |
| 875 15th Street, N.W. | Seventeenth Floor |
| Washington, DC 20005 | Costa Mesa, CA 92626 |
| Telephone:  (202) 551-1700 | Telephone:  (714) 668-6291 |
| Facsimile:  (202) 551-1705 | Facsimile:  (714) 668-6391 |

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone:  (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

On December 21, 2012, a copy of **THE DOW CHEMICAL COMPANY'S REPLY MEMORANDUM SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENT AND SETTLEMENT DISCUSSIONS** was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

<u>*/s/ Brian R. Markley*</u>
Attorney for The Dow Chemical Company

6