**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) | |
| ) | Case No. 04-1616-JWL-JPO |
| THIS DOCUMENT RELATES TO: ) POLYETHER POLYOL CASES ) | |

**THE DOW CHEMICAL COMPANY'S REPLY MEMORANDUM SUPPORTING ITS MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR ALLEGATIONS OF ANY PURPORTED CONSPIRACY TO FIX THE PRICES OF POLYETHER POLYOLS SYSTEMS**

Dow seeks to exclude reference to or allegations of a conspiracy to fix the prices of polyether polyol systems ("Systems") because that is not a claim that will be tried in this case. There is a distinction between the scope of the purchasers included in the class definition and the scope of the purported conspiracy. Specifically, while the class certified by the Court includes purchasers of Systems, the jury will be asked to decide whether Dow entered into an illegal conspiracy related to MDI, TCI and polyols. Purchasers of Systems are included in the class because "[p]laintiffs' theory . . . is that prices for systems would have been improperly affected by the alleged conspiracy to fix prices for the constituent elements of MDI and TDI." Memorandum and Order (Doc. 2637) at 20; *see also* Memorandum and Order (Doc. 708) at 21; Pretrial Order (Doc. 2374) at 7. Accordingly, allegations of a different conspiracy, namely a conspiracy to fix the prices of various Systems, have no place at this trial and should be excluded.

In their response brief,[1] at 1, the Class Plaintiffs argue that Dow is trying to recast the Class Plaintiffs' case. Dow is doing nothing of the sort. Rather, Dow seeks to have the evidence and allegations at trial conform to the theory being presented to the jury. Any other approach is a recipe for juror confusion, the addition of a mini-trial(s) on unnecessary issue(s) and undue prejudice for Dow.

The Class Plaintiffs argue that, notwithstanding the Court's orders, they have not abandoned their contention that the alleged price fixing conspiracy included systems as well as the constituent chemicals MDI, TDI and polyols.[2] Response at 2. That argument misses the point. This trial should not include any time or resources on whether Dow conspired to fix or stabilize the prices of Systems. As the Court has held, "systems are heterogeneous, non-commodity, non-fungible products … that clearly are not subject to class certification based on the same rationale [as MDI, TDI and polyols]." Memorandum and Order (Doc. 708) at 21. There is such a diverse number and range of Systems that trial on a theory that Dow conspired to fix or stabilize the prices of Systems (as opposed to the prices of some constituent chemicals) would be an impossible-to-manage set of mini-trials on each and every System manufactured by Dow, the associated pricing for each individual System, and the extent to which Systems produced by other defendants were (or were not) competitive and interchangeable with each Dow System.

Permitting such allegations would greatly multiply the issues and create confusion for the jury. Moreover, the jury might render a verdict based on a theory that is not the claim being

---

[1] Class Plaintiffs' Opposition to Dow Chemical Company's Motion in Limine to Exclude Reference to or Allegations of Any Purported Conspiracy to Fix the Prices of Polyether Polyol Systems ("Response") (Doc. 2607).

[2] This argument highlights the importance of Dow's longstanding position that the Class Plaintiffs must articulate and stick with a specific theory. That is particularly important now as the parties are working on proposed jury instructions.

tried. Evidence should be excluded under Rule 403 if a "tendency to cause jury confusion or unfair prejudice" exists, as it does here. *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005); *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991) (holding that evidence is unfairly prejudicial when it will have an "undue tendency to suggest decision on an improper basis").

The Class Plaintiffs next argue that they should be permitted to mention Systems and proffer evidence that the cost of Systems was impacted by the alleged conspiracy. Response at 5. Dow's motion nowhere seeks to preclude this because the alleged conspiracy being tried is over the prices of MDI, TDI and polyols.

Dow's motion seeks to preclude reference to a theory of recovery that should not be part of the trial of this case. As stated at the outset of this brief, there is a distinction between the scope of the purchasers included in the class definition and the scope of the purported conspiracy. Granting Dow's motion will prevent juror confusion and protect Dow's right to a verdict on the specific theory being tried. Accordingly, Dow asks the Court to grant this motion.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By *s/Brian R. Markley*
   Brian R. Markley, KS 17485
   1201 Walnut, Suite 2200
   Kansas City, Missouri 64106
   Telephone: (816) 842-8600
   Facsimile: (888) 290-2657
   Email: bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

| | |
|---|---|
| David M. Bernick | Scott E. Gant |
| 575 Lexington Ave., 7th Floor | 5301 Wisconsin Ave, NW, Suite 800 |
| New York, NY 10022 | Washington, DC 20015 |
| Telephone: (212) 446-2356 | Telephone: (202) 237-2727 |
| Facsimile: (212) 446-2350 | Facsimile: (202) 237-6131 |

PAUL HASTINGS LLP

| | |
|---|---|
| Hamilton Loeb | Donald Morrow |
| Jeremy P. Evans | 695 Town Center Drive |
| 875 15th Street, N.W. | Seventeenth Floor |
| Washington, DC 20005 | Costa Mesa, CA 92626 |
| Telephone: (202) 551-1700 | Telephone: (714) 668-6291 |
| Facsimile: (202) 551-1705 | Facsimile: (714) 668-6391 |

FLOYD FINCH LAW OFFICES

   Floyd Finch
   1220 Washington Street, Suite 202
   Kansas City, Mo 64105
   Telephone: (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

### Certificate of Service

On December 21, 2012, a copy of The Dow Chemical Company's Reply Memorandum Supporting its Motion in Limine to Exclude Reference to or Allegations of any Purported Conspiracy to Fix the Prices of Polyether Poloyols Systems was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                                              *s/ Brian R. Markley*
                                              Attorney for The Dow Chemical Company