IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) POLYETHER POLYOL CASES ) ) | Case No. 04-1616-JWL-JPO |

**THE DOW CHEMICAL COMPANY'S REPLY MEMORANDUM SUPPORTING ITS MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO ALLEGED CONSPIRACIES OR ILLEGAL CONDUCT OCCURRING BEFORE 1999**

The Class Plaintiffs claim that Dow violated the antitrust laws "from January 1, 1999 through December 31, 2003." The Class Plaintiffs' assertions about impact and damages are tied to the same period. The Class Plaintiffs make no allegations in the Pretrial Order about conduct of any kind prior to 1999. All of this is conceded by the Class Plaintiffs. Accordingly, the Class Plaintiffs should not be permitted to refer to any alleged conspiracy or illegal conduct prior to 1999.

In their response brief,[1] at 2, the Class Plaintiffs urge the Court to deny Dow's motion, arguing that prior price fixing in a related industry may be relevant.[2] This argument overlooks

---

[1] Class Plaintiffs' Opposition to Dow's Motion in Limine to Exclude Reference to Alleged Conspiracies or Illegal Conduct Occurring Before 1999 ("Response") (Doc. 2605).

[2] In support of their argument, the Class Plaintiffs cite to two decisions, but their description of these cases is not accurate. For example, Class Plaintiffs rely on *United States v. Andreas*, 216 F.3d 645, 665-66 (7th Cir. 2000). That case involved evidence of a prior conspiracy that was "so intricately interwoven with the facts of the charged crime" that omission would leave a jury without significant evidence to understand references made in conversations between conspirators or to appreciate the importance of the participation of one particular individual. *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 661 (7th Cir. 2002), likewise involved evidence of a prior proven conspiracy. Here by contrast, the Class Plaintiffs have not alleged any prior conspiracy or illegal conduct before 1999, and certainly have no evidence of a prior proven conspiracy in any related industry. Nor is there any "charged crime" in this case.

that this case contains no claim or allegation of illegal conduct prior to 1999, much less a finding or admission of a prior conspiracy.

Next, the Class Plaintiffs argue that the Opt-Outs claim that Dow conspired to fix prices prior to 1999.  Response at 3.  The Class Plaintiffs have known that for years and still chose not to include any allegation in the Pretrial Order alleging a conspiracy or illegal conduct prior to 1999.[3]  That era is simply not part of the claim or allegations in this case.

The Class Plaintiffs also note that if Dr. McClave may have to respond to questioning at trial about what he did not do.  Like everything else in the Class Plaintiffs' case, Dr. McClave's model is based on events from 1999 forward.  If Dow asks about or puts into issue Dr. McClave's decision to drop the pre-class period from his benchmark data, only then should Dr. McClave be allowed to opine on why he did so.

Finally, the Class Plaintiffs argue that the relief sought by Dow's motion is not stated with sufficient specificity.  Response at 4.  That is simply not true.  Dow asks the Court to preclude any reference to or allegations about purported conspiracies or illegal conduct prior to 1999.  The Class Plaintiffs' inability to "conjure up" a scenario in which such evidence would be relevant is not a basis to deny Dow's motion.  On the contrary, it reinforces that Dow's motion should be granted.

For all these reasons, Dow asks the Court to exclude any reference to any alleged conspiracy or illegal conduct occurring prior to 1999.

---

In fact, as the Court knows, the government elected to close its investigation without bringing any charges against Dow or any other defendant (or any of their personnel) in the polyether polyols industry.

[3] As explained in Dow's motion, the claim by the Opt Outs increases the risk of prejudice to Dow if assertions of pre-1999 illegal conduct are injected into this case.  Motion at 3.  The Class Plaintiffs do not dispute or even respond to this in their Response.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By *s/Brian R. Markley*
    Brian R. Markley, KS 17485
    1201 Walnut, Suite 2200
    Kansas City, Missouri 64106
    Telephone: (816) 842-8600
    Facsimile: (888) 290-2657
    Email: bmarkley@stinson.com

BOIES, SCHILLER & FLEXNER LLP

| | |
|---|---|
| David M. Bernick | Scott E. Gant |
| 575 Lexington Ave., 7th Floor | 5301 Wisconsin Ave, NW, Suite 800 |
| New York, NY 10022 | Washington, DC 20015 |
| Telephone: (212) 446-2356 | Telephone: (202) 237-2727 |
| Facsimile: (212) 446-2350 | Facsimile: (202) 237-6131 |

PAUL HASTINGS LLP

| | |
|---|---|
| Hamilton Loeb | Donald Morrow |
| Jeremy P. Evans | 695 Town Center Drive |
| 875 15th Street, N.W. | Seventeenth Floor |
| Washington, DC 20005 | Costa Mesa, CA 92626 |
| Telephone: (202) 551-1700 | Telephone: (714) 668-6291 |
| Facsimile: (202) 551-1705 | Facsimile: (714) 668-6391 |

FLOYD FINCH LAW OFFICES

    Floyd Finch
    1220 Washington Street, Suite 202
    Kansas City, Mo 64105
    Telephone: (816) 560-1234

COUNSEL FOR THE DOW CHEMICAL COMPANY

### Certificate of Service

    On December 21, 2012, a copy of The Dow Chemical Company's Motion in Limine to Exclude Any Reference to Alleged Conspiracies or Illegal Conduct Occurring Before 1999 was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                              *s/ Brian R. Markley*
                              Attorney for The Dow Chemical Company

7443017.3