IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
URETHANE ANTITRUST LITIGATION ) MDL No. 1616
) Case No. 04-1616-JWL
This document relates to: )
The Polyether Polyol Cases )
_____)

# **MEMORANDUM AND ORDER**

In this multi-district class action, the claim by plaintiff class that defendant Dow Chemical Company ("Dow") conspired with other manufacturers to fix prices for certain urethane chemical products, in violation of the Sherman Act, 15 U.S.C. § 1, was tried to a jury over a period of four weeks. On February 20, 2013, the jury returned a verdict in plaintiffs' favor. By Memorandum and Order dated May 15, 2013, the Court denied Dow's motion to decertify the class and Dow's motion for judgment as a matter of law or for a new trial (Doc. # 2879). In that order, the Court also modified the class certified in the case to exclude purchases in 2004, and it ordered plaintiffs to provide a proposed notice to the class of that modification. Also on May 15, 2013, the Clerk of Court issued a judgment in favor of the plaintiff class, including trebling the amount of the jury's verdict pursuant to 15 U.S.C. § 15, in the amount of $1,200,147,117.00, with interest at a rate of 0.11 percent as provided by law.

This matter now comes before the Court on plaintiffs' motion to amend the judgment (Doc. # 2885); Dow's motion to amend the judgment (Doc. # 2897); and plaintiffs' motion for approval of their notice to the class and for tolling of the statute of

limitations (Doc. # 2903). For the reasons set forth below, plaintiffs' motion to amend the judgment is **granted**; Dow's motion to amend the judgment is **granted in part and denied in part**, as set forth herein; and plaintiffs' motion for approval of the notice and for tolling is **granted**.

1. In its motion, Dow makes a number of arguments against the entry of any judgment against it in favor of plaintiff class based on the verdict issued by the jury. For instance, Dow argues that the verdict was ambiguous; that an award of aggregate damages was improper; that individual damage determinations for each class member were required; that any award cannot be distributed in the absence of jury adjudication of each class member's damages; and that Dr. McClave's model is insufficient and was rejected by the jury. Dow also argues that the commonality and predominance required for class certification are lacking. The Court has already rejected these arguments in denying Dow's motion for decertification and its motion for judgment as a matter of law or a new trial. As the Court noted then, any arguments not based specifically on trial testimony should have been raised much earlier, either at the certification stage, after receipt of Dr. McClave's report, or in a *Daubert* motion. The Court further notes that Dow failed to argue at trial that the jury could not find aggregate damages or that a separate trial was required for an adjudication of individual members' damages. Moreover, these arguments are not new merely because a judgment has now been entered or because they are now made in the context of opposing plaintiffs' plan for allocation. Finally, Dow has not provided any basis for reconsideration of the Court's

2

prior rejection of these arguments; indeed, Dow has not bothered to address the Court's reasoning from its prior orders in once again making these arguments. Accordingly, the Court denies this aspect of Dow's motion to amend the judgment.

2. Dow also challenges the judgment's trebling of the jury's award of damages, based on its argument that the jury was required to find damages individually for each class member, which individual awards could then be trebled. The Court rejects this argument. Dow has not persuaded the Court that aggregate damages could not be awarded here, and it has provided no authority suggesting that an aggregate award should not be trebled in accordance with the clear language of 15 U.S.C. § 15. The Court thus denies this basis for challenging the judgment.

3. Dow makes only a few comments about the form of the judgment. Both sides agree that the judgment should be amended to account for settlements reached by the class with other defendants totaling $139,300,000. Accordingly, both sides' motions are granted on that issue, and the judgment shall be amended to be in the amount of $1,060,847.117.00.

4. Dow notes that under Fed. R. Civ. P. 23(c)(3)(B), the judgment in a class action must include a definition of the class certified under Rule 23(b)(3). Plaintiffs agree that the judgment should be amended in this way. Accordingly, the judgment will be amended to include the definition of the class (as presently constituted after

3

modification by the Court).[1]

5. Dow argues that the judgment should be amended to include a judgment in its favor with respect to any transaction prior to November 24, 2000. The jury found that the injury suffered by the class from the conspiracy involving Dow did not include any overcharges prior to that date. The Court does not agree, however, that Dow is entitled to such a judgment as requested. Plaintiffs brought a claim of antitrust conspiracy, on which it prevailed. The fact that they did not prevail to the full extent of that claim or recover all of the damages they sought does not entitle Dow to a judgment on some portion of plaintiffs' claim. Dow did not assert its own claim with respect to the pre-November 24 period (for a declaration of no liability, for instance), and Dow has not cited any authority suggesting that it is nevertheless entitled to a judgment in its favor for the time period for which plaintiffs did not recover. The Court denies Dow's motion for such an amendment.[2]

6. The final issue with respect to the judgment is plaintiffs' request that the

---

[1]Dow also questions whether the Court approved the form of judgment in accordance with Rule 58(b)(2)'s requirement of court approval after a verdict with answers to written questions, like the verdict in this case. The Court did approve the judgment issued by the Clerk in this case, although that approval was not noted expressly on the record. To remove all doubt, the amended judgment will include a notation of the Court's approval.

[2]Dow notes that plaintiffs have not opposed this requested amendment in their brief. The Court does not agree, however, that it therefore should not consider the merits of this request. Plaintiffs do not have a real interest in this issue, as the requested amendment would essentially affect only non-parties. Thus, the Court has an independent duty to consider the proper form of the judgment.

4

judgment be amended to include approval of plaintiffs' proposed plan of allocation of the damages among the class members. *See Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137-38 (10th Cir. 2010) (judgment was final on class action claim where it included a plan of allocation that established the formula for the division of damages among class members and the principles that would guide the disposition of unclaimed funds). Under plaintiffs' proposed plan, a particular company (the administrator previously appointed by the Court for distribution of settlement amounts in this case) would be appointed as administrator; the damage award would be distributed to class members on a pro rata basis in accordance with each member's estimated overcharges for the period from November 24, 2000, through December 31, 2003, as calculated by plaintiffs' testifying expert, Dr. James McClave; the Court would establish and approve appropriate procedures, similar to those approved for the settlement amounts, for approval of the proposed final allocation and notice to the class; distribution would not take place until after any appeal; the costs and expenses of the administrator would be paid from the judgment fund; and any remaining unclaimed funds would be distributed to participating class members. In their reply brief, plaintiffs concede that the Court could also approve a *cy pres* distribution of unclaimed funds, and they suggest that the Court would be in a better position to make that determination after the expiration of the claims period, when the amount of unclaimed funds will be known.

Dow attacks plaintiffs' proposed plan of allocation as an improper adjudication of individual members' damages, which Dow argues must be performed by a jury. The

5

Court has already rejected that argument, both as untimely and on the merits. In addition, although Dow has an interest in making sure that the judgment against it is proper, the Court agrees with plaintiffs that Dow has no interest in the particular manner in which the total damages found by the jury are distributed among the class members. *See, e.g.*, *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1258-59 (11th Cir. 2003) (Supreme Court precedent "suggests that a defendant has no interest in how the class members apportion and distribute a damage fund among themselves") (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 481 n.7 (1980)); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ("Where the only question is how to distribute the damages, the interests affected are not the defendant's but rather those of silent class members.").

The Court concludes that plaintiffs' proposed plan for the distribution of the damages is reasonable and appropriate, and the judgment shall be amended to incorporate that plan. That plan establishes the method for distribution of the damages, leaving only a mechanical application for the administrator. Thus, the Court concludes that the resulting judgment will be final under the requirements discussed by the Tenth Circuit in its *Cook* opinion. *See Cook*, 618 F.3d at 1137-38. Moreover, the Court agrees with plaintiffs that any final determination concerning the disposition of unclaimed funds should be left until the expiration of the claims period. *See, e.g.*, *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 2013 WL 2476587 (D. Kan. June 7, 2013) (determining whether to distribute unclaimed funds to participating class members or to

order a *cy pres* distribution). Accordingly, plaintiffs' motion to amend is granted to that extent.[3]

7. As noted above, when the Court modified the definition of the class to exclude 2004 purchases, it ordered plaintiffs to submit a proposed notice to the class of that modification. In moving for approval of their proposed notice, plaintiffs have also requested an order tolling the statute of limitation for claims based on 2004 purchases, for a period extending from May 15, 2013 (the date of the modification order) to 60 days after the mailing of the notice. Dow concedes that courts have allowed for such periods of tolling after decertification, and it states that it does not oppose tolling for the requested period. Accordingly, the Court orders that the statute of limitations for claims by former or present class members based on 2004 purchases is hereby tolled for the period from May 15, 2013, to 60 days after the mailing of the notice approved in this order.

Dow does take issue with language in the proposed notice suggesting that the statute of limitations for such claims was tolled for some period prior to May 15, 2013, as Dow seeks to reserve the right to argue in the future that there was no such tolling under the *American Pipe* doctrine. Plaintiffs have agreed to remove such language from

---

[3]Plaintiffs also moved that the judgment be amended to include a confirmation of their right to an award of their costs, including attorney fees, pursuant to 15 U.S.C. § 15; in their reply brief, however, plaintiffs have effectively withdrawn that request by their agreement with Dow that any such issue should be addressed after any appeals are resolved.

7

the notice, and they have submitted a revised notice with that change. The Court approves that revision by plaintiffs and the language in that proposed notice relating to this tolling order.

8. Finally, Dow opposes the notice as proposed by plaintiffs on the ground that it does not set out the circumstances relating to the Court's ultimate modification of the class definition. Dow would include various statements that would set forth Dow's position with respect to plaintiffs' abandonment of a claim that would include 2004 transactions. The Court agrees with plaintiffs, however, that the circumstances giving rise to the modification should not be included in the notice. Such exclusion avoids any risk of including argument by Dow (with the Court's apparent imprimatur) in the notice.

The Court has reviewed the revised notice proposed by plaintiffs, and it finds that notice to be reasonable and proper. Accordingly, the Court approves the revised notice submitted by plaintiffs, and plaintiffs are ordered to send that notice to former and present class members forthwith.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion to amend the judgment (Doc. # 2885) is **granted**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant Dow's motion to amend the judgment (Doc. # 2897) is **granted in part and denied in part**, as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiffs' motion for approval of its class notice and for tolling of the statute of limitations is **granted**. The statute of limitations for claims by former or present class members based on 2004 purchases is hereby tolled for the period from May 15, 2013, to 60 days after the mailing of the notice approved in this order. Plaintiffs revised proposed notice to former and present class members is hereby approved.

IT IS SO ORDERED.

Dated this 26th day of July, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum\
John W. Lungstrum\
United States District Judge
