IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | ) ) ) | MDL No. 1616 |
| | ) | Case No. 04-MD-1616-JWL |
| | ) | |
| This Order Relates to the following Polyether Polyol Case: | ) ) ) | |
| | ) | |
| *Carpenter Co., et al. v. BASF SE, et al.* | ) | Case No. 08-2617-JWL |

## ORDER

The court has before it the joint status report submitted by the defendant The Dow Chemical Company and the Direct Action Plaintiffs ("DAPs"), outlining Dow's request for additional discovery following the depositions of current and former employees of Carpenter Co. and E.R. Carpenter (collectively, "Carpenter") **(doc. 3071)**. Because the court is not persuaded that the additional discovery Dow seeks is appropriate follow-up discovery arising from the depositions, Dow's request for additional discovery is denied.

On September 30, 2013, the undersigned U.S. Magistrate Judge, James P. O'Hara, issued an order granting Carpenter's request to reopen discovery for the limited purpose of allowing current and former Carpenter employees who previously invoked the Fifth Amendment privilege to withdraw the invocation and testify (doc. 3045). The court noted that Dow itself had asked DAPs if they would be willing to reopen discovery "for the limited purpose of updating the testimony from those persons who previously refused to provide it

O:\ORDERS\04-1616-JWL-3067.wpd

on Fifth Amendment grounds," and thus Dow would not be prejudiced by the re-opening of the depositions.[1] The court honored Dow's request, however, that it be permitted "limited follow-up discovery after the depositions" and set a November 8, 2013 deadline for any such follow-up discovery.[2] Dow subsequently moved to revise this discovery plan, asking the court instead to set a deadline for Dow to propose any follow-up discovery it would like to pursue.[3] The court granted Dow's motion and directed the parties to set forth any disputed follow-up discovery requests in a joint status report.[4]

In the joint status report, the parties note that they were unable to agree upon two discovery proposals sought by Dow:

> 1. Copies of depositions, interrogatory answers, responses to requests for admission and expert reports that have been given in *In re Polyurethane Foam Antitrust Litigation*, No. 10-MD-2196 (N.D. Ohio), an antitrust class action in which Plaintiffs in this case, including Carpenter, are alleged to have engaged in a price-fixing conspiracy regarding the sale of polyurethane foam products (the "Foam Litigation").
>
> 2. A deposition of the Carpenter employee or representative who has the most personal knowledge of the company's efforts to preserve documents related to this litigation.[5]

Dow's first request would require DAPs to produce to Dow essentially *all*

---

[1]Doc. 3045 at 15 (quoting doc. 3027-1).

[2]*Id.* at 14–15.

[3]Docs. 3052 & 3066.

[4]Doc. 3067.

[5]Doc. 3071 at 2.

discovery—be it fact or expert, oral or written—obtained in the Foam Litigation, and subject

to a protective order in that case.  Dow's broad request is denied.  Dow's request is premised

on the argument that such discovery is *relevant.*  The court agrees that much information

disclosed in the Foam Litigation is relevant to this case.  Indeed, in a 2010 order, the court

specifically held that requested "downstream discovery" of DAPs' business practices was

relevant and discoverable in this case.[6]  Dow fails, however, to address why its new

discovery request is *timely*, in other words, what information arose in the recent depositions

that would justify Dow's request for the information *now*.

The time for Dow to seek discovery from the Foam Litigation has long since passed.

In accordance with a January 24, 2011 order,[7] the parties engaged in extensive negotiations

and reached agreements—set out in joint status reports—regarding the scope of discovery

related to the Foam Litigation, including document production, custodians, and search terms.[8]

General fact discovery in this case then ended in February 2012.[9]  Finally, in response to the

court's March 2013 order directing the parties to identify all outstanding pretrial issues to be

resolved in this action,[10] Dow filed a notice specifically stating, "Dow does not intend to

---

[6]Doc. 1877 at 10–14, upheld in doc. 1970.

[7]Doc. 1945 at 4–5.

[8]Docs. 1971, 1981.

[9]*See* doc. 2282.

[10]Doc. 2820.

request new discovery from the polyurethane foam case."[11]

In its instant request to reopen discovery into the Foam Litigation, Dow does not identify any specific new information arising from the depositions of the Carpenter witnesses that would justify a wholesale change of course. Dow complained in its memorandum in support of its motion to dismiss that the Carpenter witnesses' original invocations of their Fifth Amendment rights precluded Dow from obtaining evidence relevant to Carpenter's claims.[12] But the witnesses have since revoked their invocation and Dow had the opportunity to obtain their testimony. Dow concedes in the joint status report that the deposition testimony of the Carpenter witnesses, along with deposition transcripts of testimony given in the Foam Litigation, "provide precisely the type of evidence that this Court has already held is relevant and discoverable."[13] But Dow does not identify a single line of recent testimony that would suggest the necessity of follow-up discovery consisting of the entire discovery record in the Foam Litigation.

Dow's second request—to depose the Carpenter representative with the most personal knowledge of Carpenter's efforts to preserve documents in this litigation—is likewise denied as untimely. As noted by DAPs, Dow's Rule 30(b)(6) deposition notice to Carpenter listed as topics:

---

[11]Doc. 2882.

[12]Doc. 2959 at 6–16.

[13]Doc. 3071 at 4.

Topic 9(a): All actions taken to preserve and obtain documents, files, electronic documents, or data related to the claims asserted in this action, and whether You complied with Defendants' Requests for Production, including but not limited to: (i) the date, nature, subject matter, scope, distribution and enforcement of any litigation hold You implemented with respect to this action, and (ii) the documents identified as subject to such hold, and (iii) the date individual witnesses (i.e. Del Felter; Scott Pugh; Stuart Watson; Stanley Yukevich; Frank Hurst; Edwin Malechek; Stanley Pauley; Max Ten-Pow; Mark Kane, Michael Faus, Al Servati, Dan Temple, and/or Parish Potts) were notified of their depositions in this action and steps taken to preserve relevant documents in their personal possession.

and

Topic 9(b): Your electronic and physical document retention and destruction policies.

Carpenter produced Del Felter as its Rule 30(b)(6) witness on February 16, 2012.[14] Dow had the opportunity at that time to question Felter extensively about these topics and Carpenter's document retention.

Dow now complains that Felter "had no personal knowledge of what efforts were undertaken to preserve relevant documents,"[15] and that recent testimony from Frank Hurst calls into question Carpenter's document preservation efforts. But Dow does not demonstrate that during the 30(b)(6) deposition it questioned Felter about actions taken to preserve documents in Hurst's possession, even though the deposition notice identified this as a potential topic. More importantly, if Dow were dissatisfied with Felter's alleged lack

---

[14]Doc. 3072-1.

[15]Doc. 3071 at 5.

of knowledge about Carpenter's efforts to preserve documents, Dow was required to raise the issue by filing a motion to compel within thirty days of the deposition.[16]

The court concludes that Dow's current request for additional discovery must be denied because it seeks discovery that Dow had the opportunity to pursue long before the recent depositions of the Carpenter witnesses. Rather than seeking "limited follow-up discovery," which the court indicated likely would be allowed, Dow seeks a second bite at discovery topics that closed more than twenty months ago.

Dated November 5, 2013, at Kansas City, Kansas.

   s/James P. O'Hara     
James P. O'Hara
U.S. Magistrate Judge

---

[16]*See* Fed. R. Civ. P. 37(a); D. Kan. Rule 37.1(b).