IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION, | MDL No. 1616 |
| _____ | Case No. 04-1616-JWL |
| This Document Relates to the following Polyether Polyol Cases: | |
| *Carpenter Co., et al. v. BASF SE, et al.*, | Case No. 08-2617-JWL |
| and | |
| *Woodbridge Foam Corporation, et al. v. BASF SE, et al.*, | Case No. 09-2026-JWL |
| and | |
| *Dash Multi-Corp, Inc., et al. v. BASF SE, et al.*, | Case No. 10-2077-JWL |
| _____ | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Objections to the November 5, 2013 Order of the Magistrate Judge (Doc. # 3091). For the reasons set for below, the Court **overrules** the objections and affirms the rulings of the Magistrate Judge.

### I.     **Governing Standard**

Fed. R. Civ. P. 72(a) governs objections to a non-dispositive order by a magistrate judge. Under that rule, the district court does not conduct a *de novo* review, but instead

employs a more deferential standard under which the objecting party must show that the order "is clearly erroneous or is contrary to law." *Id.*; *accord First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *A/R Roofing, L.L.C. v. Certainteed Corp.*, 2006 WL 3479015, at *3 (D. Kan. Nov. 30, 2006) (citing *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991)); *see also* 12 Chas. A. Wright, et al., *Federal Practice and Procedure: Civil 2d* § 3069, at 350 (1997) (discovery disputes might be better characterized as suitable for an abuse-of-discretion analysis under Rule 72(a)), *cited in Microsoft v. MBC Enterprises*, 120 F. App'x 234, 243 (10th Cir. 2004).

## II. Background

Various executives of plaintiff companies invoked their Fifth Amendment privilege against self-incrimination and thus refused to provide deposition testimony in this case. In the course of filing a motion to dismiss certain claims in light of those invocations, defendant suggested to plaintiffs that those executives could still choose to testify. Various executives from the Carpenter plaintiffs then agreed to testify, and
2

plaintiffs filed a motion to re-open discovery to allow for those depositions. By Order of September 30, 2013, the Magistrate Judge granted that motion. The Magistrate Judge was not persuaded that defendant would suffer any prejudice from allowing the depositions without any other discovery; nevertheless, because the Carpenter plaintiffs had indicated that it would amend its discovery responses as necessary following the depositions and that "reasonable follow up discovery may be necessary," the Magistrate Judge stated that he would permit "limited follow-up discovery after the depositions, should [defendant] deem it necessary." By subsequent order, the Magistrate Judge directed the parties to confer "regarding any follow-up discovery a party deems necessary," and then to file a joint status report setting forth each side's position on such discovery. In the parties' subsequent report, defendant requested the following discovery:

1. Copies of depositions, interrogatory answers, responses to requests for admission and expert reports that have been given in *In re Polyurethane Foam Antitrust Litigation*, No. 10-MD-2196 (N.D. Ohio), an antitrust class action in which Plaintiffs in this case, including Carpenter, are alleged to have engaged in a price-fixing conspiracy regarding the sale of polyurethane foam products (the "Foam Litigation").

2. A deposition of the Carpenter employee or representative who has the most personal knowledge of the company's efforts to preserve documents related to this litigation.

On November 5, 2013, the Magistrate Judge issued an order denying defendant the requested discovery, and defendant now appeals that ruling to this Court.

3

### III. <u>Analysis</u>

#### A. *<u>Discovery from Foam Litigation</u>*

In its first request, defendant requests essentially all written discovery in the Foam Litigation, whether or not such discovery was provided by parties to this case. The Magistrate Judge ruled that such a request did not constitute proper "follow-up discovery" to the depositions of the Carpenter witnesses, and thus that the request fell outside the discovery period and was therefore untimely. The Court concludes that the Magistrate Judge did not clearly err or abuse his discretion in so ruling.

As noted by the Magistrate Judge, after defendant was permitted to obtain downstream discovery from plaintiffs concerning their own business practices involving their customers, the parties conferred and reached agreements concerning the scope of that discovery. Moreover, in May 2013, in addressing remaining issues, defendant stated that it no longer intended to request new discovery from the Foam Litigation, although it did not waive its right to supplementation of plaintiffs' discovery responses pursuant to Fed. R. Civ. P. 26(e). As further noted by the Magistrate Judge, defendant did not identify in the joint status report any testimony from the new depositions that would give rise to a need for such broad discovery from the Foam Litigation.

Defendant now argues that the depositions did provide new information, namely that these executives had agreed to give testimony in the Foam Litigation, which substantive testimony revealed that the Foam Litigation discovery record does contain relevant information. The Court rejects this argument. Indeed, defendant initially

4

justified its request for downstream discovery by arguing that the business practices of the "foamers" were relevant to this case. The Foam Litigation concerns those very practices; thus, defendant had every reason to believe that discovery in that litigation would contain relevant information. The fact that defendant did not know of the existence of one particular type of discovery—deposition testimony given by Carpenter executives—does not mean that defendant could not reasonably have anticipated that discovery in the Foam Litigation could contain information relevant to this case. The Magistrate Judge's ruling that his own provision for possible "follow-up discovery" did not include such a request that could have been made within the discovery period does not constitute clear error or an abuse of discretion, and the Court thus overrules defendant's objection to that ruling.

### B. *Document Preservation Deposition*

Similarly, the Court concludes that the Magistrate Judge did not clearly err or abuse his discretion in ruling that the discovery requested by defendant in its second request did not constitute proper "follow-up discovery." As noted by the Magistrate Judge, defendant's original notice for the Rule 30(b)(6) deposition of the Carpenter plaintiffs included the preservation of documents as a topic for inquiry, and defendant did in fact question Carpenter's representative on that topic. Defendant argues that it was not until the deposition of former Carpenter executive Frank Hurst, in which Mr. Hurst testified about various files he kept while at Carpenter, that defendant had reason to believe that there was any issue about the preservation of Mr. Hurst's files.

5

Nevertheless, defendant long ago received documents maintained by Mr. Hurst, and in examining Carpenter's Rule 30(b)(6) witness concerning document preservation, defendant had the opportunity to ask specifically about the preservation of Mr. Hurst's files.

Defendant argues that, if Mr. Hurst had testified during the discovery period instead of invoking the Fifth Amendment, it would have had his testimony to use during its Rule 30(b)(6) deposition, and it suggests that the Magistrate Judge's allowance of follow-up discovery was intended to mitigate any prejudice and to place it in the position it would have occupied if the witnesses had not invoked the privilege. The Magistrate Judge's Order contains no such standard for permissible follow-up discovery, however; to the contrary, the Magistrate Judge stated that he was not persuaded that defendant would suffer prejudice even if no additional discovery were allowed. The Magistrate Judge's two orders demonstrate his intention that defendant be allowed "limited follow-up discovery" for matters truly arising for the first time as a result of the new depositions, and not for matters that should have been sought within the discovery period. Again, with respect to defendant's second request, the Magistrate Judge did not clearly err or abuse his discretion in ruling that the requested discovery did not fall within his own allowance for possible follow-up discovery, and the Court therefore overrules this objection by defendant.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Objections

to the November 5, 2013 Order of the Magistrate Judge (Doc. # 3091) are hereby **overruled**.

IT IS SO ORDERED.

Dated this 8th day of January, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge