IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION, _____ | MDL No. 1616<br><br>Case No. 04-1616-JWL |
| This Document Relates to the following Polyether Polyol Cases: | |
| *Carpenter Co., et al. v. BASF SE, et al.*, | Case No. 08-2617-JWL |
| and | |
| *Woodbridge Foam Corporation, et al. v. BASF SE, et al.*, | Case No. 09-2026-JWL |
| and | |
| *Dash Multi-Corp, Inc., et al. v. BASF SE, et al.*, _____ | Case No. 10-2077-JWL |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dow Chemical Company's motion to dismiss (Doc. # 2955). Specifically, defendant seeks dismissal of all claims brought by the Carpenter, Woodbridge, and Vita plaintiff groups, on the basis that certain former or current executives for those parties invoked the Fifth Amendment's privilege against self-incrimination and refused to give deposition testimony. For the reasons set forth below, the motion is **denied**.

1. The Court first addresses the authority by which defendant urges this Court

to dismiss the claims. Defendant invokes Fed. R. Civ. P. 37 as one basis for its motion, but it essentially cites the rule in passing, without providing any analysis under the text of that rule. As plaintiffs point out, Rule 37 authorizes dismissal as a possible sanction for the failure to obey a Court's order concerning discovery, *see* Fed. R. Civ. P. 37(b)(2)(A)(v), and defendant has not identified any such order that plaintiffs have violated concerning the invocation of this privilege. Indeed, defendant utterly fails to address this shortcoming in its reply brief. Moreover, the cases cited by defendant that included dismissal under Rule 37 involved non-compliance with court orders, and defendant has not provided any authority suggesting that a district court may order dismissal under Rule 37 in the absence of such non-compliance. Accordingly, the Court concludes that there is no basis for dismissal under Rule 37 in this case.

2. Defendant also seeks dismissal pursuant to Fed. R. Civ. P. 41(b), which provides that a defendant may move to dismiss "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *See id.* The Court agrees with plaintiffs, however, that Rule 41(b) does not provide a basis for dismissal here. Defendant has cited various cases in which courts dismissed claims brought by persons who invoked the Fifth Amendment privilege, but those dismissals were not based on Rule 41(b).[1]

---

[1] Defendant cites to the Fourth Circuit's unpublished opinion in *Berry v. South Carolina Department of Social Services*, 1997 WL 499950 (4th Cir. Aug. 25, 1997) (unpub. op.), in which the court affirmed the district court's dismissal of claims as a sanction under Rules 37 and 41(b). *See id.* In that case, the plaintiff mentioned the Fifth Amendment before walking out on his deposition, but the dismissal was based on his
(continued...)

2

Defendant seeks dismissal under this rule's "failure to prosecute" prong; defendant has not explained, however, how plaintiffs caused any particular delay, failed to pursue their claims, or acted improperly with respect to the witnesses' invocation of the privilege. *See, e.g.*, 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369 (3d ed. 2008) (in general, federal courts have allowed a dismissal with prejudice under Rule 41(b) only as a result of delay or contumacious conduct by the plaintiff).

Defendant does argue that the invocation of the privilege by plaintiffs' former and current executives should be imputed to plaintiffs and thus be considered conduct by plaintiffs themselves, by which plaintiffs refused to provide discovery to defendant. Defendant has not shown, however, that plaintiffs or the witnesses violated any rule or court order by invoking the privilege; thus, there is no basis to conclude that plaintiffs acted improperly or in a dilatory manner such that Rule 41(b) might apply. Simply put, the rule does not fit here.

Moreover, even if the Court did analyze defendant's motion under Rule 41(b), it would not order dismissal in this case. The Tenth Circuit set forth the following non-exhaustive list of factors that a district court should consider in determining whether to

---

[1](...continued)
violation of several discovery orders, his continued delays and failure to meet deadlines, and his failure to cooperate at his deposition despite a warning that he had to answer the questions. *See id.* at *6. Thus, the dismissal in that case was not based solely on an invocation of the Fifth Amendment, as urged here, but rather involved a failure to prosecute in the more traditional sense. Accordingly, *Berry* does not support reliance on Rule 41(b) in this case.

3

dismiss claims with prejudice under Rule 41(b):

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). The Court concludes that these factors do not weigh in favor of dismissal here.

Defendant relies primarily on the great prejudice that it alleges results from its inability to obtain testimony from the witnesses who invoked the privilege. Defendant has not demonstrated, however, that it could not have obtained such information from other witnesses associated with these plaintiffs. Most significantly, all of these plaintiffs provided depositions pursuant to Fed. R. Civ. P. 30(b)(6), and they were thus obliged to seek information and prepare to provide testimony on topics designated by defendant. Defendant argues that in some cases, the Rule 30(b)(6) witnesses were unable to consult with the particular witnesses who invoked the privilege and that they otherwise lacked sufficient knowledge. Defendant did not see fit, however, to challenge the adequacy of those corporate depositions by means of a timely motion to compel. Thus, defendant may not be heard to complain that it had no means to discover particular information, and the Court therefore does not agree that defendant suffered substantial prejudice from the invocations of the privilege here.

With respect to the second *Ehrenhaus* factor, defendant repeats its claim that it

4

was denied relevant discovery. Defendant has not shown, however, that those invocations have interfered with the Court's docket or the judicial process in general.

Defendant has also failed to show any culpability or improper conduct by plaintiffs themselves with respect to the invocations of the privilege. Defendant notes that an executive's invocation may be imputed to a corporate party with whom he has a close relationship, for purposes of allowing an adverse inference at trial against the corporation. Such imputation occurs in an entirely different context, however, and defendant has failed to provide any authority for allowing such an imputation in this context of determining a party's culpability for purposes of the dismissal of that party's claims as a sanction for failure to prosecute. Moreover, even if such imputation were permitted in this context, defendant has neglected to discuss the relevant test previously applied by this Court, and therefore defendant has not shown that such imputation would be proper in the case of these particular witnesses. *See In re Urethane Antitrust Litig.*, 2013 WL 100250, at *1 (D. Kan. Jan. 8, 2013) (Lungstrum, J.) (Court applies *Libutti* factors in ruling on the admissibility of a non-party's Fifth Amendment invocation).

In arguing that the fourth factor supports dismissal, defendant argues that plaintiffs had notice of the possibility of dismissal from defendant's threats to file and actual filing of the instant motion. The Court, however, has not suggested to plaintiffs that they may face dismissal as a result of these witnesses' invocations of the privilege. Therefore, this factor weighs in plaintiffs' favor.

Finally, defendant argues that no lesser sanction can make up for the discovery

that these witnesses refused to provide. As discussed above, however, the Court is not persuaded that defendant did not have the opportunity to obtain such information from plaintiffs themselves. Moreover, the more usual "sanction" for a party's executive's invocation of the privilege would be the admission of the invocation into evidence, in support of an adverse inference against the party, and defendant will be free to raise that issue with the trial court in this case.

In summary, the Court is not persuaded that the "aggravating factors" here "outweigh the judicial system's strong predisposition to resolve cases on their merits." *See Ecclesiastes*, 497 F.3d at 1144 (quoting *Ehrenhaus*, 965 F.2d at 921). Accordingly, even if the Court believed that consideration under Rule 41(b) were appropriate, it would not exercise its discretion to order dismissal for want of prosecution under that rule.

3. Finally, defendant relies on various cases in which courts exercised their inherent authority to dismiss claims brought by parties who invoked the Fifth Amendment privilege and thus refused to provide key testimony. As noted above, however, the plaintiffs in this case did submit to Rule 30(b)(6) depositions and thus did not refuse to provide testimony to defendant. Defendant has not cited any case in which a court dismissed claims based on the invocation of the Fifth Amendment privilege by a non-party individual when the party itself did testify. In the absence of such precedent, this Court will not impose the ultimate sanction of the dismissal of plaintiffs' claims.

Again, defendant seeks to pull this case within the scope of the cases it cites by imputing the witnesses' invocations to plaintiffs themselves. As noted above, however,

6

defendant's examples of such imputations involve the issue of an adverse inference (and defendant has not analyzed the relevant factors for consideration of such an inference), and defendant has not cited to any authority allowing such imputation in this context of the dismissal of the plaintiff's claims entirely.

Moreover, even if the Court did believe that it could dismiss a party's claims because of the Fifth Amendment invocation by a non-party, it would not exercise its discretion to do so in this case. The federal circuit courts that have recognized a district court's ability to dismiss claims because of a party's invocation of the privilege have generally balanced interests relating to the need to safeguard the privilege, the importance of the information withheld, and whether there are other effective means of obtaining the information, so that the sanction is not more than is necessary to prevent unfair and unnecessary prejudice to the other side. *See Serafino v. Hasbro, Inc.*, 82 F.3d 515, 518 (1st Cir. 1996) (citing other cases); *see also* 8 Wright & Miller § 2018 (noting courts' adoption of a balancing approach). As previously discussed, defendant had the opportunity to obtain relevant information, including information concerning conduct of the witnesses who invoked the privilege, directly from these plaintiffs in Rule 30(b)(6) depositions. That fact and the defendant's failure to establish either culpability of the plaintiffs or the impropriety of the invocations persuade the Court that the ultimate sanction of dismissal is not warranted in this case.

4. Defendant argues that the Court should, in the alternative, act in equity to forbid plaintiffs from pursuing its equitable claim of fraudulent concealment. As

7

plaintiffs note, however, such a sanction is tantamount to dismissal of plaintiffs' claims arising before 2000, which would be otherwise time-barred. For the same reasons previously discussed, the Court will not exercise its discretion to impose such a sanction on plaintiffs because of the invocation of the Fifth Amendment by non-parties.

5. By this motion, defendant seeks the dismissal of claims by the Carpenter plaintiffs even though those plaintiffs' current and former executives withdrew their previous invocations of the privilege. Defendant argues that those claims should be dismissed nonetheless because the original invocations caused it to lose out on the opportunity to conduct certain "follow-up" discovery from the Carpenter plaintiffs. The Court rejects this argument, which defendant has not supported with any relevant authority. In recently affirming the Magistrate Judge's denial of that "follow-up" discovery requested by defendant, the Court agreed with the Magistrate Judge's conclusion that defendant could have requested that same discovery in a timely fashion, and the Court noted the Magistrate Judge's statement that it was not persuaded that defendant suffered prejudice from the denial of that discovery at this time. *See* Memorandum and Order of Jan. 8, 2014 (Doc. # 3124). Thus, defendant has not shown that it was denied any discovery from the Carpenter witnesses' temporary invocation of the privilege. If dismissal is not warranted in this case because of the invocations by some witnesses, dismissal is certainly not appropriate in the case of the witnesses who ultimately agreed to testify. Defendant's motion is denied in its entirety.

8

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 2955) is hereby **denied**.

IT IS SO ORDERED.

Dated this 3rd day of February, 2014, in Kansas City, Kansas.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge