IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
URETHANE ANTITRUST LITIGATION, ) MDL No. 1616
) Case No. 04-1616-JWL
This document relates to: )
The Polyether Polyol Cases )
)
_____)

# MEMORANDUM AND ORDER

This matter comes before the Court on the motion by claimant Jack Baumstark, Sr. for distribution of settlement proceeds to him (Doc. # 3303), and the cross-motion for distribution of a portion of those proceeds to competing claimant Class Action Refund LLC ("CAR") (Doc. # 3308). For the reasons set forth below, the Court concludes that the entire amount of the proceeds allocated to that claim should be distributed to Mr. Baumstark. Accordingly, the Court **grants** Mr. Baumstark's motion and **denies** the motion by CAR.

## I. Background

In this multi-district litigation, which commenced in 2004, a class of plaintiffs brought antitrust claims against various defendants relating to purchases of polyether polyol products. In May 2007, one class member, D.H. Litter Company, Inc. ("DHL"), entered into a contract with Class Action Refund, Inc. ("CAR"), a "third-party filer." The contract provided that CAR would file and pursue any settlement claims in this litigation

on behalf of DHL, and that DHL would pay CAR 33 percent of the proceeds of any such claim filed by CAR.

During the course of the litigation, various settlements were effected, and in July 2016, the Court approved a class settlement with Dow Chemical Company ("Dow") and a plan of distribution among class members. CAR filed a claim for proceeds on behalf of DHL. In November 2017, the Court approved an initial distribution of 85 percent of the Dow settlement funds, including payment of DHL's claim. Before making that initial distribution to DHL, however, class counsel and the claims administrator became aware that another party may have had a superior ownership interest in the claim asserted by DHL. Subsequently, Mr. Baumstark filed a claim for the same proceeds based on DHL's purchases of the polyurethane products. Mr. Baumstark based his claim on a 2010 Asset Purchase Agreement (APA) between DHL and Archway Sales, Inc. ("Archway"), which purportedly included the instant claim, and a 2013 assignment of the claim to Mr. Baumstark by Archway (a company Mr. Baumstark controlled). Thus, class counsel and the administrator were faced with competing claims to the same proceeds.

Mr. Baumstark stated his position to DHL's former owners, and DHL (through counsel) cited that correspondence in notifying class counsel that it withdrew its claim to the proceeds. Nevertheless, in their October 2018 motion for distribution of the remainder of the Dow settlement, class counsel stated that a dispute remained concerning whether CAR or Mr. Baumstark's third-party filer was entitled to collect a fee. Because discussions among attorneys concerning that dispute were ongoing, class counsel requested that the

entire distribution amount of the claim be retained until resolution of the dispute. The Court granted that request.

Mr. Baumstark has now filed a motion requesting distribution of the claim proceeds to him, as rightful owner of the claim. CAR has filed a response and cross-motion, by which it seeks 33 percent of those proceeds.[1] The Court now resolves those cross-motions.

**II.     Analysis**

Mr. Baumstark argues that he is the owner of the claim because of the APA between DHL and Archway and the assignment to him from Archway. He further argues that CAR has no interest in the proceeds because Archway did not assume any liability with respect to the DHL-CAR contract. Mr. Baumstark notes that his ownership is undisputed, as recognized by class counsel and the administrator, because the other claimant (DHL) withdrew its claim.

In its motion, CAR identifies two issues for the Court: first, whether Mr. Baumstark is entitled to the claim; and second, regardless of the answer to the first question, whether CAR is entitled to its 33-percent fee. With respect to the first issue, CAR states in the fact section of its brief that the APA provisions cited by Mr. Baumstark do not appear to provide for transfer of this claim, and it notes that Mr. Baumstark did not include various schedules in submitting a copy of the APA. In the remainder of its brief, CAR opposes Mr. Baumstark's arguments concerning CAR's entitlement to a fee.

---

[1] Mr. Baumstark also filed a reply brief in support his motion. CAR did not file a reply brief.

The Court agrees with Mr. Baumstark that his assertion of ownership has not been disputed by any other possible owner of the claim. That effectively ends the Court's inquiry. CAR has no basis to argue otherwise because it is not a competing claimant. The other claim was filed by CAR on behalf of DHL, the class member, and DHL withdrew that claim. Thus, there is only one claim to these proceeds, and the dispute concerns only CAR's entitlement to a portion of the proceeds. Most importantly, CAR has not shown that it has a present ownership interest in the claim or any portion thereof. CAR has not put forward any theory to support such an interest, whether obtained by assignment, lien, security interest, or other means. The contract with DHL contains no language creating such an interest in favor of CAR.

At most, CAR has a contractual right to collect a percentage of the proceeds as a fee. CAR seems to argue that Archway assumed such contractual liability at the time of the APA. The Court does not agree with CAR, however, that the scope of CAR's contractual rights and CAR's entitlement to a fee are issues properly before this Court. The Court is concerned only with the distribution of the settlement proceeds to the rightful owner. CAR is free to pursue any claim against Mr. Baumstark or Archway based on its contractual rights in a separate proceeding initiated in the proper jurisdiction.[2]

Class counsel and the administrator have confirmed that any dispute between competing claimants has been resolved and that one claim has been withdrawn, leaving

---

[2] Similarly, any dispute between Mr. Baumstark and his own third-party filer for a portion of the proceeds, or between Mr. Baumstark and DHL concerning other post-APA distributions to DHL, must be resolved in a separate proceeding initiated in the proper jurisdiction.

only one claimant who established his ownership to the satisfaction of the other party. Accordingly, the Court grants Mr. Baumstark's motion, denies CAR's motion, and orders that the retained proceeds be distributed in their entirety to Mr. Baumstark.

IT IS THEREFORE ORDERED BY THE COURT THAT Jack Baumstark, Sr.'s motion for a distribution of settlement funds to him (Doc. # 3303) is hereby **granted**, and class counsel and the claims administrator shall distribute the retained proceeds in their entirety to him. The competing motion by Class Action Refund LLC (Doc. # 3308) is **denied**.

IT IS SO ORDERED.

Dated this 7th day of February, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge