IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| URETHANE ANTITRUST LITIGATION, ) | MDL No. 1616 |
| ) | Case No. 04-1616-JWL |
| This document relates to: ) | |
| All Cases ) | |
| ) | |
| _____) | |

# **MEMORANDUM AND ORDER**

In this multi-district litigation (MDL), plaintiffs in a separate MDL ("movants") have filed a motion (Doc. # 3322) requesting leave to intervene, access to certain sealed documents, and modification of the protective order in this case. As more fully set forth below, the motion is **granted in part**.

The present case involved antitrust price-fixing claims with respect to certain urethane products. Claims against one defendant proceeded to trial, and those claims were settled after a verdict in favor of plaintiffs was upheld on appeal; claims against the other defendants were settled before trial. Present movants Utah Foam Products, Inc.; NCP Coatings, Inc.; Rhino Linings Corporation; Tri-Iso Tryline LLC; and American Polymers Corp. – individually and on behalf of a putative class – are plaintiffs in another MDL, *In re Diisocyanates Antitrust Litigation*, MDL No. 2862, No. 18-mc-1001 (W.D. Pa.). In that case, plaintiffs assert antitrust price-fixing claims, involving two of same products involved in the present case (MDI and TDI), against various defendants including four sets of

defendants (BASF, Huntsman, Covestro (formerly Bayer), and Dow) that were also defendants (or affiliated with defendants) in the present case.

By their present motion, movants request the following: (1) leave to intervene in the present action; (2) access to certain documents in the record of this case, filed between 2007 and 2013, relating to class certification, summary judgment motions, *Daubert* motions, and motions in limine (set forth specifically in Exhibit 1 to the affidavit submitted with the motion); and (3) modification of the protective order issued in the present case to allow movants to obtain and use in *Diisocyanates* the sealed documents listed in Exhibit 1 and transcripts of depositions of corporate designees of defendants in the present action, subject to restrictions in the protective order entered in *Diisocyanates* for documents designated as "Confidential". Movants report that class plaintiffs in the present action take no position on the motion; and that Lyondell, a defendant in this action but not in *Diisocyanates*, does not object to movants' obtaining the documents as long as they remain subject to the protective order in *Diisocyanates*. Only the common defendants ("respondents") have indicated opposition to any part of the motion, and only they filed a response to the present motion.

As a preliminary matter, respondents do not oppose movants' permissive intervention under Rule 24(b) for a limited purpose. As it has concluded in other instances in this case, the Court concludes that these parties seeking modification of the protective order have claims that share a common question of law or fact and that intervention will not affect the adjudication of the rights of the original parties to this action. *See* Fed. R. Civ. P. 24(b). Accordingly, the Court grants this portion of the motion as unopposed, and

movants are granted leave to intervene for the limited purpose of seeking access to certain documents and modification of the protective order.

Respondents do not object to the Court's providing access to unredacted copies of the specific documents sought by movants or to the modification of the protective order to allow use of the documents and transcripts in *Diisocyanates* by these movants. Respondents qualify that consent, however, in two ways. First, respondents argue that any access and use permitted to movants should be extended to all defendants in *Diisocyanates* as well. Movants have not addressed this issue in their reply brief, and thus they have not opposed this request to extend any relief to those defendants as well. The Court agrees with respondents that all parties in the other case should enjoy the same access and ability to use the documents and transcripts from this case.

Second, respondents argue that movants' access to and use of the documents and transcripts should be subject to the protective order in this case, under which some documents have been designated "Highly Confidential". Movants, on the other hand, request that their access and use be limited only by the protective order in *Diisocyanates*, with the documents and transcripts being deemed "Confidential" under that protective order. The difference, apparently, is that only movants' counsel could view the documents (or at least some of them) under this case's protective order, while the clients (movants themselves) would also be able to view them under the *Diisocyanates* protective order designation.

With respect to this dispute, movants argue that respondents bear the burden to overcome the presumption in favor of public access to judicial records by showing that

countervailing interests heavily outweigh the public interest in access. *See United States v. Bacon*, 950 F.3d 1286, 1292-93 (10th Cir. 2020). Movants further argue that respondents have not justified keeping any of these documents, which are at least nine years old, under seal. As respondents note, however, these documents were filed under seal because they contained information designated as confidential under a protective order, and respondents argue that movants have not explained why the clients need access to these documents or otherwise established good cause for modification of the protective order.

The Court notes that although respondents generally state that their confidential financial and other information should not be provided to their customers and competitors, including movants and other parties in *Diisocyanates*, neither party has addressed any particular document or piece of information that was filed under seal subject to the protective order in this case. Thus, movants have not shown that they have any particular need for anyone other than counsel to view any document; respondents have not shown that any particular document remains highly confidential after this many years; and the Court is therefore unable to undertake the kind of nuanced analysis and balancing of interests that would be required for a just resolution of the issue. Moreover, the Court believes that it is more appropriate for the *Diisocyanates* court to make that decision, as that court is in a better position to consider the need for client access in light of the claims and defenses asserted in that case.

Accordingly, the Court grants the motion for modification in part. Initially, all parties (including defendants) in *Diisocyanates* shall have access to the specific documents (unredacted) listed in movants' Exhibit 1, and may use such documents and the deposition

transcripts for the purpose of litigating that case, subject to the restrictions on those documents under the protective order in *this* case.  Of course, those documents and transcripts would also be subject to the protective order in *Diisocyanates* to the extent that it may apply by its terms.  Respondents (or any other party) may then file a motion in that case to have a certain designation apply to the documents under that protective order or otherwise to modify that protective order (for instance, to continue to shield the documents from the clients).  Upon the court's ruling on such a motion in *Diisocyanates* – or on December 1, 2022, if no such motion is filed – access to and use of the documents and transcripts in *Diisocyanates* shall be permitted as if they are designated "Confidential" under that case's protective order, and the protective order in this case shall be deemed modified to that extent.

Movants shall submit forthwith a proposed order providing for access and for modification of the protective order as set forth herein.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion for leave to intervene, for access to particular sealed documents, and for modification of the protective order is **granted in part as set forth herein**.

IT IS SO ORDERED.

Dated this 27th day of October, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
